UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Donna Roberts, | : | Case No. 4:21 CV 368 |
| | : | |
| Petitioner, | : | |
| | : | <u>CASE MANAGEMENT ORDER</u> |
| vs. | : | |
| | : | |
| Teri Baldauf, Warden, | : | JUDGE DAN AARON POLSTER |
| | : | |
| Respondent. | : | |

On February 16, 2021, Petitioner Donna Roberts filed in this Court a notice of
intent to file a petition for writ of habeas corpus under 28 U.S.C. § 2254.  (ECF No. 1.)  On
that same date, Petitioner filed a motion to proceed *in forma pauperis* and motion for
appointment of counsel in this matter.  (ECF Nos. 2, 3.)  On March 1, 2021, the Court
granted Petitioner's motions and appointed Vicki Werneke and Lori Riga of the Office of
the Federal Public Defender for the Northern District of Ohio to represent him.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides
that a petitioner in custody pursuant to a state-court judgment has one year within which to
file an application for a writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  This one-year
limitations period runs from the latest of the following four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiratio

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A) - (D).  "The time during which a properly filed application for

State post-conviction or other collateral review with respect to the pertinent judgment or

claim is pending shall not be counted toward any period of limitation under this

subsection."  28 U.S.C. § 2244(d)(2).

Based on this authority and the time line submitted by Petitioner showing the dates

upon which Petitioner's state-court direct appeals and post-conviction proceedings

concluded, the Court determines *for scheduling purposes only* that the AEDPA limitations

period for Petitioner's habeas corpus petition will expire on December 29, 2021.

Notwithstanding the Court's determination, it remains at all times Petitioner's obligation to

produce his own estimate of when the statute of limitations expires and submit his petition

according to that estimation.  Petitioner may not rely on the Court's computation of time in

the event Petitioner submits an untimely petition.  The Court reserves Respondent's right to

assert a statute-of-limitations defense to any or all claims raised in the petition.

The following briefing schedule and procedures shall apply:

1.      Petitioner, through appointed counsel, shall file a signed petition for writ of habeas

corpus and serve a copy of the petition upon Respondent and all other parties.

2.      Respondent shall file an answer (also referred to as a return of writ) within sixty (60) days from the date the petition is filed.  Respondent shall include in and attach to the answer all matters described in Rule 5 of the Rules Governing Habeas Corpus Cases Under Section 2254 ("Habeas Rules").  Respondent shall also file, along with the answer, a copy of all papers and transcripts relied upon by Petitioner as well as all papers and transcripts upon which Respondent relies.  All documents submitted must be unmarked and contain a legible date stamp if previously filed with a court. Respondent shall organize in chronological order and index all documents and transcripts submitted.

3.      If Respondent intends to challenge the exhausted status of any claim contained within the petition, Respondent may file an appropriate motion raising this issue prior to filing its answer, or may include this challenge within the answer.

4.      Petitioner may file a reply (also referred to as a traverse).  Petitioner's reply must be filed within sixty (60) days after the answer has been filed.

5.      Respondent shall have fourteen (14) days following the filing of Petitioner's reply within which to file a sur-reply.

6.      If any party should desire to expand the record pursuant to Habeas Rule 7, the party seeking such expansion must file a request to this effect no later than the date on which Respondent's sur-reply may be filed or no later than thirty (30) days after the conclusion of any court-ordered discovery.  A response to a request for expansion of the record must be submitted within ten (10) days after the request is filed.

3

7.  All requests for discovery will be governed by Habeas Rule 6.  All requests for discovery must state with precision the discovery sought, identify the claim to which the discovery relates, and explain how the proposed discovery may lead to evidence supporting the claim.  Petitioner shall serve a discovery request on Respondent's counsel no later than fifteen (15) days after filing the traverse.  If Respondent agrees to provide discovery, counsel shall submit a proposed joint discovery scheduling order to the Court for all discovery on which the parties agree no later than fifteen (15) days after Respondent receives the Petitioner's discovery request.  If no agreement is reached regarding discovery or if there remains a dispute about portions of the requested discovery, Petitioner shall file a motion for discovery with the Court no later than fifteen (15) days after receiving Respondent's answer to Petitioner's discovery request.  A response to a motion for discovery must be submitted within ten (10) days after the discovery motion is filed.  Any request by Respondent to conduct discovery shall be subject to the identical time restraints as a request initiated by Petitioner.

