1/28/2016  CourtView Justice Solutions

# 2003 TR 00056

| | | | |
|---|---|---|---|
| Case Type | TR - Court of Appeals | Action: | NOTICE OF APPEAL-11TH DIST. APPELLATE COURT |
| Case Status: | CLOSED | Status Date: | 04/07/2003 |
| File Date: | 04/07/2003 | Case Judge: | |
| DCM Track: | | Next Event: | |

**All Information** | Party | Docket | Financial | Disposition

## Docket Information

| Date | Docket Text | Amount Owed |
|---|---|---|
| 11/18/2013 | ENTRY FROM SUPREME COURT FILED. DEATH SENTENCE IS VACATED AND CAUSE IS REMANDED TO TRIAL COURT FOR RESENTENCING ON THE BASIS OF THE EXISTING RECORD, CONSISTENT WITH THE OPINION RENDERED.<br>COPY TO COA | $0.00 |
| 04/08/2003 | MOTION TO DISMISS NOTICE OF APPEAL, CERTIFICATION AND MEMORANDUM FILED BY ATTYS K BAILEY AND L ANNOS | $0.00 |
| 04/08/2003 | 52/763 THIS COURT, SUA SPONTE, SUPPLEMENTS THE RECORD INSTANTER WITH A COPY OF THE INDICTMENT.<br>COPY TO ATTYS | $0.00 |
| 04/08/2003 | 52/764 OPINION FROM ELEVENTH DISTRICT COURT OF APPEALS FILED.  JUDGMENT:  APPEAL DISMISSED.  SEE OPINION AND JE<br>COPY TO ATTYS | $0.00 |
| 04/08/2003 | MANDATE ISSUED TO COMMON PLEAS | $0.00 |
| 04/07/2003 | NOTICE OF APPEAL TO 11TH DIST. APP. CT. WITH DOCKETING STATEMENT AND COPY OF JE FILED BY ATTY J JUHASZ<br>COPY TO ATTYS C BECKER, K BAILEY, L ANNOS AND COURT OF APPEALS<br>Amount Owed: $50.00<br>Paid Before Conversion: $50.00<br>Receipt Number: | $50.00 |
| 01/01/1900 | **** Converted Cash History Detail Summary ****<br>Apr  7 2003 12:00AM<br>    Clerk : RMR     Receipt # : 82284<br>    Received  of : JOHN B. JUHASZ<br>    Tender : CK    Amount :         50.00 | |

DONNA ROBERTS v WARDEN
CASE NO. 4:21-cv-00368-DAP
APPENDIX – PAGE 1311

# NOTICE OF APPEAL

## IN THE COURT OF COMMON PLEAS TRUMBULL COUNTY, OHIO

STATE OF OHIO, }
    Plaintiff-Appellee }  Trial Court No. 01 CR 793
-vs- }  Court of Appeals No. 03-TR-56
DONNA M. ROBERTS, }
    Defendant-Appellant }

NOTICE IS HEREBY GIVEN that DONNA M. ROBERTS, Defendant-Appellant hereby appeals to the Eleventh District Court of Appeals from the trial court Judgment Entry of April 3, 2003 overruling the Defendant-Appellant's Motion to Suppress Evidence.

FILED
COURT OF APPEALS
APR 7 2003
TRUMBULL COUNTY, OHIO

J. GERALD INGRAM (#0007887)

JOHN B. JUHASZ (#0023777)
7330 Market Street
Youngstown, Ohio 44512-5610
Telephone: (330) 758-2308
COUNSEL FOR DEFENDANT-APPELLANT

____ Check here if court-appointed and attach copy of appointment and Affidavit of Indigence.

Christopher D. Becker/Kenneth N. Bailey
160 High Street NW
Warren, Ohio 44481
(330) 675-2426

# ELEVENTH DISTRICT COURT OF APPEALS
## DOCKETING STATEMENT

STATE OF OHIO,
  } Dennis Watkins; Christopher D. Becker
  } 160 High St., NW
  Plaintiff-Appellee } Warren, Ohio 44481
  } Telephone: (330) 675-2426

-vs-
  } Appeal No. 03-TR-56
  } Trial Court No. 01 CR 793
DONNA M. ROBERTS, } J. Gerald Ingram & John B. Juhasz
  } 7330 Market Street
  Defendant-Appellant } Youngstown, Ohio 44512-5610
  } Telephone: (330) 758-2308