8.  Pursuant to Habeas Rule 8, any request for an evidentiary hearing shall be made as soon as possible and, absent good cause, no later than the date Respondent's sur-reply may be filed.  If the parties engage in discovery, the request for an evidentiary hearing shall be made no later than thirty (30) days after the completion of discovery.  Pursuant to 28 U.S.C. § 2254(e), the request shall include a specification of the factual issues that require a hearing and a summary of the evidence the party proposes to offer.  The request shall state with precision the

4

issues of fact and questions of law making an evidentiary hearing appropriate under 28 U.S.C. § 2254(e).  Opposition to a request for evidentiary hearing shall be filed within fifteen (15) days from the filing of the request.

9. In all submissions to the Court, the parties shall, if applicable, include a summary of the facts upon which they rely, and statements of applicable law.  **ALL REFERENCES TO THE RECORD SHALL IDENTIFY THE PRECISE LOCATION OF THE MATERIALS UPON WHICH THE PARTY RELIES. REFERENCES TO THE STATE-COURT RECORD MUST INCLUDE SPECIFIC DOCUMENTS, SPECIFIC EXHIBITS AND SPECIFIC PAGES OF THE TRANSCRIPT.  THE ARGUMENTS MUST CONTAIN THE PARTIES' CONTENTIONS ON EACH OF THE ISSUES PRESENTED, AND THE REASONS THEREFOR, WITH CITATIONS TO THE AUTHORITIES, STATUTES, AND PARTS OF THE STATE-COURT RECORD UPON WHICH THE PARTIES RELIED.**

**PETITIONER SHALL EXPLAIN IN HIS PETITION WHY THE CLAIMS ASSERTED ARE PROPERLY BEFORE THIS COURT AND ARE NOT PROCEDURALLY DEFAULTED.**

**IN THE EVENT RESPONDENT ASSERTS THAT PETITIONER HAS PROCEDURALLY DEFAULTED A CLAIM, RESPONDENT SHALL, IN THE ALTERNATIVE, ARGUE ALL SUCH CLAIMS ON THEIR MERITS.  THE PARTIES ALSO SHOULD SPECIFY THE APPROPRIATE BURDEN OF PROOF, THE PARTY WHO BEARS IT, AND ANY**

**DEFENSES ASSERTED.**

10.    **PETITIONER'S BUDGETING PLAN.**  In addition to submitting the signed petition, Petitioner's counsel shall contact Denny Alerding, the Sixth Circuit CJA Case Budgeting Attorney, at (513) 564-7358 or dennis_alerding@ca6.uscourts.gov, to initiate the budgeting process if counsel have not done so already.  Counsel shall henceforth direct all budgeting questions or concerns to Mr. Alerding by way of the above contact information.  The payment of any fees, costs, or other compensation will be for counsel appointed by the Court.  There is no provision for non-counsel work, including but not limited to payment for non-counsel investigations, discovery or any other non-counsel work.  Any work done other than by appointed counsel will be compensated only with prior court approval.  All compensation is subject to final approval by the Court at final disposition of the case.

11.    **POST-JUDGMENT MOTIONS.**  The practice of filing post-judgment motions is disfavored.  If counsel for the losing party choose to file such a motion, and the Court finds that the motion was filed for purposes of delay, the Court reserves the right to impose sanctions resulting in the reimbursement to the opposing party of attorneys' fees and expenses incurred in responding to the motion.  Where counsel filing a frivolous motion for reconsideration are otherwise compensated under the Criminal Justice Act, the Court reserves the right to withhold compensation for the time expended in preparing and filing such a motion.

12.    **CASE TRACKING.**  Pursuant to Local Rule 16.2(a)(1), the Court has evaluated, *inter alia*, the legal issues, likelihood of discovery, and number of real parties in

interest in this case pursuant to Local Rule 16.2(b).  The Court ORDERS that this case be assigned to an Administrative Track in compliance with Local Rule 16.2(a)(2)(D).

Counsel are expected to comply with this Order as fully and completely as they are able.  In order to accomplish this, the Court will assume that all counsel have read and familiarized themselves with this Order.

IT IS SO ORDERED.


Dated: October 21, 2021                  _s/Dan Aaron Polster_____
                                         Dan Aaron Polster
                                         UNITED STATES DISTRICT JUDGE