**TYPE OF CASE:** (Please indicate)
- ☐ A. No transcript of proceedings required.
- ☒ B. Length of transcript is such that preparation time will not be a source of delay.
- ☐ C. Agreed or narrative statement to be submitted pursuant to APP.R. 9(C) or (D).
- ☐ D. Record was made in administrative hearing and filed with trial court.
- ☐ E. All parties to case approve assignment to accelerated calendar.
- ☐ F. Criminal cases involving:
    - ☐ 1. OHIO CRIM.R. 11 challenges.
    - ☐ 2. Post-conviction appeals alleging ineffective assistance of counsel.
    - ☐ 3. Challenges to sentencing, to revocation of probation, or to failure to grant probation.
    - ☐ 4. OHIO CRIM.R. 29 or weight of evidence challenges, especially with lesser crimes.
    - ☐ 5. Routine DUI cases and other minor traffic offenses.
    - ☐ 6. Expungement cases.
- ☐ G. Civil cases involving:
    - ☐ 1. Routine administrative appeals.
    - ☐ 2. Actions on account.
    - ☐ 3. Slip and fall.
    - ☐ 4. OHIO CIV.R. 60(B) motions.
    - ☐ 5. Simple contract cases.
    - ☐ 6. Minor negligence actions.
    - ☐ 7. Property division in divorce cases or post-decree support motions.
- ☒ H. Other Criminal case involving constitutional issues.
- ☐ I. None of the above.

FILED
COURT OF APPEALS
APR 7 2003
TRUMBULL COUNTY, OHIO

**PROBABLE ISSUE FOR REVIEW:** Trial court errors in overruling motion to suppress evidence.
**NOTE:** Information regarding record (and Court Reporter's Certification, if applicable) must be completed on Notice of Appeal.
**NOTICE:** Appellant's failure to file brief in a timely fashion (20 days after filing of the record, 15 days on Accelerated Calendar cases, or an extension thereof), may result in the dismissal of appellant's appeal, *sua sponte*, pursuant to OHIO APP.R. 11.1(C), OHIO APP.R. 18 and LOC.R. VII. Appeal will not be reinstated except for a finding of just cause.

**CERTIFICATE OF SERVICE:** I hereby certify that I have mailed or otherwise delivered a copy of this Docketing Statement to all counsel of record or the parties, if unrepresented.

Date: _____

J. GERALD INGRAM (#0007887)
JOHN B. JUHASZ (#0023777)
7330 Market Street
Youngstown, Ohio 44512-5610
Telephone: 330.758.2308
COUNSEL FOR DEFENDANT-APPELLANT

[Effective January 1, 1992] • JBJ\APPEALS-FORMS\DOCKETST.11

TRANSCRIPT INFORMATION [OHIO APP.R. 9(B)] (TO BE COMPLETED BY ATTORNEY)

___ I have ordered a complete transcript from the court reporter as evidenced by the completion of the Court Reporter Acknowledgment.
___ I have ordered a partial transcript from the court reporter as evidenced by the completion of the Court Reporter Acknowledgment.
___ A statement pursuant to OHIO APP.R. 9(C) or (D) is to be prepared in lieu of a transcript.
___ Video tapes to be filed. [*See* OHIO APP.R. 9(A) and (B).]
___ No transcript or statement pursuant to either OHIO APP.R. 9(C) or (D) is necessary.

✗ The transcript has already been prepared and is filed herewith.

_____                              _____
Date                                                   Attorney's Signature

COURT REPORTER ACKNOWLEDGMENT-MUST BE COMPLETED BY COURT REPORTER BEFORE FILING NOTICE OF APPEAL

Date Order Received: _____

Estimated Completion Date                **TRANSCRIPT HAS ALREADY BEEN PREPARED AND IS FILED HEREWITH**

_____                Court Reporter
(Give specific date)                     _____

Estimated Number of Pages

                                         Date: _____
_____
(Give specific number)


D:\Alex1\APPEALS\AppealsCt\Eleventh\Forms\Notice appeal Donna Roberts suppression Ingram.wpd

IN THE ELEVENTH DISTRICT COURT OF APPEALS
TRUMBULL COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO, | ) |
| | ) |
| Plaintiff-Appellee, | ) CASE NO. 2003 -T- 0056 |
| | ) COMMON PLEAS COURT NO. |
| -vs- | ) 2001-CR-0793 |
| | ) |
| DONNA ROBERTS, | ) |
| | ) |
| | ) MOTION TO DISMISS NOTICE OF |
| Defendant-Appellant. | ) APPEAL |

Now comes the Plaintiff-Appellee, the State of Ohio, by and through the undersigned counsel, and moves this Court to dismiss Appellant's Notice of Appeal filed with this Court April 7, 2003. The reasons for said dismissal are set forth in the attached memorandum.

FILED
COURT OF APPEALS
APR 8 2003
TRUMBULL COUNTY, OHIO
MARGARET R. O'BRIEN, Clerk

Respectfully submitted,
DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Atty. By:

*[signature]*

KENNETH BAILEY (#0023228)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
160 High St. NW, 4th Floor
Warren, Ohio 44481
Telephone No.: 675-2426
Telefax No.: 675-2431

Counsel for Plaintiff-Appellee, State of Ohio

ORIGINAL

## PROOF OF SERVICE

I do hereby certify that a copy of the foregoing motion was sent by ordinary U.S. Mail to Atty. Gerald J. Ingram, and Atty. John B. Juhasz Counsel for Defendant-Appellant, 7330 Market St. Youngstown, Ohio, 44512, and copies were hand-delivered to counsel at the Trumbull County Courthouse on this 8th Day of April 2003.

_____
KENNETH BAILEY (#0023228)
Assistant Prosecuting Attorney

IN THE ELEVENTH DISTRICT COURT OF APPEALS
TRUMBULL COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO, | ) |
| | ) |
| Plaintiff-Appellee, | ) CASE NO.2003 -T- 0056 |
| | ) COMMON PLEAS COURT NO. |
| -vs- | ) 2001-CR-0793 |
| | ) |
| DONNA ROBERTS, | ) |
| | ) |
| | ) MEMORANDUM IN SUPPORT OF |
| | ) MOTION TO DISMISS APPEAL |
| Defendant-Appellant. | ) |

## FACTS

Defendant-Appellant Donna Roberts ("Appellant") is charged with Aggravated Murder with death penalty specifications. Jury selection in her case is set to begin today, Tuesday, April 8, 2003. Approximately 400 potential jurors have been summoned for proceedings to begin this morning as the Plaintiff-Appellee The State of Ohio files this motion.

Nevertheless, on Friday April 4, 2003, the trial court denied Appellant's motion to suppress the fruits of a warrantless search at her Howland Township on December 12 and 13, 2001. Appellant had personally summoned the Howland Township Police to her residence when she returned from shopping and found her common law husband, Robert Fingerhut, shot to death at their shared residence. The searched yielded physical evidence the State intends to use at trial.

On April 7, 2003, just one day before jury selection was set to begin, Appellant filed a Notice of Appeal of the trial court's denial to suppress. For the reasons set forth below, the State moves this Court to expeditiously dismiss this frivolous appeal for want of a final appealable order.

## ARGUMENT

This Court has previously held, in a unanimous decision, that a trial court's denial of a motion to suppress evidence is *not* final appealable order. *State v. Jones* (Jan. 29, 1999), Portage App. No. 98-P-0116.

> "***In the present case, any issues surrounding the trial court's judgment overruling the appellant's motion to suppress evidence will continue to exist until the criminal trial is concluded. Appellant is not denied 'effective or meaningful relief' until the issues surrounding a motion to suppress evidence are reviewed with all other alleged errors following a trial. This assumes that the appellant has not been acquitted.
>
> "The appellant's legal rights can thoroughly be protected at the conclusion of this matter. They can be effectively examined and appropriate relief granted when the case is terminated by way of trial or by pleading to the charges while reserving appellate review of the denied motion to suppress evidence. As a result, any appeal of a motion to suppress is not a final appealable order.***"

*Jones*, supra, at *2- 3.

Like Jones, Appellant will have an opportunity to appeal the suppression issue in her direct appeal to this Court if convicted. Clearly, her eleventh hour, frivolous Notice of Appeal is filed only for purposes of delay, and at considerable inconvenience and expense to the State of Ohio now that the trial court has been divested of jurisdiction in this matter.

-2-

DONNA ROBERTS v WARDEN
CASE NO. 4:21-cv-00368-DAP
APPENDIX – PAGE 1318

Therefore, because Appellant has filed an appeal where there is no final appealable order, the State moves this Court to expeditiously dismiss Appellant's Notice of Appeal so that her trial may proceed as scheduled.

Respectfully submitted,
DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Atty. By:

*/s/ Kenneth N. Bailey*

KENNETH BAILEY (#0023228)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
160 High St. NW, 4th Floor
Warren, Ohio 44481
Telephone No.: 675-2426
Telefax No.: 675-2431

Counsel for Plaintiff-Appellee, State of Ohio

## PROOF OF SERVICE

I do hereby certify that a copy of the foregoing memorandum was sent by ordinary U.S. Mail to Atty. Gerald J. Ingram, and Atty. John B. Juhasz Counsel for Defendant-Appellant, 7330 Market St. Youngstown, Ohio, 44512, and copies were hand-delivered to counsel at the Trumbull County Courthouse on this 8th Day of April 2003.

*/s/ Kenneth N. Bailey*

KENNETH BAILEY (#0023228)
Assistant Prosecuting Attorney

-3-

DONNA ROBERTS v WARDEN
CASE NO. 4:21-cv-00368-DAP
APPENDIX – PAGE 1319

Not Reported in N.E.2d  
(Cite as: 1999 WL 33100648 (Ohio App. 11 Dist.))

Page 1

**C**  
Only the Westlaw citation is currently available.

CHECK OHIO SUPREME COURT RULES FOR REPORTING OF OPINIONS AND WEIGHT OF LEGAL AUTHORITY.

Court of Appeals of Ohio, Eleventh District, Portage County.

STATE of Ohio, Plaintiff-Appellee,  
v.  
Jerry E. JONES, Defendant-Appellant.

No. 98-P-0116.

Jan. 29, 1999.

Character of Proceedings: Criminal Appeal from the Portage County Municipal Court, Ravenna Division Case No. R 97 CRB 3832 S. Appeal dismissed.

Victor V. Vigluicci, Portage County Prosecutor, Ravenna, for Plaintiff- Appellee.

Atty. Ronald J. Kane, Ravenna, for Defendant-Appellant.

MEMORANDUM OPINION

CHRISTLEY, J.

*1 On September 23, 1998, the trial court issued a journal entry denying appellant's motion to suppress evidence. On October 23, 1998, appellant filed a notice of appeal of the denial of its motion to suppress. On October 29, 1998, appellee, the State of Ohio, filed a motion to dismiss this appeal arguing that the judgment denying the motion to suppress was not a final appealable order.

For the following reasons, we find that appellee's motion has merit, and that this court, therefore, lacks jurisdiction to hear this appeal.

It first must be noted that appellee has incorrectly referred to R.C. 2505.02 prior to its amendment effective July 22, 1998. This statute is now much more extensive in its language concerning final appealable orders. However, any analysis whether a judgment entry denying a motion to suppress evidence is a final appealable order is not significantly different under the amended statute.

R.C. 2505.02, as amended now provides as follows:

"(A) As used in this section:

"(1) 'Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.

"(2) 'Special proceeding' means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.

"(3) *'Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence.*

"(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

"(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

"(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

"(3) An order that vacates or sets aside a judgment or grants a new trial;

"(4) *An order that grants or denies a provisional remedy and to which both of the following apply:*

"(a) *The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.*

"(b) *The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.*

"(5) An order that determines that an action may or may not be maintained as a class action.

"(C) When a court issues an order that vacates or sets aside a judgment or grants a new trial, the court, upon the request of either party, shall state in the order the grounds upon which the new trial is granted or the judgment vacated or set aside.

"(D) This section applies to and governs any

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

Not Reported in N.E.2d
(Cite as: 1999 WL 33100648 (Ohio App. 11 Dist.))

Page 2

action, including an appeal, that is pending in any court on the effective date of this amendment and all claims filed or actions commenced on or after the effective date of this amendment, notwithstanding any provision of any prior statute or rule of law of this state." (Emphasis added .)

*2 Although Section (A)(3) defines a provisional remedy as including "suppression of evidence," to qualify as a final appealable order any order which denies or grants a provisional remedy must meet the requirements of both Section (4)(a) and Section (4)(b).

The judgment entry appealed does meet the standards of (4)(a), since it determines the action related to the provisional remedy preventing a judgment in favor of the appealing party. However, it does not meet the standards of (4)(b); that the appealing party is denied a "meaningful or effective remedy by an appeal" after a final judgment in the case.

Considering whether a remedy is meaningful or effective essentially is determined by whether or not a delayed review of such a "provisional decision" would be impractical, or stated another way, would the appellant essentially be deprived of a remedy because the issues to be reviewed would be rendered moot by the passage of time.

In *Penko v. City of Eastlake* (Dec. 11, 1998), Lake App. No. 98-L-186, unreported, this court addressed provisional remedies as final appealable orders.

*Penko* states, in part, as follows:
"An appropriate standard to determine whether an appeal, at the conclusion of a case, is a 'meaningful or an effective remedy' is one enunciated by the Supreme Court of Ohio in the case of *Polikoff v. Adam* (1993), 67 Ohio St.3d 100. This standard was originally created to determine the existence of a special proceeding with a substantive right. It is now more applicable to the new standards necessary to determine whether a provisional remedy is a final appealable order."

Following *Polikoff,* the Court of Appeals of Champaign County in *State v. Chalender* (1994), 99 Ohio App.3d 4, also utilizing the "substantial right" analysis of *Polikoff,* enunciated an even more detailed test to determine what was a "substantial right." Even though this analysis was defining a substantial right, it is just as applicable to the terms "meaningful" and "effective" in the present statute.

See *Chalender* (1994), 99 Ohio App.3d, 4, 7, which states, in part:
"[T]he appellant must as a threshold matter establish that vindication of that right on appeal after final judgment is not available. *Bell v. Mt. Sinai Med. Ctr.* (1993), 67 Ohio St.3d 60, 616 * * * absent an immediate, albeit arguably interlocutory appeal, the impact of the order upon the appellant's legal rights cannot effectively be examined by the appellate court and appropriate relief granted if warranted. * * * Rather, a substantial right is affected when there is virtually no opportunity for an appellate court to provide relief on appeal after final judgment from an order that allegedly prejudiced a legally protected right."

In the present case, any issues surrounding the trial court's judgment overruling the appellant's motion to suppress evidence will continue to exist until the criminal trial is concluded. Appellant is not denied "effective or meaningful relief" until the issues surrounding a motion to suppress evidence are reviewed with all other alleged errors following a trial. This assumes that the appellant has not been acquitted.

*3 The appellant's legal rights can thoroughly be protected at the conclusion of this matter. They can be effectively examined and appropriate relief granted when the case is terminated by way of trial or by pleading to the charges while reserving appellate review of the denied motion to suppress evidence. As a result, any appeal of a motion to suppress is not a final appealable order. This result is no different than that conclusion reached in cases reviewing this issue prior to the amendment of R.C. 2505.02 holding that trial court orders denying motions to suppress in criminal cases were not final orders. *State v. Denton-Boyer* (May 26, 1998), Clermont App. No. CA97- 11-096, unreported; *City of Cleveland v. James Iacampo* (Dec. 27, 1990), Cuyahoga App. No. 57796, unreported. [FN1]

FN1. As an aside, this court would emphasize that the outcome of our analysis under R.C. 2505.02(B)(4) may be different

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

Not Reported in N.E.2d
(Cite as: 1999 WL 33100648 (Ohio App. 11 Dist.))

Page 3

if the state were attempting to appeal the granting of a motion to suppress. Although the merits of this question are not before us in this case, we would indicate that considerations of the possible effect of double jeopardy and *res judicata* may support the conclusion that the state could not obtain a meaningful and effective review if it could not appeal the granting of such a motion immediately. Ct., *State v. Buckingham* (1980), 62 Ohio St.2d 14; *State v. Collins* (1970), 24 Ohio St.2d 107.

Therefore, this court concludes, as it previously has, that "an appellant still must demonstrate that appropriate relief would be foreclosed in the absence of the immediate review of the trial court judgment entry he is currently attempting to appeal". See *State v. Wendel* (Nov. 21, 1997), Portage App. No. 97-P-0068, unreported.

For the foregoing reasons, the order here is a provisional order not qualifying as a final appealable order, and this court lacks jurisdiction to review the order overruling the motion to suppress.

Accordingly, appellee's motion to dismiss is granted, and the appeal is dismissed.

Appeal dismissed.

FORD, P.J. and O'NEILL, J., concur.

1999 WL 33100648 (Ohio App. 11 Dist.)

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

e-mailed
K. Bailey
L. Annos
J. Juhasz

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | ) ss. | |
| COUNTY OF TRUMBULL | ) | ELEVENTH DISTRICT |

STATE OF OHIO,

    Plaintiff-Appellee,

- vs –

DONNA ROBERTS,

    Defendant-Appellant.

**JUDGMENT ENTRY**

**CASE NO. 2003-T-0056**

This Court, sua sponte, supplements the record instanter with a copy of the indictment.



FILED
COURT OF APPEALS
APR 8 2003
TRUMBULL COUNTY, OHIO
MARGARET R. O'BRIEN, Clerk

_Donald R. Ford_
PRESIDING JUDGE DONALD R. FORD

FOR THE COURT

52-763

APR. 3.2003 2:42PM TC ASSIGNMENT NO.373 P.2/4

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO
CASE NO. 01-CR-793

| | |
|---|---|
| STATE OF OHIO, | ) |
|     Plaintiff | ) |
| vs. | )    JUDGMENT ENTRY |
| DONNA ROBERTS, | ) |
|     Defendant | ) |

This matter was heard upon Defendant's Motion to Suppress Evidence obtained during the search of the premises at 254 Fonderlac S.E., Howland Township on December 12 and December 13, 2001.

From the evidence presented, Defendant, Donna Roberts, called 911 around midnight on December 12-13. Ms. Roberts was extremely excited and at times unintelligible but apparently was advising the operator that she had found her husband, Robert Fingerhut, shot at their home.

The Howland Police were dispatched and upon arriving found the body of Robert Fingerhut in the home's kitchen, the apparent victim of a shooting.

Ms. Roberts told the investigating officer, Detective Monroe, she had been shopping and discovered her

2

ex-husband's body when she returned home. It is apparent the police had no immediate suspicion that Ms. Roberts had murdered her husband as the story she gave about being out shopping seemed to be verified by sales receipts she had for purchases made in the time period when the homicide occurred.

Ms. Roberts' brother was summoned from Youngstown to be with her and before the brother arrived and after he arrived, Defendant told the officers on at least three occasions "to do whatever you have to do" to catch the person responsible. Detective Monroe told her the police had to search the premises in order to accomplish her request. She again replied the police were to do anything necessary.

As a result of the initial search conducted, numerous pieces of evidence were found. Most significantly was a box of letters from co-defendant, Nathaniel Jackson, to defendant, Donna Roberts, found under Ms. Roberts bed and a box of letters from Ms. Roberts to Mr. Jackson found in the trunk of her automobile.

The main issue raised by Defendant is whether there was a valid consent to search the scene of the murder. There was no written consent requested or given until after the initial search had been completed.

It is clear from the evidence that Defendant was

emotionally upset during the initial interview with the police, but for her to have been otherwise would have been out of the ordinary. She responded intelligently and rationally to questions put to her, although at times she showed strong emotional release due to the circumstances. The police testified they had no suspicion Ms. Roberts was involved in the homicide. She showed all the emotion one would expect if her original story was taken as true. She rationally, although emotionally, repeated the request for the police to find the killer, and there was every reason for the police to take her actions as a request for them to search for evidence. It was reasonable to imply Ms. Roberts consent to do so. This is reinforced by Ms. Roberts agreeing in writing later on the 13th of December for the police to re-search the house.

From the totality of circumstances presented, it was not an unreasonable search that was conducted by the Howland Police Department.

Defendant's Motion to Suppress is denied.

_____4/2/2003_____
DATE

_____M. Stuard_____
JUDGE JOHN M. STUARD

TO THE CLERK OF COURTS: YOU ARE ORDERED TO SERVE COPIES OF THIS JUDGMENT ON ALL COUNSEL OF RECORD OR UPON THE PARTIES WHO ARE UNREPRESENTED FORTH WITH BY ORDINARY MAIL

_____M. Stuard_____
JUDGE

**FILED COURT OF APPEALS**
**APR 8 2003**
**TRUMBULL COUNTY, OHIO**
**MARGARET R. O'BRIEN, Clerk**

THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | CASE NO. 2003-T-0056 |
| - vs - | : | |
| DONNA ROBERTS, | : | |
| Defendant-Appellant. | : | |

*e-mailed*
*K. Bailey*
*L. Annos*
*J. Juhasz*

Criminal Appeal from the Court of Common Pleas, Case No. 01-CR-793.

Judgment: Appeal dismissed.

*Dennis Watkins*, Trumbull County Prosecutor, and *Kenneth N. Bailey*, Assistant Prosecutors, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*J. Gerald Ingram* and *John B. Juhasz*, 7330 Market Street, Youngstown, OH 44512-5610 (For Defendant-Appellant).

*mandate: common pleas*

DONALD R. FORD, P.J.

Appellee, the State of Ohio, has moved this court to dismiss the instant appeal for lack of jurisdiction. As the primary basis for its motion, appellee asserts that we cannot go forward in this matter because the appealed judgment before us does not constitute a final appealable order.

The trial record in this matter readily shows that the appealed judgment before this court was rendered in a criminal proceeding in which appellant, Donna Roberts, was indicted on two counts of aggravated murder, with accompanying death penalty specifications. In the appealed judgment, the trial court found that appellant had

52-764

implicitly consented to the search of her residence. Based upon this, the trial court denied appellant's motion to suppress certain evidence taken during the search.

As a preliminary manner, this court would note that, pursuant to Section 3(B)(2), Article IV of the Ohio Constitution, an appellate court does not "have jurisdiction to review on direct appeal a judgment that imposes a sentence of death." As was previously indicated, the record in this matter demonstrates that the underlying case is a capital murder proceeding. Accordingly, even if the appealed judgment were a final appealable order, this court would simply lack jurisdiction to review the merits of the trial court's decision.

Furthermore, our review of the relevant case law readily indicates that, in applying R.C. 2505.02(B), the courts of this state have consistently held that the denial of a motion to suppress in a criminal proceeding is not a final appealable order. See, e.g., State v. Ricciardi (1999), 135 Ohio App.3d 155; State v. Jones (Jan. 29, 1999), 11th Dist. No. 98-P-0116. The basis for this holding is that the rights of the criminal defendant will not be prejudiced if she is required to appeal the suppression decision at the conclusion of the entire case. As a result, even if we had general jurisdiction over the subject matter of this case, we could not proceed to review the merits of the appealed judgment at this time.

Pursuant to the foregoing analysis, this court holds that we lack jurisdiction to proceed in the instant appeal. Therefore, since appellee's motion to dismiss has merit, it is the order of this court that the instant appeal is dismissed for lack of jurisdiction.

JUDITH A. CHRISTLEY, J.,

ROBERT A. NADER, J., Ret., Eleventh Appellate
District, sitting by assignment, concur.

2

52-765

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )SS. | |
| COUNTY OF TRUMBULL | ) | ELEVENTH DISTRICT |

STATE OF OHIO,

    Plaintiff-Appellee,

  - vs -

DONNA ROBERTS,

    Defendant-Appellant.

JUDGMENT ENTRY

CASE NO. 2003-T-0056

M A N D A T E
COMMON PLEAS ✓
CASE NO. 01 CR 793

For the reasons stated in the Memorandum Opinion of this Court, Appellee's motion to dismiss the instant appeal is granted. It is the order of this Court that the instant appeal is hereby dismissed for lack of jurisdiction.

*Donald R. Ford*
PRESIDING JUDGE DONALD R. FORD

JUDITH A. CHRISTLEY, J.,

ROBERT A. NADER, J., Ret., Eleventh Appellate
District, sitting by assignment, concur.

FILED
COURT OF APPEALS
APR 8 2003
TRUMBULL COUNTY, OHIO
MARGARET R. O'BRIEN, Clerk

VOL 998 PAGE 710

DONNA ROBERTS v WARDEN
CASE NO. 4:21-cv-00368-DAP
APPENDIX – PAGE 1329

# The Supreme Court of Ohio

FILED
OCT 22 2013

CLERK OF COURT
SUPREME COURT OF OHIO

| | |
|---|---|
| State of Ohio | Case No. 2007-2288 |
| v. | JUDGMENT ENTRY |
| Donna Marie Roberts | APPEAL FROM THE COURT OF COMMON PLEAS |

This cause, here on appeal from the Court of Common Pleas for Trumbull County, was considered in the manner prescribed by law. On consideration thereof, the death sentence is vacated and this cause is remanded to the trial court for resentencing on the basis of the existing record, consistent with the opinion rendered herein.

It is further ordered that mandates be sent to and filed with the clerks of the Court of Appeals for Trumbull County and the Court of Common Pleas for Trumbull County.

(Trumbull County Court of Common Pleas; No. 01CR793)

03 TR 56
05 TR 34

_____
Maureen O'Connor
Chief Justice

FILED
COURT OF APPEALS

NOV 18 2013

TRUMBULL COUNTY, OH
KAREN INFANTE ALLEN, CLERK

10-22-13    07-2288

Nov. 13   8