## 2001 CR 00793 STATE OF OHIO -VS- ROBERTS, DONNA MARIE JMS

- Case Type:
- CR - Criminal
- Case Status:
- CLOSED
- File Date:
- 12/21/2001
- DCM Track:
-
- Action:
- AGGRAVATED MURDER (prior calculation/design)
- Status Date:
- 12/20/2001
- Case Judge:
- STUARD, JOHN M
- Next Event:
-

| All Information | Party | Charge | Ticket/Citation # | Event | Docket | Financial | Checks | Receipt | Disposition |

### Docket Information

| Date | Docket Text | Amount Owed | Image Avail. |
|---|---|---|---|
| 12/20/2001 | FILING FEE FOR EACH CAUSE OF ACTION AND EACH UNDERTAKING<br>Amount Owed: $27.00<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $27.00 | |
| 12/20/2001 | PRISONER FEES<br>Amount Owed: $11.00<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $11.00 | |
| 12/20/2001 | GENERAL REVENUE FUND<br>Amount Owed: $11.00<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $11.00 | |
| 12/20/2001 | VICTIMS OF CRIME<br>Amount Owed: $30.00<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $30.00 | |
| 12/20/2001 | SPECIAL PROJECTS JUDGES<br>Amount Owed: $50.00<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $50.00 | |
| 12/21/2001 | WARRANT ON COMPLAINT AND RETURN OF SERVICE FILED. | $0.00 | |
| 12/21/2001 | COMPLAINT AND AFFIDAVIT FILED UNDER SEAL BY ORDER OF THE COURT | $0.00 | |
| 12/21/2001 | DEFT APPEARED WITH COUNSEL. NO PLEA ENTERED. NO BOND SET. | $0.00 | |
| 12/26/2001 | MOTION TO INTERVENE WITH SERVICE FILED BY ATTY STEPHEN BOLTON. | $0.00 | |
| 12/28/2001 | PRELIMINARY HEARING 12/31/2001  11:00 AM<br>BEFORE:HON. JOHN M. STUARD LOC:COURT 2 | $0.00 | |
| 12/28/2001 | DIRECT PRESENTMENT FOR<br>CT 1: AGG MURDER (F) W/SPECS OF AGG CIRCUMSTANCES<br>CT 2: AGG MURDER (F) W/SPECS OF AGG CIRCUMSTANCES<br>CT 3: AGG BURGLARY (F1) W/FIREARM SPEC<br>CT 4: AGG ROBBERY (F1) W/FIREARM SPEC | $0.00 | |

DONNA ROBERTS v WARDEN<br>CASE NO. 4:21-cv-00368-DAP<br>APPENDIX – PAGE 1711

| Date | Docket Text | Amount Owed | Image Avail. |
|------|-------------|-------------|--------------|
| 12/28/2001 | INDICTMENT AND SUMMONS FILED BY PROSECUTOR'S OFFICE AND COPIES OF SAME ISSUED TO SHERIFF.<br>Amount Owed: $2.00<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 123746  Date: 04/29/2008 | $2.00 | |
| 12/28/2001 | MOTION OF THE VINDICATOR PRINTING CO IN OPPOSITION TO DEFT DONNA M ROBERTS MOTION TO SEAL COURT RECORDS WITH SERVICE FILED BY ATTY DAVID MARBURGER. | $0.00 | |
| 12/28/2001 | NOTICE OF APPEARANCE AS CO-COUNSEL WITH SERVICE FILED BY ATTY JOHN JUHASZ | $0.00 | |
| 12/28/2001 | DEFTS MOTION AND MEMORANDUM TO HOLD AFFIDAVIT AND EXHIBITS UNDER SEAL WITH SERVICE FILED BY ATTY J GERALD INGRAM | $0.00 | |
| 12/31/2001 | NOT GUILTY PLEA TO ARRAIGNMENT ON INDICTMENT & SUMMONS NO BOND SET | $0.00 | |
| 12/31/2001 | SUMMONS ON INDICTMENT RETURNED BY SHERIFF ON DONNA MARIE ROBERTS SHERIFF ALTIERE<br>Amount Owed: $2.00<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 123746  Date: 04/29/2008 | $2.00 | |
| 12/31/2001 | CAPIAS RETURNED AND ENDORSED BY SHERIFF ON DONNA MARIE ROBERTS SHERIFF ALTIERE | $0.00 | |
| 01/03/2002 | PRE TRIAL 01/30/2002  09:00 AM<br>JUDGE:HON. JOHN M. STUARD LOC:COURT 2<br>(N1-3-02) | $0.00 | |
| 01/04/2002 | CERTIFIED MAILER NUMBER 0891 801 SENT TO: THE SUPREME COURT OF OHIO<br>Amount Owed: $5.00<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $5.00 | |
| 01/07/2002 | VICTIM'S RIGHTS NOTIFICATION FILED. | $0.00 | |
| 01/07/2002 | DEFENDANT'S NOTICE OF REQUEST FOR DISCOVERY FILED BY DEFENDANT'S ATTORNEY JERRY INGRAM AND JOHN JUHASZ | $0.00 | |
| 01/07/2002 | DEFENDANT'S MOTION FOR NOTICE OF INTENTION TO USE EVIDENCE FILED BY THE DEFENDANT'S ATTORNEY JERRY INGRAM AND JOHN JUHASZ | $0.00 | |
| 01/14/2002 | CERTIFIED MAIL NUMBER 891801 RETURNED ENDORSED FROM THE SUPREME COURT OF OHIO ON 1/9/02 BY ? | $0.00 | |
| 02/01/2002 | HEARING ON PENDING MOTIONS 05/23/2002  01:00 PM<br>BEFORE:HON. JOHN M. STUARD LOC:COURT 2 | $0.00 | |
| 02/01/2002 | JURY TRIAL 11/18/2002  09:00 AM<br>BEFORE:HON. JOHN M. STUARD LOC:COURT 2 | $0.00 | |
| 02/01/2002 | 963/427 WAIVER OF SPEEDY TRIAL FOR 300 DAYS UNTIL 11/18/02<br>Amount Owed: $2.00<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $2.00 | |
| 02/11/2002 | DEFENDANT'S MOTION FOR AN ORDER ENLARGING THE TIME FOR FILING PRETRIAL MOTIONS FILED FILED BY THE DEFENDANT'S ATTORNEY JERRY INGRAM AND JOHN JUHASZ | $0.00 | |
| 02/11/2002 | DEFENDANT'S MOTION FPR DISCOVERY FILED  BY THE DEFENDANT'S ATTORNEY JERRY INGRAM AND ATTORNEY JOHN JUHASZ | $0.00 | |
| 02/20/2002 | MOTION TO DETERMINE PROPER STANDARD TO EXCUSE JURORS FOR CAUSE FILED BY THE DEFENDANT'S ATTORNEY JERRY INGRAM AND ATTORNEY JOHN JUHASZ. | $0.00 | |
| 02/26/2002 | DEFENDANT'S MOTION FOR COMPREHENSIVE VOIR DIRE EXAMINATION FILED BY THE DEFENDANT'S ATTORNEY JERRY INGRAM | $0.00 | |
| 03/13/2002 | NOTICE TO SUPREME COURT (COPY) CC02008 | $0.00 | |
| 03/15/2002 | STATE'S REQUEST FOR RECIPROCAL DISCOVERY FILED BY THE PROSECUTOR'S OFFICE | $0.00 | |
| 03/15/2002 | STATE'S RESPONSE TO DEFENDANT'S REQUEST FOR DISCOVERY FILED BY THE PROSECUTOR'S OFFICE | $0.00 | |
| 03/15/2002 | STATE'S RESPONSE TO DEFENDANT'S REQUEST BILL OF PARTICULARS FILED BY THE PROSECUTOR'S OFFICE | $0.00 | |
| 03/20/2002 | MOTION OF INTEREST PARTY FILED BY ATTORNEY ROSEMARY MILBY ATTORNEY FORD MOTOR CREDIT COMPANY FILED | $0.00 | |
| 04/16/2002 | STATES SECOND SUPPLEMENTAL RESPONSE TO DEFTS REQUEST FOR DISCOVERY WITH SERVICE FILED BY PROSECUTOR | $0.00 | |

| Date | Docket Text | Amount Owed | Image Avail. |
|------|-------------|-------------|--------------|
| 04/18/2002 | STATES THIRD SUPPLEMENTAL RESPONSE TO DEFTS REQUEST FOR DISCOVERY WITH SERVICE FILED BY PROSECUTOR | $0.00 | |
| 05/20/2002 | HEARING ON PENDING MOTIONS 07/18/2002  01:00 PM BEFORE:HON. JOHN M. STUARD LOC:COURT 2 | $0.00 | |
| 06/18/2002 | DEFENDANT'S MOTION FOR COMPEHENSIVE VOIR DIRE EXAMINATION FILED BY THE DEFENDANT'S ATTORNEY J. GERALD INGRAM AND JOHN B JUHASZ | $0.00 | |
| 06/18/2002 | DEFENDANT'S MOTION TO PROHIBIT DEATH QUALIFICATION OF JURORS UNLESS AND UNTIL THE GOVERNMENT HAS ESTABLISHED PROBABLE CAUSE THAT THE CASE WILL PROCEED TO A SECOND PHASE EVIDENTIARY HEARING REQUESTED FILED BY THE DEFENDANT'S ATTORNEY J. GERALD INGRAM AND J JUHASZ | $0.00 | |
| 07/09/2002 | DEFENDANT'S MOTION TO SUPPRESS EVIDENCE REQUEST FOR EVIDENTIARY HEARING FILED BY THE DEFENDANT'S ATTORNEY J. GERALD INGRAM AND JOHN B JUHASZ | $0.00 | |
| 07/15/2002 | DEFENDANT'S MOTION FOR ALTERNATING VOIR EXAMINATION FILED BY THE DEFENDANT'S ATTORNEY JERRY INGRAM | $0.00 | |
| 07/15/2002 | DEFENDANT'S MOTION TO HAVE REASONS FOR OBJECTIONS AND REASONS FOR OVERRULING OBJECTIONS PLACED ON THE RECORD FILED BY THE DEFENANT'S ATTORNEY JERRY INGRAM | $0.00 | |
| 07/18/2002 | MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO PROHIBIT DEATH QUALIFICATIONS UNTIL PROSECUTION HAS SHOWN PROBABLE CAUSE THAT THE CASE WILL PROCEED TO A SECOND PHASE FILED BY THE PROSECUTOR'S OFFICE | $0.00 | |
| 07/18/2002 | STATE'S MEMORANDUM IN RESPONSE TO DEFENDANT'S MOTION TO DETERMINE PROPER STANDARD TO EXCUSE JURORS FOR CAUSE FILED BY THE PROSECUTOR'S OFFICE | $0.00 | |
| 07/18/2002 | MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR COMPREHENSIVE VOIR DIRE FILED BY THE PROSECUTOR'S OFFICE | $0.00 | |
| 07/18/2002 | DEFENDANT'S MOTION TO DISMISS INDICTMENT OR IN THE ALTERNATIVE TO DISMISS DEATH SPECIFICATIONS BECAUSE DEATH PENALTY IN OHIO IS UNCONSTITUTIONAL REQUEST FOR ORAL HEARING FILED BY THE DEFENDANT'S ATTORNEY'S JERRY INGRAM AND JOHN JUHASZ | $0.00 | |
| 07/19/2002 | 976/309 ENTRY OF STIPULATION REGARDING DEFTS JULY 9, 2002 MOTION TO SUPPRESS. SEE J/E. 7/19/02  COPIES SENT TO: J INGRAM, J JUHASZ, S BOLTON, D MARBURGER, A MILLETTE & PROSECUTOR Amount Owed: $4.00 Paid Before Conversion: $0.00 Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $4.00 | |
| 07/19/2002 | POSTAGE Amount Owed: $2.22 Paid Before Conversion: $0.00 Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $2.22 | |
| 07/23/2002 | HEARING ON PENDING MOTIONS 09/20/2002  09:00 AM BEFORE:HON. JOHN M. STUARD LOC:COURT 2 | $0.00 | |
| 08/26/2002 | DEFTS MOTION TO SUPPRESS REFERENCES TO THE JURY THAT A VERDICT OF DEATH IS ONLY A RECOMMENDATION WITH SERVICE FILED BY ATTY JOHN JUHASZ | $0.00 | |
| 09/11/2002 | 981/507 DEFTS MOTION TO SUPPRESS REFERENCES TO THE JURY THAT THE DEATH PENALTY IS BEING SOUGHT IS DENIED. SEE J/E. 9/11/02 COPIES SENT TO: PROSECUTOR, J INGRAM & J JUHASZ Amount Owed: $6.00 Paid Before Conversion: $0.00 Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $6.00 | |
| 09/11/2002 | POSTAGE Amount Owed: $1.11 Paid Before Conversion: $0.00 Receipt Number:  Receipt: 123746  Date: 04/29/2008 | $1.11 | |
| 09/12/2002 | DEFTS MOTION TO DISMISS DEATH SPECIFICATIONS DUE TO INADEQUATE APPELLATE REVIEW REQUEST FOR HEARING WITH SERVICE FILED BY ATTY JOHN JUHASZ | $0.00 | |
| 09/13/2002 | DEFTS MOTION TO PROHIBIT THE GOVERNMENT FROM USING PEREMPTORY CHALLENGES TO EXCLUDE VENIREMEN WHO EXPRESS CONCERN ABOUT IMPOSING CAPITAL PUNISHMENT WITH SERVICE FILED BY ATTY J GERALD INGRAM | $0.00 | |
| 09/16/2002 | DEFTS MOTION TO HAVE REASONS FOR OBJECTIONS AND REASONS FOR OVERRULLING OBJECTIONS PLACED ON THE RECORD WITH SERVICE FILED BY ATTY J GERALD INGRAM | $0.00 | |
| 09/16/2002 | DEFTS MOTION TO DISMISS DEATH PENALTY SPECIFICATIONS BECAUSE METHOD OF EXECUTION IS UNCONSTITUTIONAL WITH SERVICE FILED BY ATTY J GERALD INGRAM | $0.00 | |
| 09/20/2002 | HEARING ON PENDING MOTIONS 10/10/2002  01:00 PM BEFORE:HON. JOHN M. STUARD LOC:COURT 2 | $0.00 | |

| Date | Docket Text | Amount Owed | Image Avail. |
|---|---|---|---|
| 10/04/2002 | MOTION TO SUPPRESS WITH SERVICE FILED BY ATTY GERALD INGRAM | $0.00 | |
| 10/10/2002 | MEMORANDUM IN OPPOSITION TO DEFTS MOTION TO DISMISS DEATH PENALTY SPECIFICATIONS DUE TO INADEQUATE APPELLATE REVIEW WITH SERVICE FILED BY PROSECUTOR | $0.00 | |
| 10/10/2002 | MEMORANDUM IN OPPOSITION TO DEFTS MOTION TO DISMISS DEATH PENALTY SPECIFICATIONS BECAUSE METHOD OF EXECUTION IS UNCONSTITUTIONAL WITH SERVICE FILED BY PROSECUTOR | $0.00 | |
| 10/10/2002 | MEMORANDUM CONTRA TO DEFTS MOTION TO DISMISS INDICTMENT: OR IN ALTERNATIVE TO DISMISS DEATH SPECIFICATIONS BECAUSE DEATH PENALTY IN OHIO IS UNCONSTITUTIONAL WITH SERVICE FILED BY PROSECUTOR | $0.00 | |
| 10/10/2002 | MEMORANDUM IN OPPOSITION TO DEFTS MOTION TO HAVE REASONS FOR DEFENSE OBJECTIONS AND REASONS FOR OVERRULING DEFTS OBJECTIONS PLACED ON RECORD WITH SERVICE FILED BY PROSECUTOR | $0.00 | |
| 10/10/2002 | MEMORANDUM IN OPPOSITION TO DEFTS MOTION TO PROHIBIT THE USE OF PEREMPTORY CHALLENGES TO EXCLUDE VERIREMEN WHO EXPRESS CONCERNS ABOUT IMPOSING CAPITAL PUNISHMENT WITH SERVICE FILED BY PROSECUTOR | $0.00 | |
| 10/10/2002 | MEMORANDUM IN OPPOSITION TO DEFTS MOTION FOR ALTERNATING VOIR DIRE WITH SERVICE FILED BY PROSECUTOR | $0.00 | |
| 10/10/2002 | MOTION FOR DEFT TO SUBMIT TO HANDWRITING EXEMPLARS WITH SERVICE FILED BY PROSECUTOR | $0.00 | |
| 10/10/2002 | STATES FOURTH SUPPLEMENTAL RESPONSE TO DEFTS REQUEST FOR DISCOVERY WITH SERVICE FILED BY PROSECUTOR | $0.00 | |
| 10/10/2002 | 983/808 MOTIONS HEARING SCHEDULED FOR 9/20/02 AT 9:00 AM IS RESCHEDULED TO 10/10/02 AT 1:00 PM. 10/10/02 COPIES SENT TO: C BECKER, K BAILEY, TR CO PROSECUTOR, J INGRAM AND J JUHASZ<br>Amount Owed: $2.00<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 123746  Date: 04/29/2008 | $2.00 | |
| 10/15/2002 | HRG ON MOTION TO SUPPRESS 11/08/2002  09:00 AM<br>BEFORE:HON. JOHN M. STUARD LOC:COURT 2 | $0.00 | |
| 10/21/2002 | STATUS CONFERENCE 10/24/2002  11:30 AM<br>BEFORE:HON. JOHN M. STUARD LOC:COURT 2 | $0.00 | |
| 10/25/2002 | 985/232 WAIVER OF SPEEDY TRIAL FOR 210 DAYS UNTIL 4/7/03<br>Amount Owed: $2.00<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $2.00 | |
| 10/29/2002 | JURY TRIAL 04/07/2003  09:00 AM<br>BEFORE:HON. JOHN M. STUARD LOC:COURT 2 | $0.00 | |
| 11/01/2002 | PRE TRIAL 12/19/2002  08:45 AM<br>BEFORE:HON. JOHN M. STUARD LOC:COURT 2 | $0.00 | |
| 12/03/2002 | DEFTS MOTION TO DISMISS DEATH SPECIFICATIONS AND TO DECLARE INVALID OHIO CONST ART IV, 2 AND 3 AND ORC ANN 2929.05 AND 2953.02 AND REQUEST FOR HEARING WITH SERVICE FILED BY ATTY J GERALD INGRAM | $0.00 | |
| 12/20/2002 | PRE TRIAL 01/02/2003  08:45 AM<br>BEFORE:HON. JOHN M. STUARD LOC:COURT 2 | $0.00 | |
| 01/03/2003 | SUPPRESSION HEARING 02/26/2003  09:00 AM<br>BEFORE:HON. JOHN M. STUARD LOC:COURT 2 | $0.00 | |
| 02/28/2003 | FINAL PRE TRIAL 03/26/2003  01:00 PM<br>BEFORE:HON. JOHN M. STUARD LOC:COURT 2 | $0.00 | |
| 02/28/2003 | JURY TRIAL 04/08/2003  09:00 AM<br>BEFORE:HON. JOHN M. STUARD LOC:COURT 2 | $0.00 | |
| 02/28/2003 | 995/415 WAIVER OF SPEEDY TRIAL FOR ADDITIONAL 45 DAYS; TRIAL DATE APRIL 8, 2003.<br>Amount Owed: $2.00<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $2.00 | |
| 03/03/2003 | MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS FILED BY THE PROSECUTOR'S OFFICE | $0.00 | |
| 03/17/2003 | NOTICE OF OPEN FILE DISCOVERY FILED BY THE PROSECUTOR'S OFFICE | $0.00 | |
| 03/18/2003 | DEFENDANT'S MOTION FOR ORDER GRANTING EXPERT ACCESS TO DEFENDANT IN COUNTY JAIL FILED BY THE DEFENDANT'S ATTORNEY JOHN JUHASZ | $0.00 | |

| Date | Docket Text | Amount Owed | Image Avail. |
|------|-------------|-------------|--------------|
| 03/18/2003 | 996/977 JUDGMENT ENTRY GRANTING EXPERT ACESS. 3/18/03 CC SENT TO: C BECKER, K BAILEY, J G INGRAM, J JUHASZ, DR T EBERLE & T ALTIERE<br>Amount Owed: $2.00<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 123746  Date: 04/29/2008 | $2.00 | |
| 03/18/2003 | POSTAGE<br>Amount Owed: $2.22<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $2.22 | |
| 03/21/2003 | DEFENDANT'S POST SUPPRESSION HEARING MEMORANDUM FILED BY THE DEFENDANT'S ATTORNEY GERALD INGRAM AND JOHN JUHASZ | $0.00 | |
| 04/04/2003 | 998/433 DEFTS MOTION TO SUPPRESS IS DENIED. 4/4/03 COPIES SENT TO: PROSECUTOR, J INGRAM & J JUHASZ<br>Amount Owed: $6.00<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $6.00 | |
| 04/04/2003 | POSTAGE<br>Amount Owed: $1.11<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 123746  Date: 04/29/2008 | $1.11 | |
| 04/07/2003 | PROPOSED ORIENTATION INSTRUCTIONS AS TO PROCEDURE IN A CAPITAL CASE FILED BY THE DEFENDANT'S ATTORNEY J GERALD INGRAM | $0.00 | |
| 04/07/2003 | HEARING ON MOTION TO SUPPRESS EVIDENCE FILED BY THE DEFENDANT'S ATTONREY J GERALD INGRAM AND ATTORNEY JOHN JUHASZ | $0.00 | |
| 04/07/2003 | NOTICE OF APPEAL TO THE 11TH APPELLATE COURT FILED BY ATTY J JUHASZ | $0.00 | |
| 04/07/2003 | DEFENDANTS MOTION TO CHANGE VENUE REQUEST FOR CLOSED ORAL HEARING FILED BY ATTY INGRAM AND JUHASZ | $0.00 | |
| 04/08/2003 | 998/713 MANDATE FROM COURT OF APPEALS. THE INSTANT APPEAL IS DISMISSED FOR LACK OF JURISDICTION<br>Amount Owed: $2.00<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $2.00 | |
| 04/08/2003 | SUBPOENA RETURNED AND ENDORSED ON ANDREW HARVEY BY SHERIFF ALTIERE<br>Amount Owed: $3.30<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $3.30 | |
| 04/09/2003 | SUBPOENA RETURNED AND ENDORSED ON JOSE SANCHEZ MAHONING COUNTY SHERIFF'S DEPARTMENT<br>Amount Owed: $1.00<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 123746  Date: 04/29/2008 | $1.00 | |
| 04/10/2003 | PRELIMINARY INSTRUCTIONS (DEFENDANT'S SUBMISSION) FILED BY THE DEFENDANT'S ATTORNEY | $0.00 | |
| 04/10/2003 | DEFENDANT'S MOTION FOR SPECIFIC DISCLOSURE OF DUE PROCESS MATERIAL FILED BY THE DEFENDANT'S ATTONREY JERRY INGRAM AND JOHN JUHASZ | $0.00 | |
| 04/14/2003 | STATE'S FIFTH SUPPLEMENTAL RESPONSE TO DEFENDANT'S REQUEST FOR DISCOVERY FILED BY THE PROSECUTOR'S OFFICE | $0.00 | |
| 04/24/2003 | SUBPOENA RETURNED AND ENDORSED ON MELVIN WILLIAMS MAHONING COUNTY SHERIFF<br>Amount Owed: $6.60<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $6.60 | |
| 04/24/2003 | SUBPOENA RETURNED AND ENDORSED ON SHELIA FIELDS MAHONING COUNTY SHERIFF<br>Amount Owed: $3.80<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $3.80 | |
| 04/24/2003 | SUBPOENA RETURNED AND ENDORSED ON JEFFREY DIAMANTES MAHONING COUNTY SHERIFF<br>Amount Owed: $27.40<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $27.40 | |
| 04/24/2003 | SUBPOENA RETURNED AND ENDORSED ON JOSE FLORES RICHLAND COUNTY SHERIFF<br>Amount Owed: $2.50<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $2.50 | |

Case Details - CourtView Justice Solutions

| Date | Docket Text | Amount Owed | Image Avail. |
|---|---|---|---|
| 04/24/2003 | SUBPOENA RETURNED AND ENDORSED ON JIM MCCOY CUYAHOGA COUNTY SHERIFF<br>Amount Owed: $16.27<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $16.27 | |
| 04/24/2003 | SUBPOENA RETURNED AND ENDORSED ON CHRIS GEAR MAHONING COUNTY SHERIFF<br>Amount Owed: $3.80<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $3.80 | |
| 04/24/2003 | SUBPOENA RETURNED AND ENDORSED ON RALPH ROBERTS MAHONING COUNTY SHERIFF<br>Amount Owed: $14.50<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $14.50 | |
| 04/24/2003 | SUBPOENA RETURNED AND ENDORSED ON JAMES CULWELL FRANKLIN COUNTY SHERIFF<br>Amount Owed: $2.30<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $2.30 | |
| 04/25/2003 | SUBPOENA RETURNED AND ENDORSED ON JILL KENYON SHERIFF ALTIERE<br>Amount Owed: $4.30<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $4.30 | |
| 04/25/2003 | SUBPOENA RETURNED AND ENDORSED ON JENNIFER ROBINSON MAHONING COUNTY SHERIFF<br>Amount Owed: $5.40<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $5.40 | |
| 04/25/2003 | SUBPOENA RETURNED AND ENDORSED ON JEFFREY PASCARELLA MAHONING COUNTY SHERIFF<br>Amount Owed: $8.60<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $8.60 | |
| 04/25/2003 | SUBPOENA RETURNED AND ENDORSED ON RITA MORRISON MAHNING COUNTY SJERIFF<br>Amount Owed: $5.40<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $5.40 | |
| 04/25/2003 | SUBPOENA RETURNED AND ENDORSED ON RITA MOSSISON SHERIFF ALTIERE | $0.00 | |
| 04/25/2003 | SUBPOENA RETURNED AND ENDORSED ON JOHN GUZIK MAHONING COUNTY SHERIFF<br>Amount Owed: $5.40<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $5.40 | |
| 04/25/2003 | SUBPOENA RETURNED AND ENDORSED ON MIGUEL DIAZ MAHONING SHERIFF ALTIERE<br>Amount Owed: $6.60<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $6.60 | |
| 04/25/2003 | TRIAL STIPULATION FILED BY THE DEDENDANT'S ATTORNEY ALONG WITH THE PROSECUTOR'S OFFICE | $0.00 | |
| 04/25/2003 | SUBPOENA RETURNED AND ENDORSED ON FRANK REYNOLDS NOT SERVED MAHONING COUNTY SHERIFF<br>Amount Owed: $11.00<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $11.00 | |
| 04/25/2003 | SUBPOENA RETURNED AND ENDORSED ON JAMES DANIELS MAHONING COUNTY SHERIFF<br>Amount Owed: $3.80<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $3.80 | |
| 04/25/2003 | SUBPOENA RETURNED AND ENDORSED ON BRIDGET PAUL SHERIFF ALTIERE<br>Amount Owed: $3.30<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $3.30 | |
| 04/25/2003 | SUBPOENA RETURNED AND ENDORSED ON PAULA CARSON SHERIFF ALTIERE<br>Amount Owed: $3.30<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $3.30 | |
| 04/25/2003 | SUBPOENA RETURNED UNABLE TO SERVE IN TIME FOR HEARING (KRIS ELLINGTON) | $0.00 | |
| 04/29/2003 | SUBPOENA RETURNED - UNABLE TO SERVE IN TIME FOR HEARING - NEW ADDRESS 2747 RANDOLPH NW, WARREN, OH 44485 (SANTIAGO MASON) | $0.00 | |

10/20/21, 11:18 AM                                    Case Details - CourtView Justice Solutions

| Date | Docket Text | Amount Owed | Image Avail. |
|------|-------------|-------------|--------------|
| 05/12/2003 | 1001/295 1 - DEFTS MOTION TO PROHIBIT THE GOVERNMENT FROM USING PEREMPTORY CHALLENGES TO EXCLUDE VENIREMEN WHO EXPRESS CONCERN ABOUT IMPOSING CAPITAL PUNISHMENT IS OVERRULED. 2 - DEFTS MOTION TO HAVE REASONS FOR OBJECTIONS AND REASONS FOR OVERRULING OBJECTIONS PLACED ON THE RECORD IS GRANTED IN PART. THE COURT WILL PROVIDE ITS REASONS FOR OVERRULING ANY OBJECTIONS ON THE RECORD IF REQUESTED BY EITHER PARTY. 3 - DEFTS MOTION TO DISMISS DEATH PENALTY SPECIFICATIONS BECAUSE METHOD OF EXECUTION IS UNCONSTITUTIONAL IS OVERRULED. 4 - DEFTS  MOTION  TO DISMISS DEATH SPECIFICATIONS DUE TO INADEQUATE APPELLATE REVIEW IS OVERRULED. 5 - DEFTS  MOTION  TO  SUPPRESS REFERENCES TO THE JURY THAT A VERDICT OF DEATH IS ONLY A RECOMMENDATION IS OVERRULED. 6 - DEFTS  MOTION  TO DISMISS INDICTMENT OR IN THE ALTERNATIVE TO DISMISS DEATH SPECIFICATIONS BECAUSE DEATH PENALTY IN OHIO IS UNCONSTITUTIONAL IS OVERRULED. 7 -  DEFTS  MOTION  FOR  ALTERNATING VOIR DIRE EXAMINATION IS WITHDRAWN. 8 - DEFTS MOTION FOR AN ORDER ENLARGING THE TIME FOR FILING PRETRIAL MOTIONS FILED 2/11/02 IS GRANTED. 9 - DEFTS MOTION TO DETERMINE THE PROPER STANDARD TO EXCUSE JURORS FOR CAUSE IS OVERRULED TO THE EXTENT THAT THE COURT WILL DETERMINE BASED UPON THE APPLICABLE LAW THE STANDARD FOR EXCUSING JURORS. 10 - DEFTS MOTION FOR COMPREHENSIVE VOIR DIRE EXAMINATION IS GRANTED AND THE COURT WILL PERMIT THE PARTIES 45 MINUTES PER SIDE TO INDIVIDUALLY VOIR DIRE THE PROSPECTIVE JURORS. 11 - DEFTS MOTION TO PROHIBIT DEATH QUALIFICATION OF JURORS UNLESS AND UNTIL THE GOVERNMENT HAS ESTABLISHED PROBABLE CAUSE THAT THE CASE WILL PROCEED TO A SECOND PHASE IS OVERRULED. 12 - STATES MOTION TO HAVE THE DEFT SUBMIT TO HANDWRITING EXEMPLARS IS MOOT DUE TO THE STIPULATED ENTRY FILED ON 4/25/02. 13 - DEFTS MOTION TO DISMISS DEATH SPECIFICATIONS AND TO DECLARE INVALID OHIO CONSTITUTION ART IV, 2 AND 3 AND ORC 2929.05 AND 2953.02 IS OVERRULED. 14 - DEFTS MOTION TO CHANGE VENUE IS OVERRULED. 5/12/03 COPIES SENT TO: PROSECUTOR, J INGRAM & J JUHASZ Amount Owed: $8.00 Paid Before Conversion: $0.00 Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $8.00 | |
| 05/12/2003 | DEFENDANT'S MOTION IN LIMINE HEARING REQUEST OR HEARING FILED BY THE DEFENDANT'S ATTORNEY JERRY INDRAM AND JOHN JUHASZ | $0.00 | |
| 05/12/2003 | DEFENDANT'S MOTION IN LIMINE CONCERING EXTRANEOUS STATEMENTS IN LETTERS AND TAPES FILED BY THE DEFENDANT'S ATTORNEY JERRY INGRAM & JOHN JUHASZ | $0.00 | |
| 05/12/2003 | STENOGRAPHER FEE FILED BY KELLY J WILSON OFFICIAL COURT REPORTER Amount Owed: $125.00 Paid Before Conversion: $0.00 Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $125.00 | |
| 05/13/2003 | WITNESS FEES FOR CHRIS MONYAK Amount Owed: $24.00 Paid Before Conversion: $0.00 Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $24.00 | |
| 05/14/2003 | WITNESS FEES JAMES DANIELS Amount Owed: $8.00 Paid Before Conversion: $0.00 Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $8.00 | |
| 05/14/2003 | WITNESS FEES $283.90 Amount Owed: $283.90 Paid Before Conversion: $0.00 Receipt Number:  Receipt: 132123  Date: 08/25/2008 | $283.90 | |
| 05/15/2003 | WITNESS FEES  SANTIAGO MASON Amount Owed: $24.00 Paid Before Conversion: $0.00 Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $24.00 | |
| 05/15/2003 | STIPULATION FILED BY THE PROSECUTOR'S OFFICE | $0.00 | |
| 05/16/2003 | DEFENDANT'S MTION IN LIMNE REQUEST FOR HEARING FILED BY THE DEFENDANT'S ATTORNEY JERRY AND ATTORNEY JOHN JUHASZ | $0.00 | |

| Date | Docket Text | Amount Owed | Image Avail. |
|---|---|---|---|
| 05/22/2003 | 1002/478 JURORS MARGARET KAY AND TERRY GRAY ARE ORDERED BY THIS COURT NOT TO REPORT TO THEIR PLACES OF EMPLOYMENT DURING THE DURATION OF THEIR JURY SERVICE IN THE ABOVE STYLED CASE. THIS ORDER SHALL REMAIN IN EFFECT UNTIL A FINAL VERDICT IS REACHED IN THIS CASE IN THE GUILT PHASE AS WELL AS THE PENALTY PHASE IF SUCH PHASE IS NECESSARY. 5/22/03 COPIES SENT TO: PROSECUTOR, J INGRAM & J JUHASZ<br>Amount Owed: $2.00<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 123746  Date: 04/29/2008  Receipt: 128021  Date: 06/30/2008 | $2.00 | |
| 05/22/2003 | POSTAGE<br>Amount Owed: $1.11<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 123746  Date: 04/29/2008 | $1.11 | |
| 05/22/2003 | 1004/867 ORDERED THAT JURORS MARGARET KAY & TERRY GRAY ARE NOT TO REPORT TO PLACES OF EMPLOYMENT DURING DURATION OF JURY SERVICE IN THIS CASE 06-30-03 COPIES TO J GERALD INGRAM, JOHN JUHASZ & PROS<br>Amount Owed: $2.00<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $2.00 | |
| 05/27/2003 | DEFENDANT'S MOTION FOR JUDGEMENT OF ACQUITTAL FILED BY THE DEFENDANT'S ATTOENRY J. INGRAM AND ATTORNEY JOHN JUHASZ | $0.00 | |
| 05/27/2003 | DEFENDANT'S PROPSED INSTRUCTION TO TRIAL JURY FILED BY THE DEFENDANT'S ATTORNEY JERRY INGRAM AND ATTORNEY JOHN JUHASZ | $0.00 | |
| 05/27/2003 | CHARGE IF THE COURT FILED BY THE DEFENDANT'S ATTORNEY JERRY INGRAM AND ATTORNEY JOHN JUHASZ | $0.00 | |
| 05/29/2003 | 1002/761 VERDICT FOR PLAINTIFF - COUNT ONE - COMPLICITY TO AGGRAVATED MURDER (PRIOR CALCULATION AND DESIGN)<br>Amount Owed: $2.00<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $2.00 | |
| 05/29/2003 | 1002/762 VERDICT FOR PLAINTIFF COUNT ONE - VERDICT ON SPECIFICATION ONE<br>Amount Owed: $2.00<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $2.00 | |
| 05/29/2003 | 1002/763 VERDICT FOR PLAINTIFF  COUNT ONE - VERDICT ON SPECIFICATION TWO<br>Amount Owed: $2.00<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $2.00 | |
| 05/29/2003 | 1002/764 VERDICT FOR PLAINTIFF COUNT TWO - COMPLICITY TO AGGRAVATED MURDER (FELONY MURDER)<br>Amount Owed: $2.00<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $2.00 | |
| 05/29/2003 | 1002/765 VERDICT FOR PLAINTIFF COUNT TWO VERDICT ON SPECIFICATION ONE<br>Amount Owed: $2.00<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $2.00 | |
| 05/29/2003 | 1002/766 VERDICT FOR PLAINTIFF COUNT TWO - VERDICT ON SPECIFICATION TWO<br>Amount Owed: $2.00<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $2.00 | |
| 05/29/2003 | 1002/767 VERDICT FOR PLAINTIFF COUNT THREE COMPLICITY TO AGGRAVATED BURGLARY<br>Amount Owed: $2.00<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $2.00 | |
| 05/29/2003 | 1002/768 VERDICT FOR PLAINTIFF COUNT THREE - VERDICT ON FIREARM SPECIFICATION<br>Amount Owed: $2.00<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $2.00 | |
| 05/29/2003 | 1002/769 VERDICT FOR PLAINTIFF COUNT 4 COMPLICITY TO AGGRAVATED ROBBERY<br>Amount Owed: $2.00<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $2.00 | |

| Date | Docket Text | Amount Owed | Image Avail. |
|---|---|---|---|
| 05/29/2003 | 1002/770 VERDICT FOR PLAINTIFF COUNT FOUR - VERDICT ON FIREARM SPECIFICATION<br>Amount Owed: $2.00<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $2.00 | |
| 06/03/2003 | MOTION TO MERGE DEATH SPECIFICATIONS FILED BY THE DEFENDANT'S ATTORNEY | $0.00 | |
| 06/03/2003 | MOTION TO PROHIBIT READMISSION OF CERTAIN EXHIBITS FROM THE FIRST TRIAL PHASE FILED BY THE DEFENDANT'S ATTORNEY'S ATTORNEY JERRY INGRAM AND ATTORENY JOHN JUHASZ | $0.00 | |
| 06/03/2003 | MOTION TO PROHIBIT REFERENCE TO THE NATURE AND CIRCUMSTANCES OF THE OFFENSES AT CERTAIN TIMES FILED BY THE DEFENDANT'S ATTONREY | $0.00 | |
| 06/03/2003 | MOTION TO PROHIBIT REFERENCE TO THE NATURE AND CIRCUMSTANCES OF THE OFFENSES AT CERTIN TIMES FILED BY THE DEFENDANT'S ATTORNEY | $0.00 | |
| 06/03/2003 | MOTION TO PROHIBIT IMPROPER COMMENT BY PROSECUTOR ON DEFENDANT'S UNSWORN STATEMENT FILED BY THE DEFENDANT'S ATTORNEY | $0.00 | |
| 06/03/2003 | PROPOSED INSTRUCTION TO JURY FILED BY THE DEFENDANT'S ATTORNEY | $0.00 | |
| 06/05/2003 | 1003/391 JURY FINDING AND RECOMMENDATION OF DEATH SENTENCE. COUNT ONE SPECIFICATION ONE: AGGRAVATED BURGLARY<br>Amount Owed: $4.00<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $4.00 | |
| 06/05/2003 | 1003/393 JURY FINDING AND RECOMMENDATION OF DEATH SENTENCE. COUNT ONE SPECIFICATION TWO: AGGRAVATED ROBBERY<br>Amount Owed: $4.00<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $4.00 | |
| 06/13/2003 | SENTENCING HEARING 06/20/2003  01:30 PM<br>BEFORE:HON. JOHN M. STUARD LOC:COURT 2 | $0.00 | |
| 06/16/2003 | 1003/911 THE COURT FINDS THAT THERE IS NO AUTHORITY TO ORDER A PRE-SENTENCE INVESTIGATION AND REPORTS, AS WAS ORDERED BY THE COURT ON 6/4/03. AS SUCH A REPORT MAY BE PREPARED ONLY AT THE REQUEST OF THE DEFT AND AS THE DEFT HAS NOT MADE SUCH A REQUEST,THE DIRECTIVE THAT SUCH A REPORT BE PREPARED IS RESCINDED<br>Amount Owed: $2.00<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $2.00 | |
| 06/20/2003 | 1004/263 JURORS EXCUSED WITHOUT OBJECTION BY COUNSEL. SEE J/E<br>Amount Owed: $16.00<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $16.00 | |
| 06/20/2003 | 1004/271 JURORS EXCUSED FOR CAUSE DURING THE TRIAL. SEE J/E<br>Amount Owed: $8.00<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $8.00 | |
| 06/20/2003 | 1004/275 OPINION OF THE COURT IMPOSING DEATH SENTENCE AND FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING IMPOSITION OF DEATH SENTENCE. SEE J/E<br>Amount Owed: $34.00<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $34.00 | |
| 06/23/2003 | POST SENTENCING RIGHTS FILED BY PROSECUTOR'S OFFICE | $0.00 | |
| 06/24/2003 | COMPLETE RECORD<br>Amount Owed: $20.00<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $20.00 | |
| 06/24/2003 | STENOGRAPHER FEE<br>Amount Owed: $25.00<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $25.00 | |
| 06/24/2003 | WARRANT TO CONVEY TO OHIO REFORMATORY FOR WOMEN ISSUED TO SHERIFF ON 6-24-03 | $0.00 | |

| Date | Docket Text | Amount Owed | Image Avail. |
|---|---|---|---|
| 06/24/2003 | 1004/449 SENTENCING: 6/4/03 DEFT IS SENTENCED TO DEATH ON 1/11/04 ON COUNT ONE. DEFT SENTENCED TO THE OHIO REFORMATORY FOR WOMEN AT MARYSVILLE OHIO FOR 10 YEARS ON COUNT 3 PLUS A MANDATORY TERM OF 3 YEARS ON THE FIREARM SPECIFICATION TO BE SERVED PRIOR TO AND CONSECUTIVE TO THE SENTENCE IMPOSED IN COUNT 3; 10 YEARS ON COUNT 4 PLUS A MANDATORY TERM OF 3 YEARS ON THE FIREARM SPECIFICATION TO BE SERVED PRIOR TO AND CONSECUTIVE TO THE SENTENCE IMPOSED IN COUNT 4, SENTENCE IN COUNT 4 TO BE SERVED CONSECUTIVELY TO THE SENTENCE IMPOSED IN COUNT THREE. FIREARM SPECIFICATIONS IN COUNT THREE AND COUNT FOUR SHALL MERGE AS ONE SENTENCE IN COUNT THREE AS A MATTER OF LAW. DEFT TO PAY COSTS. <br> 6/24/03 COPIES SENT TO: PROSECUTOR, J INGRAM & J JUHASZ <br> Amount Owed: $8.00 <br> Paid Before Conversion: $0.00 <br> Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $8.00 | |
| 06/24/2003 | POSTAGE <br> Amount Owed: $1.11 <br> Paid Before Conversion: $0.00 <br> Receipt Number:  Receipt: 123746  Date: 04/29/2008 | $1.11 | |
| 06/25/2003 | 1004/453 WRIT TO CONVEY PRISONER FOR EXECUTION OF PENALTY <br> Amount Owed: $2.00 <br> Paid Before Conversion: $0.00 <br> Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $2.00 | |
| 06/25/2003 | EXECUTION OF COSTS RETURNED ENDORSED BY SHERIFF <br> Amount Owed: $5.00 <br> Paid Before Conversion: $0.00 <br> Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $5.00 | |
| 06/30/2003 | WARRANT RETURNED SHOWING SERVICE ON DEFENDANT DONNA ROBERTS SHERIFF ALTIERE <br> Amount Owed: $82.30 <br> Paid Before Conversion: $0.00 <br> Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $82.30 | |
| 07/23/2003 | NOTICE OF COMMITTMENT AND CALCULATION OF SENTENCE FILED BY OHIO DEPT. OF REHABILITATION/CORRECTION | $0.00 | |
| 08/05/2003 | 1008/468 THE STATE OF OHIO PUBLIC DEFENDER'S OFFICE IS APPOINTED AS COUNSEL FOR THE DEFT IN HER APPEAL OF THIS MATTER. <br> 8/6/03 COPIES SENT TO: PROSECUTOR, J INGRAM & J YUHASZ <br> Amount Owed: $2.00 <br> Paid Before Conversion: $0.00 <br> Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $2.00 | |
| 08/06/2003 | POSTAGE <br> Amount Owed: $1.11 <br> Paid Before Conversion: $0.00 <br> Receipt Number:  Receipt: 123746  Date: 04/29/2008 | $1.11 | |
| 08/18/2003 | ORDER TO FILE RECORD WITH SUPREME COURT BY 10/14/03 <br> Amount Owed: $2.00 <br> Paid Before Conversion: $0.00 <br> Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $2.00 | |
| 12/05/2003 | PETITIONER DONNA ROBERT'S MOTION FOR APPOINTMENT OF COUNSEL FILED BY THE DEFENDANT ALSO MEMORANDUM IN SUPPORT OF PETITIONER DONNA ROBERT'S MOTION FOR APPOINTMENT OF COUNSEL FILED BY THE DEFENDANT DONNA MARIE ROBERTS. | $0.00 | |
| 01/20/2004 | APPELLANTS NOTICE OF APPEAL FOR DELAYED APPEAL IN THE SUPREME COURT OF OHIO FILED. | $0.00 | |
| 01/29/2004 | RECORD TRANSMITTED TO THE SUPREME COURT INCLUDING ORIGINAL PAPERS,TRANSCRIPTS (28 VOLUMES), AND EXHIBITS WITH INDEX BY PERSONAL DELIVERY FROM THE TRUMBULL COUNTY SHERIFFS DEPARTMENT.COPIES OF INDEX SENT TO COUNSEL OF RECORD. <br> Amount Owed: $1.00 <br> Paid Before Conversion: $0.00 <br> Receipt Number:  Receipt: 123746  Date: 04/29/2008 | $1.00 | |
| 02/02/2004 | COPY OF EXHIBIT OF RECORD OF DEATH PENALTY CASE FROM THE SUPREME COURT OF OHIO | $0.00 | |
| 02/13/2004 | HEARING 03/12/2004  01:00 PM <br> BEFORE:HON. JOHN M. STUARD LOC:COURT 2 | $0.00 | |
| 02/27/2004 | MOTION FOR WARRANT FOR REMOVAL FILED BY PROSECUTOR'S OFFICE | $0.00 | |

| Date | Docket Text | Amount Owed | Image Avail. |
|------|-------------|-------------|--------------|
| 02/27/2004 | ONE CERTIFIED COPY OF WARRANT FOR REMOVAL AND COPY OF MOTION FOR WARRANT OF REMOVAL AND WARRANT TO CONVEY TO TRUMBULL COUNTY JAIL ISSUED TO THE SHERIFF ON 2-27-04 | $0.00 | |
| 02/27/2004 | 1024/551 ORDER ON WARRANT TO CONVEY<br>Amount Owed: $2.00<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $2.00 | |
| 03/15/2004 | WARRANT RETURNED SHOWING SERVICE ON DEFENDANT SHERIFF ALTIERE<br>Amount Owed: $240.50<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 132122  Date: 08/25/2008 | $240.50 | |
| 03/23/2004 | 1026/435 THE COURT FINDS THAT THERE IS A CONFLICT OF INTEREST WITH THE PUBLIC DEFENDERS OFFICE. ATTYS DAVID DOUGHTEN AND PATTY SMITH APPOINTED AS COUNSEL FOR DEFT IN HER APPEAL. THE ADDRESS FOR ATTYS IS 4403 ST CLAIR AVE, CLEVELAND OH 44103 (216)361-1112<br>3/23/04 COPIES SENT TO: K CULSHAW, R TROUTMAN, J WILHELM, D WATKINS, C BECKER, K BAILEY & L ANNOS. CC TO THE OHIO SUPREME COURT<br>Amount Owed: $4.00<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $4.00 | |
| 03/23/2004 | POSTAGE<br>Amount Owed: $2.96<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $2.96 | |
| 04/14/2004 | 1028/385 ORDER APPOINTING COUNSEL FOR POST CONVICTION PETITION AND SETTING FEES.<br>4/14/04 COPIES SENT TO: J INGRAM, J JUHASZ, D BODIKER, J WILHELM, S BOLTON, D MARGURGER, A MILLETTE, D WATKINS, C BECKER, K BAILEY & L ANNOS<br>Amount Owed: $4.00<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $2.00 | |
| 04/14/2004 | POSTAGE<br>Amount Owed: $4.07<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $4.07 | |
| 07/22/2004 | MOTION FOR SUBSTITUTION OF COUNSEL FILED BY THE THE DEFENDANT'S ATTORNEY DAVID L DOUGHTEN AND ATTORNEY PATRICIA J SMITH | $0.00 | |
| 08/20/2004 | 1039/213 MOTION FOR SUBSTITUTION OF COUNSEL IS GRANTED<br>Amount Owed: $2.00<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $2.00 | |
| 09/09/2004 | JOINT MOTION TO TOLL FILING DATE OF POST CONVICTION PETITION FILED BY ATTY LUWAYNE ANNOS | $0.00 | |
| 09/09/2004 | 1040/696 PURSUANT TO A JOINT MOTION FILED BY COUNSEL FOR DEFT DONNA ROBERTS AND COUNSEL FOR THE STATE OF OHIO, THIS COURT IN THE INTEREST OF JUSTICE WILL CONSTRUE DEFTS POSTCONVICTION PETITION TIMELY FILED IF IT IS TIME-STAMPED BY THE CLERK OF COURTS ON OR BEFORE 9/25/04.<br>9/9/04 COPIES SENT TO: PROSECUTOR, J INGRAM, J YUHASZ, D BODIKER, J WILHELM & D DOUGHTEN<br>Amount Owed: $2.00<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $2.00 | |
| 09/09/2004 | POSTAGE<br>Amount Owed: $2.22<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $2.22 | |
| 09/24/2004 | PETITION TO VACATE OR SET ASIDE SENTENCE FILED BY ATTORNEY DAVID DOUGHTEN COUNSEL FOR PETITIONER ALSO EXHIBIT B FILED  NATHANIEL JACKSON'S VIDEO STATEMENT FILED.SERVED A COPY OF PETITION TO THE TRUMBULL COUNTY PROSECUTORS OFFICE ON THIS DATE. | $0.00 | |
| 10/01/2004 | MOTION TO EXTEND TIME  TO RESPONSE FILED BY THE PROSECUTOR'S OFFICE | $0.00 | |

| Date | Docket Text | Amount Owed | Image Avail. |
|---|---|---|---|
| 10/07/2004 | 1042/898 PURSUANT TO A JOINT MOTION FILED BY COUNSEL FOR DEFT DONNA ROBERTS AND COUNSEL FOR THE STATE OF OHIO, THIS COURT, IN THE INTEREST OF JUSTICE, WILL CONSTRUE DEFTS POSTCONVICTION PETITION TIMELY FILED IF IT IS TIME-STAMPED BY THE CLERK OF COURTS ON OR BEFORE 9/25/04.<br>10/7/04 COPIES SENT TO: PROSECUTOR, J INGRAM, J YUHASZ, D BODIKER, J WILHELM & D DOUGHTEN<br>Amount Owed: $2.00<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $2.00 | |
| 10/07/2004 | 1042/899 PURSUANT TO A MOTION BY THE PLAINTIFF-RESPONDENT, THE STATE OF OHIO, AND R.C. 2953.21 (D), THIS COURT FIXES THE DUE DATE FOR THE STATE'S RESPONSE BY ANSWER OR MOTION AT 11/3/04. THE STATE, PER MOTION, HAS SHOWN GOOD CAUSE TO EXTEND THE DUE DATE FROM 10/4/04 TO 11/3/04.<br>10/7/04 COPIES SENT TO: PROSECUTOR & D DOUGHTEN<br>Amount Owed: $2.00<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $2.00 | |
| 10/25/2004 | FIRST AMENDED PETITION TO VACATE OR SET ASIDE SENTENCE WITH SERVICE FILED BY ATTY DAVID DOUGHTEN | $0.00 | |
| 11/02/2004 | MOTION FOR SUMMARY JUDGMENT WITH SERVICE FILED BY ATTY LUWAYNE ANNOS | $0.00 | |
| 11/03/2004 | COPY OF MERIT BRIEF OF PLTF/APPLEE OF STATE OF OHIO FILED BY PROSECUTOR | $0.00 | |
| 12/01/2004 | PETITIONER'S MOTION TO TRANSFER THE RECORD OF NATHANIEL JACKSON TO THE CAUSE OF ACTION FILED BY THE DEFENDANT'S ATTORNEY DAVID L DOUGHTEN | $0.00 | |
| 12/01/2004 | PETITIONER'S MOTION IN OPPOSITION TO STATE'S MOTION FOR SUMMARY JUDGMENT FILED BY THE DEFENDANT'S ATTORNEY DAVID DOUGHTEN | $0.00 | |
| 12/01/2004 | MOTION FOR LEAVE OF COURT TO CONDUCT DISCOVERY FILED BY THE DEFENDANT'S ATTORNEY DAVID DOUGHTEN | $0.00 | |
| 01/24/2005 | FILE SIGNED OUT TO JUDGE STUARD ON 1-25-05 | $0.00 | |
| 02/11/2005 | 1052/303 FINDINGS OF FACT AND CONCLUSIONS OF LAW DISMISSING PETITIONERS ORIGINAL AND FIRST AMENDED PETITION FOR POST CONVICTION RELIEF<br>Amount Owed: $28.00<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $28.00 | |
| 02/11/2005 | 1052/709 DEFENDANT-PETITIONER DONNA ROBERTS' MOTION FOR LEAVE OF COURT TO CONDUCT DISCOVERY FILED DECEMBER 1, 2004 IS OVERRULED AS MOOT. MOTION TO TRANSFER THE RECORD OF NATHANIEL JACKSON TO THIS CAUSE OF ACTION IS ALSO DENIED AS MOOT.<br>2/14/05 COPIES SENT TO: J INGRAM, J JUHASZ, D BOKER, J WILHELM, D DOUGHTEN, S BOLTEN, D MARBURGER, A MILLETTE, A WATKINS, C BECKER, D BODIKER, K BAILEY, L ANNOS<br>Amount Owed: $2.00<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $2.00 | |
| 02/14/2005 | POSTAGE<br>Amount Owed: $4.81<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $4.81 | |
| 02/23/2005 | 1053/026 ORDER FOR CLERK OF COURTS TO IMMEDIATELY SERVE A COPY OF THIS COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW FILED FEBRUARY 11, 2005 UPON ATTY DAVID DOUGHTEN COUNSEL FOR DEFENDANT-PETITIONER DONNA ROBERTS AND UPON TRUMBULL COUNTY PROSECUTOR'S OFFICE COUNSEL FOR PLAINTIFF RESPONDENT. 2/24/05 COPIES SENT: ATTY D DOUGHTEN, PROSECUTOR<br>Amount Owed: $2.00<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $2.00 | |
| 03/01/2005 | MOTION FOR APPOINTMENT OF APPELLATE COUNSEL WITH SERVICE FILED BY ATTY DAVID DOUGHTEN | $0.00 | |
| 03/17/2005 | MOTION FOR LEAVE TO FILE DELAYED APPEAL AND NOTICE OF APPEAL TO THE 11TH APPELLATE COURT FILED BY ATTY D DOUGHTEN | $0.00 | |
| 03/30/2005 | 1056/564 APPROVAL OF PAYMENT OF COUNSEL FEES CC: AUDITOR<br>Amount Owed: $12.00<br>Paid Before Conversion: $0.00<br>Receipt Number:  Receipt: 128021  Date: 06/30/2008 | $12.00 | |
| 09/13/2006 | NOTICE FILE REQUESTED BY JUDGE STUARD FROM CLERK'S OFFICE | $0.00 | |

DONNA ROBERTS v WARDEN
CASE NO. 4:21-cv-00368-DAP
APPENDIX – PAGE 1722

10/20/21, 11:18 AM                                  Case Details - CourtView Justice Solutions

| Date | Docket Text | Amount Owed | Image Avail. |
|---|---|---|---|
| 10/10/2006 | ORDER FROM SUPREME COURT OF OHIO.  JUDGMENT OF THE COURT OF COMMON PLEAS IS AFFIRMED IN PART, VACATED IN PART AND THIS CAUSE IS REMANDED TO THE TRIAL COURT CONSISTENT WITH THE OPINION RENDERED HEREON.   SEE JE | $0.00 | |
| 10/10/2006 | ORDERED BY THE SUPREME COURT OF OHIO THAT THE MOTION FOR RECONSIDERATION IN THIS CASE IS DENIED | $0.00 | |
| 11/01/2006 | HEARING SET: Event: STATUS HEARING Date: 12/06/2006   Time: 9:00 am Judge: STUARD, JOHN M   Location: COURTROOM 2 Result: TO BE RESET | | |
| 11/01/2006 | NOTICE SENT: SPEEDY MAILER Sent on:  11/01/2006  10:10:21 | | |
| 12/04/2006 | MOTION FOR APPOINTMENT OF CO-COUNSEL WITH SERVICE FILED BY ATTY DAVID DOUGHTEN | $0.00 | |
| 12/04/2006 | MOTION FOR APPROPRIATION OF FUNDS FOR EXPERT ASSISTANCE WITH SERVICE FILED BY ATTY DAVID DOUGHTEN | $0.00 | |
| 12/04/2006 | MOTION FOR RELEASE OF RECORDS WITH SERVICE FILED BY ATTY DAVID DOUGHTEN | $0.00 | |
| 12/06/2006 | HEARING SET: The following event: STATUS HEARING scheduled for 12/06/2006 at 9:00 am has been rescheduled as follows: Event: STATUS HEARING Date: 01/17/2007   Time: 3:00 pm Judge: STUARD, JOHN M   Location: COURTROOM 2 Result: TO BE RESET | | |
| 12/06/2006 | NOTICE SENT: SPEEDY MAILER Sent on:  12/06/2006  12:31:39 | | |
| 12/08/2006 | MOTION FOR APPOINTMENT OF CO-COUNSEL IS GRANTED | $0.00 | |
| 01/17/2007 | ORDERED THAT ROBERT A DIXON BE APPOINTED AS CO COUNSEL  Receipt: 128021  Date: 06/30/2008 | $2.00 | |
| 01/17/2007 | ORDER DIRECTIVING EVALUATION OF DEFENDANT'S COMPETENCE TO STAND TRIAL 1-23-97 COPIES TO  J. INGRAM, J. WILHELM, D DOUGHTON, R. DIXON, D. BODIKER, J JUHASZ AND PROS  Receipt: 128021  Date: 06/30/2008 | $2.00 | |
| 01/17/2007 | ORDER FOR FORENSIC EXAM 1-23-07 COPIES TO J. INGRAM, J. WILHELM, D. DOUGTEN, R. DIXON, D BODIKER, J JUHASZ AND PROS  Receipt: 128021  Date: 06/30/2008 | $2.00 | |
| 01/23/2007 | HEARING SET: The following event: STATUS HEARING scheduled for 01/17/2007 at 3:00 pm has been rescheduled as follows: Event: STATUS HEARING Date: 02/14/2007   Time: 3:30 pm Judge: STUARD, JOHN M   Location: COURTROOM 2 Result: TO BE RESET | | |
| 01/23/2007 | NOTICE SENT: SPEEDY MAILER Sent on:  01/23/2007  14:22:06 | | |
| 01/25/2007 | MOTION FOR APPROPRIATION OF FUNDS FOR LEAD COUNSEL WITH SERVICE FILED BY ATTY DAVID DOUGHTEN | $0.00 | |
| 01/29/2007 | POSTAGE  Receipt: 128021  Date: 06/30/2008 | $2.73 | |
| 01/29/2007 | POSTAGE  Receipt: 128021  Date: 06/30/2008 | $2.73 | |
| 02/01/2007 | REGULAR MAIL SENT TO:ROBERTA A DIXON RETURNED BY POST OFFICE  FOR: ATTEMPTED NOT KNOWN Receipt: 123746  Date: 04/29/2008 | $0.20 | |

10/20/21, 11:18 AM                                    Case Details - CourtView Justice Solutions

| **Date** | **Docket Text** | **Amount Owed** | *Image Avail.* |
|---|---|---|---|
| 02/05/2007 | ORDER FOR DAVID DOUGHTEN TO BE APPOINTED LEAD COUNSEL.  2-8-07  COPIES SENT TO D DOUGHTEN, J INGRAM, J WILHELM, R DIXON, D BODIKER, J JUHASZ AND PROS  Receipt: 128021  Date: 06/30/2008 | $2.00 | |
| 02/08/2007 | POSTAGE  Receipt: 128021  Date: 06/30/2008 | $2.73 | |
| 02/26/2007 | HEARING SET:  The following event: STATUS HEARING scheduled for 02/14/2007 at 3:30 pm has been rescheduled as follows:  Event: STATUS HEARING  Date: 03/09/2007   Time: 2:00 pm  Judge: STUARD, JOHN M   Location: COURTROOM 2  Result: SET STATUS CONFERENCE | | |
| 02/26/2007 | NOTICE SENT:  SPEEDY MAILER  Sent on: 02/26/2007  11:04:16 | | |
| 03/09/2007 | HEARING SET:  The following event: STATUS HEARING scheduled for 03/09/2007 at 2:00 pm has been rescheduled as follows:  Event: STATUS HEARING  Date: 05/11/2007   Time: 2:00 pm  Judge: STUARD, JOHN M   Location: COURTROOM 2  Result: TO BE RESET | | |
| 03/09/2007 | NOTICE SENT:  SPEEDY MAILER  Sent on: 03/09/2007  15:21:27 | | |
| 04/24/2007 | RECEIPT FROM THE SUPREME COURT OF OHIO.  ALL ORIGINAL PAPERS (3 BOXES) WERE RETURNED TO THE TRUMBULL COUNTY CLERK OF COURTS | $0.00 | |
| 05/01/2007 | MOTION TO ALLOW FULL PRESENTATION OF MITIGATION AT SENTENCING REHEARING WITH SERVICE FILED BY ATTY DAVID DOUGHTEN | $0.00 | |
| 05/01/2007 | MOTION TO CONTINUE WITH SERVICE FILED BY ATTY DAVID DOUGHTEN | $0.00 | |
| 05/25/2007 | HEARING SET:  The following event: STATUS HEARING scheduled for 05/11/2007 at 2:00 pm has been rescheduled as follows:  Event: STATUS HEARING  Date: 06/29/2007   Time: 10:30 am  Judge: STUARD, JOHN M   Location: COURTROOM 2  Result: SET SENTENCING | | |
| 05/25/2007 | NOTICE SENT:  SPEEDY MAILER  Sent on: 05/25/2007  14:49:56 | | |
| 06/28/2007 | STATES MEMORANDUM IN OPPOSITION TO DEFTS MOTION TO ALLOW FULL PRESENTATION OF MITIGATION AT SENTENCING  HEARING AND MEMORANDUM IN OPPOSITION WITH SERVICE FILED BY PROSECUTOR | $0.00 | |
| 06/29/2007 | HEARING SET:  Event: RE-SENTENCING HEARING  Date: 08/15/2007   Time: 3:00 pm  Judge: STUARD, JOHN M   Location: COURTROOM 2  Result: TO BE RESET | | |
| 06/29/2007 | NOTICE SENT:  SPEEDY MAILER  Sent on: 06/29/2007  11:14:40 | | |
| 07/13/2007 | WARRANT FOR REMOVAL.  Receipt: 128021  Date: 06/30/2008 | $2.00 | |
| 07/13/2007 | MOTION FOR WARRANT REMOVAL FILED BY PROSECUTOR'S OFFICE | $0.00 | |

| Date | Docket Text | Amount Owed | Image Avail. |
|------|-------------|-------------|--------------|
| 07/13/2007 | WARRANT ISSUED TO SHERIFF ON 7-13-07 | $0.00 | |
| 08/02/2007 | MOTION TO CONTINUE SENTENCING HEARING WITH SERVICE FILED BY ATTY DAVID DOUGHTEN | $0.00 | |
| 08/02/2007 | MOTION FOR VOLUNTARY RECUSAL OF TRIAL JUDGE, TO ASSIGN CASE TO VISITING JUDGE AND TO HOLD CASE IN ABEYANCE WITH SERVICE FILED BY ATTY DAVID DOUGHTEN | $0.00 | |
| 08/07/2007 | XXX COSTS SENT TO CORRECTIONAL FACILITY FOR INMATE PAYMENT OF COSTS | $0.00 | |
| 08/15/2007 | WARRANT RETURNED SHOWING SERVICE ON DEFENDANT  Receipt: 132122  Date: 08/25/2008 | $240.50 | |
| 08/17/2007 | HEARING SET:<br><br>The following event: RE-SENTENCING HEARING scheduled for 08/15/2007 at 3:00 pm has been rescheduled as follows:<br><br>Event: RE-SENTENCING HEARING<br>Date: 09/21/2007   Time: 2:30 pm<br>Judge: STUARD, JOHN M   Location: COURTROOM 2<br><br>Result: TO BE RESET | | |
| 08/17/2007 | NOTICE SENT:<br><br>SPEEDY MAILER<br>Sent on:  08/17/2007  14:44:40 | | |
| 08/17/2007 | HEARING SET:<br>Event: HEARING<br>Date: 09/20/2007   Time: 2:30 pm<br>Judge: STUARD, JOHN M   Location: COURTROOM 2<br><br>Result: TO BE RESET | | |
| 08/17/2007 | NOTICE SENT:<br><br>SPEEDY MAILER<br>Sent on:  08/17/2007  14:49:21 | | |
| 08/27/2007 | MOTION FOR WARRANT REMOVAL FILED BY PROSECUTOR'S OFFICE | $0.00 | |
| 08/27/2007 | WARRANT TO CONVEY TO TRUMBULL COUNTY JAIL  ISSUED TO SHERIFF ON 8-28-07 | $0.00 | |
| 08/27/2007 | WARRANT FOR REMOVAL.<br>8-28-07 ISSUED TO SHERIFF  Receipt: 123746  Date: 04/29/2008 | $2.00 | Image |
| 09/05/2007 | ORDER FOR CONTINUANCE OF TRIAL IS GRANTED TO ALLOW THE COMPETENCY EXAM TO BE CONDUCTED. SENTENCING DATE WILL BE SET AT COMPLETION OF COMPETENCY PROCEEDINGS.  Receipt: 128021  Date: 06/30/2008 | $2.00 | Image |
| 09/11/2007 | MOTION FOR APPROPRIATION OF FUNDS FOR EXPERT ASSISTANCE WITH SERVICE FILED BY DAVID L DOUGHTEN (Attorney) on behalf of DONNA MARIE ROBERTS (DEFENDANT) | $0.00 | |
| 09/14/2007 | DEFENDANTS MOTION TO ALLOW FULL PRESENTATION OF MITIGATION AT SENTENCING HEARING IS DENIED.<br>9-14-07 COPIES TO: PROS, J. INGRAM, D. DOUGHTEN  Receipt: 128021  Date: 06/30/2008 | $2.00 | Image |
| 09/14/2007 | POSTAGE  Receipt: 123746  Date: 04/29/2008 | $0.82 | |
| 09/18/2007 | MOTION TO PROFFER EVIDENCE FILED BY THE  DEFENDANT WITH PROOF OF SERVICE ALSO MEMORANDUM IN SUPPORT FILED BY THE DEFENDANT'S ATTORNEY WITH PROOF OF SERVICE DAVID L DOUGHTEN (Attorney) on behalf of DONNA MARIE ROBERTS (DEFENDANT) | $0.00 | |
| 09/18/2007 | MOTION TO PROFFER EVIDENCE APPENDIX PRISON RECORDS ALONG WITH EXHIBITS FILED BY THE DEFENDANT'S ATTORNEY  FILED BY DAVID L DOUGHTEN (Attorney) on behalf of DONNA MARIE ROBERTS (DEFENDANT) | $0.00 | |
| 09/19/2007 | WARRANT RETURNED SHOWING SERVICE ON DEFENDANT  Receipt: 128021  Date: 06/30/2008  Receipt: 132122  Date: 08/25/2008 | $230.50 | |
| 09/20/2007 | MOTION TO PROFFER EVIDENCE WITH SERVICE FILED BY DAVID L DOUGHTEN (Attorney) on behalf of DONNA MARIE ROBERTS (DEFENDANT) | $0.00 | |
| 09/20/2007 | MOTION FOR APPOINTMENT OF INDEPENDENT EXPERT AND FOR CONTINUANCE WITH SERVICE FILED BY DAVID L DOUGHTEN (Attorney) on behalf of DONNA MARIE ROBERTS (DEFENDANT) | $0.00 | |

| Date | Docket Text | Amount Owed | Image Avail. |
|------|-------------|-------------|--------------|
| 09/21/2007 | HEARING SET:<br><br>The following event: HEARING scheduled for 09/20/2007 at 2:30 pm has been rescheduled as follows:<br><br>Event: HEARING<br>Date: 10/22/2007   Time: 1:00 pm<br>Judge: STUARD, JOHN M   Location: COURTROOM 2<br><br>Result: COMPLETED | | |
| 09/21/2007 | NOTICE SENT:<br><br>SPEEDY MAILER<br>Sent on:  09/21/2007  13:24:22 | | |
| 09/21/2007 | HEARING SET:<br><br>The following event: RE-SENTENCING HEARING scheduled for 09/21/2007 at 2:30 pm has been rescheduled as follows:<br><br>Event: RE-SENTENCING HEARING<br>Date: 10/29/2007   Time: 1:00 pm<br>Judge: STUARD, JOHN M   Location: COURTROOM 2<br><br>Result: SENTENCED | | |
| 09/21/2007 | NOTICE SENT:<br><br>SPEEDY MAILER<br>Sent on:  09/21/2007  13:59:03 | | |
| 10/02/2007 | MOTION FOR WARRANT REMOVAL FILED BY PROSECUTOR'S OFFICE | $0.00 | |
| 10/02/2007 | JOURNAL ENTRY/ WARRANT FOR REMOVAL.  Receipt: 128021  Date: 06/30/2008 | $2.00 | Image |
| 10/03/2007 | WARRANT TO CONVEY TO TRUMBULL COUNTY JAIL  ISSUED TO SHERIFF ON 10-3-07 | $0.00 | |
| 10/18/2007 | WARRANT RETURNED SHOWING SERVICE ON DEFENDANT  Receipt: 132122  Date: 08/25/2008 | $240.50 | |
| 10/22/2007 | MANDATE FROM COURT OF APPEALS. INSTANT APPEAL IS DISMISSED FOR LACK OF JURISDICTION.  Receipt: 128021  Date: 06/30/2008 | $2.00 | Image |
| 10/29/2007 | DEFT ROBERT'S SENTENCING MEMORANDUM WITH SERVICE FILED BY DAVID L DOUGHTEN (Attorney) on behalf of DONNA MARIE ROBERTS (DEFENDANT) | $0.00 | |
| 10/29/2007 | ORDERED THAT THE JURYS RECOMMENDATION IS ACCEPTED AND COURT DOES  FIND THAT THE SENTENCE OF DEATH IS THE APPROPRIATE PENALTY IN THIS CASE.<br>10-29-07 COPIES TO: PROS, D. DOUGTHEN  Receipt: 128021  Date: 06/30/2008 | $48.00 | Image |
| 10/29/2007 | POSTAGE  Receipt: 123746  Date: 04/29/2008 | $0.41 | |
| 11/06/2007 | EXECUTION FOR COSTS IN FELONY  ISSUED TO SHERIFF ON 11-6-07 | $0.00 | |
| 11/06/2007 | WARRANT TO CONVEY TO OHIO REFORMATORY FOR WOMEN  ISSUED TO SHERIFF ON 11-6-07 | $0.00 | |
| 11/06/2007 | EXECUTION OF COSTS RETURNED ENDORSED BY SHERIFF  Receipt: 128021  Date: 06/30/2008 | $5.00 | |
| 11/06/2007 | WRIT TO CONVEY PRISONER FOR EXECUTION OF PENALTY ON OCT. 28, 2008.<br>11-6-07 ISSUED TO SHERIFF  Receipt: 123746  Date: 04/29/2008 | $2.00 | Image |
| 11/06/2007 | SENTENCING: ON OCT. 29, 2007 DEFENDANT RE-SENTENCED TO DEATH ON OCT. 28, 2008 ON COUNT 1; AND IMPRISONED FOR 10 YEARS ON COUNT 3; PLUS MANDATORY TERM OF 3 YEARS OF FIREARM SPECIFICATION TO BE SERVED PRIOR TO AND CONSECUTIVE TO COUNT 3; 10 YEARS ON COUNT 4, PLUS MANDATORY 3 YEARS ON FIREARM SPECIFICATION TO BE SERVED PRIOR TO AND CONSECUTIVE TO SENTENCE IMPOSED IN COUNT 4, SENTENCE IN COUNT 4 TO BE SERVED CONSECUTIVELY TO SENTENCE IMPOSED ON COUNT 3. FIREARM SPECIFICATION IN COUNT 3 & 4 SHALL MERGE AS ONE SENTENCE IN COUNT 3.<br>11-6-07 COPIES TO: PROS, D. DOUGHTEN, BUREAU OF SENTENCE COMPUTATION  Receipt: 128021  Date: 06/30/2008 | $6.00 | Image |
| 11/06/2007 | POSTAGE  Receipt: 123746  Date: 04/29/2008 | $0.82 | |
| 11/07/2007 | WARRANT RETURNED SHOWING SERVICE ON DEFENDANT  Receipt: 132122  Date: 08/25/2008  Receipt: 132123  Date: 08/25/2008 | $240.50 | |
| 11/15/2007 | APPROVAL OF PAYMENT OF COUNSEL FEES FILED  Receipt: 128021  Date: 06/30/2008 | $6.00 | Image |
| 12/03/2007 | MOTION TO APPOINT APPELLATE COUNSEL WITH SERVICE FILED BY DAVID L DOUGHTEN (Attorney) on behalf of DONNA MARIE ROBERTS (DEFENDANT) | $0.00 | |

| Date | Docket Text | Amount Owed | Image Avail. |
|------|-------------|-------------|--------------|
| 12/14/2007 | ORDER TO CERTIFY RECORD IN DEATH PENALTY CASE BY 2-11-08 FILED BY THE SUPREME COURT OF OHIO | $0.00 | |
| 12/18/2007 | TRANSCRIPT OF PROCEEDINGS FILED BY MARY ANN MILLS COURT REPORTER | $0.00 | |
| 12/18/2007 | DEFTS EXHIBIT A, DEFTS EXHIBIT B AND STATES EXHIBIT 1 FILED BY MARY ANN MILLS COURT REPORTER | $0.00 | |
| 01/11/2008 | APPROVAL OF PAYMENT OF COUNSEL FEES FILED  Receipt: 128021  Date: 06/30/2008 | $8.00 | Image |
| 01/11/2008 | ORDERED THAT ATTY JEFFREY J HELMICK TO REPRESENT DEFENDANT FOR PURPOSES OF APPEAL. 1-11-08 COPIES TO: PROS, J. HELMICK  Receipt: 128021  Date: 06/30/2008 | $2.00 | Image |
| 01/11/2008 | POSTAGE  Receipt: 123746  Date: 04/29/2008 | $0.41 | |
| 02/07/2008 | INDEX PREPARED AND SENT TO ATTY'S. | $0.00 | |
| 02/12/2008 | RECEIPT FROM THE SUPREME COURT OF OHIO FOR FOUR BOXES WHICH INCLUDE THE CASE FILE, EXHIBITS AND TRANSCRIPTS OF THIS CASE | $0.00 | |
| 02/21/2008 | RECEIPT FROM SUPREME COURT OF OHIO FOR 6 BOXES OF EXHIBITS AND ONE POSTER | $0.00 | |
| 06/24/2008 | MOTION FOR APPOINTMENT OF COUNSEL FILED BY DAVID L DOUGHTEN (Attorney) on behalf of DONNA MARIE ROBERTS (DEFENDANT) | $0.00 | Image |
| 07/01/2008 | COUNTY FEES WITNESS FEES FOR CHRIS MONYAK, JAMES DANIEL AND SANTIAGO MASON  Receipt: 128057  Date: 07/01/2008 | $56.00 | |
| 07/09/2008 | MOTION FOR APPOINTMENT OF COUNSEL IS GRANTED.  Receipt: 132122  Date: 08/25/2008 | $4.00 | Image |
| 07/09/2008 | ATTY DAVID L DOUGHTEN IS REAPPOINTED AS COUNSEL FOR DEFENDANT. 7-10-08 COPIES TO: PROS, D. DOUGHTHEN  Receipt: 132122  Date: 08/25/2008 | $2.00 | Image |
| 07/09/2008 | POSTAGE  Receipt: 132122  Date: 08/25/2008 | $0.42 | |
| 08/20/2008 | APPENDIX TO DONNA ROBERTS FILED ALONG WITH EXHIBIT A FILED BY DAVID L DOUGHTEN | $0.00 | |
| 08/20/2008 | PETITION TO VACATE OR SET ASIDE SENTENCE FILED BY DAVID L DOUGHTEN | $0.00 | Image |
| 08/20/2008 | APPENDIX TO DONNA ROBERTS  ALONG WITH EXCHIBIT K FILED BY DAVID L DOUGHTEN | $0.00 | Image |
| 08/22/2008 | MOTION TO EXTEND TIME TO RESPOND FILED WITH PROOF OF SERVICE LUWAYNE ANNOS (Attorney) on behalf of STATE OF OHIO (PLAINTIFF) | $0.00 | Image |
| 08/26/2008 | COUNTY FEES *WITNESS FEES  Receipt: 134296  Date: 09/25/2008  Receipt: 136816  Date: 11/03/2008 | $283.90 | |
| 09/02/2008 | ORDERED THAT DEFENDANTS PETITION TO A FIXED DATE OF SEPT 30, 2008 IS GRANTED. 9-2-08 COPIES TO: PROS, D. DOUGHTEN  Receipt: 134296  Date: 09/25/2008 | $2.00 | Image |
| 09/02/2008 | POSTAGE  Receipt: 134296  Date: 09/25/2008 | $0.42 | |
| 09/17/2008 | MOTION FOR APPROPRIATION OF FUNDS FOR EXPERT ASSISTANCE (INDEPENDENT PSYCHOLOGIST) WITH SERVICE FILED BY DAVID L DOUGHTEN (Attorney) on behalf of DONNA MARIE ROBERTS (DEFENDANT) | $0.00 | Image |
| 09/17/2008 | MOTION FOR APPROPRIATION OF FUNDS FOR EXPERT ASSISTANCE (NEUROPSYCHOLOGIST) WITH SERVICE FILED BY DAVID L DOUGHTEN (Attorney) on behalf of DONNA MARIE ROBERTS (DEFENDANT) | $0.00 | Image |
| 09/17/2008 | MOTION TO STAY WITH SERVICE FILED BY DAVID L DOUGHTEN (Attorney) on behalf of DONNA MARIE ROBERTS (DEFENDANT) | $0.00 | Image |
| 09/17/2008 | DONNA ROBERT'S MOTION FOR LEAVE OF COURT TO CONDUCT DISCOVERY WITH SERVICE FILED BY DAVID L DOUGHTEN (Attorney) on behalf of DONNA MARIE ROBERTS (DEFENDANT) | $0.00 | Image |
| 09/22/2008 | STATES RESPONSE TO PETITIONERS MOTION TO STAY POSTCONVICTION PROCEEDINGS WITH SERVICE FILED BY PROSECUTOR | $0.00 | Image |
| 09/22/2008 | STATES OPPOSITION FOR APPOINTMENT OF FUNDS FOR EXPERT ASSISTANCE (INDEPENDENT PSYCHOLOGIST) WITH SERVICE FILED BY PROSECUTOR | $0.00 | Image |
| 09/22/2008 | STATES RESPONSE TO PETITIONERS MOTION FOR LEAVE OF COURT TO CONDUCT DISCOVERY WITH SERVICE FILED BY PROSECUTOR | $0.00 | Image |
| 09/22/2008 | STATES OPPOSITION FOR APPOINTMENT OF FUNDS FOR EXPERT ASSISTANCE (NEUROPSYCHOLOGIST) WITH SERVICE FILED BY PROSECUTOR | $0.00 | Image |
| 09/25/2008 | ORDERED THAT DEFENDANTS MOTION IS GRANTED. 9-26-08 COPIES TO: PROS, J. INGRAM  Receipt: 136816  Date: 11/03/2008 | $2.00 | Image |
| 09/25/2008 | POSTAGE  Receipt: 136816  Date: 11/03/2008 | $0.42 | |

| Date | Docket Text | Amount Owed | Image Avail. |
|------|-------------|-------------|--------------|
| 10/02/2008 | LETTER FILED BY DEFT REGARDING COURT COSTS | | |
| 10/29/2008 | COUNTY FEES WITNESS FEES  Receipt: 136592  Date: 10/29/2008  Receipt: 136816  Date: 11/03/2008 | $339.90 | |
| 11/03/2008 | DEPOSIT FROM: OVERPAYMENT OF COURT COSTS  Receipt: 136816  Date: 11/03/2008 | $281.41 | |
| 11/04/2008 | REFUND OF OVERPAYMETN OF LEBANON CORRECTIONAL  Voided on 11/19/2008. | $0.00 | |
| 11/19/2008 | REFUND OF DEPOSIT TO: OAKWOOD CORRECTIONAL INSTITUTION | $281.41 | |
| 03/11/2013 | MOTION TO APPOINT COUNSEL WITH CERTIFICATE OF SERVICE FILED BY DAVID L DOUGHTEN (Attorney) on behalf of DONNA MARIE ROBERTS (DEFENDANT) | $0.00 | Image |
| 04/08/2013 | APPOINTMENT OF COUNSEL:  ORDERED THAT ROBERT DIXON, OHIO REGISTRATION #0022406, 4403 ST. CLAIR AVENUE, CLEVELAND, OHIO 44103 BE APPOINTED AS SUBSTITUTE COUNSEL. 4/8/13--COPIES TO:  PROS, ATTY J. INGRAM, ATTY A. MILLETTE, ATTY J. WILHELM, ATTY J. HELMICK, ATTY S. BOLTON, ATTY D. DOUGHTEN, ATTY R. DIXON, ATTY J. JUHASZ  Receipt: 280467  Date: 08/18/2014 | $2.00 | Image |
| 04/08/2013 | POSTAGE  Receipt: 280467  Date: 08/18/2014 | $3.68 | |
| 04/24/2013 | REGULAR MAIL ISSUED TO: JOSEPH E WILHELM RETURNED BY POST OFFICE FOR: RETURN TO SENDER, NOT DELIVERABLE AS ADDRESSED, UNABLE TO FORWARD | $0.00 | |
| 11/18/2013 | APPEAL FROM THE COURT OF COMMON PLEAS:  THE DEATH SENTENCE IS VACATED AND THIS CAUSE IS REMANDED TO THE TRIAL COURT FOR RESENTENCING ON THE BASIS OF THE EXISTING RECORD, CONSISTENT WITH THE OPINION RENDERED HEREIN.  IT IS FURTHER ORDERED THAT MANDATES BE SENT TO AND FILED WITH THE CLERK OF THE COURT OF APPEALS FOR TRUMBULL COUNTY AND THE COURT OF COMMON PLEAS FOR TRUMBULL COUNTY.  Receipt: 280467  Date: 08/18/2014 | $9.00 | Image |
| 01/02/2014 | RETURN OF RECORD OF DEATH PENALTY CASE FROM THE SUPREME COURT OF OHIO. CONTENTS ARE 4 LARGE BOXES AND 4 REGULAR BOXES.   EXHIBITS SHARED WITH 01 CR 794 (STATE VS JACKSON) RETAINED BY THE SUPREME COURT FOR CONSIDERATION OF SUPREME COURT CASE NO.  2012-1644.   ATTACHED LIST OF PHYSICAL EXHIBITS ARE ALSO RETURNED. | $0.00 | Image |
| 03/25/2014 | HEARING SET: Event: RE-SENTENCING HEARING Date: 04/30/2014   Time: 2:00 pm Judge: RICE, RONALD J   Location: COURTROOM 2 Result: COMPLETED | | |
| 03/25/2014 | NOTICE SENT: SPEEDY MAILER Sent on: 03/25/2014  15:47:33.48 | | |
| 03/27/2014 | NOTICE SENT: SPEEDY MAILER Sent on:  03/27/2014  10:52:01.91 | | |
| 03/27/2014 | HEARING SET: Event: CONFERENCE CALL Date: 03/28/2014   Time: 10:00 am Judge: RICE, RONALD J   Location: COURTROOM 2 Result: COMPLETED | | |
| 03/28/2014 | HEARING SET: Event: HEARING ON PENDING MOTIONS Date: 04/30/2014   Time: 11:00 am Judge: RICE, RONALD J   Location: COURTROOM 2 Result: COMPLETED | | |
| 03/28/2014 | NOTICE SENT: SPEEDY MAILER Sent on:  03/28/2014  11:45:42.97 | | |
| 04/02/2014 | MOTION FOR WARRANT REMOVAL FILED BY PROSECUTOR'S OFFICE | $0.00 | Image |
| 04/02/2014 | WARRANT TO CONVEY TO OHIO REFORMATORY FOR WOMEN ISSUED TO SHERIFF ON: APRIL 2, 2014 | $0.00 | |

| Date | Docket Text | Amount Owed | Image Avail. |
|------|-------------|-------------|--------------|
| 04/02/2014 | WARRANT FOR REMOVAL FOR A MOTIONS HEARING ON APRIL 30, 2014 @ 11:00 A.M. AND A RE-SENTENCING HEARING @ 2:00 P.M. 4/3/14--COPIES TO: PROS, J. INGRAM, A. MILLETTE, J. WHILHELM, L. ANNOS, S. BOLTON, D. DOUGHTEN, R. DIXON, D. BODIKER, J. JUHASZ  Receipt: 280467  Date: 08/18/2014 | $3.00 | Image |
| 04/03/2014 | MOTION TO APPOINT COUNSEL (DEATH PENALTY CASE) WITH CERTIFICATE OF SERVICE FILED BY DAVID L DOUGHTEN (Attorney) on behalf of DONNA MARIE ROBERTS (DEFENDANT) | $0.00 | Image |
| 04/03/2014 | POSTAGE  Receipt: 280467  Date: 08/18/2014 | $4.32 | |
| 04/10/2014 | JE:  ATTORNEY DAVID L. DAUGHTEN AND ATTORNEY ROBERT A. DIXON ARE HEREBY APPOINTED TO REPRESENT THE DEFENDANT, DONNA ROBERTS, IN THE ABOVE CAPTIONED CASE FOR THE SENTENCING HEARING SCHEDULED FOR APRIL 30, 2014.  Receipt: 280467  Date: 08/18/2014 | $3.00 | Image |
| 04/17/2014 | MOTION TO PRECLUDE A SENTENCE OF DEATH; OR IN THE ALTERNATIAVE, ORDER A FULL PENALTY PHASE HEARING WITH CERTIFICATE OF SERVICE FILED  BY DAVID L DOUGHTEN (Attorney) on behalf of DONNA MARIE ROBERTS (DEFENDANT) | $0.00 | Image |
| 04/23/2014 | MOTION FOR CONTINUANCE OF SENTENCING HEARING WITH SERVICE FILED BY: DAVID L DOUGHTEN (Attorney) on behalf of DONNA MARIE ROBERTS (DEFENDANT) | $0.00 | Image |
| 04/24/2014 | REGULAR MAIL ISSUED TO: DAVID H BODIKER RETURNED BY POST OFFICE FOR: ATTEMPTED NOT KNOWN  Receipt: 280467  Date: 08/18/2014 | $0.48 | |
| 04/24/2014 | REGULAR MAIL ISSUED TO: JOSEPH E WILHELM RETURNED BY POST OFFICE FOR: ATTEMPTED NOT KNOWN  Receipt: 280467  Date: 08/18/2014 | $0.48 | |
| 04/28/2014 | WARRANT TO CONVEY RETURNED SHOWING SERVICE ON DEFENDANT  Receipt: 282654  Date: 09/19/2014 | $471.00 | Image |
| 04/30/2014 | NOTICE OF POST RELEASE CONTROL FILED AND SIGNED BY DONNA M ROBERTS (DEFENDANT) AND DAVID L DOUDGHTEN (ATTORNEY FOR DEFENDANT) | $0.00 | Image |
| 04/30/2014 | OPINION OF THE COURT:  FINDS OF FACT AND CONCLUSIONS OF LAW REGARDING IMPOSITION OF DEATH PENALTY.  THE COURT HEREBY FINDS THE SENTENCE OF DEATH IS AN APPROPRIATE PENALTY FOR THE DEFENDANT DONNA MARIE ROBERTS IN THIS MATTER.  Receipt: 280467  Date: 08/18/2014 | $69.00 | Image |
| 04/30/2014 | INDIGENT APPLICATION FEE ($25.00) NOTICE FILED  Receipt: 280467  Date: 08/18/2014 | $25.00 | Image |
| 04/30/2014 | JE:  THIS WRIT OF EXECUTION TO CONVEY DONNA MARIE ROBERTS TO THE OHIO REFORMATORY FOR WOMEN OR OTHER FACILITY AS INSTRUCTED BY THE DIRECTOR FOR THE OHIO DEPARTMENT OF REHABILITATION AND CORRECTION WHERE SHE SHALL BE HELD UNTIL THE EXECUTION OF THE DEATH SENTENCE AGAINST DONNA MARIE ROBERTS.  Receipt: 280467  Date: 08/18/2014 | $3.00 | Image |
| 04/30/2014 | JE:  THE COURT FINDS ROBERT'S MOTION TO PRECLUDE A SENTENCE OF DEATH; OR IN THE ALTERNATIVE, ORDER A FULL PENALTY PHASE HEARING IS DENIED.  Receipt: 280467  Date: 08/18/2014 | $9.00 | Image |
| 04/30/2014 | DEATH PENALTY SENTENCING:  DEFENDANT SENTENCE ON APRIL 30, 2014 TO THE OHIO REFORMATORY FOR WOMEN.  DEFENDANT SENTENCED TO DEATH ON COUNT ONE, SHALL SERVE AN IMPRISONMENT TERM OF 10 YEARS ON COUNT 3; PLUS A MANDATORY TERM OF 3 YEARS ON THE FIREARM SPECIFICATION TO BE SERVED PRIOR TO AND CONSECUTIVE TO THE SENTENCE IMPOSED ON COUNT 3; SHALL SERVE AN IMPRISONMENT TERM OF 10 YEARS ON COUNT 4, PLUS A MANDATORY TERM OF 3 YEARS ON THE FIREARM SPECIFICATION TO BE SERVED PRIOR TO AND CONSECUTIVE TO THE SENTENCE IMPOSED IN COUNT 4, SENTENCE IN COUNT 4 TO BE SERVED CONSECUTIVELY TO THE SENTENCE IMPOSED ON COUNT 3 PLUS COSTS. 4/30/14-COPIES TO:  PROS, J. INGRAM, A. MILLETTE, J. WILHELM, D. MARBURGER, S. BOLTON, D. DOUGHTEN, J. JUHASZ  Receipt: 280467  Date: 08/18/2014 | $15.00 | Image |
| 04/30/2014 | POSTAGE  Receipt: 280467  Date: 08/18/2014 | $3.36 | |
| 05/01/2014 | WARRANT TO CONVEY TO OHIO REFORMATORY FOR WOMEN ISSUED TO SHERIFF ON: MAY 1, 2014 | $0.00 | |
| 05/01/2014 | EXECUTION FOR COSTS IN FELONY  ISSUED TO SHERIFF ON: MAY 1, 2014 | $0.00 | |
| 05/01/2014 | EXECUTION OF COSTS RETURNED ENDORSED BY SHERIFF  Receipt: 280467  Date: 08/18/2014 | $5.00 | Image |
| 05/05/2014 | STATES MOTION FOR NUNC PRO TUNC ENTRIES WITH PROOF OF SERVICE FILED BY LUWAYNE ANNOS (Attorney) on behalf of STATE OF OHIO (PLAINTIFF) | $0.00 | Image |
| 05/05/2014 | MOTION TO APPOINT APPELLATE COUNSEL DEATH PENALTY CASE WITH CERTIFICATE OF SERVICE FILED BY DAVID L DOUGHTEN (Attorney) on behalf of DONNA MARIE ROBERTS (DEFENDANT) | $0.00 | Image |
| 05/05/2014 | WARRANT TO CONVEY RETURNED SHOWING SERVICE ON DEFENDANT | $471.00 | Image |

10/20/21, 11:18 AM                          Case Details - CourtView Justice Solutions

| Date | Docket Text | Amount Owed | Image Avail. |
|---|---|---|---|
| 05/12/2014 | ORDER:  ATTORNEY DAVID L. DOUGHTEN IS APPOINTED LEAD COUNSEL AND ROBERT L. DIXON IS APPOINTED AS CO-COUNSEL.  Receipt: 280467  Date: 08/18/2014 | $3.00 | Image |
| 05/14/2014 | REGULAR MAIL ISSUED TO: JOSEPH E WILHELM RETURNED BY POST OFFICE FOR: NO SUCH NUMBER  Receipt: 280467  Date: 08/18/2014 | $0.48 | |
| 06/02/2014 | MOTION TO CLARIFY COURTS SENTENCING OPINION FILED PURSUANT TO R.C. 2929.03(F) WITH CERTIFICATE OF SERVICE FILED BY DAVID L DOUGHTEN (Attorney) on behalf of DONNA MARIE ROBERTS (DEFENDANT) | $0.00 | Image |
| 06/03/2014 | $636.32 COSTS SENT TO CORRECTIONAL FACILITY FOR INMATE PAYMENT OF COSTS | $0.00 | Image |
| 06/10/2014 | OPINION OF THE COURT:  NUNC PRO TUNC FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING IMPOSITION OF DEATH PENALTY.  SEE JE  Receipt: 280467  Date: 08/18/2014 Receipt: 282654  Date: 09/19/2014 | $72.00 | Image |
| 06/16/2014 | ORDER TO CERTIFY RECORD WITH NOTICE OF APPEAL OF APPELLANT DONNA ROBERTS DEATH PENALTY APPEAL | $0.00 | Image |
| 07/07/2014 | APPROVAL OF PAYMENT OF COUNSEL FEES FILED 7/8/2014: CC TO AUDITOR.  Receipt: 280467  Date: 08/18/2014 | $12.00 | Image |
| 07/17/2014 | APPROVAL OF PAYMENT OF COUNSEL FEES CC AUDITOR 7/18/14  Receipt: 280467  Date: 08/18/2014 | $6.00 | Image |
| 07/22/2014 | APPROVAL OF PAYMENT OF COUNSEL FEES FILED CC AUDITOR 7/24/14  Receipt: 280467  Date: 08/18/2014 | $18.00 | Image |
| 09/15/2014 | RECORD TRANSPORTED TO THE SUPREME COURT INCLUDING ORIGINAL PAPERS (1 BOX), TRANSCRIPTS (28 VOLUMES IN 3 BOXES), NUMBERED INDEX AND LIST OF EXHIBITS BY PERSONAL DELIVERY FROM THE TRUMBULL COUNTY CLERK OF COURTS ON SEPTEMBER 15, 2014. COPIES OF INDEX ALSO SENT TO COUNSEL OF RECORD (L ANNOS, D DOUGHTEN, R DIXON)  Receipt: 282654  Date: 09/19/2014 | $1.00 | Image |
| 09/15/2014 | TRANSCRIPT OF PROCEEDINGS FILED BY: OFFICIAL COURT REPORTER:  RICHELLE J. GUERRIERI | $0.00 | |
| 09/18/2014 | RECEIPT OF RECORD DEATH PENALTY CASE (4 BOXES) TRANSMITTED TO THE CLERK OF COURT OF THE SUPREME COURT OF OHIO BY THE TRUMBULL COUNTY CLERK OF COURTS ON 09/15/14  Receipt: 282654  Date: 09/19/2014 | $1.00 | Image |
| 09/23/2014 | EXHIBITS (ONE EXPANDABLE FOLDER)  AND LIST OF EXHIBITS (SEE IMAGE) TRANSPORTED TO THE SUPREME OF COURT OF OHIO BY PERSONAL DELIVERY FROM THE TRUMBULL COUNTY CLERK OF COURTS ON SEPTEMBER 26, 2014 | $0.00 | Image |
| 12/15/2014 | MEMO ENTRY:  4 BOXS OF EVIDENCE, 1 BOX COPIES OF THE RECORD AND 3 BOXES OF TRANSCRIPTS TRANSPORTED TO THE EVIDENCE ROOM ON | $0.00 | |
| 02/17/2015 | MOTION TO AMEND POST-CONVICTION PETITION PURSUANT TO R.C.2929.03(F) FILED BY DAVID L DOUGHTEN (Attorney) on behalf of DONNA MARIE ROBERTS (DEFENDANT) | $0.00 | Image |
| 02/26/2015 | MOTION TO EXTEND TIME TO RESPOND WITH PROOF OF SERVICE FILED BY LUWAYNE ANNOS (Prosecuting Attorney) on behalf of STATE OF OHIO (PLAINTIFF) | $0.00 | Image |
| 03/05/2015 | HEARING SET: Event: MOTION Date: 03/31/2015   Time: 1:30 pm Judge: RICE, RONALD J   Location: COURTROOM 2  Result: COMPLETED | | |
| 03/05/2015 | NOTICE SENT:  SPEEDY MAILER Sent on:  03/05/2015  14:40:00.79 | | |
| 03/05/2015 | NOTICE SENT:  SPEEDY MAILER Sent on:  03/05/2015  14:42:09.60 | | |
| 07/20/2015 | AGREED JUDGMENT ENTRY SUBMITTED BY  ATTORNEY DAVID L. DOUGHTEN AND ATTORNEY LUWAYNE ANNOS | $0.00 | Image |
| 08/19/2015 | AGREED JUDGMENT ENTRY.  SEE JE. | $6.00 | Image |

DONNA ROBERTS v WARDEN
CASE NO. 4:21-cv-00368-DAP
APPENDIX – PAGE 1730

Case Details - CourtView Justice Solutions

| Date | Docket Text | Amount Owed | Image Avail. |
|------|-------------|-------------|--------------|
| 08/19/2015 | Issue Date: 08/19/2015<br>Service: FINAL APPEALABLE ORDER<br>Method: REGULAR MAIL - ENVELOPE<br>Cost Per: $<br><br>ROBERTS, DONNA MARIE<br>055 276<br>OAKWOOD CORRECTIONAL FACILITY<br>3200 N WEST STREET<br>LIMA, OH 45801<br>Tracking No: R000005205<br><br>STATE OF OHIO<br>c/o ATTY: ANNOS, LUWAYNE<br>TRUMBULL COUNTY ASSISTANT PROSECUTOR<br>160 HIGH STREET NW-4TH FLOOR<br>WARREN, OH 44481<br>Tracking No: R000005206 | | |
| 08/28/2015 | MOTION FOR SUMMARY JUDGMENT WITH PROOF OF SERVICE FILED BY LUWAYNE ANNOS (Attorney) on behalf of STATE OF OHIO (PLAINTIFF) | $0.00 | Image |
| 09/04/2015 | HEARING SET:<br>Event: MOTION FOR SUMMARY JUDGMENT (MEMO)<br>Date: 10/30/2015 Time: 8:00 am<br>Judge: RICE, RONALD J Location: COURTROOM 2<br><br>Result: TAKEN UNDER ADVISEMENT | | |
| 09/04/2015 | NOTICE SENT:<br><br>SPEEDY MAILER<br>Sent on: 09/04/2015 08:37:29.79 | | |
| 11/16/2015 | LETTER FILED BY: DONNA MARIE ROBERTS (DEFENDANT); PRO SE (REQUEST FOR COPIES OF TRANSCRIPTS) | $0.00 | Image |
| 07/28/2017 | ENTRY: RECONSIDERATION IS DENIED FILED BY SUPREME COURT | $6.00 | Image |
| 04/12/2018 | NOTICE FROM THE SUPREME COURT OF OHIO. THE FOLLOWING RECORD IN THE ABOVE-NAMED CASE WAS RECEIVED BY THE UNDERSIGNED.<br>LIST OF CONTENTS: 4 BOXES | $0.00 | Image |
| 04/02/2019 | HEARING SET:<br>Event: MEMO ONLY<br>Date: 06/07/2019 Time: 8:00 am<br>Judge: RICE, RONALD J Location: COURTROOM 2<br><br>Result: UNDER ADVISEMENT | | |
| 04/02/2019 | NOTICE SENT:<br><br>SPEEDY MAILER<br>Sent on: 04/02/2019 15:53:47.34 | | |
| 04/02/2019 | NOTICE SENT:<br><br>SPEEDY MAILER<br>Sent on: 04/02/2019 15:54:50.16 | | |
| 06/05/2019 | NOTICE OF MEMORANDUM IN SUPPORT WITH CERTIFICATE OF SERVICE FILED BY DAVID L DOUGHTEN (Attorney) on behalf of DONNA MARIE ROBERTS (DEFENDANT) | $0.00 | Image |
| 06/07/2019 | RENEWED MOTION FOR SUMMARY JUDGMENT WITH PROOF OF SERVICE FILED BY CHRISTOPHER D. BECKER (Attorney) on behalf of STATE OF OHIO (PLAINTIFF) | $0.00 | Image |
| 06/13/2019 | OBJECTION TO SUMMARY JUDGMENT WITH CERTIFICATE OF SERVICE FILED BY DAVID L DOUGHTEN (Attorney) on behalf of DONNA MARIE ROBERTS (DEFENDANT) | $0.00 | Image |

| Date | Docket Text | Amount Owed | Image Avail. |
|------|-------------|-------------|--------------|
| 11/20/2019 | Issue Date: 11/20/2019<br>Service: FINAL APPEALABLE ORDER<br>Method: REGULAR MAIL - ENVELOPE<br>Cost Per: $<br><br>ROBERTS, DONNA MARIE<br>c/o ATTY: DIXON, ROBERT A<br>4403 ST CLAIR AVENUE<br>CLEVELAND, OH 44103<br>Tracking No: R000101953<br><br>STATE OF OHIO<br>c/o ATTY: MUSICK, ASHLEIGH<br>ASSISTANT PROSECUTING ATTORNEY<br>160 HIGH ST, N.W. 4TH FLOOR<br>WARREN, OH 44481<br>Tracking No: R000101954 | | |
| 11/20/2019 | POSTAGE | $0.50 | |
| 11/20/2019 | JE: THE PETITION FOR POST-CONVICTION RELIEF FILED BY DEFENDANT IS DENIED WITHOUT HEARING. SEE JE. FAP. | $18.00 | Image |
| 12/02/2019 | MOTION TO APPOINT APPELLATE COUNSEL (DEATH PENALTY CASE) WITH CERTIFICATE OF SERVICE FILED BY DAVID L DOUGHTEN (Attorney) on behalf of DONNA MARIE ROBERTS (DEFENDANT); ROBERT A DIXON (Attorney) on behalf of DONNA MARIE ROBERTS (DEFENDANT) | $0.00 | Image |
| 12/10/2019 | JE: ATTORNEY ROBERT A. DIXON AND ATTORNEY DAVID L. DOUGHTEN ARE APPOINTED AS APPELLATE COUNSEL. | $3.00 | Image |
| 12/18/2019 | NOTICE OF APPEAL TO 11TH DISTRICT COURT OF APPEALS WITH DOCKETING STATEMENT, AFFIDAVIT OF INDIGENCY AND COPY OF JE FILED BY: DAVID L DOUGHTEN (Attorney) on behalf of DONNA ROBERTS (DEFENDANT); ROBERT A DIXON (Attorney) on behalf of DONNA ROBERTS (DEFENDANT) | $0.00 | Image |
| 12/18/2019 | APPROVAL OF PAYMENT OF COUNSEL FEES FILED; CC: TRUMBULL COUNTY AUDITOR'S OFFICE | $12.00 | Image |
| 08/25/2020 | MANDATE FROM COURT OF APPEALS; JUDGMENT OF THE TRUMBULL COUNTY COURT OF COMMON PLEAS IS AFFIRMED. COSTS TO APPELLANT. | $3.00 | |
| 10/06/2020 | IT IS SO ORDERED THAT THE MOTION FOR STAY OF EXECUTION IS GRANTED AND IT IS FURTHER ORDERED THAT THIS STAY SHALL REMAIN IN EFFECT UNTIL EXHAUSTION OF ALL STATE POSTCONVICTION PROCEEDINGS, INCLUDING ANY APPEALS, FILED BY THE SUPREME COURT OF OHIO | $0.00 | Image |

# The Supreme Court of Ohio

**FILED**

AUG 0 2 2006 

MARCIA J. MENGEL, CLERK
SUPREME COURT OF OHIO

State of Ohio

v.

Donna Marie Roberts

Case No. 03-1441

JUDGMENT ENTRY

APPEAL FROM THE
COURT OF COMMON PLEAS

This cause, here on appeal from the Court of Common Pleas for Trumbull County, was considered in the manner prescribed by law.  On consideration thereof, the judgment of the court of appeals is affirmed in part, vacated in part, and this cause is remanded to the trial court, consistent with the opinion rendered herein.

It is further ordered that a mandate be sent to the Court of Common Pleas for Trumbull County to carry this judgment into execution; and that a copy of this entry be certified to the Clerk of the Court of Common Pleas for Trumbull County for entry.

(Trumbull County Court of Common Pleas; No. 01CR793)

THOMAS J. MOYER
Chief Justice

I CERTIFY that this document is a true and accurate copy of the judgment entry of the Supreme Court of Ohio filed on 8/2/06 in Case No. 03-1441 and constitutes the mandate of the Court under S. Ct. Prac. R. XI, Section 4.

witness. I have subscribed my name and affixed the seal the Supreme Court of Ohio on this 4th day of October, 20 06.

MARCIA J. MENGEL, Clerk of Court
by _____, Deputy Clerk

VOL 1110 PAGE 536

165

# The Supreme Court of Ohio

FILED

OCT 0 4 2006

MARCIA J. MENGEL, **CLERK**
SUPREME COURT **OF OHIO**

State of Ohio

    v.

Donna Marie Roberts

Case No. 03-1441

RECONSIDERATION ENTRY

Trumbull County

It is ordered by the Court that the motion for reconsideration in this case is denied.

(Trumbull County Court of Appeals; No. 01CR793)

THOMAS J. MOYER
Chief Justice

166

DONNA ROBERTS v WARDEN
CASE NO. 4:21-cv-00368-DAP
APPENDIX – PAGE 1734

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO
CRIMINAL DIVISION

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. 2001 CR 0793 |
| | : | |
| Respondent, | : | JUDGE JOHN M. STUARD |
| | : | |
| -vs- | : | |
| | : | |
| DONNA ROBERTS, | : | **MOTION FOR APPOINTMENT** |
| | : | **OF CO-COUNSEL** |
| Petitioner. | : | |

Now comes the defendant, Donna Roberts, by and through her attorney, David L. Doughten, and respectfully moves this Court to appoint her co-counsel for the re-hearing of her sentence determination as the result of Ohio Supreme Court action. Counsel was appointed by this Court for the re-sentencing procedure. Ohio Supreme Court Rule 20 requires the appointment of two qualified death penalty counsel. Co-counsel on direct appeal, Patricia J. Smith, had her trial R. 20 certification lapse and would be unable to accept an appointment. Therefore, it is requested that this Court appoint counsel other than Ms. Smith.

Although this Court may certainly appoint any qualified counsel, undersigned counsel suggests the name of Robert A. Dixon, Ohio Reg. No. #0022466, 4403 St. Clair Avenue, Cleveland, OH 44113, ph: (216)432-1992, dixonlaws@aol.com. Mr. Dixon is qualified in at both the trial and appellate level. He is also experienced in federal habeas procedures. His office is in the same building as undersigned counsel.

VOL **1117** PAGE 142

162+170

Respectfully Submitted,

David L. Doughten #0002847
4403 St. Clair Avenue
Cleveland, OH 44103
216.361.1112
ddoughten@yahoo.com

## CERTIFICATE OF SERVICE

A copy of the foregoing Petitioner's Motion was served upon Dennis Watkins, Trumbull

County Prosecutor and/or Christopher Becker, Esq. Assistant Trumbull County Prosecutor,

Administration Building, 160 High Street, Warren, Ohio 44481, by Regular U. S. mail on this

29th day of November, 2006.

DAVID L. DOUGHTEN
Counsel for Petitioner

- 2 -

VOL 1117 PAGE 143

DONNA ROBERTS v WARDEN
CASE NO. 4:21-cv-00368-DAP
APPENDIX – PAGE 1736

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO
CRIMINAL DIVISION

STATE OF OHIO,                    :        CASE NO. CR 2001 CR 0793

      Plaintiff,                 :

    -vs-                           :        JUDGE JOHN M. STUARD

DONNA ROBERTS,                    :        <u>MOTION FOR APPROPRIATION
                                           OF FUNDS FOR EXPERT</u>
      Defendant.                 :        <u>ASSISTANCE</u>

Now comes the defendant, Donna Roberts, by and through undersigned counsel, and respectfully moves this Court for an order authorizing defense expenditures to enable the defendant to hire James Eisenberg, Ph. D. 161 North State St., Painesville, Ohio, 44077, Phone: 440.639.4763, as an forensic psychologist for the preparation of the sentencing. These funds are necessary to protect the defendant's rights to due process, equal protection, effective assistance of counsel and to be free of cruel and unusual punishment as guaranteed by both the State and Federal constitutions.

If necessary, the defense requests an <u>ex parte</u> hearing on this motion under the authority of <u>Ake v. Oklahoma</u>, although the need for an arson consultant in this instant is self-evident. These funds are necessary to protect the defendant's rights to due process, equal protection, effective assistance of counsel and to be free of cruel and unusual punishment as guaranteed by both the State and Federal constitutions. <u>Ake,</u> (1985), 470 U.S. 68, 82: "When the defendant is able to make an <u>ex parte</u> threshold showing to the trial court ***." The ABA Guidelines, require the



hiring of a psychologist to prepare for the mitigation of a capital case. Wiggins v. Smith, 539

U.S. 510,  156 L. Ed. 2d 471, 123 S. Ct. 2527 (2003).  The defense must conduct a complete

investigation of all aspects of possible mitigation.  The failure to do may constitutes ineffective

assistance of counsel. Rompilla v. Beard, __ U.S. ___, 125 S. Ct. 2456 (2005).

Dr. Eisenberg requests a billing rate of $175.00 (One Hundred Seventy Five Dollars) per

hour with a cap of $5000.00 (Five Thousand Dollars).  He agrees not to bill over this amount

unless or until additional fees are approved by this court.

The folly of an attorney using his or her own judgment to determine the mental facilities

of the client has been soundly rejected by the Federal Sixth Circuit Court of Appeals.  The Sixth

Circuit has made clear the professional duty to obtain necessary mental experts and mitigation

experts for capital defendants.  Glenn v. Tate, 71  F.3d 1204 (6th Cir. 1995).  In Tate, the

petitioner Glenn, trial counsel failed to ask for the assistance of a psychologist.  Mr. Glenn was

later determined to suffer from brain damage, a fact undetectable to the untrained attorney.

The Glenn opinion stressed that under Ohio's death penalty statute, the trial jury was

required to weigh against the aggravating circumstances of the crime "the history, character, and

background of the offender," among other things. Ohio Rev. Code § 2929.04(B). The Sixth

Circuit also noted that the jury was required to consider "any other factors that are relevant to the

issue of whether the offender should be put to death." Ohio Rev. Code § 2929.04(B)(7). The

court observed that "[t]he jury could consider none of these matters, of course, if the relevant

facts were not placed before it." Glenn at p.1207.

Similarly, it would be folly for undersign counsel to rely upon their assessments to

determine whether any  psychological issues are present in this matter.  Ms. Roberts has had a

- 2 -

history of mental health issues.  These occurred prior to her trial and additionally while her case was on appeal while she was in Marysville.  Her records will be sought to substantiate these problems.

In addition, Dr. Eisenberg is a certified as a forensic psychologist.  The importance of this classification has been noted by the Ohio Supreme Court.  In <u>State v. Filiaggi</u> (1999), 86 Ohio St.3d 230, which emanated from this county, the Ohio Supreme Court found that the state's mental health experts were to be given greater credibility in the mental health field because they were classified as a "forensic expert," as opposed to the defendant's mental health experts, who were not.

Wherefore, it is respectfully requested that this court appoint Dr. Eisenberg at the requested rate of funding.  The denial of the request will result in a violation of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

Respectfully Submitted,

DAVID L. DOUGHTEN #0002847
4403 St. Clair Avenue
Cleveland OH 44103
(216) 361-1112

Counsel for Defendant Donna Roberts

- 3 -

## CERTIFICATE OF SERVICE

A copy of the foregoing Defendant's Motion was served upon Dennis Watkins, Trumbull

County Prosecutor and/or Christopher Becker, Esq. Assistant Trumbull County Prosecutor,

Administration Building, 160 High Street, Warren, Ohio 44481, by Regular U. S. mail on this

29th day of November, 2006.

DAVID L. DOUGHTEN

Attorney for Defendant

- 4 -

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO
CRIMINAL DIVISION

STATE OF OHIO,                     :     CASE NO. CR 2001 CR 0793

       Plaintiff,               :

  -vs-                             :     JUDGE JOHN M. STUARD

DONNA ROBERTS,                     :     **MOTION FOR RELEASE**
                                         **OF RECORDS**
      Defendant.               :

Now comes the defendant, Donna Roberts, by and through undersigned counsel, and

respectfully moves this Honorable Court for an order permitting him, and his counsel and agents,

to view and copy all documents and records which concern his medical, psychological, hospital,

institutional, school and employment history.

    The defendant requests that this order extend to any public or private organization or

person who has records concerning her.

    The reasons in support of this motion are set out in the accompanying memorandum.

              Respectfully submitted,

DAVID L. DOUGHTEN #0002847
4403 St. Clair Avenue
Cleveland OH 44103
(216) 361-1112

Counsel for Defendant Donna Roberts

2

## MEMORANDUM IN SUPPORT

Donna Roberts, has been convicted of capital murder and faces the death penalty.  In order to fully prepare a defense, complete physical, social, educational and psychiatric records are needed to reconstruct the defendant's social history.  These records are crucial in the competent preparation of evidence for use at her re-sentencing hearing.

Without access to these records, defense counsel will be unable to effectively represent the defendant at trial.  Consequently, his right to effective assistance of counsel would be violated.  Failure to facilitate access to records would also result in the denial of the defendant's federal and state constitutional rights to due process, equal protection, fair trial and against cruel and unusual punishment.

R.C. §2929.04(C) states that the defense shall be given great latitude in the presentation of evidence of mitigation against the imposition of the sentence of death.  The defense needs defendant's records in order to obtain all evidence that would mitigate against the imposition of the death sentence.  Failure to grant an order releasing his records would be inconsistent with the provision of R.C. §2929.04(C).

The Eighth Amendment requires that a capital sentencing authority "be allowed to consider on the basis of all relevant evidence not only why a death sentence should be imposed, but also why it should not be imposed." (Emphasis added). Jurek v. Texas (1976), 428 U.S. 262, 271.  Elaborating on this principle in Woodson v. North Carolina (1976), 428 U.S. 280, the joint opinion of Justices Stewart, Powell and Stevens made clear that:

the fundamental respect for humanity underlying the Eighth Amendment ***

3

> requires consideration of the character and record of the individual offender *** as a constitutionally indispensable part of the process of inflicting the penalty of death.

Id. at 304.

Two years later, a plurality of the Court explicitly held that a state legislature may not restrict the relevant mitigating circumstances which a capital defendant may place before the sentencer as reasons why his life should be spared.  Writing for the plurality in Lockett v. Ohio (1978), 438 U.S. 586, the Chief Justice explicated that the Eighth Amendment principles of Jurek and Woodson require:

> that the sentencer, in all but the rarest kind of capital case, not be precluded from considering as a mitigating factor, any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death.

Id. at 604.  The Lockett plurality opinion continued:

> [A] statute that prevents the sentencer in all capital cases from giving independent weight to any aspect of the defendant's character and record and to circumstances of the offense proffered in mitigation creates the risk that the death penalty will be imposed in spite of factors which may call for less severe penalty.  When the choice is between life and death, that risk is unacceptable and incompatible with the commands of the Eighth and Fourteenth Amendments.

Id. at 605.

Since Lockett, the United States Supreme Court has consistently struck down death sentences in which the sentencer has not been permitted to consider all relevant information.  In Green v. Georgia (1979), 442 U.S. 95, the trial court used a hearsay rule to exclude substantial mitigating evidence.  The United States concluded that this application of the hearsay rule deprived the defendant of a fair trial as to the issue of punishment.

4

In <u>Eddings v. Oklahoma</u> (1982), 455 U.S. 104, the trial court ruled that as a matter of law it could not consider the defendant's unhappy upbringing and emotional disturbance. The United States Supreme Court held when reversing the conviction:

> Just as the State may not be statute preclude the sentencer from considering any mitigating factors, neither may the sentencer refuse to consider, as a matter of law, any relevant mitigating evidence. In this instance, it was as if the trial judge had instructed a jury to disregard the mitigating evidence Eddings proffered on his behalf. The sentencer, and the Court of Criminal Appeals on review, may determine the weight to be given relevant mitigating evidence. But they may not give it no weight by excluding such evidence from their consideration.

<u>Eddings</u>, supra, at 113-115.

In <u>Skipper v. South Carolina</u> (1986), 476 U.S. 1, 90 L. Ed. 2d 1, the trial court excluded evidence of the defendant's good behavior in jail while awaiting trial on capital charges. The Court, citing <u>Lockett</u> and <u>Eddings</u>, reversed the death sentence. In <u>Hitchcock v. Dugger</u> (1987), 481 U.S. 393, the Court reversed a death sentence when the jury was barred from considering nonstatutory mitigating factors.

In several additional cases, the Supreme Court has confirmed that sentencers must be allowed to consider any evidence a defendant wishes to propose in mitigation. <u>Penry v. Lynaugh</u> (1989), 492 U.S. 302, 109 S.Ct. 256; <u>Blystone v. Pennsylvania</u> (1990), 494 U.S. 299, 108 L. Ed. 2d 255; <u>Boyde v. California</u> (1990), 494 U.S. 1190, 108 L. Ed. 2d 316. This principle was also ratified by the Ohio Supreme Court in <u>State v. Steffen</u> (1987), 31 Ohio St. 3d 111.

The right to be provided with the <u>means</u> of obtaining mitigating evidence is a necessary element of the right to present such evidence. Without a court order compelling a release of mitigating evidence to the defendant, he will be unconstitutionally prevented from presenting the

5

mitigating evidence.  The constitutional protections against the imposition of cruel and unusual

punishment are violated where the defendant is denied the only means available of obtaining

mitigating evidence.   A court order releasing records is also constitutionally essential because

without the order, the defendant will be denied his federal and state constitutional rights to due

process, a fair trial and his right to compulsory process and to present a defense.  In re: Oliver

(1948), 333 U.S. 257, Justice Black writing for the Court identified the minimum essentials of a

fair trial:

> A person's right to reasonable notice of a charge against him
> and an opportunity to be heard in his defense - a right to his day in
> court - are basic in our system of jurisprudence; and these rights
> include, as a minimum, a right to examine the witnesses against him,
> to offer testimony, and to be represented by counsel.

Oliver, supra at 273.

The Court nineteen years later expanded upon this theme in Washington v. Texas (1967),

388 U.S. 14, 19:

> The right to offer testimony of witnesses and to compel their
> attendance, if necessary, is in plain terms the right to present a defense,
> the right to present the defendant's version of the facts as well as the
> prosecution's to the jury so it may decide where the truth lies.  Just as
> an accused has the right to confront the prosecution's witnesses for the
> purpose of challenging their testimony, he has the right to present his
> own witnesses to establish a defense.  This right is a fundamental
> element of due process of law.

This principle is still compelling.  See Taylor v. Illinois (1988), 484 U.S. 400, 108 S.Ct. 646.

Again, a necessary condition of having these constitutional rights is having the ability to

obtain the existence of mitigating evidence.  Unless the defendant is given the means of

obtaining such evidence, he will be denied his constitutional rights.  Without a court order

compelling the release of records, the defendant will not be able to uncover mitigating evidence,

6

will consequently be prevented from admitting such evidence, and therefore will be denied his rights to due process, a fair trial, the right to compulsory process, and the right to present a defense.

Summary

The failure to provide a records release order will deny the defendant his rights to due process, compulsory process, effective assistance, fair trial and against cruel and unusual punishment under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Article I, Sections 9, 10 and 16 of the Ohio Constitution.  In order to insure that a complete life history is reconstructed, and the defendant is permitted to admit all relevant mitigating evidence, it is necessary to obtain all of the records of any public or private institution concerning the defendant.

Respectfully submitted,

DAVID L. DOUGHTEN

Attorneys for Defendant

## CERTIFICATE OF SERVICE

A copy of the foregoing Petitioner's Motion was served upon Dennis Watkins, Trumbull County Prosecutor and/or Christopher Becker, Esq. Assistant Trumbull County Prosecutor, Administration Building, 160 High Street, Warren, Ohio 44481, by Regular U. S. mail on this 29th day of November, 2006.

DAVID L. DOUGHTEN

Counsel for Defendant

## ORDER

This case came on for consideration through motion by Donna Roberts, Social Security No. 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; Date of Birth: 5/22/44, for an order for the release of records.  The Court, being fully advised, finds the motion well taken.

It is therefore <u>ORDERED</u> that any juvenile or adult institution or organization release upon request to David L. Doughten, her counsel, or his agents, any records in their possession which concern Donna Roberts.

In addition, any person or organization having any medical, hospital, psychological, drug or alcohol treatment records, police, school and employment records related to Donna Roberts should also release the records in their possession to David L. Doughten,  her attorney, or his agents.

A photocopy of this Order shall have the full force and effect of an original certified copy.

JUDGE JOHN M. STUARD

_1/31/07_
Date

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO
CRIMINAL DIVISION

STATE OF OHIO,                    :        CASE NO. CR 2001 CR 0793

       Plaintiff,              :

  -vs-                           :        JUDGE JOHN M. STUARD

DONNA ROBERTS,                    :        <u>ORDER</u>

       Defendant.              :

    This case came on for consideration through motion by the defendant Donna Roberts to

appoint co-counsel to assist in her re-sentencing hearing.  The Court, being fully advised, finds

the motion well taken.

    It is therefore ORDERED that Robert A Dixon, 4403 St.Clair Avenue, Cleveland, Ohio

44103, 0022466, be appointed as co-counsel.

                                      _____

                                        JUDGE JOHN M. STUARD

1/17/07
Date

VOL 1120 PAGE 104

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,                    )       CASE NO. 01-CR-793
    Plaintiff                    )
                                 )       JUDGE JOHN M. STUARD
-vs-                             )
                                 )       JOURNAL ENTRY
DONNA ROBERTS                    )
    Defendant                    )

## ORDER DIRECTING EVALUATION
## DEFENDANT'S COMPETENCE TO STAND TRIAL

This matter came before the Court on January 17, 2007 for status hearing.  The issue of the Defendant's competence to be re-sentenced having come to the attention of the Court, it is ORDERED that:

    1. The Forensic Psychiatric Center of Northeast Ohio, Inc, will examine the defendant to determine whether she is competent to be sentenced.

    2. The examination will be conducted at the Ohio Reformatory for Women in Marysville, Ohio, and the Defendant will make herself available there for examination at the time set by the examiner.

    3. Upon completion of the evaluation, the examiner shall submit a written report of the examination to the Court not later than thirty (30) days after the date of this order.

    4. The examiner's report shall contain the findings of the examiner, the facts in reasonable detail on which the findings are based, and the opinion of the examiner as to the Defendant's competence to be sentenced, that is, whether the Defendant is capable of understanding the nature and objective of the proceedings against her.

1-23-07
copies to
J. Ingram
J. Wilhelm
D. Doughton
R. Dixon
D. Bodiker
J. Juhasz
Pros

1/17/07
DATED

_M. Stuard_
HONORABLE JOHN M. STUARD
COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

THE CLERK OF COURTS IS HEREBY
ORDERED TO SERVE COPIES OF THIS
ENTRY TO ALL COUNSEL OF RECORD.
_M. Stuard_
JUDGE



### *Forensic Psychiatric Center of Northeast Ohio, Inc.*

5212 MAHONING AVENUE       GERALD L. HEINBAUGH       PHONE NO. (330) 792-1918
YOUNGSTOWN, OHIO 44515-1857       Executive Director       FAX (330) 792-7712

## *ORDER FOR FORENSIC EXAMINATION*

REFERRING AGENCY OR COURT: TRUMBULL COUNTY PROSECUTOR'S OFFICE

DOCKET NO.: **01-CR-793**

CHARGES: CTS. 1&2: AGG MURDER (F) W/SPECS OF AGG CIRCUMSTANCES;
            COUNT 3: AGG BURGLARY (F1) W/FIREARM SPEC;
            COUNT 4: AGG ROBBERY (F1) W/FIREARM SPEC.

HEARING DATE: 1/17/07      CURRENT STATUS: BOND __    JAIL _X_ **PRISON**

PURSUANT TO O.R.C. SECTION:

| | | |
|---|---|---|
| ____ | 2945.371(G)(3) | Competency to Stand Trial |
| ____ | 2945.371(G)(4) | Not Guilty by Reason Of Insanity |
| ____ | 2945.401 | Continued Hospitalization |
| ____ | 2945.40(A) | Commitment Evaluation |
| ____ | 2945.401(D)(1)(b) | Second Opinion Evaluation |
| ____ | 2951.041 | Intervention in Lieu of Conviction |
| ____ | 2951.03 | Pre-sentence Evaluation |
| ____ | 2967.22 | Post-Sentence Evaluation |
| ____ | 2947.06 | Mitigation of Penalty |
| ____ | 2929.03 | Mitigation of Death Penalty |
| ____ | 2950.09 | Sexual Predator |
| | | Sex Offender Treatment Program |
| _X_ | OTHER | COMPETENCY TO BE SENTENCED |

The Forensic Psychiatric Center of Northeast Ohio, Inc. is hereby ordered to conduct an examination upon **DONNA ROBERTS** DOB: _05/22/44_, whose address is _c/o Ohio Reformatory for Women, 1479 Collins Avenue, Marysville, OH 43040_ and phone no. _937-642-1065_. The Forensic Center shall fully examine the defendant and report in writing to:

CHRISTOPHER D. BECKER             DAVID L. DOUGHTEN
Assistant Prosecuting Attorney          Defense Attorney

_____       JOHN M. STUARD
Parole/Probation Officer                 Judge

Ordered in the Court of the Honorable **JOHN M. STUARD** this ___ day of **January**, 2007.

**SPEEDY TRIAL TIME IS TOLLED**      THE CLERK OF COURTS IS HEREBY
                                       ORDERED TO SERVE COPIES OF THIS
JUDGE JOHN M. STUARD'             ENTRY TO ALL COUNSEL OF RECORD

*Handwritten left margin:*
1-23-07
Copies to
J. Ingram
J. Wilhelm
D. Doughten
R. Dixon
D. Bodiker
J. Juhasz
Pros

VOL **1120** PAGE **702**



IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO
CRIMINAL DIVISION

TRUMBULL COUNTY
CLERK OF COURTS
2007 JAN 25 ⊃ 2: 14

DANTE ALLEN
COURTS
COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CR 2001 CR 0793 |
| Plaintiff, | : | |
| -vs- | : | JUDGE JOHN M. STUARD |
| DONNA ROBERTS, | : | **MOTION FOR APPROPRIATION** |
| | | **OF FUNDS FOR LEAD** |
| Defendant. | : | **COUNSEL** |

Now comes the defendant, Donna Roberts, by and through undersigned counsel, and respectfully moves this Court for an order authorizing defense expenditures to appoint David L. Doughten, 4403 St. Clair Avenue, Cleveland, OH, reg. No. 0002847, phone 216.361.1112, as lead counsel for the re-sentencing hearing. Mr. Doughten is qualified as lead trial counsel under Ohio Supreme Court Rule 20. It is further requested that the appointment be dated as of November 25, 2006, as Mr. Doughten was notified by the Court on that date that he would be appointed as lead counsel on that date.

Respectfully Submitted,

DAVID L. DOUGHTEN #0002847
4403 St. Clair Avenue
Cleveland OH 44103
(216) 361-1112

Counsel for Defendant Donna Roberts

**CERTIFICATE OF SERVICE**

A copy of the foregoing Defendant's Motion was served upon Dennis Watkins, Trumbull County Prosecutor and/or Christopher Becker, Esq. Assistant Trumbull County Prosecutor, Administration Building, 160 High Street, Warren, Ohio 44481, by Regular U. S. mail on this 22$^{2d}$ day of January, 2007.

_____

DAVID L. DOUGHTEN

Attorney for Defendant

- 2 -

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO
CRIMINAL DIVISION

STATE OF OHIO,                    :        CASE NO. CR 2001 CR 0793

      Plaintiff,                   :

   -vs-                            :        JUDGE JOHN M. STUARD

DONNA ROBERTS,                    :        <u>ORDER</u>

      Defendant.                   :


     This case came on for consideration through motion by the defendant Donna Roberts to

appoint counsel to assist in her re-sentencing hearing. The Court, being fully advised, finds the

motion well taken.

     It is therefore <u>ORDERED</u> that David L. Doughten, 4403 St.Clair Avenue, Cleveland,

Ohio 44103, 0002847, be appointed as lead counsel. This order is to have taken effect as of

November 25, 2006.

                                      _____

                                      JUDGE JOHN M. STUARD

_____
Date

2-8-07,
copies to
D. Doughten
J. Ingram
J. Wilhelm
R. Dixon
D. Bodiker
J. Juhasz
Pros

TO THE CLERK ...
COPIES OF ...
OR UPON ...
WITH BY ...
JUDGE

- 3 -

VOL 11421 PG. 973

DONNA ROBERTS v WARDEN
CASE NO. 4:21-cv-00368-DAP
APPENDIX – PAGE 1754

# THE SUPREME COURT OF OHIO

State of Ohio
v.
Donna Marie Roberts

CASE NO.
2003-1441
**RETURN OF RECORD**
**OPX**
**DEATH PENALTY CASE**

THE RECORD IN THE ABOVE-NAMED CASE WAS RECEIVED BY THE
UNDERSIGNED.

LIST CONTENTS:
**3 BOXES**

SIGNATURE                    DATE

4-23-07

01 CR 793

AMIE VETTER-RECORDS ASSISTANT
614-387-9552

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO
CRIMINAL DIVISION

STATE OF OHIO,                          :          CASE NO. 2001 CR 0793
                                        :
            Respondent,                 :          JUDGE JOHN M. STUARD
                                        :
    -vs-                                :
                                        :
DONNA ROBERTS,                          :          MOTION TO ALLOW FULL
                                        :          PRESENTATION OF MITIGATION
            Petitioner.                 :          AT SENTENCING REHEARING

        Now comes the defendant, Donna Roberts,  by and through his attorney, David L.

Doughten, and respectfully moves this Court to allow the defendant to fully develop her

mitigation for the consideration of this Court at her sentencing re-hearing.  The failure to

consider and give effect to all available mitigation, as opposed to the mitigation adduced at her

earlier trial and penalty phase hearing is violative of the Fifth, Sixth, Eighth and Fourteenth

Amendments to the United States Constitution.

        This motion will be more fully explained in the attached Memorandum

                                        Respectfully submitted,


                                        _____
                                        DAVID L. DOUGHTEN #0002847
                                        4403 St. Clair Avenue
                                        Cleveland, OH 44103
                                        (216) 361-1112

ROBERT A. DIXON (0022466)
4403 St. Clair Avenue
Cleveland, Ohio 44103
(216) 432-1992

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

A copy of the foregoing Petitioner's Motion was served upon Dennis Watkins, Trumbull

County Prosecutor and/Chris Becker, Esq. Assistant Trumbull County Prosecutor, Administra-

tion Building, 160 High Street, Warren, Ohio 44481, by Regular U. S. mail on this ___ day of

May, 2007.

DAVID L. DOUGHTEN
Counsel for Petitioner

- 2 -

# MEMORANDUM IN SUPPORT

In State v. Roberts (2006), 110 Ohio St. 3d 71, 2006 Ohio 3665, the Ohio Supreme Court reversed the death sentence.  The matter was remanded for a new sentencing hearing.  The issue hear is whether the presentation of evidence in mitigation may be limited by this Court at the new sentencing hearing.  Even if this Court is correct in its reading of the decision of the Ohio Supreme Court, such a limitation is contrary to clearly established precedent of the United States Supreme Court.

Specifically, the Ohio Supreme Court held as follows at p. 95:

> [**P167] Having found no prejudicial error in regard to Roberts's conviction, we affirm the conviction and the judgment of the trial court pertaining to them. Because of the prejudicial error in sentencing Roberts to death, the sentence of death is vacated, and the cause is hereby remanded to the trial court. **On remand, the trial judge will afford Roberts her right to allocute, and the trial court shall personally review and evaluate the evidence, weigh the aggravating circumstances against any relevant mitigating evidence, and determine anew the appropriateness of the death penalty as required by R.C. 2929.03.** The trial court will then personally prepare an entirely new penalty opinion as required by R.C. 2929.03(F) and conduct whatever other proceedings are required by law and consistent with this opinion.

This decision does not give any prohibition against providing new evidence at a second sentencing hearing.  To do so would be in violation of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

Mitigation Case Law

The United States Supreme Court has long held the a death conviction may not stand if the sentencing body has been precluded from considering relevant evidence suggesting that the

- 3 -

death sentence would not be appropriate. The Eighth Amendment mandates an individualized assessment of the appropriateness of the death penalty. In <u>Lockett v. Ohio</u>, <u>supra</u>, the Supreme Court held that the Eighth and Fourteenth Amendments require that the sentencer "not be precluded from considering, *as a mitigating factor*, any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death." <u>Id</u>., at 604 (emphasis in original). Thus, the Court held unconstitutional the Ohio death penalty statute which mandated capital punishment upon a finding of one aggravating circumstance unless one of three statutory mitigating factors were present.

<u>Lockett and Its Progeny Mandates Consideration of All Relevant Mitigation</u>

This holding has been consistently applied throughout the Court's opinions addressing <u>Lockett</u> and its progeny. <u>Eddings v. Oklahoma</u>, 455 U.S. 104 (1982), <u>Skipper v. South Carolina</u>, 476 U.S. 1 (1986), <u>Hitchcock v. Dugger</u>, 107 S.Ct. 1821 (1987). In <u>Eddings</u>, a majority of the Court reaffirmed that a sentencer may not be precluded from considering, ***and may not refuse to consider***, any relevant mitigating evidence offered by the defendant as the basis for a sentence less than death.

In <u>Eddings</u>, the Oklahoma death penalty statute permitted the defendant to introduce evidence of any mitigating circumstance, but the sentencing judge concluded, as a matter of law, that he was unable to consider mitigating evidence of the youthful defendant's troubled family history, beatings by a harsh father, and emotional disturbance. Applying <u>Lockett</u>, we held that "[j]ust as the State may not by statute preclude the sentencer from considering any mitigating factor, neither may the sentencer refuse to consider, *as a matter of law*, any relevant mitigating evidence." 455 U.S., at 113-114 (emphasis in original). In that case, "it was as if the trial judge

- 4 -

had instructed a jury to disregard the mitigating evidence [the defendant] proffered on his behalf." Id., at 114.

The Constitution limits a State's ability to narrow a sentencer's discretion to consider relevant evidence that might cause it to *decline to impose* the death sentence." McCleskey v. Kemp, 481 U.S. 279, 304 (1987) (emphasis in original). "Indeed, it is precisely because the punishment should be directly related to the personal culpability of the defendant that the jury must be allowed to consider and give effect to mitigating evidence relevant to a defendant's character or record or the circumstances of the offense." Penry v. Lynaugh, 492 U.S. 302, 327-328 (1989).

If the sentencer has been precluded from considering and giving effect to the mitigation, the sentence of death must be reversed. This is because the sentence imposed at the penalty failed to reflect a reasoned *moral* response to the defendant's background, character, and crime. California v. Brown, 479 U. S. 538, 545 (1987).

Sentencing Remand

The above precedent applies even where the original death sentence is reversed and the matter is on remand for a new sentencing hearing. The Sixth Circuit has clearly stated that the scope of the mitigation in a re-sentencing hearing could not be limited.  In Davis v. Clark, 475 F.3d 761 (6th Cir. 2007), the trial court at a second sentencing hearing refused to consider the behavior of the defendant while in prison after his death sentence. This mitigation evidence was admissible under Skipper v. South Carolina, 476 U.S. 1 (1986). The refusal of the three-judge panel to consider this additional relevant mitigation evidence required a reversal of the death sentence.

- 5 -

**Wherefore**, the defendant Donna Roberts requests that her presentation of evidence to this court as to why the death penalty is not appropriate in this case not be limited.

Respectfully submitted,

DAVID L. DOUGHTEN

ROBERT A. DIXON

Attorneys for Defendant

- 6 -

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO
CRIMINAL DIVISION

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. 2001 CR 0793 |
| | : | |
| Respondent | : | JUDGE JOHN M. STUARD |
| | : | |
| -vs- | : | |
| | : | |
| DONNA ROBERTS, | : | **MOTION FOR CONTINUANCE** |
| | : | **OF STATUS CONFERENCE** |
| Petitioner | : | |

Now comes the defendant, Donna Roberts, by and through his attorney, David L. Doughten, and respectfully moves this Court to continue or re-schedule the May 11, 2007 scheduled status conference. Counsel is scheduled to speak at at death penalty seminar on behalf of the Ohio Bar Association in Columbus Ohio on Friday May 11, 2007 at 3:15 pm. The seminar is being held in Columbus Ohio. A flyer on the seminar is attached.

At the time of the scheduling of the status conference, counsel had been advised that he was speaking on Thursday May 10, 2007 and had scheduled accordingly. Counsel only recently was advised that his time had be changed.

Counsel Dixon can cover the status conference if necessary. However, Mr. Dixon was hoping to attend the seminar to remain certified. If the date cannot be changed, Mr. Dixon will be present.

*179*

Respectfully submitted,

DAVID L. DOUGHTEN #0002847
4403 St. Clair Avenue
Cleveland, OH 44103
(216) 361-1112

ROBERT A. DIXON (0022466)
4403 St. Clair Avenue
Cleveland, Ohio 44103
(216) 432-1992

ATTORNEY FOR DEFENDANT

CERTIFICATE OF SERVICE

A copy of the foregoing Petitioner's Motion was served upon Dennis Watkins, Trumbull

County Prosecutor and/Chris Becker, Esq. Assistant Trumbull County Prosecutor, Administration

Building, 160 High Street, Warren, Ohio 44481, by Regular U. S. mail on this 30th day of April,

2007.

DAVID L. DOUGHTEN
Counsel for Petitioner

- 2 -

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,                    )    CASE NO.   01-CR-793
                                  )
        Plaintiff,                )    JUDGE: JOHN M. STUARD
                                  )
    -vs-                          )
                                  )    **STATE'S MEMRORANDUM**
DONNA M. ROBERTS,                 )    **IN OPPOSITION TO**
                                  )    **DEFENDANT'S MOTION TO**
                                  )    **ALLOW FULL PRESENTATION**
        Defendant.                )    **OF MITIGATION AT**
                                  )    **SENTENCING REHAEARING**
                                       **AND MEMORANDUM IN**
                                       **OPPOSITION**

---

Now comes the State of Ohio by Assistant Prosecuting Attorneys Kenneth N.

Bailey and Christopher D. Becker in response to the Defendant's Motion to allow full

presentation of mitigation at sentencing rehearing.

### MEMORANDUM IN OPPOSITION

In *State v. Roberts* (2006), 110 Ohio St. 3d 71, 850 N.E.2d 1168, the Ohio Supreme

Court reversed the Defendant's death sentence and remanded the case back to the Court for

a new sentencing hearing. Specifically, the Ohio Supreme Court stated at 850, 1189 ¶ 167:

> On remand, the trial judge will afford Roberts her right to
> allocute, and the trial court shall personally review and
> evaluate the evidence, weigh the aggravating circumstances
> against any relevant mitigating evidence, and determine
> anew the appropriateness of the death penalty as required
> by R.C. 2929.03. The trial court will then personally
> prepare an entirely new penalty opinion as required by R.C.
> 2929.03(F) and conduct whatever other proceedings are
> required by law and consistent with this opinion.

The Defendant has argued that the Ohio Supreme Court's Opinion requires the

1



DONNA ROBERTS v WARDEN
CASE NO. 4:21-cv-00368-DAP
APPENDIX – PAGE 1764

Court to consider additional evidence of mitigation. Quite simply this interpretation is contrary to the opinion itself and the law.

First the Ohio Supreme Court in *Roberts* clearly and unequivocally found that this court did everything proper with the two exception being the fact that the Court requested the State to draft the sentencing opinion pp. 92, 1188 ¶153 and the Court did not allow the Defendant her right to allocution pursuant to Crim. R. 32(A)(1). p. 95, 1190 ¶¶165-166.

The Supreme Court overruled the Defendant's arguments to the Ohio Supreme Court that she did not understand the ramifications of waiving her right to mitigation and that trial counsel were ineffective in failing to properly advise her and ensure that she understood the ramifications of the waiver of her right to present mitigating evidence. Certainly the Supreme Court would not have bothered to address these two issues if the case were being remanded for a full mitigation hearing.

Such speculation is not needed however because the opinion of the Supreme Court is very clear and concise. Nowhere in the court's opinion does it state that the Court shall conduct another mitigation hearing.

The law in this area is extremely clear as well. The Ohio Supreme Court has held that "[u]pon remand from an appellate court, the lower court is required to proceed from the point at which the error occurred." *State ex rel. Stevenson v. Murray* (1982), 69 Ohio St.2d 112.

The Defendant's case is clearly distinguishable because the errors occurred **after** the mitigation phase. Specifically, the case was remanded due to the Court's failure to permit the Defendant to allocute and the manner in which the sentencing opinion was written. That is evident from the language remanding the case back to this Court.

2

The Defendant cites *Davis v. Coyle* (6th Cir. 2007), 475 F.3d 761 for the proposition that a new mitigation hearing is required in the instant case. However, the *Davis* Court considered non-statutory factors in the mitigation process, thus the mitigation phase itself was flawed not just the sentencing. In *Davis* the Court of Appeals ordered the trial court to conduct a new "sentencing trial". 475 F.3d 761, 769. Contrast that language to the language used by the Ohio Supreme Court in remanding the Defendant's case. In *Roberts* the Ohio Supreme Court stated that this Court is to "personally review and evaluate the evidence, weigh the aggravating circumstances against any relevant mitigating evidence, and determine anew the appropriateness of the death penalty as required by R.C. 2929.03…" Nowhere in the *Roberts* opinion does the Ohio Supreme Court mention that this Court is to conduct a new mitigation hearing.

This case is also distinguishable from the line of cases flowing from the Supreme Court's decision in *Lockett v. Ohio* (1978), 438 U.S. 586, cited by the Defendant.

In general the Ohio Supreme Court has held that a defendant is "not entitled to an opportunity to improve or expand his evidence in mitigation simply because …[the court of appeals] required the trial court to reweigh the aggravating circumstances and mitigating factors." *State v. Chinn* (1999), 85 Ohio St.3d 548, 565.

In fact the *Chinn* court drew a sharp distinction with *Lockett* and *Lockett's* progeny. As the Ohio Supreme Court stated in *Chinn* when discussing *Lockett*, "each of those cases involved a situation where the capital sentencer was prohibited, in some form or another, from considering relevant mitigating evidence at trial." *Chinn* at 564.

Therefore it is respectfully submitted that the Court follow the dictates of the Ohio

3

Supreme Court in its remand of this case and allow the Defendant to allocute and for the Court to personally review and evaluate the evidence, weigh the aggravating circumstances against any relevant mitigating evidence, and determine anew the appropriateness of the death penalty as required by R.C. 2929.03. This court shall then personally prepare an entirely new penalty opinion as required by R.C. 2929.03(F).

Respectfully Submitted,

CHRISTOPHER D. BECKER (#0047252)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
160 High Street, 4th Floor
Warren, Ohio 44481
(330) 675-2907
ATTORNEY FOR STATE OF OHIO

*Kenneth N. Bailey*

KENNETH N. BAILEY (#0023228)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office

## CERTIFICATION

This is to certify that a copy of the foregoing State's Response to Defendant's Motion was served upon counsel of record by depositing the same in the U.S. Mails, postage prepaid this 28th day of June 2007.

CHRISTOPHER D. BECKER (#0047252)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office

4

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO
CRIMINAL DIVISION

STATE OF OHIO,                    :        CASE NO. CR 2001 CR 0793

      Plaintiff,                :

   -vs-                         :        JUDGE JOHN M. STUARD

DONNA ROBERTS,                    :        <u>MOTION FOR CONTINUANCE</u>
                                           <u>OF SENTENCING HEARING</u>

      Defendant.                :

      Now comes the defendant, Donna Roberts, by and through undersigned counsel, and respectfully moves this Honorable Court for an order continuing the sentencing hearing of August 15, 2007. Ms. Roberts has yet to have a mental examination performed by the court psychiatric clinic. Counsel recently receive Ms. Roberts' mental health records from the DRC. A review of the records would mandate an examination be completed prior to the hearing.

      The reasons in support of this motion are set out in the accompanying memorandum.

                                Respectfully submitted,

_____                   _____
ROBERT A. DIXON #0022466                  DAVID L. DOUGHTEN #0002847
4403 St. Clair Avenue                     4403 St. Clair Avenue
Cleveland, OH 44103                       Cleveland OH 44103
(216) 432-1992                            (216) 361-1112
dixonlaws@aol.com                         ddoughten@yahoo.com

                 Counsel for Defendant Donna Roberts



2

## MEMORANDUM IN SUPPORT

Counsel on a prior occasion has requests a competency examination conducted with the defendant Donna Roberts.  As of the date of the preparation of this motion, the examination has not yet been completed.  The evaluation was requested by the defense.  This Court granted the request on January 17, 2007.  A continuance is necessary to allow for the examination and a possible independent examination by the defense psychologist, as previously requested by the defense. (December 4, 2006, but not granted as of this current filing date)

Counsel received the records from the penal institution from the Department of Rehabilitation and Correction on Saturday July 21, 2007.  Counsel was on vacation and did not review the records until Thursday July 26, 2007 and the next couple of days.  Minimally, the records reflect a history of mental illness including depress and a diagnosis of bi-polar disorder. It is clear Ms. Roberts has been taking medication in addition to other treatments for the afflictions.  The extent of the treatment is not clear and must be determined.

In addition, the records include a wealth of mitigation that needs to be addressed, including reference to three major head injuries which caused a considerable personality change in the defendant.  The records are also reflective of possible sexual abuse of the defendant as a minor.   Counsel, through interviews with family members for the preparation of the re-sentencing, was aware of the head injuries but has been unable to determine the hospitals of treatment.  The latter information, the abuse, was not previously known to counsel.

Counsel will provide the court and prosecution with a complete package of the records in question and will proffer the penal records of Ms. Roberts as evidence.

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO
CRIMINAL DIVISION

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. 2001 CR 0793 |
| | : | |
| Respondent, | : | JUDGE JOHN M. STUARD |
| | : | |
| -vs- | : | |
| | : | |
| DONNA ROBERTS, | : | **MOTION TO RECUSE TRIAL** |
| | : | **JUDGE** |
| Petitioner. | : | |

## MOTION FOR VOLUNTARY RECUSAL OF TRIAL JUDGE, TO ASSIGN CASE TO VISITING JUDGE, AND TO HOLD CASE IN ABEYANCE

Petitioner Donna Roberts moves this Honorable Court to voluntarily recuse herself from any further consideration of this case, and request the appointment of a visiting judge to hear Ms. Roberts' sentencing in this matter. As explained in the attached Memorandum in Support, granting this motion is necessary to preserve Petitioner's rights under the United States Constitution's Fifth, Sixth, Eighth, and Fourteenth Amendments, and Article I, Sections 2, 9, 10, and 16 of the Ohio Constitution. To protect and maintain the appearance of impartiality, Petitioner respectfully asks this Court to hold this case in abeyance before ruling on this motion.

Respectfully Submitted,

_____
ROBERT A. DIXON #0022466
4403 St. Clair Avenue
Cleveland, OH 44103
(216) 432-1992
dixonlaws@aol.com

_____
DAVID L. DOUGHTEN #0002847
4403 St. Clair Avenue
Cleveland OH 44103
(216) 361-1112
ddoughten@yahoo.com

Counsel for Defendant Donna Roberts

## CERTIFICATE OF SERVICE

A copy of the foregoing Petitioner's Motion was served upon Dennis Watkins, Trumbull

County Prosecutor and/ Christopher Becker, Esq. Assistant Trumbull County Prosecutor,

Administration Building, 160 High Street, Warren, Ohio 44481, by Regular U. S. mail on this 31

day of July, 2007.

_____
DAVID L. DOUGHTEN
Counsel for Petitioner

- 2 -

## MEMORANDUM IN SUPPORT

**Procedural Posture**

A Trumbull County grand jury indicted the defendant Donna Roberts on a four count indictment for various charges, including two alternative theory counts of capital murder surrounding the death of her husband, Robert Fingerhut.  The indictment charged the defendant with one count of the purposeful killing of Mr. Fingerhut with prior calculation and design in violation of R.C. §2903.01(A) and one count of the so-called felony murder in violation of R.C. §2903.01(B).  Each of these capital murder counts included two capital specifications addressing violations of R.C. §2929.04(A)(7).  The first specification alleged that the murder occurred during the commission of an Aggravated Burglary, R.C. §2911.11.  The second specification alleged that the murder occurred during the commission of an Aggravated Robbery, R.C. §2911.01.

The third and fourth counts charged the felonies underlying the aforementioned capital specifications, Aggravated Burglary, R.C. §2911.11 and Aggravated Robbery, R.C. §2911.01.  Each count of the indictment included a firearm specification pursuant to R.C. §2929.141.

The charges indicated that the defendant was not the principal offender, but rather she acted in complicity with the principal, and co-defendant, Nathaniel Jackson.  Mr. Jackson was tried separately as he also was capitally indicted.  The defendant pleaded not guilty to all counts of the indictment at her arraignment on December 31, 2001.

On February 26, 2002, the trial court conducted a hearing on the defendant motion to suppress items taken from her home the night of the homicide.  The trial court denied the motion.

- 3 -

A jury trial began on March 26, 2003, with the death qualification process. The jury found the defendant guilty of all counts including the capital and firearm specifications on May 2003.

On June 3, 2003, the defendant indicated to the court that she wanted to waive the presentation of mitigation at the penalty phase hearing, except she did desire to make an unsworn statement. This court conducted a hearing to determine her competency to do so. A psychologist, Thomas Eberle, who had previously examined her, believed the defendant to be competent. The court also directly questioned the defendant. The court determined her to be competent under State v. Ashworth (1999) 85 Ohio St. 3d 56, 1999 Ohio 204.

Prior to the commencement of the penalty phase hearing, the prosecutor elected to dismiss Count Two, R.C. §2903.01(B)(felony-murder) and proceeded with Count One, R.C. §2903.01.(A) (prior calculation and design). The hearing began on June 4, 2004. The defense waived opening and closing argument. The defendant did provide an unsworn statement. That same day, the jury recommended a sentence of death.

On June 20, 2003, the trial court accepted the recommendation and sentenced the defendant to death. The court also sentenced the defendant to serve ten years for both the convictions of Aggravated Robbery and Aggravated Burglary. These sentences are being served consecutively to each other and the sentence of death. The court also applied a three-year firearm specification, which is also being served consecutively to the principle sentences.

The sentencing of the case was reversed by the Ohio Supreme Court in State v. Roberts, 110 Ohio St.3d 71(2006) 2006 Ohio 3665. The reversal was based upon this Court's failure to

- 4 -

consider allocution and to independently prepare the required opinion pursuant to R. C. §2929.03(F).

**A.**     **The Roberts Decision Places The Court in a Position of Appearing to Compromise its Decision Making.**

The "integrity of our judicial system requires that litigants who appear before a judge have the confidence that their cause will be heard in a fair and impartial manner." In Re Disqualification of Celebrezze, 74 Ohio St. 3d 1242, 657 N.E.2d 1348 (1992). The issue before the Ohio Supreme Court in Celebrezze was whether or not the trial court held a "predisposition of thought and opinion." Id. At 1348. After reviewing the record before it, the Ohio Supreme Court stated in Celebrezze that it could not "conceive of a rule that would allow a judge to proceed to adjudicate a case when the question of the judge's bias or prejudice has not yet been resolved." Celebrezze at 1349.

The problem here is that this Court has been placed in an untenable position by the Roberts' decision. Counsel is aware that this Court is facing possible disciplinary action by the Supreme Court for the R. C. §2929.03(F) missteps. The Court has been open and forthright about this litigation. Thus, counsel is aware this Court is fighting the action. The disciplinary matter has not yet been decided by the Supreme Court.

A major dispute in this re-sentencing procedure is whether Ms. Roberts' is entitled to a full presentation of mitigation, including evidence not adduced at her original trial. This Court has indicated to counsel that it believes that the mandate of the Roberts decision is narrow. This Court believes that it cannot consider any new mitigation evidence except the allocution of Ms. Roberts herself. Considering the fact that evidence of considerable mitigation has been

- 5 -

uncovered during then pendency of the re-sentencing hearing, this restrictive reading is extremely prejudicial to the defense.

The reason the Court's current position requires recusal is that there is an appearance of undue pressure on the court in the rendering of its decision. This Court may not want to risk interpreting its reading of the Roberts Supreme Court mandate inconsistently with the Supreme Court while the disciplinary action is pending. Should the court rule in line with the defense request, there may be the fear the Supreme Court may view the decision as an act of insolence, which may impact on the disciplinary decision.

The decision of a court, particularly in a death situation, should be free of all suspicion of undue influence from any source. In order to avoid any appearance of impropriety, this Court is asked to recuse itself from sentencing Ms. Roberts.

In the alternative, this matter should be continued until the disciplinary action against the Court has been resolved.

Respectfully submitted,

DAVID L. DOUGHTEN

ROBERT A. DIXON

Attorneys for Defendant

- 6 -

## CERTIFICATE OF SERVICE

A copy of the foregoing Petitioner's Motion was served upon Dennis Watkins, Trumbull County Prosecutor and/or Christopher Becker, Esq. Assistant Trumbull County Prosecutor, Administration Building, 160 High Street, Warren, Ohio 44481, by Regular U. S. mail on this 31<u>th</u> day of July, 2007.

DAVID L. DOUGHTEN

Counsel for Defendant

- 7 -

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO. 01-CR-793 |
| | ) | |
| Plaintiff | ) | JUDGE JOHN M. STUARD |
| | ) | |
| -vs- | ) | |
| | ) | JOURNAL ENTRY |
| DONNA MARIE ROBERTS, | ) | WARRANT FOR REMOVAL |
| INMATE #W055276 | ) | |
| | ) | |
| Defendant | ) | |

The State's Motion for Warrant for Removal has come before and been heard by this Court.
It is therefore, ORDERED, ADJUDGED, and DECREED that Trumbull County Sheriff, Thomas
Altiere shall on or before September 20, 2007, take **DONNA MARIE ROBERTS, INMATE NO.
W055276**, from the Ohio Reformatory for Women, in Maryville, Ohio, and that Sheriff Altiere
shall convey said Defendant to the Trumbull County Jail, where she shall remain incarcerated until
such time as she is brought before the Court on September 20, 2007 at 2:30 p.m. for status hearing
and a Re-Sentencing hearing is set on September 21, 2007 at 2:30 p.m.

It is further ORDERED, ADJUDGED, and DECREED that the County Sheriff shall receive
the fees allowed for conveying the defendant to the Trumbull County Jail.

*8-28-07*
*Issued to*
*Sheriff*

_____8/21/07_____
DATED

HONORABLE JOHN M. STUARD
JUDGE, COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

KAREN INFANTE ALLEN
CLERK OF COURTS
TRUMBULL COUNTY
2007 AUG 27 PM 2:05
TRUMBULL COUNTY
CLERK OF COURTS

VOL **1146** PAGE **490**



IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO. 01-CR-793 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE JOHN M. STUARD |
| -vs- | ) | |
| | ) | MOTION FOR |
| DONNA MARIE ROBERTS, | ) | WARRANT OF REMOVAL |
| INMATE #W055276 | ) | |
| | ) | |
| Defendant | ) | |

Now comes the Plaintiff, State of Ohio, by and through its undersigned counsel, and

pursuant to Ohio Revised Code 2941.40, moves this Honorable Court for a Warrant of Removal for

**DONNA MARIE ROBERTS** who is presently confined at the Ohio Reformatory for Women, in

Marysville, Ohio.  Said Defendant, is to be removed from the Ohio Reformatory for Women and

taken to the Trumbull County Jail in Warren, Ohio, on or before September 20, 2007, and

incarcerated there until she is brought before the Court for a status hearing on September 20, 2007

at 2:30 p.m. and a Re-Sentencing hearing scheduled September 21, 2007 at 2:30 p.m.

The State requests that its requested Warrant be delivered to the Trumbull County Sheriff

Thomas Altiere and conveyed to the Warden at the facility who shall commit said defendant to the

Trumbull County Jail on or before September 20, 2007.

For removing the Defendant, the State motions this Court to allow to the Sheriff the fees

allowed for conveying the defendant to the Trumbull County Jail.

_____
DATED

_____
CHRISTOPHER D. BECKER
Assistant Prosecuting Attorney
Trumbull C. Prosecutor's Office

2001 CR 793

## ORDER

This case came on for consideration through motion by Donna Roberts, Social Security

No. 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; Date of Birth: 5/22/44, for an order for the continuance of trial.  As good cause

for the continuance has been shown by the defendant, a reasonable continuance is granted to

allow the competency examination to be conducted pursuant to my previous order of January 17,

2007, and an independent examination by Dr. James Eisenberg Ph. D., if necessary.   The

sentencing date will be set at the completion of the competency proceedings.

JUDGE JOHN M. STUARD

8/29/07
Date

**FILED**
COURT OF COMMON PLEAS

SEP 0 5 2007

TRUMBULL COUNTY, OH
KAREN INFANTE ALLEN, CLERK

VOL **1147** PAGE **808**

189

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO
CRIMINAL DIVISION

STATE OF OHIO,                    :        CASE NO. CR 2001 CR 0793

      Plaintiff,               :

   -vs-                              :        JUDGE JOHN M. STUARD

DONNA ROBERTS,                    :        <u>MOTION FOR APPROPRIATION
                                           OF FUNDS FOR EXPERT</u>
      Defendant.               :        <u>ASSISTANCE</u>

                                  (Independent Competency Evaluation)

      Now comes the defendant, Donna Roberts, by and through undersigned counsel, and respectfully moves this Court for an order authorizing defense expenditures to enable the defendant to hire James Eisenberg, Ph. D. 161 North State St., Painesville, Ohio, 44077, Phone: 440.639.4763, as an forensic psychologist for the preparation of the sentencing. These funds are necessary to protect the defendant's rights to due process, equal protection, effective assistance of counsel and to be free of cruel and unusual punishment as guaranteed by both the State and Federal constitutions. Counsel requests the independent psychologist to determine if Ms. Roberts is legally incompetent or if she "incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense." R.C. 2945.37(G). Federal due process principles forbid subjecting a legally incompetent criminal defendant to trial. <u>State v. Berry</u> (1995), 72 Ohio St.3d 354, 359, 650 N.E.2d 433. <u>Drope v. Missouri</u> (1975), 420 U.S. 162, 171



Counsel had previously requested the appointment of Dr. Eisenberg to assist in the presentation of mitigation. The motion has not yet been ruled upon. Therefore, counsel request the granting for both purposes. It should be noted that Dr. Eisenberg has been sent the report of the Forensic Psychiatric Center of Northeast Ohio. Although the defense has requested a continuance to further prepare for mitigation, Dr. Eisenberg will have time to complete the competency evaluation in time for the September 20, 2007, hearing date.

Dr. Eisenberg requests a billing rate of $200.00 (Two Hundred Dollars) per hour with a cap of $5000.00 (Five Thousand Dollars). He agrees not to bill over this amount unless or until additional fees are approved by this court.

In addition, Dr. Eisenberg is a certified as a forensic psychologist. The importance of this classification has been noted by the Ohio Supreme Court. In State v. Filiaggi (1999), 86 Ohio St.3d 230, which emanated from this county, the Ohio Supreme Court found that the state's mental health experts were to be given greater credibility in the mental health field because they were classified as a "forensic expert," as opposed to the defendant's mental health experts, who were not.

**CERTIFICATE OF SERVICE**

A copy of the foregoing Defendant's Motion was served upon Dennis Watkins, Trumbull County Prosecutor and/or Christopher Becker, Esq. Assistant Trumbull County Prosecutor, Administration Building, 160 High Street, Warren, Ohio 44481, by Regular U. S. mail on this 10th day of September, 2007.

DAVID L. DOUGHTEN
Attorney for Defendant

- 4 -

# IN THE COURT OF COMMON PLEAS
## -GENERAL DIVISION-
## TRUMBULL COUNTY, OHIO

**CASE NUMBER:  2001 CR 00793**

**STATE OF OHIO**
**PLAINTIFF**

**vs.**

**DONNA MARIE ROBERTS**
**DEFENDANT**

**JUDGE JOHN M STUARD**

**JUDGMENT ENTRY**

Defendant's Motion to Allow Full Presentation of Mitigation at sentencing rehearing is denied.

JUDGE JOHN M STUARD

Date: _10/12/07_

Copies to:
Christopher D Becker
J. GERALD INGRAM

9-14-07
copies to:
Pros.
J Ingram
D. Doughten

TO THE CLERK OF COURTS:  YOU ARE ORDERED TO SERVE
COPIES OF THIS JUDGMENT ON ALL COUNSEL OF RECORD
OR UPON THE PARTIES WHO ARE UNREPRESENTED FORTH-
WITH BY ORDINARY MAIL

JUDGE

2001 SEP 14 A 10: 45

VOL 1148 PAGE 383

191



DONNA ROBERTS v WARDEN
CASE NO. 4:21-cv-00368-DAP
APPENDIX – PAGE 1783

**Wherefore**, it is respectfully requested that this court appoint Dr. Eisenberg at the requested rate of funding. The denial of the request will result in a violation of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

Respectfully Submitted,

DAVID L. DOUGHTEN #0002847
4403 St. Clair Avenue
Cleveland OH 44103
(216) 361-1112

-and-

ROBERT A. DIXON (0022466)
4403 St. Clair Ave.
Cleveland, Ohio 44103
(216) 432-1992

Counsel for Defendant Donna Roberts

- 3 -

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO
CRIMINAL DIVISION

STATE OF OHIO,                          :       CASE NO. CR 2001 CR 0793

       Plaintiff,                        :

   -vs-                                 :       JUDGE JOHN M. STUARD

DONNA ROBERTS,                          :       **MOTION TO PROFFER
                                                EVIDENCE**

       Defendant.                        :

Now comes the defendant, Donna Roberts, by and through undersigned counsel, and re-

spectfully proffers the following evidence for the purposes of establishing the record on the

mitigation that would have been presented if permitted by this court.

Respectfully Submitted,

DAVID L. DOUGHTEN #0002847
4403 St. Clair Avenue
Cleveland OH 44103
(216) 361-1112

ROBERT A. DIXON (0022466)
4403 St. Clair Ave.
Cleveland, Ohio 44103
(216) 432-1992

Counsel for Defendant Donna Roberts

## CERTIFICATE OF SERVICE

A copy of the foregoing Defendant's Motion was served upon Dennis Watkins, Trumbull County Prosecutor and/or Christopher Becker, Esq. Assistant Trumbull County Prosecutor, Administration Building, 160 High Street, Warren, Ohio 44481, by Regular U. S. mail on this 20th day of September, 2007.

_____

DAVID L. DOUGHTEN

Attorney for Defendant

- 2 -

**MEMORANDUM IN SUPPORT**

R.C. 2929.04(C) grants "great latitude" to an accused in the presentation of mitigating evidence during death penalty hearings. A " 'sentencer, in all but the rarest kind of capital case, [must] not be precluded from considering, as a mitigating factor, any aspect of a defendant's character or record * * * that the defendant proffers as a basis for a sentence less than death.' " (Emphasis sic.) State v. Jenkins (1984), 15 Ohio St.3d 164, 189, 15 OBR 311, 332, 473 N.E.2d 264, 288, quoting Lockett v. Ohio (1978), 438 U.S. 586, 604, 98 S.Ct. 2954, 2964-2965, 57 L.Ed.2d 973, 990. See, also, Parker v. Dugger (1991), 498 U.S. 308, 111 S.Ct. 731, 112

Mitigating factors under Ohio Rev. Code Ann. § 2929.04(B) are not related to a defendant's culpability but, rather, are those factors that are relevant to the issue of whether a defendant convicted under Ohio Rev. Code Ann. §§ 2903.01 should be sentenced to death. A sentencing authority may not refuse to consider, as a matter of law, any relevant mitigating evidence. State v. Goff 82 Ohio St.3d 123

The records below were obtained from the Ohio Department of Rehabilitation and Correction. A summary of areas of mitigation that could have been introduced from the information contained in the record follows. The evidence from these records, the postconviction records and the trial record includes the following factors in mitigation.

1. **Detention Behavior**

    South Carolina v. Skipper, 487 US 1 (1986); State v. Gapen, 104 Ohio St.3d 358, 2004-Ohio-6548. "We have previously recognized that the ability to adjust to prison life is a mitigating factor that can be assigned weight. State v. Madrigal (2000), 87 Ohio St.3d 378, 397, 721 N.E.2d 52; State v. Smith (1997), 80 Ohio St.3d 89, 121-122, 684 N.E.2d 668

2.      **Childhood Abuse**

Penry v. Lynaugh, 492 US 302 (1989)

3.      **Mercy**

    a.      State v. Rogers, 28 Ohio St. 3d 427 (1986)

        i.      Duty to argue

    b.      State v. Campbell (1994) 69 Ohio St. 3d 638

    c.      State v. Garner (1996), 74 Ohio St.3d 49.

4.      **Steady Employment**

State v. Fox, 69 Ohio St. 3d 183 (1994); State v. Madrigal (2000), 87 Ohio St.3d 378,  90 Ohio St.3d 460 (2001); State v. Tibbetts, (2001) 92 Ohio St. 146- some weight, Hartman(2001);  State v. Issa  (2001), 93 Ohio St.3d 49 ; State v. Group, 98 Ohio St.3d 248, 2003; "Group's history as a hard-working family man who has earned the love of those closest to him clearly deserves weight." See State v. Mitts (1998), 81 Ohio St.3d 223, 236, 690 N.E.2d 522; State v. Smith (2000), 87 Ohio St.3d 424, 447, 721 N.E.2d 93; State v. Treesh (2001), 90 Ohio St.3d 460, 493, 739 N.E.2d 749

5.      **Lack of Significant Criminal History**

    a.      State v. Berry, 72 Ohio St. 3d 354 (1995)

        i. One theft and juvenile record not significant and entitled to some weight

6.      **Mental Illness**

State v. Braden 98 Ohio St.3d 354(2003);  See State v. Seiber (1990), 56 Ohio St.3d 4, 9, 564 N.E.2d 408 (lifelong mental illness involving psychotic lapses and paranoid ideation was a mitigating "other factor").   Roberts has attempted suicide on a

- 4 -

number of occasions.  She has also checked herself into a psychiatric ward.  Her son indicates that after a bad accident in 1999, she acted very differently.  She became distant and rarely called him.  See Exhibit 1.

7.    **Dysfunctional Family**

a.    *State v. Green*, 66 Ohio St. 3d 141 (1993)

b.    *State v. Simko*, 71 Ohio St. 3d 483 (1994)

c.    State v. Spivey (1998), 81 Ohio St.3d 405, 424

d.    State v. Tibbets, 92 Ohio St.3d 146 (2001)


8.    **Extensive Head Injuries**

It appears Roberts suffered from a number of head injuries which caused a number of problems.  Her son, Mike Raymond, if permitted, would explain the accidents and the changes in her personality and actions thereafter.

8.    **Residual Doubt**

Counsel for Roberts would ask the tape of the confession of Nathaniel Jackson be considered.  It is already part of this record as it was filed the Roberts' postconviction petition.   On the tape, Nathaniel Jackson was interviewed by police detectives.  Jackson, who described himself as a street hustler, explained the on the day of the incident the decedent Fingerhut had purchased a small amount of marijuana from Jackson for about $100.00.  Jackson had known Fingerhut for a couple of years.  Jackson had been to Fingerhut's house previously.  Postconviction Exhibit B

- 5 -

Fingerhut took Jackson to his, Fingerhut's, home to watch a sporting event. Fingerhut pulled the car into the garage. The two exited the car and went into the house. They sat at the kitchen table. Fingerhut was looking over his mail. Jackson was hoping Fingerhut could give him some work at the restaurant. Fingerhut then said words to the effect of "you black guys are the same, you don't want to do anything for yourself." Fingerhut continued to lecture Jackson. Exhibit B

Jackson did not want to be subjected to the lecture and be "disrespected." He asked to be taken home. Fingerhut told him to walk. Jackson refused to walk. When Jackson looked up, the Fingerhut was pointed a gun at him. Jackson felt that Fingerhut had "flipped." Jackson described the change in Fingerhut's demeanor as being like, "Dr. Jeckyl and Mr. Hyde." Exhibit B

Jackson then said that, "He squeezed on me, man," referring to Fingerut pulling the trigger. Jackson had grabbed the gun which had been pointed at him. The shot injured Jackson's finger. Jackson thought that he "was a done deal," meaning himself. He then shot Fingerhut. After the first shot, Fingerhut kept coming at him. Jackson shot again and killed him. Exhibit B.

Jackson said that he did not intend to kill Fingerhut. He has not thought about shooting Fingerhut ahead of time. Exhibit B

9.    **Additional factors summary**

The additional factors are addressed in the are as follows

*Physical Problems* (These reports reflect the time period of 2003 -2007)

- 6 -

1.  Has a problem with her lower spine and pelvis, often causing her great amounts of
    pain.

2.  Has suffered from sciatica

3.  Had a fall in prison and hit her head/face on a metal desk

4.  Has borderline diabetes

5.  Had at least 3 head injuries (first at 19 years of age)

6.  Had cysts removed from her ovaries and an abortion

7.  Has suffered hypertension and a few punctuate white matter signal abnormalities
    which are non-specific in nature were found via an MRI (likely to be age related)

*Mental Health Problems*

1.  Has suffered from on/off depression from the age of 6, possibly as a result of the
    sexual abuse she suffered by her cousins or her fathers mental and physical abuse
    towards her mother. Has now been diagnosed as a type of Bipolar Disorder
    (BPAD Type II). This leaves her feeling very depressed or euphoric and can lead
    to risk taking behavior.
2.
3.  Was an inpatient in 2000 for 2 weeks after expressing suicidal thoughts, saw a
    psychiatrist on/off but failed to keep appointments (prior to conviction).
4.
5.  She occasionally suffers from hallucinations and appears confused and
    disorganized. She also believes others can see and hear her thoughts. She has a
    negative body image.
6.
7.  Has had several head injuries with the most serious being in 1999. She had
    concussion and reported a change in personality, including feeling 18 again and
    having no fear. It may also have been the reason she started smoking cannabis.
8.
9.  Is not afraid of death.
10.
11. In prison, denied any suicidal thoughts or self harm but there have been a few
    occasions where she has unexplained bruises on her arms and/or legs and her fall
    in prison *could* be regarded as suspect. Has said that she tried holding her breath

- 7 -

once, this could be regarded as a possible suicide attempt. She has stated that she would like to die but it is against her religion for her to do it to herself.

12.
13.  Is in remission of PTSD
14.
15.  Is too trusting of her inmates and fails to set appropriate boundaries, occasionally takes on child-like characteristics.
16.
17.  Takes medication to help with her symptoms of depression and hypomania (since 2000), she is extremely reliant on these.

**Evidence**

Report dated 1/12/2005 from Corrections Medical Center (247058)
> Degeneration in the lower spine and pelvis.
> Mild sclerosis of the acetabular surfaces (right acetabulum)
> Joint spaces causing narrowing
> Mild osteophytes from both femoral heads
> Overall; mild bilateral DJD in both hips.

Report dated 7/07/03 from Corrections Medical Center (323866)
> Prominent pseudoarticulation or prominent costocartilaginous junction of the left 1st rib anteriorly.

Report dated 6/03/05. Addendum to Mental Health Evaluation (page 1).
> On a selection of medication, was coping fine but now feels depressed as to her situation; her physical pain is also too much (it is now affecting her sleep). History includes on/off depression since the age of 6. Was an inpatient in 2000 for 2 weeks. Has seen a psychiatrist and has been on medication since 2000.

Report dated 6/03/05. Addendum to Mental Health Evaluation (page 2)
> Used pot on/off on the street but did not do drugs while incarcerated. She was sexually abused by her 2 cousins.
Her mother suffers from depression and is terminally ill.
Her mood is sad.

Report dated 6/03/05. Addendum to Mental Health Evaluation (page 3)
> Diagnostic impression; BPAD type II, currently depressed. Treatment included medication for depression and pain.

Report dated 6/13/06. Mental Health Caseload Classification (annual).
> C1 Categorical (SMI); Bipolar D/O

- 8 -

Report dated 6/03/03(?). Mental Health Caseload Classification (update)
     C1 Categorical (SMI); Bipolar D/O

Report dated 6/18/07. Addendum to Mental Health Evaluation
     Inmate has suffered from depression since 6, was treated on/off with counseling but is now purely on medication; wonders if she would die without it. Experiences depression when thinks of her husband.
     She has had 3 head injuries, the first being aged 19, second in 1983 and the third in 1999. Reports of a personality change after the 1999 injury-felt like she was 18 and not afraid of anything.

Report dated 6/18/07. Addendum to Mental Health Evaluation (page 2)
     Similar to 6/03/05 report.

Report dated 12/17/03. Interdisciplinary Progress Notes.
     Donna says she feels much better and that she isn't afraid to die. However, she also said that she thinks people can see and hear her thoughts when she is alone and that she has always felt this way (claims it does not affect her daily functions though). She also has negative feelings towards her body; she always wears make up and nobody has seen her naked.

Report dated 11/24/03. Interdisciplinary Progress Notes.
     Donna has reported she is sleeping a lot due to her medication. Her aunt and cousin had died recently.
     11/28/03; mood is very sad.

Report dated 11/13/03. Interdisciplinary Progress Notes.
     Donna feels good at the moment but highlights the fact that she often feels bad and her mood can never stay even.

Report dated 10/24/03. Interdisciplinary Progress Notes
     Donna is sensitive to bright light in her room, this is affecting her sleep.

Report dated 10/15/03. Interdisciplinary Progress Notes
     Donna reports crying spells, loss of appetite, difficulty sleeping and is struggling to get out of bed in the mornings.

Report dated 9/18/03. Interdisciplinary Progress Notes
     She is taunted by her inmates and the guards talk about her.

Report dated 9/03/03. Interdisciplinary Progress Notes
     She experiences difficulty sleeping, loss of appetite and low energy levels. She feels she is being unfairly treated.

- 9 -

Report dated 9/26/03. Interdisciplinary Progress Notes
Donna reports she suffers from depression and anxiety but her medication offers her appropriate relief.

Report dated 05/14/07. Bipolar Group Pre test
Has 4 symptoms of a bipolar disorder; sadness, euphoria, agitation and intolerance. On a scale of 1(low)-10(high) Donna says her disorder interferes with her life at number 8. Her compliance for taking medication was only 95% but she claims to have taken all of them. Says her mood is affected by inconsideration from others, others being mean and fear. Her disorder is controlled by medication.

Report dated 6/28/05. Referral to Mental Health Services-Urgent
Called was received from a Ms. Weaver (unit manager at NC) stating Donna was acting strangely. On arrival told that she was disorientated. When spoken to, found that she was orientated but she felt nervous and anxious, she also kept running her sheet through her hands saying she was trying to fix the bed.

Report dated 10/24/03. Bureau of Mental Health Services.
Feeling sad as it would have been her husbands birthday.

Report dated 09/26/00(?). Bureau of Mental Health Services
Affect of segregation; worried and appetite is low. Donna had a sonogram for a medical condition.

Report dated 4/19/06. Medication order form
4/14/06        Donna banged her head.

Report dated 3/22/06. Medication order form
3/21/06        EKG done and acid levels are up.

Report dated 08/29/05. Medication order form.
8/03/05        MRI scan of the head-memory deficit and head trauma. Optometry consult.

Report dated 4/13/07. Corrections Medical Center Laboratory
Microbiology Culture scan came back positive-Nitrourantoin highlighted.

Report dated 3/30/07. Corrections Medical Center Laboratory
Creatinine and glucose levels are high.

Report dated 2/20/07. Corrections Medical Center Laboratory
Glucose, VLDL(cal), phosphorus and triglyceride levels high. CH/HDL and LDL levels low.

- 10 -

Report dated 11/27/06. Corrections Medical Center Laboratory
Cholesterol and triglyceride ride levels are high.

Report dated 7/06/06. Corrections Medical Center Laboratory
EOS, EOS ABS, BASO ABS, RBC are all low. MCH high.

Report dated 6/14/06. Corrections Medical Center Laboratory
NEU, EOS ABS, BASO ABS, RBC, and HCT are all low. LYM, MCH and PLT are all high.

Report dated 3/22/06. Corrections Medical Center Laboratory
A/G, BASO ABS, RBC, HGB and HCT are all low. AST-Activated, Globulin, Glucose, LD, Triglyceride, uric acid and MCH are all high.

Report dated 2/14/06. Corrections Medical Center Laboratory
Glucose and triglyceride are high, CH/HDL is low.

Report dated 6/27/03. Corrections Medical Center Laboratory
Glucose, triglyceride and MCH are high, RBC and valproic acid is low.

Report dated 11/20/06. Corrections Medical Center (657962A)
Right hip has marginal arthritic changes.
(657962B); There is accentuation of lumbosacral angle.

Report dated 7/01/06. Corrections Medical Center Laboratory
Benign calcifications found via a mammogram.

Report dated 6/26/03. Initial Medical/Mental Health/Substance Use Screening
Crisis/Safe cell assignment requested and special housing assignment requested under mental health disposition.

Report dated 06/26/03. Health History
Gave personal history as positive for; bone, joint or other deformity, ear trouble, eye disorder, hemorrhoids, high blood pressure, mumps, stomach trouble and cysts. Current problems are depression and anxiety.

Report dated 7/31/03. Department of Rehabilitation and Correction Physical Examination
Abnormalities found on the skin, she is suffering from Hypertension.

Report dated 6/26/03. Female Health History
Menopausal for the past 2 years, had ovarian cyst in 1962, has had two pregnancies, one of which was aborted. Has been on HRT for 4 years (?)

- 11 -

Report dated 7/02/03. Mental Health Evaluation
    Page 2; has on/off depression all her life. Was admitted for inpatient treatment in 2002; she had suicidal thoughts. Occasionally feels euphoric which leads to high energy, low need for sleep and risk taking behavior. Admits to spending sprees and having unprotected sex with a young man.
    Page 3, started using pot after her accident in 1999
    Page 4; father was abusive to mother. she was sexually abused by cousins
    Page 6; mood is mostly angry at unjust sentence
    Page 7; Axis I: BPAD Type II and psychotic feelings(?)

Report dated 7/02/03. Mental Health Caseload Classification
    Confirms bipolar disorder.

Report dated 9/12/05. OSU Electronic File Report-Radiology
    Suffered from memory loss, chronic dizziness and gait disturbance. MRI found a few punctuate white matter signal abnormalities which are non-specific in nature and are most likely due to small vessel ischemic disease or age related changes. Also minimal punctuate mucosal thickening within the right mastoid air cells and a small left frontal sinus retention cyst, polyp, or localized mucosal thickening.

Report dated 6/13/06. Addendum to Mental Health Evaluation
    Has difficulty falling and staying asleep. Has nerve pain and heart burn.
Page 2; sexually abused by 2 cousins.
Page 3; BPAD Type II in remission.

Report dated 6/13/07. Mental Health Caseload Classification
    Confirms bipolar disorder.

Report dated 6/24/03. Initial Medical/Mental Health/Substance Use Screening
    Suffered a concussion from 1999 head injury.

Report dated 6/12/07. Mental Health Treatment Plan Review
    Confirms bipolar II disorder and is a borderline diabetic. Problem described as mania/hypomania. States she has depression more often than mania and she did not attend her Bipolar Group when passed.

Report dated 3/13/07. Mental Health Treatment Plan Review
    See above. Currently in depressed phase, she has to learn to set appropriate boundaries and not to be so trusting of inmates who will take advantage of her.

Report dated 12/12/06. Mental Health Treatment Plan Review
    Reiterates history of depressive mood

- 12 -

Report dated 6/6/06. Mental Health Treatment Plan Review
    Reports increased stress due to new inmate in her segregation unit, the two argue frequently.

Report dated 12/14/05. Mental Health Treatment Plan Review
    Increased depressive symptomology over the past several months.

Report dated 9/24/03. Treatment Plan
    Experiencing symptoms of depressed mood that interfere with areas of daily functions such as, past suicide attempts, high feelings of anger and isolation, crying spells and low appetite.

Report dated 7/08/03. Treatment Plan
    Experiencing adjustment issues and high feelings of isolation.

Report dated 3/12/06. Referral to Mental Health Services
    Call received from CO stating behavior was "bizarre". Donna was seeing ants (none could be seen). She stated 'saw ants, put down coffee grounds to get rid of them and got rid of food in room (?)'. She appeared disheveled, wearing no make up, speech soft, mumbling and she is wearing sweats. Spontaneously started saying 'men always play sports and balls-golf-little ball, little hole, little man; basketball, big ball, big hole, big man'. Abruptly ends by saying 'it's been nice talking to you'.
Response; Donna was confused and disorganized. Had not eaten last 3 meals and has severe cognitive impairment-placed on suicide watch.

Report dated 1/24/06. Referral to Mental Health Services
    Donna appears very stressed, irrational and is sleeping more frequently.

Report dated 11/14/05. Referral to Mental Health Services
    Experiencing flashbacks to finding husbands body so has requested medication. Therapy was recommended instead.

Report dated 8/14/05. Referral to Mental Health Services
    States that Donna was not intending to harm herself but she had bruises on her arms and legs, she did admit to feeling down. She put her arm against the wall and said she feels like she isn't there. She is unsteady on her feet and says her hands and feet keep twitching.

Report dated 4/28/05. Referral to Mental Health Services
    Donna is sad, has been crying frequently, will not engage in conversation, is not wearing make up and has poor eye contact. This is presumed to be a reaction to her mother's terminal illness.

- 13 -

Report dated 4/17/07. Corrections Medical Center Laboratory
    High glucose, chloride and PLT levels. Low RBC, HGB, HCT and lithium.

Report dated 3/30/07. Corrections Medical Center Laboratory
    High glucose and creatinine levels.

Report dated 11/29/05. Corrections Medical Center Laboratory
    High glucose and Lym levels. Low T. Bilirubin, chloride, sodium, BASO ABS, RBC and
    HCT.
Page 2; High MCH and low Valproic acid.

Report dated 7/29/05. Brief Psychiatric Rating Scale
    Scored 3 (mild) on depressive mood scale.

Report dated 6/29/04. Corrections Medical Center Laboratory
    High Glucose, Triglyceride and Lym levels. Critically low chloride levels. Low sodium
    and NEU levels.
Page 2; High MCH and low BASO ABS and RBC levels.

Report dated 6/18/07. Brief Psychiatric Rating Scale
    Scored 4 (moderate) on depressive mood scale.

Report dated 9/16/03. Corrections Medical Center Laboratory
    High Lym, and MCH levels. Low ALK Phos, NEU, EOS ABS, BASO ABS, RCB, HCT
    and Valproic acid.

Report dated 7/02/03. Brief Psychiatric Rating Scale
    Scored 5 (moderately severe) on depressive mood and hostility scales.

Report dated 4/17/07. Corrections Medical Center Laboratory
    High glucose, triglyceride and MCH levels. Low RBC and valproic acid levels.

Report dated 7/11/07. Interdisciplinary Progress Notes
    BPAD type II and PTSD are in remission.

Report dated 2/20/07. Interdisciplinary Progress Notes (2nd page)
    Donna states she wishes she knew a way to die without killing herself, she says she has
    tried holding her breath. Still experiencing problems setting boundaries and is giving
    away her commissary items.

Report dated 11/22/06. Interdisciplinary Progress Notes (2nd page)
    Recently lost brother-in-law to suicide. Donna states her despair and how she could relate
    to what he was feeling, said if she was given a life sentence she 'would not …..

- 14 -

Report dated 5/30/06. Interdisciplinary Progress Notes (2nd page)
    Struggle to cope with heat in cell has made her struggle slightly in other areas but is mostly fine.

Report dated 5/17/06. Interdisciplinary Progress Notes (2nd page)
    Reports she has not sleep properly for two nights and claims to have dozed off whilst showering/shaving-wonders if this is a problem.

Report dated 3/27/06. Interdisciplinary Progress Notes (2nd page)
    Has bruises around left eye from a fall last week.

Report dated 3/22/06. Interdisciplinary Progress Notes (2nd page)
    (CONT.) Was dumping food outside her window. Determined medical attention was needed-was placed in infirmary for testing and observation. Donna was staring into space, was unsteady on her feet and withdrawn. She has poor recent memory and her thought process is slurred, she is confused and is suffering from cognitive impairment.

Report dated 3/21/06. Interdisciplinary Progress Notes (2nd page)
    Donna has expressed confusion, agitation and disorganized behavior during the night. She also fell and hit her face on a metal desk but is adamant that she slipped accidentally. She has had previous gait disturbances and a MRI showed multiple lesions. She denies self-harm etc and is strongly opposed to being placed on suicide watch. Suspect she may be experiencing delusions.

Report dated 3/13/06. Interdisciplinary Progress Notes (2nd page)
    Spoke with a child like voice.

Report dated 3/13/06. Interdisciplinary Progress Notes (2nd page)
    Donna tried to force her way out of the cell, she was laughing and smiling saying that she felt very happy and her appeal is 'working'. Again she used a child like voice.

Report dated 1/27/06. Interdisciplinary Progress Notes
    Donna failed a room inspection and shut down for 2 hours, she did however have it cleaned for re-inspection. She gets confused if her meds are not given at consistent times and thinks she has already taken them.

Report dated 12/14/05. Interdisciplinary Progress Notes
    Reports her new meds are making her feel shaky.

Report dated 11/25/05. Interdisciplinary Progress Notes
    Has two bruises on her left arm and can not recall how they got there.

Report dated 10/31/05. Interdisciplinary Progress Notes

- 15 -

Bruising (?) on both arms, does not know how it got there.
11/07/05; experiencing stress after being told that her cell door will soon have to be closed at all times; she says she becomes sweaty when closed up.

Report dated 9/19/05. Interdisciplinary Progress Notes
Had a family visit, coped well, spoke of how her father was physically and mentally abusive towards her mother (though was less so as they got older).

Report dated 8/14/05. Interdisciplinary Progress Notes
Donna was disorganized and stated that whilst she had no intention of hurting herself, she had fallen down several times. Had bruises on her arms and legs and was a little unstable on her feet.

Report dated 6/29/05. Interdisciplinary Progress Notes
Reluctant to come outside.

Report dated 6/28/05. Interdisciplinary Progress Notes
Donna was sitting on her bed staring at TV static and would not come out of her room. When psychiatrist (?) arrived, her blanket and sheets…..

Report dated 6/8/05. Interdisciplinary Progress Notes
Mood is tearful and depressed but her thoughts are organized though they may be inaccurate due to wishful thinking. This is exasperated by her back pain.

Report dated 5/06/05. Interdisciplinary Progress Notes (2nd page)
Donna is in a lot of pain due to a general medical condition. She also states she is having a hard time dealing with the lack of control in her life, she feels guilty that people have to do things for her; she feels that no one really cares about her, they only visit because it is there job. She says she wrote to her lawyer telling him to stop fighting as there was no use.

Report dated 4/29/05. Interdisciplinary Progress Notes (2nd page)
Having more difficulty with her memory than normal and her mood is depressed.

Report dated 4/08/05. Interdisciplinary Progress Notes
Donna discussed fear of becoming incapacitated and says that she is not afraid of death itself.

Report dated 1/03/05. Interdisciplinary Progress Notes (2nd page)
Experiencing pain from sciatica, medication is only partially helpful.

Report dated 1/21/05. Interdisciplinary Progress Notes
Continues to exhibit semi-depressive symptoms but no mania present.

- 16 -

Report dated 1/11/05. Interdisciplinary Progress Notes
  1/21/05; Donna states her depression is with her all the time.

Report dated 4/26/04. Interdisciplinary Progress Notes
  Donna feels she has bought shame on her family by going to prison and that she misses her husband, she was very teary eyed.

Report dated 1/17/07. Interdisciplinary Progress Notes
  Reports feeling let down by her boyfriend; sleep, appetite and energy levels are all low.

Report dated 12/24/03. Interdisciplinary Progress Notes
  Insists on the death penalty to 'show the racism, the injustice, the corrupt', also states she is not afraid of death. She believes she can communicate to others through her thoughts.


**Medications Prescribed**

  Trazodone
  Depakote – mood stabilizer
  Lithium
  Bupropion
  Valproic Acid
  Wellbutrin
  Cymbalta
  Elavil
  Depakene
  Buspar

- 17 -

## CERTIFICATE OF SERVICE

A copy of the foregoing Defendant's Motion was served upon Dennis Watkins, Trumbull

County Prosecutor and/or Christopher Becker, Esq. Assistant Trumbull County Prosecutor,

Administration Building, 160 High Street, Warren, Ohio 44481, by Regular U. S. mail on this

17<u>th</u> day of September, 2007.

DAVID L. DOUGHTEN

Attorney for Defendant

- 18 -

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO
CRIMINAL DIVISION

STATE OF OHIO,                    :        CASE NO. CR 2001 CR 0793

         Plaintiff,              :

-vs-                              :        JUDGE JOHN M. STUARD

DONNA ROBERTS,                    :        <u>MOTION TO PROFFER</u>
                                           <u>EVIDENCE</u>
        Defendant.             :
                                           **APPENDIX - PRISON RECORDS**

      Now comes the defendant, Donna Roberts,  by and through undersigned counsel,  and respectfully proffers the following evidence for the purposes of establishing the record on the mitigation that would have been presented if permitted by this court.

                               Respectfully Submitted,

                               _____
                               DAVID L. DOUGHTEN #0002847
                               4403 St. Clair Avenue
                               Cleveland OH 44103
                               (216) 361-1112

                               _____
                               ROBERT A. DIXON (0022466)
                               4403 St. Clair Ave.
                               Cleveland, Ohio 44103
                               (216) 432-1992

                               Counsel for Defendant Donna Roberts

2001 SEP 18  A 11: 30



Print                                                                                    Page 1 of 1

**From:** michaelraymondnh@aol.com (michaelraymondnh@aol.com)
**To:** ddoughten@yahoo.com
**Date:** Thursday, August 30, 2007 12:07:59 AM
**Subject:** Donna Roberts



David,

My mother called me the other day and wanted to know if you knew the date of here new
hearing? Is this a rescheduled hearing or an entirely different hearing? Do you need any
additional information from me? I am out of school now and my one dog "Jackpot" was in real
bad shape the past few weeks that involved several trips to the vets and countless sleepness
nights ... however he is doing better now and I can try to be more helpful in any way I can.

She said she attempted to call you, but for some reason she is unable to call your office. Not
sure if you heard or not ... but when they dropped her off at Trumbull County Jail the deputy
supposedly forgot ALL of her medications and left them in his vehicle. Trumbull refused to
give her any meds, I had to call Marysville numerous times and also calling the Trumbull
County Sheriff trying to get some answers ... finally after 5 days of getting nowhere, I spoke
with nurses at both locations and also the Deputy Warden of Administration in Marysville - they
finally got her meds to her on the 6-7th day and then brought her back to Marysville the next
day.

One thing came to mind ... the primary reason she self admitted herself to a psych ward
somewhere in Warren-Trumbull area, was she apearently took her one little white dog out into
the garage with her, started the car and didn't open the garage door ... waiting for the carbon
dioxide to end things ... however "Blossom" her dog looked up at her she said and she said
she couldn't go through with it. She was in this medical facility for about 5 days if I recall ...
these events happened sometime in the Fall of 1999 I believe ... her bad car accident was in
April 1999 and she suffered from three concusions to the head as well as broken ribs ... this is
when it seemed like my mother was no longer herself ... she became a "distant" person and
rarely ever called me after the accident, prior to the accident she would call me about twice a
week.

Let me know if you need more pictures ... I also have home videos of my mother, Robert and
myself together on vacations, cruises, around the house and more.

Regards,
Mike Raymond

Email and AIM finally together. You've gotta check out free AOL Mail!

# Corrections Medical Center



1990 Harmon Ave., Columbus, OH 43223-0658
(614) 445-5960 Radiology Ext. 2734

**ROBERTS**          W055276       ORW        247058

HIP          1/10/2005

BILATERAL HIPS: Degenerative changes are seen in the lower lumbar spine. The bony pelvic ring is intact. Mild degenerative changes are seen in the pelvis. There is mild sclerosis of the acetabular surfaces at the right acetabulum. Joint spaces are causing narrowing. There is also mild osteophytes arising from both femoral heads. No other abnormalities are appreciated. IMPRESSION: There is mild bilateral DJD in both hips, right greater than left.

Charles H. Muncrief, D.O.    rjy
Read on: 1/11/2005

This report was generated on: **1/12/2005  8:38 A.M.** *electronically signed*

End of report for:   ROBERTS    W055276

*professional radiology services by* **Mid-Ohio Radiology, Inc.**

DONNA ROBERTS v WARDEN
CASE NO. 4:21-cv-00368-DAP
APPENDIX – PAGE 1805

## Corrections Medical Center

1990 Harmon Ave., Columbus OH 43223-0658
(614)445-5960  Radiology: ext. 2734      7/9/03

ROBERTS          W055276     ORW      323866

CHEST                        07/03/2003

PA AND LATERAL CHEST:

The cardiomediastinal silhouette is unremarkable. Lung fields are expanded without active disease.  There is a prominent
pseudoarticulation or prominent costocartilaginous junction of the left 1st rib anteriorly mentioned for completeness sake.

*Thomas T. Fox,* MD

Thomas T. Fox, M.D.                    ksf            7/7/03  12:00:00A       electronically signed

*professional radiology services by* Mid-Ohio Radiology, Inc.

DONNA ROBERTS v WARDEN
CASE NO. 4:21-cv-00368-DAP
APPENDIX – PAGE 1806

Current Suicidal Ideation/Behavior

*denial*

Past Violent/Assaultive Behavior

*Aggravated robbery ~ on death sentence*
*~ murder*

Present Ideas/Behavior

*UNL*

H. Insight/Judgment

*fair*

XIII.   Psychological Testing Results

XIV.   Diagnostic Impression

Axis I:
1.   *BPAD type II ∓ Psychotic features*
2.
3.

7

III.  Psychiatric History (In-patient/Out-patient treatment; include current medication if any)

_Received one inpatient of treatment at St. Joseph's hospital for women in 2000 for severe depression in suicidal thought. Has declared constantly on + in the past. Has been on medication since 2000_

IV.  Medical History:  include current medications

_of collapse. In 1999 involved in auto accident + had LOC for 1/2 day. Reports s of t personality since being involved in accident of seizures._

_Surgeries: were significant for ovarian cyst_

_Medical Problems are significant to HTN, her borderline diabetic. Has heart burn._

_She is currently on tenormin, Diovide, Premarin, medtorg Progesterone tablet._

V.  Alcohol & Substance Use History:

_Has never been addicted to any drug. on + end pot frequency. Never used drugs to nothing. States that pot relaxed her. Started using pot since her accident in 1999. Never abused prescription medication. Never been substance abuse t_

3

**RT A. DIXON**
.NEY AT LAW

_4403 ST. CLAIR AVENUE_
_CLEVELAND, OHIO 44103_
_TELEPHONE 216-432-1992_

July 3, 2007

_Transmitted via facsimile 614-752-1034_
Vincent Lagana, Staff Counsel
Ohio Department of Rehabilitation and Correction
1050 Freeway Drive North
Columbus, OH 43229

_DONNA Roberts_
_# 55376_

Re: Release of Medical Records Pursuant to R.C. §5120.21 for Inmates

Dear Mr. Lagana:

Thank you for your anticipated assistance in helping me to obtain copies of institutional records for my client. Pursuant to R.C. §5120.21(C)(2), I would appreciate you providing me with a copy of Donna Roberts' medical and mental health records from her entry into prison through the present date as soon as possible. An Authorization to Release Information, signed by Ms. Roberts, is enclosed.

I am not requesting Ms. Roberts' complete institutional file at the present time. I am limiting my request to her medical and mental health records as authorized under R.C. §5120.21(C)(2).

I am interested in obtaining copies of all Ms. Roberts' medical and mental health records, and if I need to file a request with another institution or agency to obtain the balance of her records, I would appreciate you advising me of whom I need to contact. Thank you for your cooperation, and please feel free to contact me, should you have any further questions.

Very truly yours,

Robert A. Dixon
RAD/mmp

MH M.3-07



# Mental Health Services
# MEDICATION CONSENT FORM

Inmate Name: Donna Roberts

Inmate Number: 55276

I agree to treatment with the following medications in the dosage recommended to me by the psychiatrist:

1. BUSPAR 10 mg/ day up to 60 mg/ day

2.

3.

I have been made aware that the following are benefits which may occur through taking these medications:

1. Antianxiety

I have been made aware that possible side effects of taking these medications may be:

1. Headaches, dizziness, GI distress, blured vision, fatigue and nervousness

I voluntarily agree to take the medication(s) listed above as prescribed by the psychiatrist. I understand that this permission may be revoked at my discretion. I have had an opportunity to ask any questions I wished to ask.

I have been made aware of alternative treatments.

Physician's Signature: R Varshney

Inmate Signature: verbally Consented

Date: 7/2/07

Witness Signature: Michael Wilson

I have been advised to take the medications listed above but I am unwilling to take the medication as recommended. The possible consequences of not taking the medication have been explained to me.

Specifically:

Could not sign or other in shoulder



# Mental Health Services
## MEDICATION CONSENT FORM

Inmate Name: Donn Robert

Inmate Number: S5276

I agree to treatment with the following medications in the dosage recommended to me by the p:

1. Trazadone   50 – 600mg /day

2.

3.

I have been made aware that the following are benefits which may occur through taking these medi:

Helps with depression in divided doses

Helps with insomnia as single doses

I have been made aware that possible side effects of taking these medications may be:

Hypotension, Confusion, anxiety, malaise, edema, dizz
Pruritus, weight increase, amnesia, dry mouth, myalgi
itching of eye, Phlebitis ? occurs concentration of triglye
inflammation of lips, Photosensitivity of skin

I voluntarily agree to take the medication(s) listed above as prescribed by the psychiatrist. I understand that t
permission may be revoked at my discretion.  I have had an opportunity to ask any questions I wished to ask

I have been made aware of alternative treatments.

Physicians Signature:  RVannL

Inmate Signature:  verbally Consent-l

Date:  7/2/03

Witness Signature:  [signature]

I have been advised to take the medications listed above but I am unwilling to take the medica-
tion as recommended.  The possible consequences of not taking the medication have been
explained to me.

Specifically:

# Interdisciplinary Progress Notes

| Date & Time | Document significant events during clients course of treatment; implementation of treatment plan and response to treatment. Sign and title all notes. |
|---|---|
| 6/26/03 0900 | Admission Intake Screening (S) Inmate seen for DMHS, MH Orientation, Special medication, and Suicide awareness orientation done. Inmate tells me she has depression and anxiety, and currently takes Trazadone, Wellbutrin, Buspar, and Depakote. She does not know the dosages of her medications, however she reports relief of stated symptoms ie: depression, anxiety. (O) Inmate alert, oriented all spheres. Mood euthymic, affect anxious. Speech clear, concise, pressured. (A) MH Admission process completed. (P) Referral to MH Service for appointment with psychiatrist for evaluation and medication management. ⟨signature⟩ |

Continued on reverse side

| Inmate Name: ROBERTS Donna | Number: 55276 |
|---|---|

DRC 5287 (3/00)   INTERDISCIPLINARY PROGRESS NOTES

Name _Donna Marie Roberts_ Inmate Number _53276_  Date _05.14.07_

## Bipolar Group
## PRE TEST

1. What are ~~three~~ 4 symptoms of bipolar disorder that you experience?

   _Sadness, Euphoria, Agitation, Intolerance_

2. On a scale of 1-10, 1 being no symptoms and 10 having symptoms interfere with every part of your daily functioning, how would you rate your bipolar disorder?

   _8_

3. Why is med compliance difficult for some people with bipolar disorder?

   _I have no idea... My compliance was only 95% even though I took all of my meds @ noon and in the evening. Perhaps people do not realize their need of meds._ ?

4. Identify three factors that affect your moods?

   _Inconsideration from others_
   _Meanness purposely from others_
   _Fear_

5. List three ways on how you manage your moods:

   (1) _Meds_
   2. ____
   3 ____

# Rules for the Bipolar Group

1. Regular attendance, arriving on time, and staying for entire session.
   Note: 10 sessions must be attended in order to receive certificate.
2. Completing assignments and participation in group.
3. Respect: "Treat others as you want to be treated". Showing respect to group members includes listening while others are talking without interruptions.
4. Support each other and offer positive feedback.
5. Confidentiality: What happens in group stays in group. Exception is group leader who may consult with other staff. Group leader also has a duty to report any stated intentions of self-harm, harm to others or the security of the institution as well as report any ongoing case of child abuse.
6. No violence. Acting out with physical or verbal violence in the group is ground for dismissal.
7. Along with physical and /or verbal violence, additional reasons that a group member may be dismissed from group are missing more than 2 sessions, breaking confidentiality, and showing a lack of respect for other group members.

I agree to follow all the rules stated above in order to be in the Bipolar Group.

Print Name and Number: _DONNA MARIE ROBERTS_

Signature of Participant: _Donna M Roberts_

Date: _05. 14. 07_

# Mental Health Assessment/R.I.B.

| RIB Case No.: | ORW-07-001016 |
|---|---|

| Inmate Name: ROBERTS, DONNA MARIE | Inmate Number: W55276 |
|---|---|

Is the inmate currently on a mental health case load?     ☑ Yes (refer for mental health assessment)   ☐ No

TO THE HEARING OFFICER:

You must refer the inmate to Mental Health Services if he appears unable to understand what is charged with, what might happen to him or actively participate in an RIB hearing.

| | | | | |
|---|---|---|---|---|
| *Does the inmate know where he is?* | ☑ Yes  ☐ No | *What date it is?* | ☑ Yes | ☐ No |
| *Why he is seeing a hearing officer?* | ☑ Yes  ☐ No | *Is he appropriately dressed?* | ☑ Yes | ☐ No |
| *Is he able to speak coherently?* | ☑ Yes  ☐ No | *Make sense?* | ☑ Yes | ☐ No |
| *Are the inmate's statements logical and organized?* | | ☑ Yes  ☐ No | | |
| *Does inmate avoid eye contact?* | ☐ Yes  ☑ No | | | |
| Should the inmate be referred for Mental Health Services evaluation? | | ☐ Yes  ☑ No | | |

| Hearing Officer: *Linda H Wood* | Date: 01/26/2007 |
|---|---|

## TO BE COMPLETED BY MENTAL HEALTH TREATMENT TEAM

| Date Requested for Consult Received: 01/26/2007 | Date Consult Returned: 01/29/2007 |
|---|---|

| | | |
|---|---|---|
| 1. | Does the inmate have the capacity to participate in the hearing? | ☑ Yes  ☐ No |
| | If NO, why does the inmate not have the capacity? | |
| | If NO, what treatment is contemplated to assist the inmate in acquiring the capacity to participate? | |
| 2. | Are there mental health issues that may have impacted the inmate's behavior at the time of the charge? | ☐ Yes  ☑ No |
| | If YES, briefly describe those issues: | |
| 3. | Are there mental health issues that should be considered regarding disposition of the inmate if found guilty? | ☐ Yes  ☑ No |
| | If YES, briefly describe those issues and their possible relation to the disposition: | |
| 4. | Does mental health staff want to be present at the RIB hearing to provide input regarding the inmate's mental health status? | ☐ Yes  ☑ No |

| Member of Treatment Team: *J. Wallis, MSW, LSW* | Date: 01/29/2007 |
|---|---|

## TO BE COMPLETED BY RULES INFRACTION BOARD

| | | |
|---|---|---|
| 1. | Does the inmate appear to have the capacity to participate in the hearing? | ☐ Yes  ☐ No |
| 2. | Has the Rules Infraction Board considered the recommendation of the treatment team? | ☐ Yes  ☐ No |
| 3. | Does the panel believe the incident occurred as charged? | ☐ Yes  ☐ No |

| Chairman, RIB: | Date: |
|---|---|

## FOR MENTAL HEALTH RECORDS

| | |
|---|---|
| Does the inmate have the capacity to participate in the hearing: | ☐ Yes  ☐ No |
| Mental Health recommended disposition: | ☐ Yes  ☐ No |
| RIB concurred with Mental Health recommendations: | ☐ Yes  ☐ No |

DRC 2530 (Rev  12/05) Distribution: White - Rib File Canary - Mental Health File ACA 4218, 4221, 4222, 4224, 4227, 4229, 4230, 4231

# Mental Health Assessment R.I.B. II

| Inmate Name: Callerty | Inst. Number: 5502 |
|---|---|

Is the inmate currently on a mental health case load?    [X] Yes    [ ] No

## TO THE HEARING OFFICER:

You must refer the inmate to Mental Health Services if he appears unable to understand what he is charged with, what might happen to him or actively participate in an RIB hearing.

*Does the inmate know where he is?* 4    *What date it is?* 4    *Why he is seeing a hearing officer?* 4
*Is he appropriately dressed?* 4    *Is he able to speak coherently?* 4    *Make sense?* 4
*Are the inmate's statements logical and organized, or bizarre?*    *Does inmate avoid eye contact?* 4

Should the inmate be referred for Mental Health Services evaluation?    [ ] Yes    [X] No

| Hearing Officer: | Date: 7-9-05 |
|---|---|

## TO BE COMPLETED BY MENTAL HEALTH TREATMENT TEAM

| Date request for consult received: | Date consult returned: |
|---|---|

1. Is the inmate competent to participate in the hearing?    [ ] Yes    [ ] No
   If NO, why is the inmate not competent?

   If NO, what treatment is contemplated to assist the inmate in becoming competent?

2. Are there mental health issues that may have impacted the inmate's behavior at the time of the charge?    [ ] Yes    [ ] No
   If YES, briefly describe those issues:

3. Are there mental health issues that should be considered regarding disposition of the inmate if found guilty?    [ ] Yes    [ ] No
   If YES, briefly describe those issues and their possible relation to the disposition:

4. Does mental health staff want to be present at the RIB hearing to provide input regarding the inmate's mental health status?    [ ] Yes    [ ] No

| Member of Treatment Team: | Date: |
|---|---|

## TO BE COMPLETED BY RULES INFRACTION BOARD

1. Does the inmate appear to be competent to participate in the hearing?    [X] Yes    [ ] No

2. Has the Rules Infraction Board considered the recommendation of the treatment team?    [X] Yes    [ ] No

3. Does the panel believe the incident occurred as charged?    [X] Yes    [ ] No

| Chairman, RIB: | Date: 7/25/05 |
|---|---|

## FOR MENTAL HEALTH RECORDS

| | | | |
|---|---|---|---|
| Inmate competent to participate in hearing: | [ ] Yes | [ ] No | |
| Mental Health recommended disposition: | [ ] Yes | [ ] No | |
| RIB concurred with Mental Health recommendations: | [ ] Yes | [ ] No | |

DRC 2530 (Rev 4/99)    Distribution: White - Rib File   Canary - Mental Health File    ACA 4218 4221 4222 4224 4227 4229 4230 4231

DONNA ROBERTS v WARDEN
CASE NO. 4:21-cv-00368-DAP
APPENDIX – PAGE 1816

# Mental Health Assessment R.I.B. II

| Inmate Name: Kibuula | Inst. Number: 350/6 |

Is the inmate currently on a mental health case load?  ☒ Yes  ☐ No

## TO THE HEARING OFFICER:

You must refer the inmate to Mental Health Services if he appears unable to understand what he is charged with, what might happen to him or actively participate in an RIB hearing.

*Does the inmate know where he is?* 4   *What date it is?* 4   *Why he is seeing a hearing officer?* 4
*Is he appropriately dressed?* 4   *Is he able to speak coherently?* 4   *Make sense?* 4
*Are the inmate's statements logical and organized, or bizarre?*   *Does inmate avoid eye contact?* c/s

Should the inmate be referred for Mental Health Services evaluation?   ☒ Yes   ☒ No

| Hearing Officer: Sgt J Wood | Date: 7-9-05 |

## TO BE COMPLETED BY MENTAL HEALTH TREATMENT TEAM

| Date request for consult received: | Date consult returned: |

1. Is the inmate competent to participate in the hearing?   ☐ Yes   ☐ No
   If NO, why is the inmate not competent?

   If NO, what treatment is contemplated to assist the inmate in becoming competent?

2. Are there mental health issues that may have impacted the inmate's behavior at the time of the charge?   ☐ Yes   ☐ No
   If YES, briefly describe those issues:

3. Are there mental health issues that should be considered regarding disposition of the inmate if found guilty?   ☐ Yes   ☐ No
   If YES, briefly describe those issues and their possible relation to the disposition:

4. Does mental health staff want to be present at the RIB hearing to provide input regarding the inmate's mental health status?   ☐ Yes   ☐ No

| Member of Treatment Team: | Date: |

## TO BE COMPLETED BY RULES INFRACTION BOARD

1. Does the inmate appear to be competent to participate in the hearing?   ☒ Yes   ☐ No
2. Has the Rules Infraction Board considered the recommendation of the treatment team?   ☒ Yes   ☐ No
3. Does the panel believe the incident occurred as charged?   ☒ Yes   ☐ No

| Chairman, RIB: | Date: 7/25/05 |

## FOR MENTAL HEALTH RECORDS

Inmate competent to participate in hearing:   ☐ Yes   ☐ No
Mental Health recommended disposition:   ☐ Yes   ☐ No
RIB concurred with Mental Health recommendations:   ☐ Yes   ☐ No

DRC 2530 (Rev 4/99)   Distribution: White - Rib File   Canary - Mental Health File   ACA 4218, 4221, 4222, 4224, 4227, 4229, 4230, 4231

# Referral to Mental Health Services

| Inmate name: Roberts | Number: 55276 | Date of Referral: 6-28-05 |
|---|---|---|
| Job: | Lock: Death Row | Unit: |

Urgency Level: ☐ Routine   ☐ ASAP   ☒ Urgent

Dr Nalluri

Reason for Referral: Ms Weaver - the unit manager at NC-called said this inmate was acting strange. When I got there Captain Roberts was there while I talked to her. He said she was disoriented. When I talked to her she was oriented X 4 but she said she got nervous and undoing her blanket and sheet were on the floor. She kept pulling the sheet thru her hands. She said she was trying to fix her bed. She wasn't really trying - she was just moving it around. She said she just started taking a new med that helped her sleep really well. She denied thoughts of self harm. I asked medical to hold her Elavil until you write an order to resume it. I tried to call you but couldn't reach you.

| Referred by: | Phone Ext: |
|---|---|
| Title: L Coss RN | 3120 |

Response:

Inmate was seen by Dr nalluri on 6/28/05 + 6/29/05 by Dr nalluri

| Mental Health Staff Signature: | Date of Response: 7/6/05 |
|---|---|
| Supervisor Signature: | |

# BUREAU OF MENTAL HEALTH SERVICES
## 30/90 Day Segregation Review Report

| Inmate Name: | Roberts | Number: 5-5276 | Date: 11/28/03 |

In accordance with ACA Standards and institution policy, inmates held in a segregation area longer than thirty (30) days, or following each ninety (90) day period thereafter, shall be interviewed by a member of the mental health staff to assess the inmate's basic mental condition. This is done in a face-to-face interview

**Mental Health Assessment:**

### Mental Status Examination (Write a Brief Description)

| | |
|---|---|
| Affect: appropriate | Appearance: clean / neat |
| Concentration: intact | Intellectual Functioning: intact |
| Mood: WNL | Memory: intact |
| Orientation: X 3 | Speech: clear / coherent |
| Other: | |

### Behavioral Observation (Check all Relevant Categories)

- [ ] Aggressive
- [ ] Agitated
- [ ] Delusional
- [x] Eye Contact  good
- [ ] Hallucinating
- [ ] Hyperactivity

- [ ] Irrational
- [ ] Labile
- [ ] Lethargic
- [ ] Loose Associations
- [ ] Manipulative
- [ ] Paranoia

- [ ] Passive
- [x] Rational
- [ ] Terrified/Crying
- [ ] Withdrawn
- [ ] Suicidal
- [ ] Other: _____

Comments: Showing photos of family / dogs

_____

_____

_____

_____

_____

_____

| Signature and Discipline of the Person Completing Review: |

DRC 5205 (6/99)    DISTRIBUTION:    WHITE  Mental Health File    (CANARY  Log

(Death Row)

# BUREAU OF MENTAL HEALTH SERVICES
## 30/90 Day Segregation Review Report

| Inmate Name: Roberts | Number: 55276 | Date: 10/24/'23 |
|---|---|---|

In accordance with ACA Standards and institution policy, inmates held in a segregation longer than thirty (30) days, or following each ninety (90) day period thereafter, shall be viewed by a member of the mental health staff to assess the inmate's basic mental condition is done in a face-to-face interview.

### Mental Health Assessment:

#### Mental Status Examination (Write a Brief Description)

| | | | |
|---|---|---|---|
| Affect: | appropriate / sad | Appearance: | clean / neat / thankful |
| Concentration: | intact | Intellectual Functioning: | intact |
| Mood: | dysphoric | Memory: | intact |
| Orientation: | X4 | Speech: | clear / coherent |
| Other: | | | |

#### Behavioral Observation (Check all Relevant Categories)

- ☐ Aggressive
- ☐ Agitated
- ☐ Delusional
- ☐ Eye Contact
- ☐ Hallucinating
- ☐ Hyperactivity
- ☐ Irrational
- ☐ Labile
- ☐ Lethargic
- ☐ Loose Associations
- ☐ Manipulative
- ☐ Paranoia
- ☐ Passive
- ☐ Rational
- ☐ Terrified/Crying
- ☐ Withdrawn
- ☐ Suicidal
- ☐ Other: _____

Comments: Having down day as this was Mia' B Day otherwise doing OK Has bright light.

| Signature and Discipline of the Person Completing Review | Psych |
|---|---|

DRC 5205 (6/99)   DISTRIBUTION   WHITE Mental Health File   CANARY Log   ACA 34-2a4

*Death row*

# BUREAU OF MENTAL HEALTH SERVICES
## 30/90 Day Segregation Review Repor

| Inmate Name: Robert | Number: 55276 | Date: 8/28/00 |
|---|---|---|

In accordance with ACA Standards and institution policy, inmates held in a segregatio longer than thirty (30) days, or following each ninety (90) day period thereafter, shall be viewed by a member of the mental health staff to assess the inmate's basic mental condition. is done in a face-to-face interview.

### Mental Health Assessment:

#### Mental Status Examination (Write a Brief Description)

| Affect: *appropriate* | Appearance: *clean/neat* |
|---|---|
| Concentration: *intact* | Intellectual Functioning: *intact* |
| Mood: *WNL* | Memory: *intact* |
| Orientation: *X 4* | Speech: *clear/coherent* |
| Other: | |

#### Behavioral Observation (Check all Relevant Categories)

- [ ] Aggressive
- [ ] Agitated
- [ ] Delusional
- [x] Eye Contact *good*
- [ ] Hallucinating
- [ ] Hyperactivity
- [ ] Irrational
- [ ] Labile
- [ ] Lethargic
- [ ] Loose Associations
- [ ] Manipulative
- [ ] Paranoia
- [ ] Passive
- [x] Rational
- [ ] Terrified/Crying
- [ ] Withdrawn
- [ ] Suicidal
- [ ] Other: _____

Comments: *doing OK*
*# eating & sleeping continues poor —*
*life long pattern*
*Denies S.I*
*wishing could have pens etc*
*feeling that biased ?? due to being*
*death row inmate*

Signature and Discipline of the Person Completing Review
*M. Inski RN Psych*

# BUREAU OF MENTAL HEALTH SERVICES
## 30/90 Day Segregation Review Repor

| Inmate Name | Roberts | Number: 5-5276 | Date: 9/24/ |
|---|---|---|---|

In accordance with ACA Standards and institution policy, inmates held in a segregatior longer than thirty (30) days, or following each ninety (90) day period thereafter, shall be viewed by a member of the mental health staff to assess the inmate's basic mental condition is done in a face-to-face interview.

**Mental Health Assessment:**

### Mental Status Examination (Write a Brief Description)

| | | | |
|---|---|---|---|
| Affect: | worried | Appearance: | clean/neat |
| Concentration: | intact | Intellectual Functioning: | intact |
| Mood: | WNL | Memory: | intact |
| Orientation: | x 3 | Speech: | clean/coherent |
| Other: | | | |

### Behavioral Observation (Check all Relevant Categories)

- [ ] Aggressive
- [ ] Agitated
- [ ] Delusional
- [x] Eye Contact good
- [ ] Hallucinating
- [ ] Hyperactivity
- [ ] Irrational
- [ ] Labile
- [ ] Lethargic
- [ ] Loose Associations
- [ ] Manipulative
- [ ] Paranoia
- [ ] Passive
- [x] Rational
- [ ] Terrified/Crying
- [ ] Withdrawn
- [ ] Suicidal
- [ ] Other:

Comments: never had nails clipped
appetite
Sleeping OK
had sonogram - for medical condition -

Signature and Discipline of the Person Completing Review ___ RhD  Psych

DRC 5205 (6/99)  DISTRIBUTION  WHITE  Mental Health File  CANARY  Log

DONNA ROBERTS v WARDEN
CASE NO. 4:21-cv-00368-DAP
APPENDIX – PAGE 1822

## OHIO REFORMATORY FOR WOMEN
## INTER-OFFICE COMMUNICATION

TO:      Lt. V. Canode
             Sgt. C. Rinehart

FROM:   R.L. Brooks, Major

DATE:    7/24/03

SUBJECT:  Death Row
             Inmate Roberts #55276

Inmate Roberts' orientation period will be up on 7/26/03. Please contact Acting Unit Mgr. P. Jordan to determine whether inmate Roberts has completed all of the orientation required for incoming inmates.

Pending completion of the Death Row Policy and Handbook, inmate Roberts will be afforded the following cell privileges.

- Three (3) complete sets of inmate uniforms (orange shirts) – laundered weekly
- Television – Personal
- Walkman type Radio/Cassette Player – Personal
- Commissary privileges the same as Level 4A
- Shower/Shave five (5) times per week
- Exercise -- five (5) times per week – (upon completion of the canopy in the outdoor exercise area, inmate Roberts may exercise in that area during two of her exercise periods, weather permitting, however, this will require an officer to directly supervise)
- Telephone Calls – one call during each recreation period – ten minutes in duration – additional phone calls to her attorney or clergy of record as required and with approval of the Am 4 Supervisor or the Shift Commander
- Programming – contact Helen Brooks, Case Mgr. to begin programming
- Library – legal material and other books provided upon request by kite to the librarian
- Education -- weekly contacts by an education staff person
- Mental Health – at least weekly contacts by Mental Health Staff
- Visits – 5 non-contact visits per month

Additional information will be forthcoming, as it becomes available.

| Cc: | Warden | D.W.S.S. | T. Moorman, MHA | F. Gaieck, Librarian |
|---|---|---|---|---|
| | D.W.O. | Commissary | C. Foster, U.M. | P. Jordan, U.M. |
| | D.W.A. | All Capts. & Lts. | H. Brooks, C.M. | file |

DONNA ROBERTS v WARDEN
CASE NO. 4:21-cv-00368-DAP
APPENDIX – PAGE 1823



Dear Dr. Smith,

I must write to thank you once again. You are a kind, compassionate person — to care these days, especially these, especially for me.

If was really too much for you to do. I say that because I spoke with my sister, Dr. Joy Meyer Shoop, about your good deed. She came to the conclusion that you must have given her your own $$ that I've — you got it set quickly. She — you took a chance on, probably to have repaid. And then Joy sent me like it on your office. Wow.

And again, thank you

Respectfully yours,
Donna Roberts

# Mood Stabilizers

## Lithium

generic

Normal Dosage Range:  *[handwritten]* 300mg — 1200mg/day

Simply defined, mood stabilizers are medicines used in treating mood disorders such as bipolar disorder and depression.  Mood stabilizers are used to treat acute mania, hypomania, and mixed episodes.

### Serious side-effects *(not common)*

- an allergic reaction (difficulty breathing; closing of your throat; swelling of your lips, tongue, or face; or hives)
- blurred vision or eye pain
- nausea, vomiting, or diarrhea
- slurred speech
- extreme drowsiness, weakness, or confusion
- involuntary movements
- ringing in your areas

### Less Serious side-effects

- fine hand tremor
- mild increase in thirst or urination
- a rash
- headache or mild dizziness
- swollen feet or hands

Early symptoms of lithium toxicity include drowsiness, diarrhea, vomiting, and nausea, muscular weakness and impaired coordination. At higher levels, toxic symptoms include dizziness, ringing in the ears (tinnitus), slurred speech, increasing confusion, blurred vision, inability to coordinate movements (ataxia), and twitching of facial muscles and limbs. At very toxic levels, there is danger of death resulting from seizures, arrhythmias, and delirium.

| Physician Signature: *[signature]* | Date: *[handwritten]* 3/12/67 |
|---|---|
| Witness Signature: | Date: |

☐ *Patient was given medication information and education but did not sign due to requiring mandated involuntary medications.*

| Inmate Signature: *[signature]* Donna M Roberts | Inmate Printed Last Name. ROBERTS | Number 55276 |
|---|---|---|

DRC5186 (08/06)



# Mental Health Services
## MEDICATION CONSENT FORM

Inmate Name: Donna Robert —

Inmate Number: 55176

I agree to treatment with the following medications in the dosage recommended to me by the psychia

1. BuPropion 100mg to 450 mg/day

2.

3.

I have been made aware that the following are benefits which may occur through taking these medicatic

Helps with mild to moderate depression & also resistan
depression & ADHD

I have been made aware that possible side effects of taking these medications may be:

↑ risk of seizures, agitation, insomnias, headaches, rest
confusion chills akathisias nausea vomiting

I voluntarily agree to take the medication(s) listed above as prescribed by the psychiatrist. I understand that thi
permission may be revoked at my discretion. I have had an opportunity to ask any questions I wished to ask.

I have been made aware of alternative treatments.

| Physician's Signature: RV | Inmate Signature: verbally consent |
| Date: 7/12/13 | Witness Signature: |

I have been advised to take the medications listed above but I am unwilling to take the medica-
tion as recommended. The possible consequences of not taking the medication have been
explained to me.
Specifically:

Physician's Signature:                                    Inmate Signature:

Note: Stopping of an order is to be written as a specific new order.

## PLEASE PRESS FIRMLY – YOU ARE MAKING TWO COPIES.

| WRITE OR IMPRINT PATIENT INFORMATION | ORDERS |
|---|---|

Run addressograph machine over patient's nameplate only.

ROBERTS, DONNA
# 55276
DOB 5/22/44

Allergies: NKA

Date: 4/17/06 Time: 10:40 Am

METOPROLOL 50 mg PO QD
PREMARIN 0.625 mg PO QD
MEDROXYPROGESTERONE 2.5 mg PO QD
CLONIDINE 0.3 mg PO TID
MAXZIDE 25 mg PO BD
ASTEC 8 mg PO QD

NOTE: If TO – Was order written, read back and verified by Physician? ☐ Yes ☐ No

Unit/Ward: NC

Verification Signature:

Physician Signature:

Nurse Signature: R. M. Parker, LPN

Date: 4/17/06 Time: 10:40 Am    Date: 4/18/06 Time: 1525

---

Roberts
55276
5/22/44

31025510
31025513
31025512
31025511

Allergies:

Date: 5/10/06 Time: 9:07

① Please use Ice Pack 15-30 mg tid X 1 wk
② X-ray of R hip + Pelvis + Lumbo Sacral
③ Lortab 5 mg tid X three months to hold then 60/mo x 2 mo prn.
④ In one mo do CBC + Hematocrit x 3

NOTE: If TO – Was order written, read back and verified by Physician? ☐ Yes ☐ No

Unit/Ward: NC

Verification Signature:

Physician Signature:

Nurse Signature:

Date: Time:    Date: 5/11/06 Time: 1530

---

Roberts
55276
5/22/44

Allergies:

Date: 5/10/06 Time:

⑤ Excercises for low back only

NOTE: If TO – Was order written, read back and verified by Physician? ☐ Yes ☐ No

Unit/Ward: NC

Verification Signature:

Physician Signature:

Nurse Signature:

Date: Time:    Date:

**Note:** Stopping of an order is to be written as a specific new order.

| | | |
|---|---|---|
| PLEASE PRESS FIRMLY – YOU ARE MAKING TWO COPIES. | | |

| WRITE OR IMPRINT PATIENT INFORMATION | ORDERS |
|---|---|

Run addressograph machine *over* patient's nameplate only.

Roberts, Donna
55276

DOB 5.22.44

Allergies:

Date: 4/21/06    Time:

Discharge home in the morning
find to hold Coumadin —
Elant until seen by
Dr. Mellicci on Friday

NOTE: If TO – Was order written, read back and verified by Physician?  ☐ Yes ☐ No

| Unit/Ward: | Verification Signature: | Physician Signature: | Nurse Signature: |
|---|---|---|---|
| | Date:    Time: | Date: 3/22/06 Time: 8:20 | Date: 3/22/06 Time: 0435 |

Roberts, Donna
55276
DOB 5.22.44

Allergies:

Date: 4/14/06    See MD    Time:
Re: banged head C/o pain
NO/S/Fx

NOTE: If TO – Was order written, read back and verified by Physician?  ☐ Yes ☐ No

| Unit/Ward: | Verification Signature: | Physician Signature: | Nurse Signature: |
|---|---|---|---|
| | Date:    Time: | Date: 4/17/06 Time: 1002 | Date:    Time: |

ROBERTS, Donna
# 55276
DOB 5/30/44

Allergies: 3/11/8

Date: 4/11/05    Time: 10:46 AM

(illegible handwritten orders)

NOTE: If TO – Was order written, read back and verified by Physician?  ☐ Yes ☐ No

| Unit/Ward: | Verification Signature: | Physician Signature: | Nurse Signature: |
|---|---|---|---|
| | Date:    Time: | Date:    Time: | Date: 4/19/06 Time: |

Note: Stopping of an order is to be written as a specific new order.

## PLEASE PRESS FIRMLY – YOU ARE MAKING TWO COPIES.

| WRITE OR IMPRINT PATIENT INFORMATION | ORDERS |
|---|---|
| Run addressograph machine over patient's nameplate only. | Allergies: NKDA |

Robert —
# 55276
(4-21-06)

Date: 3/24/06          Time: 11·15 Am
Cont de Pykerer r welbutvin
not farm dolor bm
Penicillin ywears
discontinue Elavil Cymbalta

NOTE: If TO – Was order written, read back and verified by Physician?   ☐ Yes  ☐ No

| Unit/Ward: NC | Verification Signature: | Physician Signature: RV munder | Nurse Signature: |
|---|---|---|---|
| | Date:        Time: | Date: 3/24/06 Time: 11·15 Am | Date: 3/24/06 Time: 214 |

Allergies:

Date:          Time:

NOTE: If TO – Was order written, read back and verified by Physician?   ☐ Yes  ☐ No

| Unit/Ward: | Verification Signature: | Physician Signature: | Nurse Signature: |
|---|---|---|---|
| | Date:        Time: | Date:        Time: | Date:        Time: |

Allergies:

Date:          Time:

NOTE: If TO – Was order written, read back and verified by Physician?   ☐ Yes  ☐ No

| Unit/Ward: | Verification Signature: | Physician Signature: | Nurse Signature: |
|---|---|---|---|
| | Date:        Time: | Date:        Time: | Date: |

**Note:** Stopping of an order is to be written as a specific new order.

| PLEASE PRESS FIRMLY – YOU ARE MAKING TWO COPIES. | |
|---|---|
| **WRITE OR IMPRINT PATIENT INFORMATION** | **ORDERS** |

Run addressograph machine over patient's nameplate only.

Roberts
5 5 2 7 6

30188253D

30188252D

Allergies: NKDA

Date: 3/21/06                Time:

Admit to Infirmary
EKG done
CBC, Chem 20, Amitriptylene &
Nortriptylene & Valproic Acid levels
U/A, C+S
V/S + Neuro checks Q 4 h

NOTE: If TO – Was order written, read back and verified by Physician?  ☐ Yes  ☐ No

| Unit/Ward: | Verification Signature: | | Physician Signature: C.M. Jerkuch | Nurse Signature: M. Hinmin RN |
|---|---|---|---|---|
| | Date: | Time: | Date: 3/21/06  Time: 3:50 | Date: 3.21.06  Time: |

Allergies:

Date:                Time:

Hold Elavil & Cymbalta
Cont'd regular meds – including
BP meds

NOTE: If TO – Was order written, read back and verified by Physician?  ☐ Yes  ☐ No

| Unit/Ward: | Verification Signature: | | Physician Signature: C.M. Jerkuch | Nurse Signature: M. Hinmin RN |
|---|---|---|---|---|
| | Date: | Time: | Date: 3/21/06  Time: 3:52 | Date: 3.21.06  Time: |

Roberts
55276

Allergies: NKDA

Date:                Time:

DC urine C+S (3/21/06 am)

NOTE: If TO – Was order written, read back and verified by Physician?  ☐ Yes  ☐ No

Roberts
55276
D.O.B. 5.22.44
NKDA
SS# 293.38.1661

| Unit/Ward: | Verification Signature: | | Physician Signature: | Nurse Signature: |
|---|---|---|---|---|
| | Date: | Time: | Date: | Date: |

**Note:** Stopping of an order is to be written as a specific new order.

| PLEASE PRESS FIRMLY - YOU ARE MAKING TWO COPIES. | |
|---|---|
| WRITE OR IMPRINT PATIENT INFORMATION | ORDERS |

Run addressograph machine over patient's name plate only.

Allergies: _NKDA_

Date: 1/12/08  Time: 12:30PM

_METOPROLOL 50mg PO BID_
_WARFARIN 0.625mg PO (?)_
_MEDROXYPROGESTERONE 2.5mg PO BID_
_CLONIDINE 0.3mg PO TID_
_MAXZIDE 25mg PO QD_

Unit/Ward: VC

| Verification Signature: | Physician Signature: | Nurse Signature: |
|---|---|---|
| Date: 1/17/08  Time: 12:30PM | Date: 1/17/08  Time: 12:30PM | Date: 1-17-08  Time: 8:30 |

---

Date: NKA 1/12/08  Time: 12:30PM

_IBUPROFEN 25mg PO BID PRN x ___ refills_
_(max 3d/month)_
_ASA EC 81mg PO BID x refills_
_VYTORIN 10/10 1 PO BID x refills_
_MICODC OTC 2cp PO BID x refills_
_COLACE 100mg PO BID PRN x refills_

Unit/Ward: NC

| Verification Signature: | Physician Signature: | Nurse Signature: |
|---|---|---|
| Date:  Time: | Date: 1/12/08  Time: 12:30PM | Date: 1-17-08  Time: 8:30 |

---

Date: 1/12/08  Time: 12:30PM

_BU MAGNESIUM 6AM (if no bowel)_
_once daily_
_LIPITOR 40mg, 1 PO BID_

Unit/Ward: VC

| Verification Signature: | Physician Signature: | Nurse Signature: |
|---|---|---|
| Date:  Time: | Date: 1/17/08  Time: 12:30PM | Date: 1-17-08  Time: 8:30 |

---

Date: 1/11/08  Time: 12:35PM

_Elavil 50mg PO BID x 3month from 1/23/08_
_Wellbutrin SR 200mg PO BID x 3month_
_from 2/13/08  Cymbalta 60mg PO_
_BID x 3month from 1/23/08_
_Seroquel 700mg PO BID x 3month_
_from 2/13/08. Re-schedule 12-14 weeks_

Unit/Ward: NC

| Verification Signature: | Physician Signature: Richard Lee | Nurse Signature: |
|---|---|---|
| Date:  Time: | Date: 1/11/08  Time: 12:35PM | Date: 2/11/01  Time: 1:10 |

Note: Stopping of an order is to be written as a specific new order.

| PLEASE PRESS FIRMLY – YOU ARE MAKING TWO COPIES. | |
|---|---|
| WRITE OR IMPRINT PATIENT INFORMATION | ORDERS |

Run addressograph machine over patient's nameplate only.

ROBERTS
# 5-5276
5/22/44
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

Allergies:

Date: 12/01/05          Time:

VI INDOCIN 25g PO BID PRN          30/MONTH

DSC LONE MONTH

NOTE: If TO – Was order written, read back and verified by Physician?  ☐ Yes  ☐ No

| Unit/Ward: | Verification Signature: | Physician Signature: | Nurse Signature: Byrd |
|---|---|---|---|
| Date: | Time: | Date: 12/01/05  Time: | Date: 12/01/05  Time: |

Roberts
55276
5/22/44

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
RTC 12/21/06

Allergies: NKDA

Date: 12/29/05          Time: 11:00 Am

NOTE: If TO – Was order written, read back and verified by Physician?  ☐ Yes  ☐ No

| Unit/Ward: | Verification Signature: | Physician Signature: RV | Nurse Signature: |
|---|---|---|---|
| Date: | Time: | Date: 12/29/05  Time: 11:00 Am | Date: 12/29/05  Time: 12:15 |

Roberts
55276

Allergies:

Date: 12/30/05          Time:

Indocin 25mg po BID x 34
Zantac 150mg po BID x 3mg

NOTE: If TO – Was order written, read back and verified by Physician?  ☐ Yes  ☐ No

| Unit/Ward: | Verification Signature: | Physician Signature: | Nurse Signature: Johnson |
|---|---|---|---|
| Date: | Time: | Date: 12/ | Date: 12/01/05 |

Note: Stopping of an order is to be written as a specific new order.

| PLEASE PRESS FIRMLY – YOU ARE MAKING TWO COPIES. | |
|---|---|
| **WRITE OR IMPRINT PATIENT INFORMATION** | **ORDERS** |
| Run addressograph machine over patient's nameplate only. | Allergies: NKDA |

Date: 11/2/05 — Time: 11:00 Am

*[handwritten order text, largely illegible]*

NOTE: If TO – Was order written, read back and verified by Physician?  ☐ Yes  ☐ No

| Unit/Ward: NC | Verification Signature: | Physician Signature: RV *(illegible)* | Nurse Signature: *(illegible)* RN |
| | Date: | Time: | Date: 11/2/05  Time: 11:00 M | Date: 11-18-05  Time: 12:30p |

Allergies: NKDA

Date: 11/2/05 — Time: 11:00 Am

*[handwritten order text, largely illegible]*

300715110

NOTE: If TO – Was order written, read back and verified by Physician?  ☐ Yes  ☐ No

| Unit/Ward: | Verification Signature: | Physician Signature: RV *(illegible)* | Nurse Signature: *(illegible)* RN |
| | Date: | Time: | Date: 11/2/05  Time: 11:00 A M | Date: 11-18-05  Time: 12:30p |

Allergies:

Date: 11/01/00 — Time:

*[handwritten order text, largely illegible]*
DO NOT TAKE ON EMPTY STOMACH

COLACE 100g PO 2 DAY

NOTE: If TO – Was order written, read back and verified by Physician?  ☐ Yes  ☐ No

| Unit/Ward: | Verification Signature: | Physician Signature: | Nurse Signature: |
| | Date: | Time: | Date:  Time: | Date:  Time: |

DMH 0020 (Rev. 2004)

Note: Stopping of an order is to be written as a

**PLEASE PRESS FIRMLY - YOU ARE MAKING TWO COPIES.**

| WRITE OR IMPRINT PATIENT INFORMATION | ORDERS |
|---|---|

Run addressograph machine over patient's name plate only.

Allergies: NKDA

Robert —
# 55276

Date: 9/22/05   Time: 12·00 pm

Wellbutrin SR 100mg PB BID x 3 months from
9/22/05 de Paxcon 7.5mg PB PM x 3 months
hospital PB — Elevil 25mg PB PM x 3 months from
9/22/05 — cymbalta 60mg PB AM x 3 months
hospital 7/05 — Racillin 2 ½ min

| Unit/Ward: | Verification Signature: | Physician Signature: RV smith | Nurse Signature: SM Ott — N |
|---|---|---|---|
| NC RX | Date:   Time: | Date: 9/22/n   Time: 12·00 pm | Date: 9-22-05   Time: 1225 |

Date: 10/25/05

Roberts
55276

Glaucoma Ophthalmic Solution
II gtts to affected eye Q4h
x F wk

| Unit/Ward: | Verification Signature: | Physician Signature: CM Obi — | Nurse Signature: J Ryan-RN |
|---|---|---|---|
| | Date:   Time: | Date: 10/25/05   Time: 8:50 AM | Date: 10-25-05   Time: 1006 |

ROBERTS, DONNA
# 55276
DOB 5/22/44
NDI

Date: 10-31-05   Time: NOON

METAMCI 50mg PO QD
MAXZIDE 25mg PO QD
PANTOP OTC 20mg PO BID
CRENIDIWE 0.3mg PO TID      + TO
VYTORIN 10/10 1mg PO QD      DOTP
ASA EC 81mg PO QD

| Unit/Ward: | Verification Signature: | Physician Signature: | Nurse Signature: |
|---|---|---|---|
| | Date: 11/1/05   Time: 13A | Date: 10/31/05   Time: NOON | Date:   Time: |

ROBERTS, D
# 55276
NDI

Date: 10-31-05   Time: NOON

FM DCCN 50mg PO BID PRN (#50/month) + Every
PREMARIN 0.625mg PO QD × Every
MEDROX 1000 605 PO BID 2.5mg PO QD × Every
BIL MAMMOGRAM
LIPID PANEL; CMP x1

| Unit/Ward: | Verification Signature: | Physician Signature: | Nurse Signature: |
|---|---|---|---|
| | Date: 11/16/05   Time: PBC | Date: 10/31/05   Time: NOON | Date:   Time: |

Note: Stopping of an order is to be written as a specific ...

## PLEASE PRESS FIRMLY - YOU ARE MAKING TWO COPIES.

| WRITE OR IMPRINT PATIENT INFORMATION | ORDERS |
|---|---|
| Run addressograph machine over patient's name plate only. | Allergies: NKDA |

Date: 8/26/05 — Time: 11:10 Am

Robert —
# 55276
9-23-05 11A

DOB

TFlui 25mg BJ Pux 3 month from 8/26/05 —
depakote 750mg AM Pux 3 month from
8/26/05 — wellbutrin SR 200mg A Am Pux
from 8/26/05 — cymbalta 60mg A Am Pux
3 month from 8/26/05 — Recotin x week

| Unit/Ward: NC | Verification Signature: | Physician Signature: RV _____ | Nurse Signature: _____ |
|---|---|---|---|
| | Date: Time: | Date: 8/26/05 Time: 1110 M | Date: 8/24/05 Time: 110p |

Date: 8/26/05 — Time: 11:10 Am

Robert —
# 55276
All: NKDA
9-23-05 11A

DOB

Dc Remeron stat —

| Unit/Ward: NC | Verification Signature: | Physician Signature: RV _____ | Nurse Signature: _____ |
|---|---|---|---|
| | Date: Time: | Date: 8/26/05 Time: 1110 M | Date: 8/24/05 Time: 110 |

Date: Time:

| Unit/Ward: | Verification Signature: | Physician Signature: | Nurse Signature: |
|---|---|---|---|
| | Date: Time: | Date: Time: | Date: Time: |

Date: Time:

| Unit/Ward: | Verification Signature: | Physician Signature: | Nurse Signature: |
|---|---|---|---|
| | Date: Time: | Date: Time: | Date: Time: |

DOCTOR'S ORDERS

Note: Stopping of an order is to be written as a specific new order.

| PLEASE PRESS FIRMLY - YOU ARE MAKING TWO COPIES. | |
|---|---|
| **WRITE OR IMPRINT PATIENT INFORMATION** | **ORDERS** |

Run addressograph machine over patient's name plate only.

Allergies: NKDA

Robert
# 55276
DOB 5-22-44
(8-26
11.00)

Date: 8/16/05 — Time: 12:05 PM
↓ Flux 25 mg B/Phm 9month start
start - Remeron 15 mg B/Phm month
from 8/20/05 — Rucillin 2 week
cont - cymbalta, wellbutrin + depths
at the same dose sh—

Unit/Ward: NC

Physician Signature: RV _____ Date: 8/16/05 Time: 12:05 P

Nurse Signature: _____ Date: 8/16/05 Time: 12p

ROBERTS DONNA

Date: 08/3/05 — Time: 9:30 AM
FOLLOW-UP _ OCC _
EMIT

Verification Signature: _____ Date: 8/31/05 Time: 9:30

Physician Signature: _____ Date: 08/3/05 Time:

Nurse Signature: _____ Date: Time:

Date: _____ Time:

Unit/Ward: Verification Signature: Date: Time: / Physician Signature: Date: Time: / Nurse Signature: Date: Time:

Date: _____ Time:

Unit/Ward: Verification Signature: Date: Time: / Physician Signature: Date: Time: / Nurse Signature: Date: Time:

DOCTOR'S ORDERS

Note: Stopping of an order is to be written as a specific new order.

| PLEASE PRESS FIRMLY - YOU ARE MAKING TWO COPIES. | |
|---|---|
| WRITE OR IMPRINT PATIENT INFORMATION | ORDERS |

Run addressograph machine over patient's name plate only.

Allergies:

DONNA
ROBERD
#55276

Date: 08/29/05    Time: 9:45 AM

3 *month* PROVERA 2.5 *mg* PO 3 *day*

3 *month* PREMARIN .625 → PO 3 *day*

3 *month* NOOGIO 50 PO BID *x30*

| Unit/Ward: | Verification Signature: | Physician Signature: | Nurse Signature: |
|---|---|---|---|
| | Date:    Time: | Date: 08/29    Time: | Date: 8/30/05    Time: 12 |

DONNA
ROBERTS
#55276

Date: 08/29/05    Time: 9:45 AM

RTC w/ Dutert

| Unit/Ward: | Verification Signature: | Physician Signature: | Nurse Signature: |
|---|---|---|---|
| | Date:    Time: | Date: 08/29    Time: | Date: 8/30    Time: 12 |

| Unit/Ward: | Verification Signature: | Physician Signature: | Nurse Signature: |
|---|---|---|---|
| | Date:    Time: | Date:    Time: | Date:    Time: |

| Unit/Ward: | Verification Signature: | Physician Signature: | Nurse Signature: |
|---|---|---|---|
| | Date:    Time: | Date:    Time: | Date:    Time: |

DMH-0020 (Rev 11/01)    Distribution: White - Medical

**Note:** Stopping of an order is to be written as a specific new order.

| PLEASE PRESS FIRMLY – YOU ARE MAKING TWO COPIES. | |
|---|---|
| **WRITE OR IMPRINT PATIENT INFORMATION** | **ORDERS** |

Run addressograph machine over patient's nameplate only.

DONNA
ROBERTS
#55276

Allergies:

Date: 08/03/05    Time: 1030AM

CBC & DIFF ☑
CHEM. PAUSE
MRI SCAN OF HEAD
MEMORY DEFICIT & TREAMENT
OPTOMETRY CONSULT

NOTE: If TO – Was order written, read back and verified by Physician?  ☐ Yes  ☐ No

| Unit/Ward: | Verification Signature: | Physician Signature: | Nurse Signature: m.llowh |
|---|---|---|---|
| | Date:        Time: | Date: 08/03   Time: 05 | Date: 8/3/05  Time: 1030 |

Allergies:                                    30130063

Date: 08/03/05    Time: 1030AM

THYROID FUNCTION PANEL
TSH, T4

NOTE: If TO – Was order written, read back and verified by Physician?  ☐ Yes  ☐ No

| Unit/Ward: | Verification Signature: | Physician Signature: | Nurse Signature: m.llowh |
|---|---|---|---|
| | Date:        Time: | Date: 08/03/05 | Date: 8/3/05  Time: 1030 |

DONNA
ROBERTS
#55276

Allergies:

Date: 08/29/05    Time: 945AM

3 mth METOPROLOL 50 PO 2 DAY
3 mth CLONIDINE .3 mg PO TID
3 mth MAXIDE 25 + 683 PO 2 DAY
3 mth ASA 81 PO 2 DAY
3 mth ZYFLU 10 MB PO 2DAY
3 mth GLOBE 50 L PO TID

NOTE: If TO – Was order written, read back and verified by Physician?  ☐ Yes  ☐ No

| Unit/Ward: | Verification Signature: ubaughen | Physician Signature: | Nurse Signature: |
|---|---|---|---|
| | Date: 8/31/05  Time: 930 | Date: 8/29/05  Time: | Date:        Time: |

DMH-0020 (Rev. 2/04)    Distribution: White – Medical Record, Green – Pharmacy, Canary – Dietary

**PHYSICIAN'S ORDERS**
DMH-MedR-1016

Corrections Medical Cent~ ~aboratory
1990 Harmon Ave; Columbus, OH 43223
Martin Akusoba, MD, CMC Medical Director
Michael Maymind, MD, Laboratory Director

Date ' ~ged. 4/13/2007
Date o~ Collection: 4/13/2007
Time of Collection: 1300
Completion Date: 4/16/2007

---

**Facility:** OHIO REFORMATORY FOR WOMEN, 1479 COLLINS AVENUE, MARYSVILLE, OH
**Name:** ROBERTS, DONNA        **DOB:** 5/22/1944        **Ordering Doctor:** Unknown
**Inmate #:** W055276        **Order Type:** Medical        **Request Type:**        **Sex:** F
**Sample Identification #:** 31145053

---

*Microbiology Culture Scan Results*

Source          urine
Results         Positive
Colony Count

| Test | Isolate 1 | Isolate 2 | Isolate 3 |
|------|-----------|-----------|-----------|
| Isolate | E. faecalis | | |
| Growth | >100 | | |
| Panel | Panel PC21 | | |
| Biotype | 607757646 | | |
| Ampicillin | S | | |
| B-Hemolytic | N | | |
| Ciprofloxacin | S | | |
| Gem Synergy Scr | R | | |
| Gentamicin Synergy | R | | |
| Nitrofurantoin | S | | |
| Penicllin | S | | |
| Thymidine-Dependent | P | | |
| Vancomycin | S | | |

Sample Identification #: 31145053  Name: ROBERTS, DONNA  Inmate #: W055276

RECEIVED
APR 1 6 2007
BY:------------------

**Corrections Medical Center Laboratory**
**1990 Harmon Ave; Columbus, OH 43223**
**Martin Akusoba, MD, CMC Medical Director**
**Michael Maymind, MD, Laboratory Director**

Date Logged: 3/30/2007
Date of Collection: 3/30/2007
Time of Collection: 0600
Completion Date: 3/30/2007

**Facility:** OHIO REFORMATORY FOR WOMEN, 1479 COLLINS AVENUE, MARYSVILLE, OH
**Name:** ROBERTS, DONNA     **DOB:** 5/22/1944     **Ordering Doctor:** SPAGNA
**Inmate #:** W055276     **Order Type:** Medical     **Request Type:**     **Sex:** F
**Sample Identification #:** 31145683

| Test Name | Result | Code | Units | F Low | . | F High | Normals |
|---|---|---|---|---|---|---|---|
| *Service Group: CHEMISTRY* | | | | | | | |
| UREA NITROGEN | 19 | | mg/dL | 6 | . | 20 | |
| CREATININE | 1.2 | HIGH | mg/dL | 0.6 | . | 1.1 | |
| GLUCOSE | 116 | HIGH | mg/dL | 70 | . | 105 | |
| POTASSIUM | 4.4 | | mmol/L | 3.4 | | 5.1 | |
| BUN/CREATININE RATIO | 15.8 | | RATIO | 12.0 | | 20.0 | |
| CHLORIDE | 106 | | mmol/L | 98 | | 107 | |
| HCO3 | 27 | | meq/L | 20 | . | 31 | |
| SODIUM | 141 | | mmol/L | 136 | | 145 | |

Sample Identification #: 31145683 Name: ROBERTS, DONNA Inmate #: W055276



**Corrections Medical Cent.. Laboratory**
**1990 Harmon Ave; Columbus, OH  43223**
**Martin Akusoba, MD, CMC Medical Director**
**Michael Maymind, MD, Laboratory Director**

Date Logged: 2/20/2007
Date of Collection: 2/20/2007
Time of Collection:
Completion Date: 2/20/2007

Facility: OHIO REFORMATORY FOR WOMEN, 1479 COLLINS AVENUE, MARYSVILLE, OH
Name: ROBERTS, DONNA          DOB: 5/22/1944          Ordering Doctor: SPAGNA
Inmate #: W055276          Order Type: Medical          Request Type:          Sex: F
Sample Identification #: 31075641

| Test Name | Result | Code | Units | F Low | - | F High | Normals |
|---|---|---|---|---|---|---|---|
| **Service Group: CHEMISTRY** | | | | | | | |
| ALBUMIN | 4.0 | | g/dL | 3.4 | | 4.8 | |
| ALK PHOS | 46 | | U/L | 25 | | 100 | |
| UREA NITROGEN | 18 | | mg/dL | 0 | | 20 | |
| T.BILIRUBIN | 0.3 | | mg/dL | 0.3 | | 1.2 | |
| CALCIUM | 9.6 | | mg/dL | 8.6 | | 10.0 | |
| CHOLESTEROL | 160 | | mg/dL | 50 | | 200 | |
| CREATININE | 1.0 | | mg/dL | 0.6 | | 1.1 | |
| GLUCOSE | 120 | HIGH | mg/dL | 70 | | 106 | |
| HDL | 44 | | mg/dL | 40 | | 85 | |
| CH/HDL | 3.7 | LOW | RATIO | 4.0 | | 6.7 | |
| LDL(cal) | 62 | LOW | MG/DL | 100 | | 127 | |
| VLDL(cal) | 54 | HIGH | MG/DL | 0 | | 42 | |
| PHOSPHOROUS | 4.6 | HIGH | mg/dL | 2.7 | | 4.5 | |
| LD | 161 | | U/L | 100 | | 190 | |
| POTASSIUM | 4.1 | | mmol/L | 3.4 | | 5.1 | |
| ALT-ACTIVATED | 15 | | U/L | 7 | | 35 | |
| AST-ACTIVATED | 21 | | U/L | 13 | | 35 | |
| TOTAL PROTEIN | 7.5 | | g/dL | 6.4 | | 8.3 | |
| TRIGLYCERIDE | 272 | HIGH | mg/dL | 50 | | 249 | |
| URIC ACID | 5.4 | | mg/dL | 2.6 | - | 6.0 | |
| A/G | 1.1 | | RATIO | 1.1 | - | 1.9 | |
| BUN/CREATININE RATIO | 18.0 | | RATIO | 12.0 | - | 20.0 | |
| CHLORIDE | 103 | | mmol/L | 98 | | 107 | |
| HCO3 | 25 | | meq/L | 20 | | 31 | |
| GLOBULIN | 3.5 | | G/DL | 2.3 | | 3.5 | |
| SODIUM | 138 | | mmol/L | 136 | | 145 | |
| **Service Group: CHEMSPEC** | | | | | | | |
| TSH | 5.13 | | uIU/ML | 0.35 | | 5.50 | |
| FREE T4 | 1.39 | | ng/dL | 0.89 | | 1.76 | |
| **Service Group: URINE** | | | | | | | |
| AMORPH | 1.0 | | | | | | |
| URN.WBC | 15-29/HPF | | | | | | |
| COLOR | YELLOW | | | | | | YELLOW |
| CLARITY | CLEAR | | | | | | CLEAR |
| pH | 5.5 | | | 5.0 | | 7.5 | |
| SPECIFIC GRAVITY | 1.012 | | | 1.010 | | 1.025 | |
| GLUCOSE | NEGATIVE | | MG/DL | | | | NEGATIVE |
| KETONES | NEGATIVE | | MG/DL | | | | NEGATIVE |
| PROTEIN | NEGATIVE | | MG/DL | | | | NEGATIVE |
| BILIRUBIN | NEGATIVE | | | | | | NEGATIVE |
| OCCULT BLOOD | NEGATIVE | | | | | | NEGATIVE |
| LEUXOCYTES | MODERATE | | | | | | NEGATIVE |
| NITRATES | NEGATIVE | | | | | | NEGATIVE |

| UROBILINOGEN | 0.2 | E U /D | 0.1 | 1.0 |

Sample Identification #: 31075641 Name: ROBERTS, DONNA Inmate #: W055276





**Corrections Medical Cente Laboratory**
**1990 Harmon Ave; Columbus, OH 43223**
**Martin Akusoba, MD, CMC Medical Director**
**Michael Maymind, MD, Laboratory Director**

Date Logged: 11/27/2006
Date of Collection: 11/27/2006
Time of Collection: 0735
Completion Date: 11/27/2006

**Facility:** OHIO REFORMATORY FOR WOMEN, 1479 COLLINS AVENUE, MARYSVILLE, OH
**Name:** ROBERTS, DONNA          **DOB:** 5/22/1944          **Ordering Doctor:** SPAGNA
**Inmate #:** W055276          **Order Type:** Medical          **Request Type:**          **Sex:** F
**Sample Identification #:** 31100423

| Test Name | Result | Code | Units | F Low | - | F High | Normals |
|---|---|---|---|---|---|---|---|
| *Service Group: CHEMISTRY* | | | | | | | |
| CHOLESTEROL | 226 | HIGH | mg/dL | 50 | - | 200 | |
| HDL | 49 | | mg/dL | 40 | - | 85 | |
| CH/HDL | 4.7 | | RATIO | 4.0 | - | 6.7 | |
| TRIGLYCERIDE | 529 | HIGH | mg/dL | 50 | - | 249 | |
| *Comment:* VLDL AND LDL CAN NOT BE CALCULATED IF TRIG IS GREATER THAN 400. | | | | | | | |

Sample Identification #: 31100423 Name: ROBERTS, DONNA Inmate #: W055276

Corrections Medical Center Laboratory
1990 Harmon Ave; Columbus, OH 43223
Martin Akusoba, MD, CMC Medical Director
Michael Maymind, MD, Laboratory Director

Date Lo    d: 8/23/2006
Date of Collection: 8/23/2006
Time of Collection: 0710
Completion Date: 8/23/2006

Facility: OHIO REFORMATORY FOR WOMEN, 1479 COLLINS AVENUE, MARYSVILLE, OH
Name: ROBERTS, DONNA          DOB: 5/22/1944          Ordering Doctor: SPAGNA
Inmate #: W055276          Order Type: Medical          Request Type:          Sex: F
Sample Identification #: 31047125

| Test Name | Result | Code | Units | F Low | - | F High | Normals |
|---|---|---|---|---|---|---|---|
| **Service Group: CHEMISTRY** | | | | | | | |
| UREA NITROGEN | 19 | | mg/dL | 6 | | 20 | |
| CHOLESTEROL | 153 | | mg/dL | 50 | | 200 | |
| CREATININE | 1.0 | | mg/dL | 0.6 | | 1.1 | |
| GLUCOSE | 89 | | mg/dL | 70 | | 106 | |
| HDL | 39 | LOW | mg/dL | 40 | | 85 | |
| CH/HDL | 3.9 | LOW | RATIO | 4.0 | . | 6.7 | |
| POTASSIUM | 4.1 | | mmol/L | 3.4 | | 5.1 | |
| TRIGLYCERIDE | 500 | HIGH | mg/dL | 50 | . | 249 | |
| *Comment:* VLDL AND LDL CAN NOT BE CALCULATED IF TRIG IS GREATER THAN 400. | | | | | | | |
| BUN/CREATININE | 18.6 | | RATIO | 12.0 | | 20.0 | |
| CHLORIDE | 103 | | mmol/L | 98 | | 107 | |
| HCO3 | 25 | | meq/L | 20 | | 31 | |
| SODIUM | 137 | | mmol/L | 136 | | 145 | |

Sample Identification #. 31047125 Name: ROBERTS, DONNA Inmate #. W055276

CMC Medical Lab Orders                                                                                    Page 21 o

**Corrections Medical Center Laboratory**             Date Logged: 7/6/2006
**1990 Harmon Ave; Columbus, OH  43223**              Date of Collection: 7/6/2006
**Martin Akusoba, MD, CMC Medical Director**          Time of Collection: 1022
**Michael Maymind, MD, Laboratory Director**          Completion Date: 7/6/2006

---

**Facility:** ORW, 1479 COLLINS AVENUE, MARYSVILLE, OH
**Name:** ROBERTS, DONNA          **DOB:** 5/22/1944              **Ordering Doctor:** HELD
**Inmate #:** W055276          **Order Type:** Medical          **Request Type:**          **Sex:** F
**Sample Identification #:** 31024397

| Test Name | Result | Code | Units | F Low | - | F High | Normals |
|-----------|--------|------|-------|-------|---|--------|---------|
| *Service Group: HEMO* | | | | | | | |
| WBC | 5.4 | | K/UL | 4.8 | - | 10.8 | |
| NEU | 55.6 | | % | 44.4 | | 70.9 | |
| NEU ABS | 3.0 | | K/UL | 2.1 | - | 7.7 | |
| MONO | 6.3 | | % | 4.7 | | 13.5 | |
| MONO ABS | 0.3 | | K/UL | 0.2 | | 1.5 | |
| LYM | 37.5 | | % | 19.2 | | 41.3 | |
| LYM ABS | 2.0 | | K/UL | 0.9 | | 4.5 | |
| EOS | 0.3 | LOW | % | 0.8 | | 7.2 | |
| EOS ABS | 0.0 | LOW | K/UL | 0.1 | | 0.8 | |
| BASO | 0.3 | | % | 0.0 | | 2.2 | |
| BASO ABS | 0.0 | LOW | K/UL | 0.0 | - | 0.2 | |
| RBC | 4.00 | LOW | M/UL | 4.20 | | 5.40 | |
| HGB | 12.8 | | G/DL | 12.0 | - | 16.0 | |
| HCT | 38 | | % | 37 | - | 47 | |
| MCV | 93.7 | | FL. | 81.0 | - | 99.0 | |
| MCH | 32.0 | HIGH | PG. | 27.0 | | 31.0 | |
| MCHC | 34.1 | | G/DL | 33.0 | | 36.0 | |
| PLT | 390 | | K/UL | 130 | | 400 | |
| MPV | 8.9 | | FL. | 7.4 | | 10.4 | |
| RDW | 13.3 | | % | 11.5 | - | 14.5 | |

Sample Identification #: 31024397 Name: ROBERTS, DONNA Inmate #: W055276

LAB RECEIVED
AT ORW
ON        2006
JAS

CMC Medical Lab Orders

**Corrections Medical Center Laboratory**          Date Logged: 6/14/2006
**1990 Harmon Ave; Columbus, OH 43223**          Date of Collection: 6/14/2006
**Martin Akusoba, MD, CMC Medical Director**          Time of Collection: 0855
**Michael Maymind, MD, Laboratory Director**          Completion Date: 6/14/2006

Facility: ORW, 1479 COLLINS AVENUE, MARYSVILLE, OH
**Name:** ROBERTS, DONNA          **DOB:** 5/22/1944          **Ordering Doctor:** HELD
**Inmate #:** W055276          **Order Type:** Medical          **Request Type:**          **Sex:** F
**Sample Identification #:** 31025510

| Test Name | Result | Code | Units | F Low | - | F High | Normals |
|---|---|---|---|---|---|---|---|
| Service Group: HEMO | | | | | | | |
| WBC | 5.5 | | K/UL | 4.8 | - | 10.8 | |
| NEU | 43.6 | LOW | % | 44.4 | - | 70.9 | |
| NEU ABS | 2.4 | | K/UL | 2.1 | - | 7.7 | |
| MONO | 6.6 | | % | 4.7 | - | 13.5 | |
| MONO ABS | 0.4 | | K/UL | 0.2 | - | 1.5 | |
| LYM | 47.6 | HIGH | % | 19.2 | - | 41.3 | |
| LYM ABS | 2.6 | | K/UL | 0.9 | - | 4.5 | |
| EOS | 1.6 | | % | 0.8 | - | 7.2 | |
| EOS ABS | 0.1 | LOW | K/UL | 0.1 | - | 0.8 | |
| BASO | 0.6 | | % | 0.0 | - | 2.2 | |
| BASO ABS | 0.0 | LOW | K/UL | 0.0 | - | 0.2 | |
| RBC | 3.93 | LOW | M/UL | 4.20 | - | 5.40 | |
| HGB | 12.6 | | O/DL | 12.0 | - | 16.0 | |
| HCT | 36 | LOW | % | 37 | - | 47 | |
| MCV | 92.6 | | FL. | 81.0 | - | 99.0 | |
| MCH | 32.0 | HIGH | PG. | 27.0 | - | 31.0 | |
| MCHC | 34.5 | | G/DL | 33.0 | - | 36.0 | |
| PLT | 427 | HIGH | K/UL | 130 | - | 400 | |
| MPV | 8.2 | | FL. | 7.4 | - | 10.4 | |
| RDW | 13.7 | | % | 11.5 | - | 14.5 | |

Sample Identification #: 31025510 Name: ROBERTS, DONNA Inmate #: W055276

LAB RECEIVED
AT 5PM
ON: 1003

CMC Medical Lab Orders                                                           Page 86 of

**Corrections Medical Center Laboratory**          Date Logged: 3/22/2006
**1990 Harmon Ave; Columbus, OH 43223**            Date of Collection: 3/22/2006
**Martin Akusoba, MD, CMC Medical Director**       Time of Collection: 0312
**Michael Maymind, MD, Laboratory Director**       Completion Date: 3/30/2006

Facility: ORW, 1479 COLLINS AVENUE, MARYSVILLE, OH
Name: ROBERTS, DONNA          DOB: 5/22/1944          Ordering Doctor: MOSHER
Inmate #: W055276          Order Type: Medical          Request Type:          Sex: F
Sample Identification #: 30188253D

| Test Name | Result | Code | Units | F Low | - | F High | Normals |
|-----------|--------|------|-------|-------|---|--------|---------|
| *Service Group: CHEMISTRY* | | | | | | | |
| A/G | 1.1 | LOW | RATIO | 1.1 | | 1.9 | |
| ALBUMIN | 3.8 | | g/dL | 3.4 | - | 4.8 | |
| ALK PHOS | 55 | | U/L | 25 | - | 100 | |
| ALT-ACTIVATED | 29 | | U/L | 7 | | 35 | |
| AST-ACTIVATED | 43 | HIGH | U/L | 13 | - | 35 | |
| HCO3 | 26 | | meq/L | 20 | | 31 | |
| T.BILIRUBIN | 0.4 | | mg/dL | 0.3 | | 1.2 | |
| BUN/CREATININE | 19.6 | | RATIO | 12.0 | | 20.0 | |
| CALCIUM | 8.7 | | mg/dL | 8.6 | | 10.0 | |
| CHLORIDE | 100 | | mmol/L | 98 | | 107 | |
| CHOLESTEROL | 165 | | mg/dL | 50 | | 200 | |
| CREATININE | 0.8 | | mg/dL | 0.6 | | 1.1 | |
| GLOBULIN | 3.5 | HIGH | G/DL | 2.3 | | 3.5 | |
| GLUCOSE | 151 | HIGH | mg/dL | 70 | | 106 | |
| LD | 232 | HIGH | U/L | 100 | | 190 | |
| PHOSPHOROUS | 4.0 | | mg/dL | 2.7 | | 4.5 | |
| POTASSIUM | 3.6 | | mmol/L | 3.4 | | 5.1 | |
| SODIUM | 140 | | mmol/L | 136 | | 145 | |
| TOTAL PROTEIN | 7.3 | | g/dL | 6.4 | | 8.3 | |
| TRIGLYCERIDE | 636 | HIGH | mg/dL | 50 | | 249 | |
| UREA NITROGEN | 16 | | mg/dL | 6 | | 20 | |
| URIC ACID | 9.1 | HIGH | mg/dL | 2.6 | | 6.0 | |
| *Service Group: HEMO* | | | | | | | |
| WBC | 7.6 | | K/UL | 4.8 | | 10.8 | |
| NEU | 62.3 | | % | 44.4 | | 70.9 | |
| NEU ABS | 4.7 | | K/UL | 2.1 | | 7.7 | |
| MONO | 5.4 | | % | 4.7 | | 13.5 | |
| MONO ABS | 0.4 | | K/UL | 0.2 | | 1.5 | |
| LYM | 30.0 | | % | 19.2 | | 41.3 | |
| LYM ABS | 2.3 | | K/UL | 0.9 | | 4.5 | |
| EOS | 2.0 | | % | 0.8 | | 7.2 | |
| EOS ABS | 0.2 | | K/UL | 0.1 | | 0.8 | |
| BASO | 0.3 | | % | 0.0 | | 2.3 | |
| BASO ABS | 0.0 | LOW | K/UL | 0.0 | | 0.2 | |
| RBC | 3.71 | LOW | M/UL | 4.20 | | 5.40 | |
| HGB | 11.0 | LOW | G/DL | 12.0 | | 16.0 | |
| HCT | 35 | LOW | % | 37 | | 47 | |
| MCV | 95.0 | | FL | 81.0 | | 99.0 | |
| MCH | 32.3 | HIGH | PG | 27.0 | | 31.0 | |

LAB RECEIVED AT ORW ON APR 2006 JAS

CMC Medical Lab Orders                                                                 Page 87 of

| | | | | | |
|---|---|---|---|---|---|
| MCHC | 34.0 | | G/DL | 33.0 | 36.0 |
| PLT | 185 | | K/UL | 130 | 400 |
| MPV | 7.9 | | FL | 7.4 | 10.4 |
| RDW | 11.4 | | % | 11.5 | 14.5 |

*Service Group: OSU TESTS*

| | | | |
|---|---|---|---|
| Amitriptyline | 217.0 | | ng/mL |

Comment: (Amitriptyline+Nortriptyline) Therapeutic 150-250 ng/mL Potentially toxic range: > 500 ng/mL

| | | | |
|---|---|---|---|
| Nortriptyline | 234.0 | | ng/mL |

Comment: Therapeutic level: 50-150 ng/mL Potentially toxic level: > 500 ng/mL

*Service Group: TDM*

| | | | | | |
|---|---|---|---|---|---|
| VALPROIC ACID | 28.0 | LOW | ug/mL | 50.0 | 100.0 |

Sample Identification #: 30188253D  Name: ROBERTS, DONNA  Inmate # W055276

LAB RECEIVED
AT DRH
ON APR 26 2006
JAS

CMC Medical Lab Results Report

**Corrections Medical Center Laboratory**
**1990 Harmon Ave; Columbus, OH 43223**
**Martin Akusoba, MD, CMC Medical Director**
**Michael Maymind, MD, Laboratory Director**

Date Logged: 2/14/2006
Date of Collection: 2/14/2006
Time of Collection: 0850
Completion Date: 2/14/2006

**Facility:** ORW, 1479 COLLINS AVENUE, MARYSVILLE, OH
**Name:** ROBERTS, DONNA        **DOB:** 5/22/1944        **Ordering Doctor:** SPAGNA
**Inmate #:** W055276        **Order Type:** Medical        **Request Type:**        **Sex:** F
**Sample Identification #:** 30184085d

| Test Name | Result | Code | Units | F Low | · | F High | Normals |
|---|---|---|---|---|---|---|---|
| *Service Group: CHEMISTRY* | | | | | | | |
| HCO3 | 25 | | meq/L | 20 | · | 31 | |
| BUN/CREATININE | 18.1 | | RATIO | 12.0 | | 30.0 | |
| CHLORIDE | 99 | | mmol/L | 98 | · | 107 | |
| CHOLESTEROL | 166 | | mg/dL | 50 | | 200 | |
| CREATININE | 0.9 | | mg/dL | 0.6 | | 1.1 | |
| GLUCOSE | 120 | HIGH | mg/dL | 70 | | 106 | |
| HDL | 46 | | mg/dL | 40 | | 85 | |
| CH/HDL | 3.6 | LOW | RATIO | 4.0 | | 6.7 | |
| POTASSIUM | 4.0 | | mmol/L | 3.4 | | 5.1 | |
| SODIUM | 138 | | mmol/L | 136 | | 145 | |
| TRIGLYCERIDE | 510 | HIGH | mg/dL | 50 | | 249 | |

Comment: LDL and VLDL cannot be calculated when triglycerides are greater than 400mg/dl

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| UREA NITROGEN | 16 | | mg/dL | 6 | | 20 | |

Sample Identification #: 30184085d Name: ROBERTS, DONNA Inmate #: W055276



LAB RECEIVED
AT OEW
ON MAR 10 2006

**Corrections Medical Center Laboratory**
**1990 Harmon Ave; Columbus, OH 43223**
**Martin Akusoba, MD, CMC Medical Director**
**Michael Maymind, MD, Laboratory Director**

Date Logged: 2/14/2006
Date of Collection: 2/14/2006
Time of Collection: 0850
Completion Date: 2/14/2006

**Facility:** ORW, 1479 COLLINS AVENUE, MARYSVILLE, OH
**Name:** ROBERTS, DONNA          **DOB:** 5/22/1944          **Ordering Doctor:** SPAGNA
**Inmate #:** W055276          **Order Type:** Medical          **Request Type:**          **Sex:** F
**Sample Identification #:** 30184085d

| Test Name | Result | Code | Units | F Low | - | F High | Normals |
|---|---|---|---|---|---|---|---|
| *Service Group: CHEMISTRY* | | | | | | | |
| HCO3 | 25 | | meq/L | 20 | - | 31 | |
| BUN/CREATININE | 18.1 | | RATIO | 12.0 | - | 30.0 | |
| CHLORIDE | 99 | | mmol/L | 98 | | 107 | |
| CHOLESTEROL | 166 | | mg/dL | 50 | | 200 | |
| CREATININE | 0.9 | | mg/dL | 0.6 | - | 1.1 | |
| GLUCOSE | 120 | HIGH | mg/dL | 70 | - | 106 | |
| HDL | 46 | | mg/dL | 40 | - | 85 | |
| CH/HDL | 3.6 | LOW | RATIO | 4.0 | - | 6.7 | |
| POTASSIUM | 4.0 | | mmol/L | 3.4 | - | 5.1 | |
| SODIUM | 138 | | mmol/L | 136 | - | 145 | |
| TRIGLYCERIDE | 510 | HIGH | mg/dL | 50 | - | 249 | |

Comment: LDL and VLDL cannot be calculated when triglycerides are greater than 400mg/dl

| UREA NITROGEN | 16 | | mg/dL | 6 | | 20 | |

Sample Identification #: 30184085d Name: ROBERTS, DONNA Inmate #: W055276

LAB RECEIVED
AT ORW
ON MAR 7 2006
JAS

Corrections Medical Center Laboratory
1990 Harmon Ave; Columbus, Ohio 43223
Martin Akusoba, MD, Medical Director
Michael Maymind, MD, Laboratory Director

Date of Collection: 07/31/2003
Date Logged: 08/05/2003
Date of Completion 08/18/2003
Date of This Report: 08/18/2003

Facility: OHIO REFORMATORY FOR WOMEN, 1479 COLLINS AVENUE, MARYSVILLE, OH; Med Dir: DR. IKE
Patient Name: ROBERTS                    DONNA            DOB: 05/22/1944      Ordering Doctor: IKE
Patient #:  W055276                          Sex: F        Ward: AR4D

Sample Identification#:  C14411

## Service Group: Cytology

Source of Specimen: CervicalVaginal

Date of LMP:

Routine Examination?: Yes          History of Cancer?: No

Previous Cytology: Neg.

Previous Treatment:

Additional Information: Estrogen Replacement    x 4 years
Clinical History: left Salpingectomy 1962
                          MENOPAUSAL:1998

Statement on Specimen Adequacy:  Satisfactory for evaluation.

Diagnosis:     Negative for intraepithelial lesion or malignancy.

Comments:

Performed By:  Michele Listebarger, CT (ASCP)

*The Pap smear is not a diagnostic procedure and should not be used as the sole means to detect cervical cancer. It is only a screening test to aid in the detection of cervical cancer and its precursors. Due to false-negative results, an annual Pap smear is recommended.*

CMC Medical Lab Orders

Page 66 of 84

**Corrections Medical Center Laboratory**
**1990 Harmon Ave; Columbus, OH  43223**
**Dr Martin Akusoba, CMC Medical Director**
**Dr. Michael Maymind, MD Director**

Date Logged: 6/27/2003
Date of Collection: 6/27/2003
Time of Collection: 0910
Report Date: 7/1/2003

**Facility:** OHIO REFORMATORY FOR WOMEN , 1479 COLLINS AVENUE , MARYSVILLE , OH
**Name:** ROBERTS , DONNA          **DOB:** 5/22/1944          **Ordering Doctor:** IKE
**Inmate #:** W055276          **Order Type:** Medical          **Request Type:**          **Sex:** F
**Sample Identification #:** 20214056

| Test Name | Result | Code | Units | F Low | - | F High |
|-----------|--------|------|-------|-------|---|--------|
| **Service Group: CHEMISTRY** | | | | | | |
| ALT-ACTIVATED | 16 | | IU/L | 10 | - | 35 |
| CHOLESTEROL | 207 | | MG/DL | 100 | - | 240 |
| GLUCOSE | 116 | HIGH | MG/DL | 70 | - | 105 |
| HDL | 46 | | MG/DL | 30 | - | 85 |
| CH/HDL | 4.5 | | RATIO | 4.0 | - | 6.7 |
| TRIGLYCERIDE | 580 | HIGH | MG/DL | 35 | - | 135 |
| **Service Group: CHEMSPEC** | | | | | | |
| BETA HCG | <2.0 | | mIU/ML | 0.0 | - | 5.0 |
| FREE T4 | 0.83 | | ng/dL | 0.71 | - | 1.85 |
| THYROXIN (T-4) | 7.5 | | UG/DL | 4.5 | - | 12.0 |
| TSH | 0.77 | | uIU/ML | 0.49 | - | 4.67 |
| **Service Group: HEMO** | | | | | | |
| WBC | 7.8 | | K/UL | 4.8 | - | 10.8 |
| RBC | 4.02 | LOW | M/UL | 4.20 | - | 5.4 |
| HGB | 13.3 | | G/DL | 12.0 | - | 16.0 |
| HCT | 38 | | % | 37 | - | 47 |
| MCV | 94.8 | | FL. | 81.0 | - | 99.0 |
| MCH | 32.9 | HIGH | PG | 27.0 | - | 31.0 |
| MCHC | 34.7 | | G/DL | 33.0 | - | 37.0 |
| RDW | 12.1 | | % | 11.5 | - | 14.5 |
| PLT | 319 | | K/UL | 130 | - | 400 |
| MPV | 8.0 | | | | | |
| **Service Group: IMMUNO** | | | | | | |
| HIV-1/HIV-2 | NON-REACTIVE | | | | | |
| **Service Group: SERO** | | | | | | |
| RPR | NON-REACTIVE | | | | | |
| **Service Group: TDM** | | | | | | |
| VALPROIC ACID | 29.3 | LOW | | | | |

Sample Identification #: 20214056   Name: ROBERTS   Inmate #: W0552

CMC Medical Lab Orders

**Corrections Medical Center Laboratory**
**1990 Harmon Ave; Columbus, OH  43223**
**Dr Martin Akusoba, CMC Medical Director**
**Dr. Michael Maymind, MD Director**

Date Logged: 8/4/2003
Date of Collection: 7/31/2003
Time of Collection: 1115
Report Date: 8/7/2003

**Facility:** OHIO REFORMATORY FOR WOMEN , 1479 COLLINS AVENUE , MARYSVILLE , OH
**Name:** ROBERTS , DONNA          **DOB:** 5/22/1944          **Ordering Doctor:** IKE
**Inmate #:** W055276          **Order Type:** Medical          **Request Type:**          **Sex:** F
**Sample Identification #:** 20214055

Service Group: IMMUNO

Chlamydia DNA Probe                    Negative
Gonorrhea DNA Probe                    Negative

Sample Identification #: 20214055   Name: ROBERTS   Inmate #: W055276

8/4/03

DONNA ROBERTS v WARDEN
CASE NO. 4:21-cv-00368-DAP
APPENDIX – PAGE 1853

CMC Medical Lab Orders                                                    Page 82 of 107

**Corrections Medical Center Laboratory**          Date Logged: 6/27/2003
**1990 Harmon Ave; Columbus, OH  43223**           Date of Collection: 6/27/2003
**Dr Martin Akusoba, CMC Medical Director**        Time of Collection: 0910
**Dr. Michael Maymind, MD Director**               Report Date: 6/30/2003

**Facility:** OHIO REFORMATORY FOR WOMEN , 1479 COLLINS AVENUE , MARYSVILLE , OH
**Name:** ROBERTS , DONNA          **DOB:** 5/22/1944          **Ordering Doctor:** IKE
**Inmate #:** W055276          **Order Type:** Medical          **Request Type:**          **Sex:** F
**Sample Identification #:** 20214056

*null 7-1-0 JDI*

| Test Name | Result | Code | Units | F Low | - | F High |
|-----------|--------|------|-------|-------|---|--------|
| **Service Group: CHEMISTRY** | | | | | | |
| ALT-ACTIVATED | 16 | | IU/L | 10 | - | 35 |
| CHOLESTEROL | 207 | | MG/DL | 100 | - | 240 |
| GLUCOSE | 116 | HIGH | MG/DL | 70 | - | 105 |
| HDL | 46 | | MG/DL | 30 | - | 85 |
| CH/HDL | 4.5 | | RATIO | 4.0 | - | 6.7 |
| TRIGLYCERIDE | (580) | HIGH | MG/DL | 35 | - | 135 |
| | | | | | | |
| **Service Group: CHEMSPEC** | | | | | | |
| BETA HCG | <2.0 | | mIU/ML | 0.0 | - | 5.0 |
| FREE T4 | 0.83 | | ng/dL | 0.71 | - | 1.85 |
| THYROXIN (T-4) | 7.5 | | UG/DL | 4.5 | - | 12.0 |
| TSH | 0.77 | | uIU/ML | 0.49 | - | 4.67 |
| **Service Group: HEMO** | | | | | | |
| WBC | 7.8 | | K/UL | 4.8 | - | 10.8 |
| RBC | 4.02 | LOW | M/UL | 4.20 | - | 5.4 |
| HGB | 13.3 | | G/DL | 12.0 | - | 16.0 |
| HCT | 38 | | % | 37 | - | 47 |
| MCV | 94.8 | | FL | 81.0 | - | 99.0 |
| MCH | 32.9 | HIGH | PG | 27.0 | - | 31.0 |
| MCHC | 34.7 | | G/DL | 33.0 | - | 37.0 |
| RDW | 12.1 | | % | 11.5 | - | 14.5 |
| PLT | 319 | | K/UL | 130 | - | 400 |
| MPV | 8.0 | | | | | |
| **Service Group: IMMUNO** | | | | | | |
| HIV-1/HIV-2 | Pending | | | | | |
| **Service Group: SERO** | | | | | | |
| RPR | NON-REACTIVE | | | | | |
| **Service Group: TDM** | | | | | | |
| VALPROIC ACID | 29.3 | LOW | | | | |

Sample Identification #: 20214056    Name: ROBERTS    Inmate #: W0552

# Corrections Medical Center

1990 Harmon Ave., Columbus OH 43223-0658
(614)445-5960  **Radiology: ext. 2734**    11/28/2006

ROBERTS            W055276      ORW        657962A

HIP                                        11/20/2006

RIGHT HIP, TWO VIEWS

Including AP view of the pelvis
The appearance is unchanged from a study done in May with mild marginal arthritic changes. Joint space is not markedly narrowed and the femoral head remains smooth. No acute findings are noted in the bony pelvis.

Thomas T. Fox, M.D.                    rjy              11/22/2006  12:00      electronically signed

*professional radiology services by* **Mid-Ohio Radiology, Inc.**

## Corrections Medical Center

1990 Harmon Ave., Columbus OH 43223-0658
(614)445-5960  Radiology: ext. 2734      11/28/2006

ROBERTS          W055276      ORW        657962B

SACRO-ILIAC                   11/20/2006

SACRUM, AP AND LATERAL VIEWS

There is accentuation of lumbosacral angle. To the extent of visualization the sacrum appears intact with no definite fracture or other acute abnormalities noted.

Thomas T. Fox, M.D.                rjy          11/22/2006  12:00      electronically signed

*professional radiology services by* **Mid-Ohio Radiology, Inc.**

DONNA ROBERTS v WARDEN
CASE NO. 4:21-cv-00368-DAP
APPENDIX – PAGE 1856

## Corrections Medical Center

1990 Harmon Ave., Columbus OH 43223-0658
(614)445-5960  Radiology: ext. 2734    7/7/2006

| ROBERTS | W055276 | ORW | 647064 |
|---------|---------|-----|--------|

MAMMOGRAM                                07/01/2006

SCREENING MAMMOGRAPHY

Three views each side.
Comparison 8/23/04
There is moderately dense glandular tissue in the conus area on each side. There are stable punctate calcifications within the glandular tissue centrally and laterally.  No suspicious mass or clustered microcalcifications is seen.

IMPRESSION;  Negative with stable benign calcifications bilaterally.  Routine screening is recommended in one year.

Birad: Benign.

*S. Douglas Haas, M.D.*

S Douglas Haas, M.D                          rjy                    7/6/2006  12:00:0(    electronically signed

*professional radiology services by* Mid-Ohio Radiology, Inc.

## Corrections Medical Center

1990 Harmon Ave., Columbus OH 43223-0658
(614)445-5960  Radiology: ext. 2734    5/22/2006

ROBERTS          W055276    ORW    263299B

HIP                          05/17/2006

RIGHT HIP, TWO VIEWS INCLUDING AP VIEW PELVIS

Mild surrounding arthritic changes involving the right hip is unchanged from January 2005.  The joint space is not markedly narrowed and the contour of the femoral head remains smooth.  No acute bony abnormalities were noted.

Thomas T. Fox, M.D.                      rjy            5/19/2006  12:00:    electronically signed

*professional radiology services by* **Mid-Ohio Radiology, Inc.**

## Corrections Medical Center

1990 Harmon Ave., Columbus OH 43223-0658
(614)445-5960  Radiology: ext. 2734          5/22/2006

ROBERTS              W055276      ORW      263299A

LUMBAR SPINE                     05/17/2006

THREE VIEWS

I see no change from a study done in October 2004. No malalignment or compression deformities are seen and I  believe the disc spaces are maintained. Increased density over the lower facet joints again suggest arthropathy better evaluated with oblique projections.

Thomas T. Fox, M.D.                    rjy              5/19/2006  12:00:t      electronically signed

*professional radiology services by* Mid-Ohio Radiology, Inc.

# Corrections Medical Center

1990 Harmon Ave., Columbus OH 43223-0658
(614)445-5960  Radiology: ext. 2734        8/27/04

ROBERTS              W055276      ORW      261900

MAMMOGRAM                         08/23/2004

SCREENING MAMMOGRAM:

Three views of the right side and two views of the left on 8/23/04. No previous exams are available. An additional MLO view of the right side was obtained for positioning. There is moderately dense glandular tissue centrally and anteriorly on each side with partially confluent soft tissue densities which limit mammography.  No suspicious mass or microcalcification is seen.

IMPRESSION:  Routine screening is recommended in one year.

Birad;  Negative

*S. Douglas Haas, M.D.*

S. Douglas Haas, M.D.                    rjy              8/26/04  12:00:00A      electronically signed

*professional radiology services by* Mid-Ohio Radiology, Inc.

# Tuberculosis Medical History

| Inmate Name: Roberts, Donna | | | Number: WO5276 | |
|---|---|---|---|---|
| Institution: ORW | | Race: white | Sex: ♀ | DOB: 09/22/1944 |

☐ Positive TB Test          ☐ Positive HIV          ☐ Immunosuppressant Therapy

If history of positive TB test but no documentation to confirm found, mark X by positive TB test (Even if history is questionable). Last PPD results, if hx positive PPD, are mm documented? Has inmate received follow up? CXR/AFB results? Past treatment dates documented?

10/2006  Lot# 27627  Exp. 10/2007

## Skin Test

| Date Administered: 10/10/06 | Administered By: Deene | Date Read: 10-12-06 | Results in mm: 0mm |
|---|---|---|---|
| Date Administered: | Administered By: | Date Read: | Results in mm: |
| Date Administered: | Administered By: | Date Read: | Results in mm: |

SYMPTOMS: (To be asked if PPD is read as >5mm including those with positive history of skin test who have not been treated)

☐ Chronic cough (hangs on a long time) usually associated with sputum production   ☐ Spitting up Blood   ☐ Fever/Chills

☐ Unexplained weight loss      ☐ Fatigue (feeling tired all the time)      ☐ Night sweats      ☐ Weakness

☐ Anorexia - Loss of Appetite

## Chest X-Rays

| Date: | Results:  ☐ Normal   ☐ Abnormal |
|---|---|

X-Ray Findings:

## Sputums

| First: | Date Obtained: | Smear Results: | Culture Results: |
|---|---|---|---|
| Second: | Date Obtained: | Smear Results: | Culture Results: |
| Third: | Date Obtained: | Smear Results: | Culture Results: |

Liver Profile Date Drawn: _____    HIV Drawn: _____

| Treatment Started: (MM/DD/YR) | Medication and Duration: | | | |
|---|---|---|---|---|
| INH: | RiF: | EMB: | PZA: | Other: |

☐ Old Positive      ☐ New Positive      ☐ Convertor      ☐ Contact      ☐ Entrance      ☐ Routine

| Forms Completed by: | Date Infect. Disease Coordinator Notified & By Whom: |
|---|---|

DRC 5187  (Rev 04/04)

# Tuberculosis Medical History

| Inmate Name: Roberts | | | Number: 55276 | |
|---|---|---|---|---|
| Institution: ORW | Race: W | Sex: F | DOB: 5-22-44 | |

☐ Positive TB Test          ☐ Positive HIV          ☐ Immunosuppressant Therapy

If history of positive TB test but no documentation to confirm found, mark X by positive TB test (Even if history is questionable) Last PPD results, if hx positive PPD, are mm documented? Has inmate received follow up? CXR/AFB results?  Past treatment dates documented?

_____

_____

_____

## Skin Test

| Date Administered: 10-4-05  LFA | Administered By: OM Hinnisen | Date Read: 10/4/05 | Results in mm: X - TB |
|---|---|---|---|
| Date Administered: | Administered By: | Date Read: | Results in mm: |
| Date Administered: | Administered By: | Date Read: | Results in mm: |

SYMPTOMS: (To be asked if PPD is read as >5mm including those with positive history of skin test who have not been treated)

☐ Chronic cough (hangs on a long time) usually associated with sputum production  ☐ Spitting up Blood          ☐ Fever/Chills

☐ Unexplained weight loss          ☐ Fatigue (feeling tired all the time)          ☐ Night sweats          ☐ Weakness

☐ Anorexia - Loss of Appetite

## Chest X-Rays

| Date: | Results: ☐ Normal  ☐ Abnormal |
|---|---|

X-Ray Findings:

## Sputums

| First: | Date Obtained: | Smear Results: | Culture Results: |
|---|---|---|---|
| Second: | Date Obtained: | Smear Results: | Culture Results: |
| Third: | Date Obtained: | Smear Results: | Culture Results: |

Liver Profile Date Drawn: _____          HIV Drawn: _____

| Treatment Started: (MM/DD/YR) | Medication and Duration: | | | |
|---|---|---|---|---|
| INH: | RIF: | EMB: | PZA: | Othe |

☐ Old Positive          ☐ New Positive          ☐ Convertor          ☐ Contact          ☐ Entran

| Forms Completed by: | Date Infect. Disease Coordinator Notified & |
|---|---|

DRC 5187  (Rev 04/04)

# Tuberculosis Medical History

| Inmate Name: Roberts | | | Number: WO55276 | |
|---|---|---|---|---|
| Institution: ORW | Race: | | Sex: F | DOB: |

☐ Positive TB Test         ☐ Positive HIV         ☐ Immunosuppressant Therapy

If history of positive TB test but no documentation to confirm found, mark X by positive TB test (Even if history is questionable). Last PPD results, if hx positive PPD, are mm documented? Has inmate received follow up? CXR/AFB results? Past treatment dates documented?

_____

_____

_____

## Skin Test

| Date Administered: Lot 054749 9-21-04  exp 4/06 | Administered By: JMReyhnar | Date Read: 9-23-04 | Results in mm: 0 mm |
|---|---|---|---|
| Date Administered: | Administered By: | Date Read: | Results in mm: |
| Date Administered: | Administered By: | Date Read: | Results in mm: |

SYMPTOMS: (To be asked if PPD is read as >5mm including those with positive history of skin test who have not been treated)
☐ Chronic cough (hangs on a long time) usually associated with sputum production  ☐ Spitting up Blood    ☐ Fever/Chills
☐ Unexplained weight loss         ☐ Fatigue (feeling tired all the time)    ☐ Night sweats    ☐ Weakness
☐ Anorexia - Loss of Appetite

## Chest X-Rays

| Date: | Results:    ☐ Normal    ☐ Abnormal |
|---|---|

X-Ray Findings:

## Sputums

| First: | Date Obtained: | Smear Results: | Culture Results: |
|---|---|---|---|
| Second: | Date Obtained: | Smear Results: | Culture Results: |
| Third: | Date Obtained: | Smear Results: | Culture Results: |

## Liver Profile Date Drawn: _____   HIV Drawn: _____

| Treatment Started: (MM/DD/YR) | | Medication and Duration: | | | |
|---|---|---|---|---|---|
| INH: | RIF: | EMB: | PZA: | | Other: |
| ☐ Old Positive | ☐ New Positive | ☐ Convertor | ☐ Contact | ☐ Entrance | ☐ Routine |
| Forms Completed by: | | | Date Infect. Disease Coordinator Notified & By Whom: | | |

DRC 5187  [Rev 04/04)



## Ohio Department of Rehabilitation and Corrections
# Immunization Record

☐ **PPD Positive prior to entering Prison System**
When: _____ Where: _____

## PPD (Tuberculin)

| Date Given | Site | Lot. No. | Exp. Date | Nurse | Date Read | Results in mm | Nurse |
|---|---|---|---|---|---|---|---|
| 6/26/03 | LFA | 0021 3A | 04/04 | N Smith RN | 4/24/03 | 0mm | C Dunbar RN |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |

# Immunization

| Medication | Date Given | Site | Lot No./Exp. Date | Nurse |
|---|---|---|---|---|
| Tetanus Toxoid/Dipth. |  |  |  |  |
| Influenza (annual) | 11/8/03 | L arm | Q 1145 A14 6·30·04 |  |
| Pneumovax (every 7 years) |  |  |  |  |
| Hep. A |  |  |  |  |
| Hep. B 1st dose |  |  |  |  |
| Hep. B 2nd dose |  |  |  |  |
| Hep. B 3rd dose |  |  |  |  |
| OTHER: |  |  |  |  |

| NAME ROBERTS, Donna M | NUMBER WO 55276 | SEX Female | RACE W |
|---|---|---|---|

DRC 5035 (Rev. 1/00) ORW adaptation 11-12-02

# Initial Medical/Mental Health/Substance Use Screening

Provide information in the *Comment* section for all questions answered *yes*.
**All information is based upon self report of inmate.**

| | | |
|---|---|---|
| Date of Interview: 22 June 03 | Signature/Title of Interviewer: *[illegible]* | |
| Time of Interview: 6:35 | Institution: O.R.W. | Printed Name/Title of Interviewer: Smith RN |
| Date of Arrival at Institution: 6/26/03 | Time of Arrival at Institution: 1:34 | Received from: TRUMBULL |
| Inmate Name: ROBERTS, DONNA | | Inmate Number: WO55276 |

| # | Yes | No | | |
|---|---|---|---|---|
| 1 | ☑ Yes | ☐ No | History of outpatient mental health treatment | *[illegible]* |
| 2 | ☑ Yes | ☐ No | History of inpatient treatment | *[illegible] Rx* |
| 3 | ☑ Yes | ☐ No | History of head injury | *[illegible] (#3)* |
| 4 | ☐ Yes | ☑ No | History of violent behavior | *[illegible]* |
| 5 | ☐ Yes | ☑ No | History of suicide attempts** | |
| 6 | ☐ Yes | ☑ No | Current suicidal thoughts** | |
| 7 | ☐ Yes | ☑ No | Current suicide plan** | |
| 8 | ☐ Yes | ☑ No | Ability to carry out current suicide plan** | |
| 9 | ☑ Yes | ☐ No | Unusual behavior/affect** | |
| 10 | ☐ Yes | ☑ No | Current psychotropic medications (see current medication on medical form) | |
| 11 | ☐ Yes | ☑ No | Hallucinations** | |
| 12 | ☑ Yes | ☐ No | Was this inmate on caseload at sending institution. If discharged, give date: | |

Yes responded to items with ** should be referred for either immediate attention or evaluation as dictated by the individual circumstances.

**Comments:** *[illegible] SP, Buspar, Paxil, Ativan, Vistaril*

☑ Yes  ☐ No  Mental health orientation information given to inmate

## MENTAL HEALTH DISPOSITION (Check one or more)

| | | Allergies NKDA |
|---|---|---|
| ☐ Yes ☐ No | Crisis/Safe cell assignment requested | |
| ☑ Yes ☐ No | Special housing assignment requested | |
| ☐ Yes ☐ No | Routine housing requested *[illegible] RESTRICTIONS* | |
| ☐ Yes ☐ No | Emergency mental health referral | |

## MEDICAL DISPOSITION

| | | | | |
|---|---|---|---|---|
| ☐ Yes ☑ No | Special Needs Unit | ☐ Yes ☑ No | Emergency Transport |
| ☐ Yes ☐ No | Infirmary Admission | ☑ Yes ☐ No | Routine Housing |
| ☐ Yes ☑ No | Physical Referral | | |

## SUBSTANCE USE SCREENING

☐ Yes ☑ No  History of alcohol and drug problem.
☐ Yes ☑ No  Previous alcohol and drug treatment.
☐ Yes ☑ No  History of alcohol and drug problem when ceasing use.

| | | | Date of Last Use | Method | Frequency |
|---|---|---|---|---|---|
| Alcohol | ☑ Yes | ☐ No | | | |
| Amphetamines | ☐ Yes | ☐ No | | | |
| Cannabis | ☑ Yes | ☐ No | *[illegible]* | *2* | *[illegible]* |
| Cocaine | ☐ Yes | ☐ No | | | |
| Hallucinogens | ☐ Yes | ☐ No | | | |
| Inhalants | ☐ Yes | ☐ No | | | |
| Nicotine | ☐ Yes | ☐ No | | | |
| Opiates | ☐ Yes | ☐ No | | | |
| Phencyclidine | ☐ Yes | ☐ No | | | |
| Sedatives | ☐ Yes | ☐ No | | | |

**Frequency of Use Codes:**
1 = Less than 12 times yearly
2 = Once per month
3 = Twice per month
4 = Once per week
5 = 2 times per week
6 = More than 3 times per week
7 = Daily
8 = Binge

**Method of Administration Coding:**
1 = Oral
2 = Intravenous
3 = Subcutaneous
4 = Inhalation
5 = Intranasal
6 = Smoking
7 = Freebase
8 = Other

DRC5170 (Rev. 1/00)   Distribution:  White - Mental Health   Canary - Medical   ACA 4273 4292 4337 4343 4344 4345

# Health History

Page 1

Reporter: ☒ Self ☐ Interpreter ☐ Translator

Name of Interpreter or Translator, if applicable (printed)

Title:

Marital Status: WIDOW

Maiden Name: ROBERTS

Date of Birth: 05/22/44    Age: 59    Religion: JEWISH    Race: W

## Family History: (f) father, (m) mother, (s) sister, (b) brother, (g) grandparent, (n/a) not applicable

| | f | m | s | b | g | n/a | | f | m | s | b | g | n/a | | f | m | s | b | g | n/a |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Anemia | | ☑ | | | | | Epilepsy/Seizures | | | | | | ☑ | Mental Illness | | | | | | ☑ |
| Asthma | | | | | | ☑ | Heart disease | | ☑ | | | | | Sickle Cell | | | | | | ☑ |
| Cancer | | | | | | ☑ | Hepatitis | | | | | | ☑ | T.B. | | | | | | ☑ |
| Diabetes | | | | | | ☑ | Hypertension | | ☑ | | | | | Other: ∅ | | | | | | |

Next of Kin: refer DRC 5328   Relationship:   Address:

Telephone (including area code):

Covered by Health Insurance? Yes ☐ No ☒   Name of Insurer:

GLASSES NONE   Temp.: 98⁸   Pulse: 87 96   Resp.: 16   B/P: 150/90   Height: 4'10"   Weight: 166 lbs.
Sure
L Contact R+B   Allergies: 0853 120/80

Vision Screening:

| Right without eyeglasses: | With eyeglasses: | Left without eyeglasses: | With eyeglasses: |
|---|---|---|---|

Hearing Impairment: Right Ear ☑ Yes ☑ No(se) Left Ear ☐ Yes ☑ No   R+ ear otitis currently on Amox.
Cursory Dental Screening: ☐ Good ☑ Fair ☐ Poor

## Personal History (place check in appropriate block at left of each item):

| | Yes No | | | Yes No | | | Yes No | | | Yes No | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | ☐ ☑ | Acute skin diseases | 11 | ☐ ☑ | Diabetes | 20 | ☐ ☑ | Hernia | 30 | ☐ ☑ | Stab Wound |
| 2 | ☐ ☑ | Amputations | 12 | ☑ ☐ | Ear, nose or throat trouble | 21 | ☑ ☐ | High or low blood pressure | 31 | ☑ ☐ | Stomach, liver or intestinal trouble |
| 3 | ☐ ☑ | Anemia undx | 13 | ☐ ☑ | Epilepsy | 22 | ☐ ☑ | I.V. drug user | 32 | ☐ ☑ | Thyroid problems |
| 4 | ☑ ☐ | Arthritis undx | 14 | ☐ ☑ | Eye disorder | 23 | ☐ ☑ | Measles ? | 33 | ☐ ☑ | Tuberculosis positive PPD |
| 5 | ☐ ☑ | Asthma | 15 | ☐ ☑ | Gun Shot Wound | 24 | ☑ ☐ | Mumps | | | |
| 6 | ☐ ☑ | Blood transfusion | 16 | ☑ ☐ | Heart problems | 25 | ☐ ☑ | Paralysis | 34 | ☑ ☐ | Tumor, growth, cyst OVARY 1962 L SALPING. |
| 7 | ☑ ☐ | Bone, joint or other deformity | 17 | ☐ ☑ | Hemophiliac or bleeding disorder | 26 | ☐ ☑ | Rheumatic fever | 35 | ☐ ☑ | Urinary problems |
| 8 | ☐ ☑ | Cancer | | | | 27 | ☐ ☑ | S.T.D. | | | |
| 9 | ☐ ☑ | Chicken pox ? | 18 | ☑ ☐ | Hemorrhoids | 28 | ☐ ☑ | Shortness of breath | | | |
| 10 | ☐ ☑ | Chronic cough | 19 | ☐ ☑ | Hepatitis | 29 | ☐ ☑ | Sinusitis | | | |

Hospitalizations / Medical & Psychiatric / Past Five years or Major Hospitalizations (When, Where, Why):
4/99 Rib Fx 2/00-4  1962 L SALPING.
BILAT "4or5 Ribs"  TEA 1947

Current Health Problems: 4 dysf. ("depression & anxiety")

Current Medications: Wellbutrin SR, Benadryl, Depakue, Trazadone   ☑ Verified   ☐ Not Verified
Buspirone, Premarin/medroxy, ASA, TYL, Zantac

Signature/Title of Interviewer: R. Smith RN   Date: 26 June 2003

Inmate Name (Last, First, Middle Initial): ROBERTS, DONNA   Inmate Number: 55276   Institution:

DRC5031 (REV 11/99)   ACA 4343 through 4346, 4376   MEDICAL

DONNA ROBERTS v WARDEN
CASE NO. 4:21-cv-00368-DAP
APPENDIX – PAGE 1866

State of Ohio
Department of Rehabilitation and Correction

# Physical Examination

Page 2

☐ Recep. Intake
☐ Other

## Check Item if Abnormal:

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 1 | ☒ | skin | 10 | ☐ | mouth | 19 | ☐ | musculoskeletal |
| 2 | ☐ | gait | 11 | ☐ | neck | 20 | ☐ | extremities |
| 3 | ☐ | speech | 12 | ☐ | chest | 21 | ☐ | neurological |
| 4 | ☐ | scalp | 13 | ☐ | breasts | 22 | ☐ | lymph nodes |
| 5 | ☐ | eyes | 14 | ☐ | lungs | 23 | ☐ | rectum |
| 6 | ☐ | fundi | 15 | ☐ | heart | 24 | ☐ | pelvis |
| 7 | ☐ | nose | 16 | ☐ | abdomen | 25 | ☐ | |
| 8 | ☐ | ears | 17 | ☐ | genitalia | 26 | ☐ | |
| 9 | ☐ | throat | 18 | ☐ | spine | 27 | ☐ | |

## Abnormal Findings (refer to above numbers):

(Woverian c/s – salping : 1962

Heart    NSR, RRE
Lungs    CTA bilat
Abd      Soft, non-tender/masses
Ext      intact
Ears     TMs intact

Skin - numerous healed, scattered open wounds on cheeks, forearms. Ily

## Major Health Problems:

Hypertension
↑ Triglycerides

## Functional Needs:    (check all that apply)

☐ W (Wheelchair user)    ☐ M (Mobility impaired)
☐ S (Speech impaired)    ☐ V (Vision impaired)
☐ H (Hard of hearing/Deaf)    ☐ O (Other)

Comments regarding accommodations: _____

## Summary of Institutional Medical Status:
(check one only)

Class  1  ☐
       2  ☒
       3  ☐
       4  ☐

| Physician's signature: | Date: |
|---|---|
| _[signature]_ NP PC | 1/11/ |
| Inmate Name (last, first, middle initial): | Number: | Race: |
| ROBERTS, DONNA | WO55276 | W |

DRC 5033 (Rev 1/00)



͜e of Ohio                                                      Page 1 A
Department of Rehabilitation and Correction

# FEMALE HEALTH HISTORY

(Additional Information)

| Reception Center: | | Interviewer: h. Smith RN | |
|---|---|---|---|
| Date received: 6/26/03 | Date of Examination: 26 June 2003 | S.S No: 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 | |

FEMALE (additional information)

Have you had a painful menstruation? _____

Had irregular menstruation? ___ MENOPAUSAL x 2 YRS

Age at onset of menstruation? _____ Interval between periods? _____

⠀⠀⠀Duration? _____ Date of last period? _____

⠀⠀⠀Quality? ☐ Normal ☐ Excessive ☐ Scanty ☐ Other: _____

Treated for a female disorder? (L) ovarian cyst → Salping 1962

Have you been pregnant? YES ⠀⠀ Had a vaginal discharge? ⊖

Number of past pregnancies? 2 ⠀⠀ Problems, if any? ⊖

Deliveries? Normal 1 ⠀ Premature ⊖ ⠀ Abortions 1 ⠀ Miscarriages ⊖

Are you or have you been recently on any type of birth control? HRT x 4

Are you currently pregnant? No ⠀⠀ Expected date of delivery? N/A

Comments: _____

_____

_____

_____

Have you had any problems with your breasts recently? No

Have you had a mammogram in the last eleven months? No ⠀ Last 2001 - "OK"

| Yes | No | |
|---|---|---|
| ☑ | ☐ | AIDS handout given? |
| ☑ | ☐ | Self breast exam pamphlet given? |
| ☑ | ☐ | Medical Services handout given? |
| ☑ | ☐ | Verbal explanation of Nurse Clinic given? |

⠀⠀⠀⠀Hep A/B/c

| Name (last, first, middle initial): ROBERTS, DONNA | Serial Number 55276 | Race: W |
|---|---|---|
| DRC 5032 (Rev. 2/00) | MEDICAL | ACA 4343, 4344, 4345, 4346, 4378 |

X.   Criminal Justice History (current conviction and sentence, prior
     arrests and convictions)

This is the 1st Prison Sentence for the inmate
She is serving death Sentence for aggravated
murder. Grandin husband was killed in by
young black man + whom inmate had an affair
she was accused of Premeditating the
murder.

XI.   Institutional Adjustment

She is currently in Array

XII.   Mental Status Examination

A.   Appearance & Behavior

Pt is alert + Oriented x 3, Casually dressed,
appeared younger than her stated age
Hx Given inconsistent try at times

5

**B. Mood & Affect**

*Mood mostly angry*
*affect match*

**C. Speech & Language**

*speech RRR*

*language WNL*

**D. Thought Process**

*is organized w goal directed*

**E. Thought Content & Perceptions**

*WNL*

**F. Cognitive Assessment**

*intact*

**G. Suicide/Violence Risk Assessment**

- **Past Suicidal Ideation/Attempts (date & method)**
-

*no suicidal attempt*
*Had suicidal Attempt 2000*

6

| | Axis II: | |
|---|---|---|
| | 1. | deferred |
| | 2. | |
| | 3. | |
| | Axis III: | |
| | 1. | HTWR borderline diabetes |
| | 2. | |
| | 3. | |
| | Axis IV: | |
| | 1. | incarceration |
| | Axis V: | |
| | 1. GAF= | 70/80 |

**XV.  Treatment Recommendations (including medications, labs ordered)**

1..

(1) ↑ wellbutrin SR 200 mg po BID & ↓ anger

(2) ↑ depakene 750 mg po QHS   (3) Cont buspar

15 mg po BID & trazodone 50 mg po QHS   (4)

Restless arms   (5) Recommend to cont.

therapy

*Disposition (check one):*

☐ General Out-Patient Caseload          ☐ Probate
☐ Psychiatric Out-Patient Caseload       ☐ Sex Offender Caseload
☐ Residential Treatment Unit             ☐ No Further Services Required
☐ Crisis Bed                             ☐ Other:
☐ Next Appointment:

| Name, Title and Signature of Evaluator: | **Psychiatric Consultant** |
|---|---|
| | *Signature* RN Fund M |

WC
trans: 11-24-98

c: Medical Dept.

8

---

### MENTAL HEALTH EVALUATION

Donna Robert

Inmate Name _____ Number __55276__ Date __7/1/02__

**Referral Source:**

- [ ] Self
- [ ] Segregation
- [ ] Housing Unit
- [ ] Parole Board
- [ ] Administration

- [ ] Medical
- [ ] MH Initial Screening
- [X] MH Detailed Screening
- [ ] Religious Services
- [ ] Rules Infraction Board

- [ ] Recovery Services
- [ ] Education
- [ ] Job Assignment
- [ ] Other:

**Inmate Housing at Time of Referral: (check one)**

- [ ] General Population
- [ ] Segregation
- [ ] Infirmary (not crisis bed)
- [X] Other: Anny .
- [ ] Crisis Bed

---

**I.  Reason for Referral: (Presenting Problem)**

Inmate is currently on Trazodone, wellbutrin buspar depakote was referred for the continuation of mental health services. Inmate is seen in Anny along with Nurse Walhill.

---

**II.  History of Present Illness**

Inmate is a 59 yr widowed white woman whose past dx diagnosis consist of MDDI annxity VS BPAD

She currently on the above medication. Tolerating this medication well no side effect. Feels benefited from the medication

1

## History of Present Illness continued

Feels angry then depressed at this point. She feels sorry for her Co-defendant who is also facing death penalty. She thinks that her trial was unfair & her death sentence to get attention. Denied any problem c̄ sleep, appetite, concentration. Denied any suicidal thought.

Her depression all her life. Her depression comes + goes. She was severely depressed & was admitted for inpatient ψ treatment in 2002. She even had suicidal thought at that time. She admits to periods where she feels Euphoric c̄ ↑ energy level, ↓ need for sleep, ↑ risk taking behaviors. She also admits to ↑ spending sprees. Admits to having unprotected sex c̄ a young man when feeling moderately high.

Denied any current or past psychotic symptoms



## VI. Personal History

Born raised in young town ohio. Does not remember much about her childhood. Raised by both parent. Has 3 brother & one sister. Father was abusive to much mother. Admits to being sexually abused by cousin but only remembers bits & pieces of the abuse. went to highschool. graduated from highschool. Had 3 years of college education. was on Dean list

## VII. Social History

Grandmother was living in Howland ohio with her 51 year old husband before coming into the Pris. Her been married to him for 20 years. Her 24 yr old Son. Her been married twice. Her 1st marriage lasted for 6 years.

## VIII. Occupational History

worked for a plastic surgeon x 27 years
owned restaurant 7 years
owned a gun hand business.

## IX. Family History

Mother has depression & inconsistency treated

DONNA ROBERTS v WARDEN
CASE NO. 4:21-cv-00368-DAP
APPENDIX – PAGE 1874

# Mental Health Caseload Classification

| Inmate Name: Donna Roberts | Number: 55176 | Institution: ORW | Date: 7/2/03 |
|---|---|---|---|

☑ Initial     ☐ Annual Review     ☐ Update

---

**C1 Categorical (SMI)**

| | | |
|---|---|---|
| ☐ 290.XX Dementia | ☐ 295.XX Schizophrenia | ☐ 295.40 Schizophreniform D/O |
| ☐ 295.70 Schizoaffective | ☐ 296.2X MDD Single, Severe | ☐ 296.3X MDD, Recurrent |
| ☑ 296.XX Bipolar D/O | ☐ 297.1 Delusional D/O | ☐ 298.X Brief Psychotic or NOS |

---

**C1 Functional (SMI)**

| | | PLUS (One of the following within the past 2 years) |
|---|---|---|
| ☐ 296.XX Mood Disorders | ☐ 300.XX Panic D/O | ☐ 2 Prior Psychiatric Hospitalizations |
| ☐ 300.00 Anxiety D/O NOS | ☐ 300.02 GAD | ☐ 1 OCF Hospitalization > 45 Days |
| ☐ 300.3 OCD | ☐ 300.4 Dysthymic D/O | ☐ RTU > 60 Days |
| ☐ 309.81 PTSD | ☐ 301.83 Borderline P.D. | |
| ☐ Other _____ Include DSM-IV code | | |

---

**C2**

| | | |
|---|---|---|
| ☐ 291.X ETOH | ☐ 292.X Substance Related D/O | ☐ 293.X Psychosis or Mood D/O 2° Medical |
| ☐ 294.X Memory or Cognitive D/O 2° Medical or NOS | ☑ 296.X Mood Disorders | ☐ 300.XX Panic D/O |
| ☐ 300.00 Anxiety D/O NOS | ☐ 300.02 GAD | ☐ 300.3 OCD |
| ☐ 300.4 Dysthymic D/O | ☐ 302.X Paraphilia on Meds | ☐ 309.XX Adj. D/O on Meds |
| ☐ 309.81 PTSD | ☐ 311 Depressive D/O NOS | ☐ 301.83 Borderline PD |
| | | ☐ Other _____ Include DSM-IV code |

---

**C3**

| | | |
|---|---|---|
| ☐ 300.XX Panic D/O | ☐ 300.00 Anxiety D/O NOS | ☐ 300.02 GAD |
| ☐ 300.3 OCD | ☐ 300.4 Dysthymic D/O | ☐ 301.XX Personality D/O |
| ☐ 302.X Paraphilia | ☐ 307.8X Pain D/O with Psychological/Medical | ☐ 308.X Acute Stress D/O |
| ☐ 309.XX Adjustment D/O | ☐ 309.81 PTSD | ☐ 311 Depressive D/O NOS |
| ☐ 312 Impulsive Control D/O | | ☐ Other _____ Include DSM-IV code |

---

**N**

☐ No Mental Health Services Needed

**MR/DD**

☐ Mental Retardation _____ Include DSM-IV code

☐ Developmental Disability _____ Include DSM-IV code

---

| Printed Name of Licensed Person Completing Review: | Signature: |
|---|---|
| Dr Nielsen | R.V.... |

DRC 5268 (Rev. 07/01)     File in Screening / Evaluation Section of Mental Health File



# Mental Health Services
## MEDICATION CONSENT FORM

Inmate Name: Donna Robert

Inmate Number: 55576

I agree to treatment with the following medications in the dosage recommended to me by the psychiatrist:

1. Depakote 250 mg/day up to 2,000 mg/day

2.

3.

I have been made aware that the following are benefits which may occur through taking these medications:

1. Mood Stabilizer

I have been made aware that possible side effects of taking these medications may be:

1. I should not get pregnant when on Depakote; liver failure, drowsiness, dizziness, hair loss, tremors, and ataxia. Advise physicians you take this medication - could harm fetus, requires frequent blood draws.

I voluntarily agree to take the medication(s) listed above as prescribed by the psychiatrist. I understand that this permission may be revoked at my discretion. I have had an opportunity to ask any questions I wished to ask.

I have been made aware of alternative treatments.

Physician's Signature: RV Smith        Inmate Signature: verbally Consented

Date: 7/1/22        Witness Signature: MLC Koberly

I have been advised to take the medications listed above but I am unwilling to take the medication as recommended. The possible consequences of not taking the medication have been explained to me.

Specifically:

## OSU Electronic File Report- Radiology
Reproduced from electronic file dated 9/12/2005

### MRI Brain W/O Contrast=H -CODE MB
**Test date: 9/12/2005 Report ID# 15764504 Message # 16826481**
**Report Status: Final**

Inmate Name: ROBERTS, DONNA
Inmate Number: W055276
Maritial Status:
Institution: ORW

DOB: 05/22/1944
Sex: F
OSU #: 907738907

Ordering Physician: Akusoba, Martin O
Results Interpreter: Not Provided
Assistant Interpreter: Not Provided
Transcriptionist: Not Provided

MRI OF THE BRAIN WITHOUT CONTRAST 09/12/2005:
CLINICAL INFORMATION: Memory loss, chronic dizziness. Gait disturbance.
TECHNIQUE: Sagittal T1-weighted and axial FLAIR, T2 fast spin-echo, and diffusion-weighted images were obtained.
FINDINGS: There is some minimal punctate mucosal thickening involving the right mastoid air cells. There is a tiny retention cyst, polyp, or localized mucosal thickening in the inferior left frontal sinus that measures approximately 6 x 6 mm. The intraorbital contents are unremarkable in appearance. Intracranially, there is generalized enlargement of the ventricles and cerebral sulci consistent with age appropriate brain atrophy. There is some minimal scattered punctate areas of increased signal intensity in the cerebral hemisphere white matter bilaterally that are without mass effect or any diffusion abnormality.
IMPRESSION:
1. A few punctate white matter signal abnormalities which are non-specific in nature which are most likely due to small vessel ischemic disease or age related changes. 2. Minimal punctate mucosal thickening within the right mastoid air cells and a small left frontal sinus retention cyst, polyp, or localized mucosal thickening. Electronically Signed By: H. Wayne Slone M.D. (Radiologist) 09/12/2005 2033

This is a representation of the most recent OSU electronic file received. The original OSU report is contained in the inmate's medical record.
Inmate Name: ROBERTS, DONNA -- Inmate Number: W055276

ADDENDUM TO MENTAL HEALTH EVALUATION

| Dictation Date: | 6/13/06 | Institution: | ORW | |
|---|---|---|---|---|
| Inmate Name: | Robuck | Inmate #: 55276 | DOB: | 5/22/44 |

| Diagnostic Evaluation | |
|---|---|
| Annual evaluation: | X |
| Transfer evaluation: | |

*Inmate Housing at Time of Review:  (check one)*

☐ General Population     ☐ Infirmary (not crisis bed)     ☐ Crisis Bed
☐ Segregation     ☐ RTU     ☒ Other

Collateral Information Available   X Yes _____No
Collateral Information Requested from treatment team  X ___Yes _____No

## Review of MHE and update changes and additions since last review of _____

(If no new information, check "none" box next to the individual item. Boxes with "XX" require a text response or data.)

| | none | TEXT RESPONSE UPDATE |
|---|---|---|
| I. | XX | Presenting Problem (why is offender receiving treatment) <br> Inmate is currently on wellbutrin SR 200mg BID & Depakote 750mg BID main carrier to treat BPAD |
| II. | XX | History of Present Illness (in the last 6 months) <br> Inmate is a 62yr old widowed white woman who is on death sentence for aggravated murder. Doing well on her current medications. Does not feel depressed or has current problems = sleep, appetite, cont energy level. Has difficulty falling & staying asleep |
| III. | | Psychiatric History: <br> Received one inpatient wk in 2000 for 2 weeks. Had depression since age 6. Has been on antidepressant medications since 2000 |
| IV. | | Medical History:  (include current medications and updates) <br> $ allergies. Has HTN & sciatic nerve pain & heart burn. |

DRC 5388 (Rev 02/04) W

ADDENDUM TO MENTAL HEALTH EVALUATION

| Inmate Name: | Inmate #: SS276 |
| --- | --- |

| V. | | Alcohol & Substance Use History: (include institutional history) |
| --- | --- | --- |
| | | used pot on-of on the street. did not use drugs while incarcerated |
| VI. | | Personal History  Sexually abused by a cousin. Had 3 years of college education |
| VII. | | Social History  Married 3 times. Has one son |
| VIII. | | Occupational History *(institutional work history)*  Not working. She is currently on death row |
| IX. | | Family History  Mother has depression, intermittently ill |
| X. | | Criminal Justice History *(EDS date and Parole Board Hearing)*  on death row |
| XI. | XX | Institutional Adjustment *(Tickets / Segregation Time etc.)*  currently stays in SBC |
| XII. | | Psychological Testing *(Results (screening results must be noted)*  GAMA _____  BETA _____ , Pending Psychological consult _____ |
| | | **ITEMS XIII. THROUGH XV. MUST BE COMPLETED IN TEXT FORMAT** |
| XIII. | XX | Current Mental Status Examination |
| | XX | A.  Appearance & Behavior  Pt is alert & oriented, currently dressed, cooperative & open to the interview |
| | XX | B.  Mood & Affect  → neutral  Euthymic |
| | XX | C.  Speech & Language  RRR |
| | XX | D.  Thought Process  coherent & goal directed |
| | XX | E.  Thought Content & Perceptions  + delusions & AH hallucinations |
| | XX | F.  Cognitive Assessment  intact |

DRC 5388 (Rev 02/04) W

2

# WARRANT TO CONVEY

TO THE TRUMBULL COUNTY JAIL
REVISED CODE, SEC. 2949.12 TO 2949.17

### COURT OF COMMON PLEAS, TRUMBULL COUNTY, WARREN, OHIO

### 2001 CR 00793

**STATE OF OHIO**

VS.

**DONNA MARIE ROBERTS**

**TO THE SHERIFF OF SAID COUNTY:**

*WHEREAS*, OUR SAID COURT, BEGUN AND HELD AT WARREN, OHIO IN SAID COUNTY ON August 21, 2007, THE SAID DEFENDANT **DONNA MARIE ROBERTS:**

### Agg. Murder

AND WAS SENTENCED BY THE COURT TO:

OHIO REFORMATORY FOR WOMEN at MARYSVILLE,OHIO

YOU ARE THEREFORE HEREBY COMMANDED, TO TAKE CHARGE OF AND CONVEY THE SAID **DONNA MARIE ROBERTS** TO TRUMBULL COUNTY JAIL AT WARREN, OHIO.

AND MAKE DUE RETURN OF YOUR PROCEEDING HEREIN TO THIS OFFICE FORTHWITH.

*IN TESTIMONY WHEREOF*, I HAVE HEREUNTO SET MY HAND AND AFFIXED THE SEAL OF SAID COURT AT TRUMBULL COUNTY, WARREN, OHIO
August 21, 2007

**KAREN INFANTE ALLEN,**
*Clerk of Courts*

By:   NANCY WINGARD, Deputy Clerk

1874
194

2001 CR 00793

**TRUMBULL COUNTY
COMMON PLEAS COURT**
*Trumbull County, Warren, Ohio*

**STATE OF OHIO**

VS.

**DONNA MARIE ROBERTS**

**WARRANT TO CONVEY**

**RETURNED AND FILED**

_____, 20_____

**KAREN INFANTE ALLEN,**
*Clerk of Courts*

By: _____
   *DEPUTY CLERK*

**RETURN**

**RECEIVED** THIS WRIT ON THE 28 DAY OF _Aug_, 2007, AT 1046 O'CLOCK A.M., AND ON THE 19 DAY OF _Sept._, 2007, I EXECUTED THE SAME BY CONVEYING THE PERSON NAMED TO THE PLACE DESIGNATED AS SHOWN BY THE RECEIPT ENDORSED HEREON.

_Thomas Altiere_
SHERIFF

By: _William H. ____
   *DEPUTY*

| FEES | | |
|---|---|---|
| Mileage: | $ | 230.50 |
| Service: | $ | 10.00 |
| Other: | $ | |
| _____ | $ | |
| **TOTAL:** | $ | 230.50 |

_____, OHIO

9-19, 2007

**RECEIVED** THIS DAY FROM _____ _____ SHERIFF OF _____ COUNTY, OHIO, THE PRISONER NAMED IN THE WITHIN **WARRANT**.

_M. Bradshaw, ___
*Superintendent*

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO
CRIMINAL DIVISION

STATE OF OHIO,                     :          CASE NO. CR 2001 CR 0793

      Plaintiff,                    :

  -vs-                                :          JUDGE JOHN M. STUARD

DONNA ROBERTS,                :          <u>MOTION TO PROFFER</u>
<u>EVIDENCE</u>
      Defendant.                    :          (Second Proffer)

     Now comes the defendant, Donna Roberts, by and through undersigned counsel, and respectfully proffers the following evidence for the purposes of establishing the record on the mitigation that would have been presented if permitted by this court.

Respectfully Submitted,

DAVID L. DOUGHTEN #0002847
4403 St. Clair Avenue
Cleveland OH 44103
(216) 361-1112

ROBERT A. DIXON (0022466)
4403 St. Clair Ave.
Cleveland, Ohio 44103
(216) 432-1992

Counsel for Defendant Donna Roberts



DONNA ROBERTS v WARDEN
CASE NO. 4:21-cv-00368-DAP
APPENDIX – PAGE 1882

**CERTIFICATE OF SERVICE**

A copy of the foregoing Defendant's Motion was served upon Dennis Watkins, Trumbull County Prosecutor and/or Christopher Becker, Esq. Assistant Trumbull County Prosecutor, Administration Building, 160 High Street, Warren, Ohio 44481, by Regular U. S. mail on this 20th day of September, 2007.

_____
DAVID L. DOUGHTEN
Attorney for Defendant

- 2 -



### AFFIDAVIT OF JAMES R. EISENBERG, PH.D.

IN THE STATE OF OHIO

COUNTY OF LAKE, SS:

I, James R. Eisenberg, being first duly sworn according to law, state the following:

1) I am a psychologist, licensed to practice in Ohio since 1978.

2) I am a Diplomate of the American Board of Professional Psychology with Board Certification in Forensic Psychology. I am Professor of Psychology at Lake Erie College and Director of their Criminal Justice Program. I have a private practice in forensic and clinical psychology.

3) For nineteen years I served as the Court Psychologist and Associate Director for the Lake County Forensic Psychiatric Clinic evaluating adult criminal defendants for the Lake County Court of Common Pleas.

4) In the course of my employment with the Forensic Psychiatric Clinic and my practice as a Forensic Psychologist, I have evaluated more than five thousand criminal defendants including approximately 200 capitally charged defendants.

5) I have testified for the prosecution, defense and for the court. I am very familiar with the type of preparation required for capital cases, especially mitigation of the death penalty.

6) My book: Law, *Psychology, and Death Penalty Litigation* was published in 2004 by Professional Resource Press.

7) I am recognized nationally and internationally on my expertise in the role of the psychologist in death penalty litigation and have presented workshops to the American Academy of Forensic Psychology on this topic every year for the past twelve years. I have presented numerous talks on the same subject to attorneys training to be qualified to represent capital defendants. The following are examples of recent presentations:

   "The Role of the Forensic Psychologist in Death Penalty Litigation."
   Contemporary issues in Forensic Psychology - Workshop Series.
   Baltimore (1994), Atlanta (1995), Seattle (1996) , San Francisco (1997),
   Santa Fe (1998), Las Vegas, (1999) Chicago (1999), San Antonio (2001),

Kansas City (2002), Indianapolis (2006), Albuquerque (2007) and San Antonio (scheduled for 2008).

Invited address and consultant. National Congress of Honduras and the Universidad Jose Cecilio del Valle. *Crime and the Antisocial Personality.* May 9 to May 16th, 2005. Tegucigalpa, Honduras.

U.S. Speaker and Specialist grant, Human Rights Project, Tegucigalpa, Honduras, August 1-7, 1999. United States Information Agency's Bureau of Information. Presentation to the Honduran Congress, University Law Professors, members of the Honduran Bar Association, Journalists and students. Topic: "The Death Penalty in the United States."

"Dismantling the Anti-social Personality Disorder." Indiana Public Defender Defense Council: Defending Death Penalty Cases. Indianapolis, Indiana, September 11 and 12, 1996.

8) I was a participant and member of the American Bar Association's Individual Rights Task Fore on Mental Illness and the Death Penalty. Our recommendations were adopted by the ABA in August of 2006.

9) I have also received the following honors:

Elected to the Board of Directors of the American Board of Forensic Psychology for a six year term beginning in January of 2006.

The 2004 NOCHE Award for Teaching Excellence. Northeast Ohio Council of Higher Education.

Excellence in Teaching Award. Lake Erie College, 2003-2004 academic year.

10) For a proper affidavit I would normally interview and evaluate the defendant and review any available records. The cost would normally be $250 per hour. For a defendant in Marysville, Ohio, the cost for the evaluation, not including a report and testimony, would be approximately $2500 given the distance and time involved.

11) It is my understanding that the Court was not willing to provide funding for a psychological evaluation in support of this affidavit.

12) Therefore I was only able to review records and offer the following preliminary opinion based on those records:

2

A review of the available records clearly indicates that Ms. Roberts suffers from Bipolar Type II Disorder, as well as a number of other physical conditions including borderline diabetes, sustained head injuries, pelvic and spine pain, and hypertension.  The bipolar condition most likely began in childhood and is particularly relevant given her current legal status.

The Bipolar Disorder, also known as manic-depressive illness, is a brain disorder that causes unusual shifts in a person's mood, energy, and ability to function.  Different from the normal ups and downs that everyone goes through, the symptoms of bipolar disorder are severe and affect approximately one percent of the population.  Some of the symptoms include: increased energy, activity, and restlessness; excessively "high," overly good, euphoric mood; extreme irritability; racing thoughts and talking very fast, jumping from one idea to another; and distractibility and difficulty concentrating. The essential feature of a Bipolar II Disorder is a clinical course that is characterized by the occurrence of one or more Major Depressive Episodes accompanied by at least one Hypomanic Episode.

Additional symptoms include: unrealistic beliefs in one's abilities and powers; poor judgment; abuse of drugs; provocative, intrusive, or aggressive behavior; and denial that anything is wrong.  These symptoms would be accompanied by marked mood swings with periods of intense depression, irritability, and/or anxiety lasting a few hours to a few days; inappropriate, intense, or uncontrolled anger; impulsiveness in spending, sex, substance use; recurring suicidal threats or self-injurious behavior; unstable, intense personal relationships with extreme, black and white views of people and experiences; and marked, persistent uncertainty about self-image, long term goals, friendships, values; frantic efforts to avoid abandonment, either real or imagined.

The above factors would be the foundation for a mitigation sentencing evaluation consistent with sentencing guidelines.

FURTHER AFFIANT SAYETH NAUGHT.

James R. Eisenberg, Ph.D.

Sworn to and subscribed before me this 7th day of August 2007.

Notary Public
DAVID L. DOUGHTEN, Attorney
Notary Public, State of Ohio
My Comm. Has No Expiration Date
Section 147.03 R.C.

3

September 18, 2007



EXHIBIT

4

Honorable Judge *********
Trumbull County Court
Warren, Ohio

Dear Judge Stuard,

My name is Michael Raymond, I am the son of Donna Roberts and step-son
of Robert Fingerhut. On the night of Tuesday, December 11, 2001 – my
parental family was devastated beyond nightmarish proportions. On that
tragic night, I lost my close friend and step-father, Robert S. Fingerhut
whom had been a very big part of my life since 1980 and lost my mother
who had become jailed pre-trial in late December 2001 until present day.

Robert was far more than a typical step-father in my upbringing. He was
also my friend and mentor in many ways. I spent most weekends, weeks in
the summer and holidays with my mother and Robert. From as far back as
1980 of going to baseball games with Robert to traveling with them
throughout Europe in 1989 while I was stationed in the US Army in
Germany. We went on several cruises, countless road trips and Cleveland
Indian baseball games over the years. The most memorable moment I
shared with my mother and Robert was when they flew out from Miami, FL
to Tucson, AZ to greet me at the airport as I returned back home from the
Persian Gulf War/Desert Storm. Robert was terrified of flying, but flew out
to welcome me home anyway.

I spent many weekends down in the Warren area visiting my mother and
Robert, even helping out when they ran the Avis Car Rental at the
Youngstown Airport and the Greyhound Bus offices located I both Warren
and Youngstown from 1994-1998 when I lived about an hour north of them
in Ashtabula, Ohio. I moved out to New Hampshire in 1998 after accepting
a position working in the criminal law division for the U.S. Attorney's
Office. I later worked for an educational testing company that required me
to travel at least 3 weeks out of the month, however I would book my own
travel and had frequent weekend stopovers when traveling through
Cleveland or Pittsburgh and spend the weekend with my mother and Robert.

My mother was born on May 22, 1944 to Michael & Pauline Roberts of Youngstown, Ohio.  They are both currently alive; however, my grandmother's health has been greatly declining over the past five years since this tragedy struck our family.  Both my grandparents suffer severe depression and anxiety as a result of these horrific events and having their daughter jailed and even worse, being sentenced to death.  My grandmother currently has hospice service who visits frequently since her health is failing beyond any further repair.  My grandfather is doing alright physically, however, psychologically he felt as if he lost his daughter and son-in-law back in December 2001.

My birth father, William Raymond and my mother, Donna Roberts met one another in Fitch High School and dated.  They went to college at Youngstown University and moved down to Miami, FL in 1966.  I was born on June 17, 1969.  My mother left my father and me around the spring of 1971 and began dating her future husband Burt Gelfand who also lived in Miami, FL.  I would visit my mother on the weekends; usually she would pick me up Friday evening and would bring me back to my father Sunday afternoon.  My mother and Burt were married for five years and divorced in 1978-79.  My mother remained single for the next year or so and dated a few different individuals.

My mother and Robert happened to live in the same apartment complex in North Miami Beach in 1980 and were introduced to one another by a woman who also lived in the complex who was a mutual friend of theirs.  At one point in 1981, I believe my mother and Robert ended up sharing her apartment.  Within a year, they later moved to a condo high-rise located on Miami Beach in 1983 and were married in a traditional Jewish marriage after my mother had studied and converted from being Catholic to Jewish under strict Orthodox conditions.

My mother worked as a plastic surgeon's assistant and office manager for Dr. Morten Frieman of North Miami Beach from the early 1970s until 1993 when she and Robert moved to Richmond, VA for one year, then ended up moving to Ohio in 1994.

My mother was involved in many community service and awareness groups when she lived and worked in North Miami Beach and donated many hours of community service to lower income Jewish families and would bring them food quite frequently.  She also made two trips over to Israel in the

early 1980s with Dr. Frieman volunteering to assist plastic surgery operations on Israeli soldiers wounded in conflict with the Palestinians. They were in hostile areas and worked in field medical conditions that were considered war zones. She helped many injured soldiers in an attempt to give them a second chance in life by performing skin-graphs from deceased soldiers to those who were badly burned or severally injured.

In the mid 1980s my mother was in a severe car accident in her Toyota Corolla after another car ran through a light and struck her directly on. She was taken to Parkway General Hospital in North Miami Beach and suffered significant internal injuries, concussions and back injury. Even though she eventually recovered from the physical injuries, she continues to suffer to this day with back and neck problems.

My mother had an incident in the mid 1980s where a individual ran up to her car while trying to leave work, he grabbed her door handle and started to open the door – at which time she hit the gas and sped away. One of my mother's friends, Judy – was attacked in her home and raped at knife point. My mother had Judy stay with her and my mother even stayed at Judy's home to give her support and comfort as she tried to deal with the attack.

The straw that broke the camels back for my mother and Robert living in Miami was when she was attacked in broad daylight on the corner of a busy intersection at a gas station. She had just finished pumping gas and paid, as she was opening her car door to get in – a man ran up shoved her into the car and started hitting her and trying to push her over so that he could drive the car off with her inside. However, she was hitting and kicking the attacker and grabbed her mini mace on her key chain and tried to spray the attacker, which ended up spraying all over both of them. A mechanic at the gas station ran over and tried to stop the attack when a car with three other men drove up and grabbed their friend and sped away. This incident impacted her and Robert so severely that they both gave up long successful and good paying jobs and a very nice home in Miami and moved away.

They initially moved to Richmond, VA in 1993 where Robert worked as a counselor at a local correctional facility and my mother worked at home. After being disappointed in the Richmond area, they decided to move to Ohio in 1994 since my mother's entire family lived there, not too mention Robert was a very big fan of the Cleveland Indians and wanted to be able to

go to games periodically.  They initially lived upstairs at her parents home until they found their own home at 254 Fonderlac SE, in Warren, OH.

Upon first moving to Ohio, my mother and Robert operated the Avis Car Rental franchise at the Youngstown/Warren Regional Airport for over a year.  They left Avis and Robert worked in sales for a year or so before they took over the Greyhound bus service located in downtown Youngstown.  While at the WRTA bus terminal, they also ran a small fast food restaurant called "Just the Ticket" but later closed the restaurant after a year or so after putting in too many hours at both businesses.  After significant success and improving sales and customer service with the Youngstown Greyhound station, they were offered the opportunity to take over the Warren Greyhound office where it turned out to be a success as well.

In April of 2000, my mother blacked-out while driving home from Youngstown to Warren along Route 11 and collided with a pillar under an overpass.  Her car was totally destroyed and she suffered 3 traumatic concussions to her skull, broken ribs and a few other injuries.

Prior to this accident, my mother would call me a minimum of once a week, sometimes more depending on what was going on in their lives or mines.  Even when I was deployed to the Gulf War she would call me in Saudi Arabia at least once a week and their phone bills ran in the hundreds and even a thousand dollars several times during my eight month deployment.  However, after this severe car accident in April 2000, my mother seemed to become a different person.  The weekly phone calls ceased and I was lucky to hear from her once a month, and half the time I had to initiate the call.  Even our phone discussions themselves seemed different. Not only were they shorter in nature, her voice or tone sounded somewhat different – almost as if I was talking to a different person at times who seemed distant or lacking emotions.  Sometimes she would be all excited and perky in tone, the next time down and depressed.

I do not know the exact dates or specific hospital, but I believe it to be the Warren Hospital that my mother checked herself into in late 2000 after she initially attempted suicide with her one dog Blossom when she got into her car in the garage, started the car and sat in it for a few minutes.  She told me that Blossom looked at her and licked her, that was when she realized she was in a trance, shut off the car and quickly got out of the garage and went outside for fresh air.  She spent a week getting mental health treatment at

this medical facility and was later discharged.  I don't recall all of the medication my mother and Robert were taking, but I remember them saying they both took anti-anxiety, anti-depressants, or valium to deal with everything.  I also discovered that my mother also started smoking marijuana after her car accident and up until the tragedy.

My mother and Robert had a unique relationship over the years.  Even though they married and divorced after five years, they were only divorced by the courts – not by Jewish law which they practiced and followed.  At times they were happier than any couple I had ever come across having the times of their lives, traveling the world and having everything they ever wanted, including their two Laso Apso's, Fluffy and Blossom whom they loved and spoiled more than anything.  Their dogs didn't eat dog food, ever.  They would prepare baked chicken, meatloaf, rice, pasta and would give them each a tablespoon of peanut butter each night before going to bed.

Then there were the not so good times when they would argue and fight with one another, much like that in the movie "War of the Roses."  They would verbally fight and accost one another to the extreme and then the complete opposite type fights where they would give each other the "silent" treatment for days and even weeks where they wouldn't say one word to one another.  I only know of one fight that turned physical when Robert took my mothers jewelry box and tossed it out into the front yard containing all of her valuable jewelry, she confronted him and as they argued he grabbed her and shoved her out of his way and she fell to the ground.  After I heard of this incident, I told Robert it is none of my business about their disagreements or arguments, but when it turns physical and either of you are harming one another – I will intervene.  This incident was in the early 1990's when they still lived down in North Miami Beach, FL.  At no time during my upbringing as a child did either Robert or my mother ever strike me – they were not physically violent.

My mother and Robert had possessed handguns as far back as I could remember dating back to 1980.  They both practiced at target ranges and my mother had all their weapons registered.  After her first attack, my mother obtained a concealed firearms license from the State of Florida.  At no time, even during the worst of times between my mother and Robert, they never made any deadly threats or pulled a gun out during their fights.  Robert kept a handgun in the nightstand next to him and my mother kept one in her purse.  I recall my mother telling me her handgun was stolen out of purse at

the Warren Greyhound station sometime I believe in the summer of 2001. Robert would carry his handgun with him if he was working late and especially on Tuesdays since that was traditionally the day he carried the bank deposit home with him that he would drop off at the bank the next morning.

I called my parents home around 9:30pm on Tuesday, December 11, 2001 because I knew Robert closed the bus station at 9pm and was usually home by 9:25pm. It was also the third night of Chanukah and I wanted to wish them a happy holiday since my mother would wait each night to light the Menorah until Robert returned home. I also was calling to let them know I had sent them the care package of goodies from NJ (Robert's birthplace) a few days prior that they asked me to get while I was there the on a business trip. The call was never answered and I got their voicemail and left them an animated holiday type message. Days later when I was taken into the home with the Howland P.D., I noticed the flashing light on the answering machine in the kitchen just a few feet away from where Robert laid.

Several packages arrived at their home between December 11th – 20th of Chanukah gifts that my mother ordered for Robert and he ordered for her as well. Several of the orders were dated in the first week of December. I accessed my parent's email that my mother and Robert shared (drobe31356@aol.com) and there were several emails from my mother to people whom she bought sports gifts for Robert on Ebay days prior to the tragedy.

I find it very hard to comprehend the entire ordeal. If my mother no longer wanted to be with Robert, all she had to do was literally change the locks – everything was in my mothers name … the house, the cars, the businesses, bank accounts – and since Ohio did not have common law marriages during the time, he had no rights to anything, she simply could have just cut him off. I did not know about an alleged affair my mother had with Nathaniel Jackson, their telephone conversations or letters to one another.

My mother never spoke of seeing anyone, nor did Robert ever say anything to me about being suspicious of her doing anything. I do not know of Robert having any affairs or involvement with anyone -- he basically worked so much that it would have been nearly impossible for him to do so. However, Robert did have an obsession with pornography and odd adult items, and used to be verbal with my mother at times, even in front of me --

usually in a joking manner, but serious at the same time.  He used to tell me things like "your mother never gives me sex or blowjobs anymore."  I would tell him I don't need to know or want to know those things.

I can't even begin to tell you how devastating the tragedy has affected me … the loss of Robert in such a horrific manner and then my mother being placed on Death Row have become a nightmare I live and sleep each day.  I have post-traumatic stress disorder from the Gulf War, anxiety, depression, a sleeping disorder … this event compounded my health issues four fold and continue to affect me whenever my mother informs me of her mistreatment in jail and my feeling of being helpless while she suffers in prison.

I humbly ask that you see how this loss of both Robert and my mother has affected our family and impacted my life.  My mother is not a violent woman nor is she is threat to anyone.  As a family member of both the victim and accused, I feel as though I am placed on the fence and suffer in multiple ways by the loss of my parents, Donna Roberts & Robert Fingerhut … they were more than just parents to me, they were also my friends whom I could talk to about anything and everything in my life.

Your Honor, I kindly ask that you reconsider the sentence of death imposed upon my mother and give her a sentence of less magnitude.  Even a sentence of 20 years with a chance of parole would be priceless to me so that I could one day be reunited with at least one of my parents … to care for her in her final few years.  Life is so precious and short – I miss both Robert and my mother more than I could ever put to words … I beg of you to please give me the hope of opportunity to once again have my mother returned back to me to be able to hold.

Respectfully Submitted,


Michael Raymond
Son of Donna Roberts & Robert Fingerhut

Dated:  September 18, 2007

Address:  115 Oak Street, Rochester, NH 03839
Home Phone: (603) 335-1557
Cell Phone: (603) 608-6898



Medical Records Search
Donna Marie Roberts
Performed 9/11 – 9/19

I. Miami, Florida

Mrs. Roberts' reported multiple accidents in the Miami Beach area. She provided limited information about a few hospitals in the area as well as indicating the year the incidents took place.

After researching the area hospital and speaking with multiple people familiar with the healthcare market in Miami we discovered the following information:

- 1963 visit to South Side Hospital

There are two potential hospitals in the Miami area that were operating in 1963.

South Shore Hospital closed about 2 years ago and has transferred their records to the Florida Health Department. Norma Duran is in charge of this department and multiple messages have been left for her to check if any of Mrs. Robert's records still exist.

South Miami Hospital has operated in Miami since 1960 however does not maintain any records before 1980. Any records that Mrs. Roberts' might have had would have been disposed of 10 years after their were created.

- 1983 visit to Parkway General Hospital

Parkway General is now named Jackson North Hospital. The named changed in the late 1990's however it operate in the 1980's as Parkway General and Parkway Regional Hospital. Unfortunately, the hospital has no record of Mrs. Roberts' visits. The hospital did not use electronic filing at the time and there is no requirement in Florida or these records to be maintained for longer than 10 years.

Mrs. Roberts' also named her attending doctors as Dr. Gary Lustgarten and Dr. Abeckjerr. Both doctors have practiced in the Miami area since at least 1983 and are often associated with Parkway General. In fact, Dr. Gary Lustgarten is neurosurgeon in Miami has a private practice and has attended at Parkway General since the 1980's. Doctors in the state of Florida are only required to keep their records for 7 years. Both these doctors actively purge their records yearly and therefore no records form the 80's exist.

II. Warren, Ohio

Mrs. Roberts' also indicated a variety of hospital visits during 1999 and 2000. These records were much easier to located due to advances in technology used in the late

1990's.  Mrs. Roberts has medical records at Trumbell Memorial Hospital and St. Joseph Health Center in Warren, OH.  Finally she had an ER visit at St. Elizabeth's Hospital in Youngstown, Ohio.

- Trumbell Memorial

Trumbell Memorial has records of X-rays taken of Mrs. Robert's taken in 1998, 1999 and 2001.  These records can only be requested by United States Mail and take about two weeks to process.  The records were identified on 9/19/2007 and a request for them sent out soon thereafter.

- St. Joseph's

St. Joseph's also has records for Mrs. Roberts's. These records include an emergency room visit, psychological evaluations and some out patent visits. These records were identified on 9/19/2007 and the request must explicitly request the information by using a timeframe and other specific information.

- St. Elizabeth's Health Center

Mrs. Robert's had one emergency room visit in 1999. These records were discovered on 9/19/2007 and can be requested by fax. Five to seven business days are necessary in order to obtain the records from their off0site records location.

A listing of all hospital names, addresses and phone numbers mentioned above are indexed below.


**South Miami Hospital**
    620023rd Street, Miami, Fl. 33143
    305 661 4611

**South Shore Hospital**
    Closed: contact Florida Health Department, Norma Duran: 786 336 1274

**Parkway General Hospital (now called Jackson North Medical Center)**
    160 Northwest 170th Street, Miami, Florida, 33169
    (305) 651-1100

**Trumbell Memorial Hospital**
    1350 E Market St # 3, Warren, OH 44482
    (330) 841-9011

**St. Joseph Health Center**
    667 Eastland Ave SE, Warren, OH 44484

(330) 841-4000

**St. Elizabeth's Hospital**
1044 Belmont Ave, Youngstown, OH 44504
(330) 746-7211











EXHIBIT
7

S.S. SeaBreeze                    Dolphin Cruise Line



S.S. SeaBreeze                    Dolphin Cruise Line

2007 SEP 20 AM 10:50
KAREN INFANTE ALLEN
CLERK OF COURTS
TRUMBULL COUNTY
CLERK OF COURTS

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO
CRIMINAL DIVISION

STATE OF OHIO,                    :        CASE NO. CR 2001 CR 0793

      Plaintiff              :

   -vs-                          :        JUDGE JOHN M. STUARD

                     :        **MOTION FOR APPOINTMENT
OF INDEPENDENT EXPERT**
DONNA ROBERTS,                            **AND FOR CONTINUANCE**

      Defendant              :

      Now comes the Defendant, Donna Roberts, by and through the undersigned

counsel, and hereby moves this honorable court for appointment of an independent

mental health expert with expertise in the field of neuropsychology to evaluate the

defendant and her medical/psychological history and assist the defense.  This request is

based upon investigation by the defense indicating the potential of organic brain damage

due to documented head trauma on the part of the defendant.

      The defense further moves for a continuance of the presently scheduled

competency and sentencing hearings for this reason as well as the fact that the court has

not ruled upon their request for an independent competency evaluation.



WHEREFORE, based upon the foregoing, the Defendant prays that this Motion

be granted.

Respectfully submitted,

ROBERT A. DIXON (0022466)
4403 St. Clair Ave.
Cleveland, Ohio 44103
(216) 432-1992

DAVID L. DOUGHTEN (002847)
4403 St. Clair Ave.
Cleveland, Ohio 44103
(216) 361-1112

Counsel for Defendant Donna Roberts

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Motion was served upon Dennis
Watkins, Trumbull County Prosecutor and Christopher Becker, Esq., Assistant County
Prosecutor at their offices at County Administration Building, 160 High Street, Warren,
Ohio 44481 by ordinary mail and via fax this 18 day of September, 2007.

DAVID L. DOUGHTEN
ROBERT A. DIXON

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO. 01-CR-793 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE JOHN M. STUARD |
| -vs- | ) | |
| | ) | MOTION FOR |
| DONNA MARIE ROBERTS, | ) | WARRANT OF REMOVAL |
| INMATE #W055276 | ) | |
| | ) | |
| Defendant | ) | |

Now comes the Plaintiff, State of Ohio, by and through its undersigned counsel, and

pursuant to Ohio Revised Code 2941.40, moves this Honorable Court for a Warrant of Removal for

**DONNA MARIE ROBERTS** who is presently confined at the Ohio Reformatory for Women, in

Marysville, Ohio.  Said Defendant, is to be removed from the Ohio Reformatory for Women and

taken to the Trumbull County Jail in Warren, Ohio, on or before October 22, 2007, and

incarcerated there until she is brought before the Court for a Competency hearing on October 22,

2007 at 2:30 p.m. and a Re-Sentencing hearing scheduled October 29, 2007 at 1:00 p.m.

The State requests that its requested Warrant be delivered to the Trumbull County Sheriff

Thomas Altiere and conveyed to the Warden at the facility who shall commit said defendant to the

Trumbull County Jail on or before October 22, 2007.

For removing the Defendant, the State motions this Court to allow to the Sheriff the fees

allowed for conveying the defendant to the Trumbull County Jail.

**FILED**
COURT OF COMMON PLEAS

OCT 2 2007

TRUMBULL COUNTY, OH
KAREN INFANTE ALLEN, CLERK

_____
DATED

_____
CHRISTOPHER D. BECKER
Assistant Prosecuting Attorney
Trumbull C. Prosecutor's Office

197

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO. 01-CR-793 |
| | ) | |
| Plaintiff | ) | JUDGE JOHN M. STUARD |
| | ) | |
| -vs- | ) | |
| | ) | JOURNAL ENTRY |
| DONNA MARIE ROBERTS, | ) | WARRANT FOR REMOVAL |
| INMATE #W055276 | ) | |
| | ) | |
| Defendant | ) | |

The State's Motion for Warrant for Removal has come before and been heard by this Court. It is therefore, ORDERED, ADJUDGED, and DECREED that Trumbull County Sheriff, Thomas Altiere shall on or before October 22, 2007, take **DONNA MARIE ROBERTS, INMATE NO. W055276**, from the Ohio Reformatory for Women, in Maryville, Ohio, and that Sheriff Altiere shall convey said Defendant to the Trumbull County Jail, where she shall remain incarcerated until such time as she is brought before the Court on October 22, 2007 at 1:00 p.m. for a Competency hearing and a Re-Sentencing hearing is set on October 29, 2007 at 1:00 p.m.

It is further ORDERED, ADJUDGED, and DECREED that the County Sheriff shall receive the fees allowed for conveying the defendant to the Trumbull County Jail.

7/28/07
DATED

_M Stuard_
HONORABLE JOHN M. STUARD
JUDGE, COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

**F I L E D**
COURT OF COMMON PLEAS

OCT 2 2007

TRUMBULL COUNTY, OH
KAREN INFANTE ALLEN, CLERK

VOL 1150 PG 827

DONNA ROBERTS v WARDEN
CASE NO. 4:21-cv-00368-DAP
APPENDIX – PAGE 1902

# WARRANT TO CONVEY

## TO THE TRUMBULL COUNTY JAIL
### REVISED CODE, SEC. 2949.12 TO 2949.17

### COURT OF COMMON PLEAS, TRUMBULL COUNTY, WARREN, OHIO

### 2001 CR 00793

**STATE OF OHIO**

VS.

**DONNA MARIE ROBERTS**

**TO THE SHERIFF OF SAID COUNTY:**

*WHEREAS*, OUR SAID COURT, BEGUN AND HELD AT WARREN, OHIO IN SAID COUNTY ON September 26, 2007, THE SAID DEFENDANT **DONNA MARIE ROBERTS:**

### Agg. Murder

AND WAS SENTENCED BY THE COURT TO:

OHIO REFORMATORY FOR WOMEN at MARYSVILLE,OHIO

YOU ARE THEREFORE HEREBY COMMANDED, TO TAKE CHARGE OF AND CONVEY THE SAID **DONNA MARIE ROBERTS** TO TRUMBULL COUNTY JAIL AT WARREN, OHIO.

AND MAKE DUE RETURN OF YOUR PROCEEDING HEREIN TO THIS OFFICE FORTHWITH.

> *IN TESTIMONY WHEREOF*, I HAVE
> HEREUNTO SET MY HAND AND
> AFFIXED THE SEAL OF SAID COURT AT
> TRUMBULL COUNTY, WARREN, OHIO
> September 26, 2007
>
> **KAREN INFANTE ALLEN,**
> *Clerk of Courts*
>
> By:   NANCY WINGARD, Deputy Clerk

2001 CR 00793

**TRUMBULL COUNTY**
**COMMON PLEAS COURT**
*Trumbull County, Warren, Ohio*

**STATE OF OHIO**

VS.

**DONNA MARIE ROBERTS**

**WARRANT TO CONVEY**

**RETURNED AND FILED**

_____, 20_____

**KAREN INFANTE ALLEN,**
*Clerk of Courts*

By: _____
    **DEPUTY CLERK**

**RETURN**

RECEIVED THIS WRIT ON THE _3_ DAY OF _OCT_ , 200_2_ AT _147_ O'CLOCK _A_ .M., AND ON THE _17_ DAY OF _October_ , 200_ )_ , I EXECUTED THE SAME BY CONVEYING THE PERSON NAMED TO THE PLACE DESIGNATED AS SHOWN BY THE RECEIPT ENDORSED HEREON.

_Thomas Altiere_
SHERIFF

By: _William Swader_
    *DEPUTY*

**FEES**

| | |
|---|---|
| Mileage: | $ 230.50 |
| Service: | $ 10.00 |
| Other: | $ |
| _____ | $ |
| **TOTAL:** | $ 240.50 |

_____, OHIO

_____, 20____

RECEIVED THIS DAY FROM _____ _____ SHERIFF OF _____ COUNTY, OHIO, THE PRISONER NAMED IN THE WITHIN **WARRANT**.

_M. Bradshaw_
*Superintendent*

STATE OF OHIO      )        IN THE COURT OF APPEALS
                      )SS.
COUNTY OF TRUMBULL    )        ELEVENTH DISTRICT

STATE OF OHIO,

        Plaintiff-Appellee,

   - vs -

DONNA ROBERTS,

        Defendant-Appellant.

**JUDGMENT ENTRY**

**CASE NO. 2005-T-0034**

M A N D A T E

COMMON PLEAS
CASE NO. 2001 CR 793

For the reasons stated in the Memorandum Opinion of this court, it is the sua sponte order of this court that the instant appeal is hereby dismissed for lack of jurisdiction.

JUDGE TIMOTHY P. CANNON

FOR THE COURT

**F I L E D**
COURT OF APPEALS

OCT 2 2 2007

TRUMBULL COUNTY, OH
KAREN INFANTE ALLEN, CLERK

VOL 1152 PAGE 627



IN THE COURT OF COMMON PLEAS
TURMBULL COUNTY, OHIO
CRIMINAL DIVISION

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CR 2001 CR 0793 |
| Plaintiff, | : | |
| -VS- | : | JUDGE JOHN M. STUARD |
| DONNA ROBERTS, | : | |
| Defendant. | : | |

## DEFENDANT ROBERT'S SENTANCING MEMMORANDUM

Respectfully Submitted,

DAVID L. DOUGHTEN (0002847)
4403 St. Clair Avenue
Cleveland, Ohio 44103
(216) 361-1112

ROBERT A. DIXON (0022466)
4403 St. Clair Avenue
Cleveland, Ohio 44103
(216) 432-1992

Counsel for Defendant Donna Roberts

## CERTIFICATE OF SERVICE

A copy of the foregoing Defendant's Sentencing Memorandum was served upon David

Watkins, Trumbull County Prosecutor and/or Christopher Becker, Esq., Assistant Trumbull

County Prosecutor, Administration Building, 160 High Street, Warren, Ohio 4481, by regular

U.S. mail on this *26* day of October 2007.

DAVID L. DOUGHTEN
Attorney for Defendant

DEFENDANT'S SENTANCING MEMMORANDUM

The Defendant, Donna Roberts, has submitted to this Court a binder containing records of her recently discovered Social Security claim for mental disability.  As a result of that claim, Ms. Roberts received a Social Security benefits Award for "affective disorder." The Defendant submits that those records are of great significance and should be taken into consideration of this Court prior to imposition of sentence and as a supplement to her allocution in this case.

The records clearly support the claim that after Ms. Roberts' automobile accident in 1999 she suffered from mental conditions as a direct result of head trauma sustained during that accident. While all the records are significant, certain portions are critical to this Court's determination in this case.   Specifically, the Defendant refers the Court to the words of victim in this case, Robert Fingerhut, who indicates that Ms. Roberts' entire personally changed drastically very shortly after the auto accident.  He described her prior to the accident as "effervescent and bubby" with many interests in life.   After the accident, he describes her as confused, depressed, forgetful, uninterested in life and given to severe mood swings. (His statement as contained in the Social Security records is attached hereto.)   Further, in a report dated October 20, 19999, Doctor Donald Degli, M.A., indicates that Mrs. Roberts presented a full scale IQ of 65 which is considered at the top of mild mental retardation range. This is a significant change from her condition prior to the accident in which she was considered by all to be of above average intelligence. Clearly such a significant change at least warrants further investigation.

The Defendant urges the Court to consider the foregoing items as well as the totality of facts and circumstances brought before the Court through Proffers and Allocution. She

respectfully suggests that all of the facts and circumstances support a sentence other than

death.

Respectfully Submitted,

DAVID L. DOUGHTEN (0002847)
4403 St. Clair Avenue
Cleveland, Ohio 44103
(216) 361-1112

ROBERT A. DIXON (0022466)
4403 St. Clair Avenue
Cleveland, Ohio 44103
(216) 432-1992

Counsel for Defendant Donna Roberts

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO
CASE NO. 01-CR-793

STATE OF OHIO,                    )

     Plaintiff                 )

vs.                               )          JUDGMENT ENTRY

DONNA ROBERTS,                    )

       Defendant              )


This matter is before the Court on remand from the Supreme Court of Ohio pursuant to the Court's opinion and Order on Remand.  See State v. Roberts (2006) 110 Oh.Std.3d 71.  The remand is quite specific (paragraph 167) wherein having found no prejudicial error in regard to Defendant Roberts' conviction, the conviction and judgment of the Court was affirmed.

The reviewing court went on to state the opinion that the administrative act of typing this Court's opinion evaluating of the appropriateness of the death penalty as required by R.C. 2929.03(F) was defective.  The Supreme Court apparently thought the Prosecution participated in the Court's conclusions as set forth in the final opinion.

The last issue on remand was to instruct this Court to

VOL **1153** PAGE **422**

2

provide Roberts with her right of allocution before reimposing sentence.

This writer has presided over the trials of each of the co-Defendants, Roberts and Jackson.  He has reviewed and decided the appropriateness of the death penalty option in both cases as required by R.C. 2929.03 and now does so again as ordered by the Ohio Supreme Court.

There is perhaps no case in the annals of Criminology where the perpetrators wrote personal letters to each other outlining in great detail their plan to kill another person, made numerous phone calls which they knew were been recorded, yet still talked of their plans, and one, the Defendant herein, refused to allow mitigating evidence to be offered on her behalf but insisted in her unsworn summation to the jury that it invoke the death penalty.

On May 28, 2003, a Trumbull County Petit Jury, after hearing the extensive evidence presented by the Prosecution, returned a unanimous verdict finding the Defendant, Donna Marie Roberts, guilty of two counts of complicity to Commit Aggravated Murder.  The victim, Robert S. Fingerhut, was the ex-husband and domestic partner of the Defendant at the time of his death.  Each count contained two specifications of aggravating circumstances, listed in Revised Code 2929.04(A).

3

Counts One and Two of the indictment merge for sentencing purposes. The State elected to dismiss Count Two of the Specification thereto prior to the commencement of the mitigation phase. This Court for purposes of this opinion, addresses the conviction of the Defendant on the first count of the indictment wherein she purposely and with prior calculation and design caused the death of Robert S. Fingerhut.

The mitigation or second phase of the trial began on June 4, 2003. The jury, after deliberation, unanimously found the State had proven beyond a reasonable doubt that the aggravating circumstances, to wit, Specification One to Count One, that the Defendant was a complicitor in committing or attempting to commit or in fleeing immediately after committing, or attempting to commit aggravated burglary, and that the Defendant committed the aggravated murder with prior calculation and design. The jury also found by evidence proven beyond a reasonable doubt as to Specification Two to Count One that the Defendant was a complicitor in committing or attempting to commit or in fleeing immediately after committing or attempting to commit aggravated robbery. The jury further found by proof beyond a reasonable doubt that the Defendant committed the Aggravated Murder with prior

4

calculation and design.  The jury further found the aggravating factors outweighed the mitigating factors and returned two verdicts recommending the death sentence.

This Court is obligated to review the evidence presented in this case and to review that evidence independently without regard to the findings of the jury.  The purpose of such independent review is for the Court to weigh the aggravating circumstances of each specification against any mitigating factors that may be present in favor of Defendant.

This Court has independently reviewed this case on a prior occasion, and has independently reviewed the present case once more, in keeping with the opinion of the Ohio Supreme Court.

There are many people who abhor the imposition of the death penalty and many others who are of the opinion that the death penalty is appropriate if done according to law as prescribed by our state legislature, Rules of Procedure, Evidence and by both our State and Federal Constitutions.

No matter what any particular judge's opinion may be on the matter, the law under review is quite clear that upon a jury returning its recommendation of the death penalty, the sitting judge must re-weigh the evidence presented to the jury upon which the judgment was determined.  The judge is required

5

to review that evidence independently and to determine if the jury was mistaken, or misinterpreted or failed to take into account facts or a fact that in light of the absolute seriousness of the recommendation that reasons exists wherein the imposition of the death penalty should not be sanctioned by the court.

The evidence presented in this trial Court showed an ex-wife who had a reason, and put into play a plan, to have her ex-husband murdered so as to collect $550,000 in life insurance proceeds.  Defendant's plan to murder can reasonably be characterized as unimaginative and naive in concept and ill-fated and botched in its implementation.

The Defendant had become involved romantically and sexually with her co-defendant, Nathaniel Jackson, several months before the murder.  Jackson was incarcerated in an Ohio State prison on an unrelated offenses but Defendant and he began written correspondence for at least the last three months before his release.  The evidence presented nineteen collect telephone calls from Jackson's prison to Defendant. Throughout the written correspondence and the recorded phone calls, the Defendant and Jackson planned the murder.

As discussed in the phone conversations and letters written to each other and presented in evidence, the plan was

VOL 1153 PAGE 426

DONNA ROBERTS v WARDEN
CASE NO. 4:21-cv-00368-DAP
APPENDIX – PAGE 1914

6

that Defendant would pick up co-defendant Jackson from prison on December 9, 2001, take him to the Wagon Wheel Motel in Boardman, Ohio, rent a room with a mirrored ceiling and Jacuzzi tub where they would have sexual relations. The Defendant would obtain handcuffs, a firearm, ski mask, leather gloves to conceal fingerprints and would provide a means of access to Defendant's residence so Jackson could abduct the victim, take him to another location and kill him. The conspirators discussed forcing the victim to watch the Defendant perform oral sex on Jackson before executing the victim.

In order to prove an alibi for herself, Roberts traveled by automobile to various retail outlets and entered the stores knowing she would be recorded on the various store video security cameras. This would also establish a time line for her whereabouts at the time of the pending murder.

Roberts also, during her shopping trip, took the time to call the Greyhound bus station, which her ex-husband owned and operated to be sure Fingerhut left work on time, i.e, 9:00 p.m.

Roberts provided Jackson with a cell phone in order to co-ordinate the execution of the plan according to schedule.

Jackson was able to enter the Fingerhut house by the key

VOL **1153** PAGE **427**

7

provided by Roberts, but found upon confronting Fingerhut that the victim was also armed.  During the confrontation and struggle that ensued, Jackson was shot in his left index finger.  Jackson then shot Fingerhut three times with one fatal shot to the head.  Fingerhut's keys were taken by Jackson and he drove the deceased's Chrysler 300M to Youngstown, Ohio, where it was eventually found within three blocks of where Jackson was arrested on December 20, 2001.

Various phone calls continued between Defendant and Jackson during the hours of 9:30 p.m. to 12 midnight on December 11, 2001.  Between 9:30 p.m. and 10:30 p.m., the Defendant drove Jackson to the Days Inn in Boardman, Ohio, rented a room for him and treated his wound.  Later the hotel cleaning staff would find bloody bandages and medical supplies in this room which were retrieved by the police.

Roberts then returned to the residence in Howland Township, Trumbull County, Ohio, and found her ex-husband's body inside the main door leading from the garage.  Roberts then called 911 to report the murder and when the police arrived, as she had done on the 911 call, she feigned her shock and grief according to the plan laid out in her letters to Jackson.

The Howland Township police as they arrived and started

DONNA ROBERTS v WARDEN
CASE NO. 4:21-cv-00368-DAP
APPENDIX – PAGE 1916

8

their investigation found no sign of forced entry.  Beside the
corpse was found a revolver and the victim had two wallets
containing large sums of cash with credit cards.  The house
contained other valuables but nothing could be identified as
missing other than Fingerhut's Chrysler automobile.

Roberts upon request granted permission to the police to
search the house and her vehicle.  The search turned up
approximately 140 letters from Jackson to Roberts in her
dresser and approximately 140 letters from Roberts to Jackson
in the trunk of Roberts car in a paper bag bearing Jackson's
prison number.

Also during the following days of investigation, the
police obtained nineteen recorded telephone conversations
between the Defendant and Jackson.  There were approximately
three hours of phone conversation which are automatically
recorded by the prison when inmates such as Jackson speak by
phone to another person outside the prison.  The tapes
revealed a continuing and evolving plan to kill Fingerhut
within days of Jackson's release from prison.

When Jackson was arrested in Youngstown, Ohio, a pair of
black leather gloves with fleece lining were recovered from
that home.  The same type of gloves as mentioned in their
letters.  One of the gloves had gunshot residue and a hole in

VOL 1153 PAGE 429

9

the left index finger and what appeared to be possibly blood in the area of the hole.  The damage to the glove matched the injury Jackson had sustained to his finger.

Fingerhut's automobile having been stolen by Jackson when checked by forensic personnel revealed a DNA analysis match of the DNA profile of both Jackson and Fingerhut.  Also the blood samples from the Boardman Days Inn matched the DNA profile of Jackson.

The State also produced evidence showing Roberts had recently checked on Fingerhut's life insurance, upon which she was primary beneficiary, to be sure the policy was still in effect.  Also that Roberts promised to purchase a new Cadillac for Jackson once the proceeds were collected.  Roberts repeatedly told Jackson how much she hated her ex-husband with whom she continued to live.

Defendant told the police during their investigation of the crime scene on December 12, 2001, that she had been shopping prior to returning home and gave them the name and location of her activities.  The police were able to confirm she was at Wal-Mart at approximately 9:30 p.m. that evening. She failed to mention she had taken Jackson to the Days Inn in Boardman, Ohio.

The police asked Roberts to provide a list of suspects

DONNA ROBERTS v WARDEN
CASE NO. 4:21-cv-00368-DAP
APPENDIX – PAGE 1918

10

she felt may have wanted to kill Fingerhut.  Again she failed to mention Nathaniel Jackson in the list she provided.  When asked specifically about Jackson, she replied, "Oh, I almost forgot about him."

The investigation found that Defendant and Jackson had worked together throughout the afternoon and evening of December 11, 2001.  The evidence presented was that Defendant had taken Jackson to get a hair cut that day, had eaten dinner at the Red Lobster, and he was with her for a portion of the day at the Warren Greyhound bus terminal in Warren, Ohio, which Roberts managed for Fingerhut.  Roberts had told the police, however, that she had last seen Jackson on Monday, December 10, 2001, and had spoken with him on the morning of December 11, 2001.

Frank Reynold, an employee or hanger-on at the Youngstown bus terminal testified he was present a day or so before the murder and saw Roberts approach and ask Fingerhut for $3,000.  Fingerhut refused to give her the money.  Roberts had mentioned in one of her letters to Jackson that she was tired of the "grinch" doling out money to her.

Roberts also accused an ex-convict with whom she had a sexual liaison within her home shortly before Jackson's release from prison of stealing a .38 caliber weapon from her.

11

She informed the police two .38 caliber weapons were missing from the house.  The person accused of the theft, Santiago Mason, denied the allegation.

In this case, the Jury found the existence beyond a reasonable doubt, of two aggravating circumstances, pursuant to Section 2929.04(A)(7) of the Revised Code, to-wit, Specification One to Count One, that the Defendant was a complicitor in committing or attempting to commit or in fleeing immediately after committing or attempting to commit aggravated burglary, and that the Defendant committed the aggravated murder with prior calculation and design.  And Specification Two to Count One, that the Defendant was a complicitor in committing or attempting to commit, or in fleeing immediately after committing or attempting to commit aggravated robbery, and that the Defendant committed the Aggravated Murder with prior calculation and design.

With respect to the aggravating circumstances relating to the aggravated burglary, the evidence presented at trial proved that the Defendant allowed Jackson to trespass in Fingerhut's residence, located at 254 Fonderlac Drive, Howland Township, Trumbull County, Ohio, with the specific purpose of killing Fingerhut with prior calculation and design.

VOL 1153 PAGE 432

12

Jackson was wearing leather gloves and armed with a firearm, which he used to shoot the victim three times causing his death.  The gloves and the ski mask, firearm and access to the house were all provided by the Defendant with prior calculation and design, as evidenced by the telephone calls and letters introduced by the State.  The Defendant assured the victim's arrival, by checking at his place of employment, and determining when he left work by calling him on the telephone while he was on his way home.

The Defendant also checked on the status of the life insurance policies and determined that the premiums paid were up to the end of 2001, and advised Jackson of the same. Pursuant to her plan to kill Fingerhut, the Defendant took Jackson to a motel room in Boardman, Ohio, and rented the room for one week which was consistent with the plans discussed in the letters and phone calls prior to the murder.

Upon discovering Fingerhut's body, the Defendant feigned grief exactly as discussed in her letters with Jackson. During the course of the investigation, the Defendant continually threw out red herrings to the Howland Policy by mentioning a number of possible suspects, including alleged homosexual lovers of the victim, her ex-boyfriends, crazy people from the bus terminal in Youngstown, and

13

Santiago Mason.  The Defendant only mentioned Jackson, the convict she had corresponded with by letters for three months, spoken to on the telephone 19 times, picked up from prison and engaged in sexual relations with just two days prior, taken to get a haircut and ate dinner with just hours previously and the person whom she had driven to Boardman, Ohio on the night of the murder, and who had an injured index finger, only after the investigators confronted her with his name.

From the aforementioned evidence, the Court concludes that the Defendant committed the aggravated murder as a complicitor, while committing or attempting to commit or in fleeing immediately after committing or attempting to commit aggravated burglary.  And that the Defendant committed the aggravated murder with prior calculation and design.  With respect to the aggravating circumstance related to the aggravated robbery, after Jackson had murdered the victim, he took the victim's set of keys and the silver Chrysler 300M. Although the planned crime involved Jackson stealing Fingerhut's car in order to kidnap Fingerhut, it is clear that Jackson was to take the victim's car to flee the residence.

The fact that Fingerhut struggled with Jackson in the residence and was killed in the residence, in no way, negates the Defendant's plan that Jackson should steal the victim's

DONNA ROBERTS v WARDEN
CASE NO. 4:21-cv-00368-DAP
APPENDIX – PAGE 1922

14

car to facilitate Jackson's own flight from the residence.
Ample DNA evidence was presented indicating that Jackson was
in the silver Chrysler 300M following the murder of Fingerhut.
Additionally, phone records were introduced showing that
Jackson and the Defendant called each other after the murder
to check on the status of the plan.

Finally, the vehicle was recovered a few blocks from the
location where Jackson was arrested.  The Defendant, in
accordance with the plan to kill Fingerhut, paid for a hotel
room for Jackson following the murder.  The fact that the
silver Chrysler 300M was found abandoned with the victim's
keys in the ignition, coupled with the fact that the victim's
wallet, money, credit cards and other valuables were not
stolen, clearly shows that the plan to steal the victim's car
with a means of escape following the kidnapping and murder of
the victim was carried out in accordance with the prior
calculation and design, as set out by the Defendant and
Jackson.

From the aforementioned evidence, this Court concludes
that the Defendant committed the Aggravated Murder, as a
complicitor, while committing or attempting to commit or in
fleeing immediately after committing or attempting to commit
aggravated robbery, and that the Defendant committed the

DONNA ROBERTS v WARDEN
CASE NO. 4:21-cv-00368-DAP
APPENDIX – PAGE 1923

15

aggravated murder with prior calculation and design.

Now, to be weighed against the aggravating circumstances, the Court must weigh any mitigating factors. On Tuesday, June 3, 2003, the Defendant appeared in-chambers and on the record with her retained attorneys, J. Gerald Ingram and John B. Juhasz, and her retained psychologist, Thomas Eberle.  The State was present and represented by Assistant Prosecutor Kenneth N. Bailey and Christopher D. Becker.

At that time, the Defense indicated to the Court that the Defendant had been evaluated by Dr. Eberle for her competency to waive mitigating evidence.  And that in the doctor's opinion, she was competent to do same.

This Court personally addressed the Defendant and inquired of her as to the importance of presenting mitigating evidence, the use of such evidence to offset the aggravating circumstances, and the effect of failing to present such evidence.  The Court was assured at that time by the Defendant, that she understood these concepts by both Defense counsel and Dr. Eberle.  This Court personally inquired whether the Defendant desired to waive the right to present mitigating evidence.  The Court having found no evidence to contradict Dr. Eberle's findings on the Defendant's

VOL **1153** PAGE 436

statements, and her express desire to waive the presentation of mitigating evidence, then found that the Defendant was competent to waive her presentation of mitigating evidence, and had done so knowingly, voluntarily and intelligently, and the Defendant indicated to the Court, that she only desired to make an unsworn statement to the Jury, which she was advised she was permitted to do and would be permitted to make on June 4, 2003, which was the date previously scheduled for the mitigation phase.

On Wednesday, June 4, 2003, the Defendant made an unsworn statement during which she stated to the Jury that there were no mitigating factors, and during which she requested the Jury to impose the death sentence. This statement was articulate, coherent and well organized. The statement lasted approximately one hour, during which the Defendant showed no difficulty or fear in addressing a large group of individuals, including the Jury, and a large number of courtroom observers. The Defendant spoke freely and although she had with her prepared notes, she often extemporized.

Despite the preceding that I have outlined, the Court is still bound to make an independent weighing of any and all mitigating factors that it feels may exist in this case

17

against the aggravating circumstances.  The Defendant in this case was not the principal offender.  Pursuant to Section 2929.04(B)(6), the Court considers this factor, but gives it very little weight.

The Defendant committed the Aggravated Murder during the course of the commission of both an aggravated burglary and aggravated robbery.  The record is replete with instances where the Defendant actively planned this Aggravated Murder with prior calculation and design in order to collect $550,000 in life insurance proceeds.  The Defendant's plan included buying her codefendant a new Cadillac or Lincoln in exchange for killing her ex-husband, promises of trips, and a nice home in a wealthy neighborhood.

The record is overwhelming that, but for the Defendant's planning and actions, the victim would be alive today.  The Defendant discussed and planned for months with the principal offender, how they would kill the victim.  The Defendant checked on the status of the insurance policies in order to ensure that she would be able to collect the proceeds, and advised the principal offender of the status of the policies. The Defendant then transported the principal offender in the Aggravated Murder from prison to a predetermined location, in order to engage in love making before the murder.

18

The Defendant fed the principal offender prior to the crime.  The Defendant provided the principal offender with gloves, a ski mask, murder weapon and hideout after the Aggravated Murder, all as planned and discussed prior to the Aggravated Murder.

The Defendant gave the principal offender entry into the residence of the victim for the sole and exclusive purpose of killing the victim.  This plan was clearly discussed in both the letters, and recorded telephone conversations, including the last telephone call on December 8, 2001, the day before the principal offender was released from prison.  The Defendant failed to advise police of her relationship with the principal offender until she was confronted with the evidence of the relationship by the police.  And prior to being confronted by the existence of this relationship, the Defendant gave the police a number of red herrings implicating a number of potential suspects, but never mentioned the relationship with the principal offender, and her discussions with him regarding the Aggravated Murder of Robert Fingerhut.

The Court gives very slight weight to the fact that the Defendant indicates in her letters that the victim may have been physically abusive to her.  This factor is pursuant to Section 2929.04(B)(1)(2).  However, the existence of this

DONNA ROBERTS v WARDEN
CASE NO. 4:21-cv-00368-DAP
APPENDIX – PAGE 1927

factor is given very slight weight due to the fact that it is unsubstantiated, and even if it were true, would not warrant the Defendant's action in this case.

The Court gives very little weight to the Defendant's unsworn statement.  During the course of her unsworn statement, the Defendant apologized to her Defense team and thanked them for the hard work.  The few positive things gleaned from this statement were overshadowed by the Defendant's personal attacks, and statements that were clearly contrary to the evidence.  The Defendant denied guilt and personally attacked the jurors by claiming they were not a Jury of her peers.

The Defendant accused the lead investigator as being motivated solely by career advancement and accusing him of obstruction of justice and perjury.  The Defendant referred to the other investigators as lackeys and claimed that one member of the Prosecution team was anti-Semetic and racist.

The Defendant also chastised jurors for being uninformed about current events.  The Defendant also stated to the Jury that she and the victim had a loving relationship, and planned to live happily ever after.

These statements are in direct contravention of her statements in the letters and the phone calls expressing her

20

desire and wishes that the victim meet un untimely death, and her desire to marry and live with Nathaniel Jackson.

The Defendant also appeared to brag to the Jury that she and the deceased have earned over $200,000 per year and that the $550,000 in life insurance proceeds was of little value to her, because that sum would only sustain her for a few years. It is difficult for this Court or any finder of fact to give any weight to such a statement.

Pursuant to Section 2929.04(A)(7), the Court will give very slight weight to the Defendant's behavior during the course of this trial. The Defendant was courteous, pleasant and properly addressed the Court at all times. The Defendant appeared intelligent and interested in the proceedings and appeared to assist in her defense at all times. The Defendant presented no security problems to this Court and those who transported her to Court each day.

Now the Court has carefully and independently weighed the accumulation of all of the mitigating factors against each aggravating circumstance separately, as to each of the two specifications. In other words, the Court has weighed the evidence twice, first the Court weighed all of the mitigating factors against the aggravating circumstances surrounding the aggravated burglary, and then the Court engaged in a second

VOL **1153** PAGE **441**

21

weighing, whereby the Court again weighed all of the mitigating factors against the aggravating circumstances surrounding the aggravating robbery.

With respect to the first weighing of the aggravating circumstances relating to the aggravated burglary against all of the mitigating factors, this Court finds that the aggravating circumstances not only outweigh the mitigating factors by proof beyond a reasonable doubt, but in fact, they almost completely overshadow them.

The legislature of the State of Ohio, has recognized that under certain circumstances, the death penalty is an appropriate sanction to a Defendant who commits an Aggravated Murder during the commission of certain felonies.  In the case at bar, the underlying felonies were aggravated burglary and aggravated robbery.  In this particular case, the Court accords substantial weight to the aggravated burglary specification in the weighing process.

In order to prove an aggravated burglary, the State is required to prove that a Defendant trespassed in an occupied structure, for the purpose of committing a criminal offense. In this particular case, the Defendant purposely had her codefendant trespass in the occupied structure of Robert S. Fingerhut, with the specific purpose of committing

DONNA ROBERTS v WARDEN
CASE NO. 4:21-cv-00368-DAP
APPENDIX – PAGE 1930

22

an Aggravated Murder, which had been meticulously planned over a number of months with prior calculation and design.

Under the facts of this case, this Court cannot see any other form of aggravated burglary where the weight of this particular aggravating circumstance could ever be greater. The evidence reveals that the aggravated burglary was committed for the sole purpose of killing Robert S. Fingerhut, pursuant to a planned and methodical execution scheme designed by the Defendant and her codefendant and whereby the Defendant would collect $550,000 in insurance proceeds.  This is a most heinous form of aggravated burglary and is entitled to great weight.

In this Court's view, this aggravating circumstance standing alone, outweighs all of the mitigating evidence in this case.  Therefore, with respect to Specification One to Count One, this Court concurs with the Jury's recommendation, and finds that the death sentence is an appropriate penalty.

With respect to the aggravating circumstances of the aggravated robbery, the Court concedes that this offense is not quite heinous as the circumstances surrounding those concerned with the aggravated burglary; however, the aggravated robbery was clearly committed to facilitate the escape from the Aggravated Murder, and is extremely close to

23

being the worst form of aggravated robbery.  This statement is
galvanized by the fact that the aggravated robbery was planned
by the Defendant to be part of a kidnapping, whereby the
victim was to be removed, taken to a different location where
the Defendant would then engage in oral sex with her
codefendant, while the Defendant was forced to watch prior to
his execution.  This plot is clearly spelled out in the
letters between the Defendant and codefendant.  The plan
clearly went awry when the victim engaged the codefendant in
the struggle at the residence.  Again this scheme was hatched
for the purpose of the Defendant collecting the $550,000 in
insurance proceeds.

Therefore, the aggravating circumstance specification
relating to the aggravated robbery, when weighed against all
of the mitigating factors in this case, clearly and undeniably
outweighs by proof beyond a reasonable doubt, all of the
mitigating evidence in this case.

Therefore, with respect to Specification Two to
Count One, the Court concurs with the Jury's recommendation
and finds that the death sentence is the appropriate penalty.
The Court recognizes that the death sentence recommendation by
the Jury must be merged and the Court does hereby merge the
death sentences for purposes of sentencing.

DONNA ROBERTS v WARDEN
CASE NO. 4:21-cv-00368-DAP
APPENDIX – PAGE 1932

24

For the reasons set forth herein, and after independently and separately weighing the aggravating circumstances against all of the mitigating factors, it is the judgment of this Court that the Jury's recommendation is accepted, and the Court does find that the sentence of death is the appropriate penalty in this case.

10/29/07
_____
DATE

_M Stuard_

JUDGE JOHN M. STUARD

10-29-07
Copies to:
Pros.
D. Doughten

TO THE CLERK OF COURT: YOU ARE ORDERED TO SERVE
COPIES OF THIS JUDGMENT ON ALL COUNSEL OF RECORD
OR UPON THE PARTIES REPRESENTED FORTH-
WITH BY ORDINARY MAIL
JUDGE

2007 OCT 29 P 47

VOL **1153** PAGE **445**

DONNA ROBERTS v WARDEN
CASE NO. 4:21-cv-00368-DAP
APPENDIX – PAGE 1933

**IN THE COURT OF COMMON PLEAS**
**TRUMBULL COUNTY, OHIO**

| | |
|---|---|
| STATE OF OHIO, | ) CASE NO. 01-CR-793 |
| | ) |
| Plaintiff | ) |
| | ) **DEATH PENALTY** |
| | ) |
| -vs- | ) WRIT TO CONVEY PRISONER |
| | ) FOR EXECUTION OF PENALTY |
| DONNA MARIE ROBERTS, | ) |
| | ) |
| Defendant | ) |

A Writ is hereby directed to Thomas Altiere, Sheriff of Trumbull County, Ohio for

conveyance of DONNA MARIE ROBERTS to the Ohio Reformatory for Women at

Marysville, Ohio, and deliverance to its warden.  Said Writ is issued pursuant to Section

2949.21 of the Ohio Revised Code for the execution of the death penalty against Donna Marie

Roberts on October 28, 2008.

11-6-07
Issued to
Sheriff

_11/6/07_
DATED

_Jon M. Stuard_
HONORABLE JOHN M. STUARD
JUDGE, COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO



VOL **1154** PAGE **303**

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO. 01-CR-793 |
| | ) | |
| Plaintiff | ) | JUDGE JOHN M. STUARD |
| | ) | |
| -vs- | ) | DEATH PENALTY |
| | ) | |
| DONNA MARIE ROBERTS, | ) | SENTENCED TO OHIO |
| INMATE #W055276 | ) | REFORMATORY FOR WOMEN |
| | ) | |
| Defendant | ) | ENTRY ON RE-SENTENCE |

On October 29, 2007, the Defendant having been brought into Court, and being fully advised in the premises and being represented by counsel, Attorney David L. Doughten and Attorney Robert A. Dixon, and the State of Ohio being represented by Assistant Prosecuting Attorney Christopher D. Becker and Assistant Prosecuting Attorney Kenneth N. Bailey, for purposes of re-sentencing, pursuant a remand from the Ohio Supreme Court.

On 8th day of April, 2003, the Defendant was brought into Court for a trial before a petit jury and after due deliberation was found guilty on May 28, 2003 of Count One: Complicity to Commit Aggravated Murder (O.R.C. §§2923.03(A)(2), 2903.01(A) and 2941.14(C)) of Robert S. Fingerhut, with two (2) separate Specifications of Aggravating Circumstances, to wit: Specification No. 1: Aggravated Burglary (O.R.C. §2929.04(A)(7)), and Specification No. 2: Aggravated Robbery (O.R.C. §2929.04(A)(7)); Count Two: Complicity to Commit Aggravated Murder (O.R.C. §§ 2923.03(A)(2), 2903.01(B) and 2941.14(C)) of Robert S. Fingerhut, with two (2) separate Specifications of Aggravating Circumstances, to wit: Specification No. 1: Aggravated Burglary (O.R.C. §2929.04(A)(7)),



DONNA ROBERTS v WARDEN
CASE NO. 4:21-cv-00368-DAP
APPENDIX – PAGE 1935

and  Specification No. 2:  Aggravated Robbery (O.R.C. 2929.04(A)(7)); Count Three: Complicity to Commit Aggravated  Burglary (F1) With Firearm Specification (O.R.C. §2923.03(A)(2), 2911.11.(A)(1)(2) and 2941.145); and  Count Four: Complicity to Commit Aggravated  Robbery  (F1)  With  Firearm  Specification  (O.R.C.  §2923.03(A)(2), 2911.01(A)(1)(3) and 2941.145).   Thereafter, Count Two was removed from the Jury pursuant to a Motion to Dismiss by the State.

On June 4, 2003, the Defendant having been brought into Court to give evidence in mitigation on Count One of the indictment, and after arguments of counsel and instructions of law, and after due deliberation, it was the finding and recommendation of the Jury on June 4, 2003, that the sentence of death be imposed on the Defendant.  The original sentencing hearing was held on June 20, 2003.

On October 29, 2007, pursuant to the Ohio Supreme Court's opinion in State v. Roberts (2006) 110 Oh. St 3d 71, the Defendant's re-sentencing hearing was held and she was sentenced to Death on October 28, 2008 on Count One; and imprisoned therein for the stated prison term of ten (10) years on Count Three; plus a mandatory term of three (3) years on the Firearm Specification to be served prior to and consecutive to the sentence imposed in Count Three; ten (10) years on Count Four, plus a mandatory term of three (3) years on the Firearm Specification to be served prior to and consecutive to the sentence imposed in Count Four, sentence in Count Four to be served consecutively to the sentence imposed on Count Three. Firearm Specifications in Count Three and Count Four shall merge as one sentence in Count Three as a matter of law.

VOL 1154 PAGE 305

The Court further advised the Defendant of her right to appeal pursuant to Criminal

Rule 32(B).

The OHIO REFORMATORY FOR WOMEN shall take note that the Defendant has

been incarcerated in the Trumbull County Jail pursuant to these charges from December 21,

2001 to June 26, 2003, and in the Ohio Reformatory for Women from June 26, 2003 to date.

_11/6/07_
DATED

_~~~ M Stuard_
HONORABLE JOHN M. STUARD
JUDGE, COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

**THE CLERK OF COURTS IS HEREBY ORDERED TO SERVE COPIES OF THIS ENTRY TO ALL
COUNSEL OF RECORD AND THE BUREAU OF SENTENCE COMPUTATION, P. O. BOX 450,
ORIENT, OHIO 43146.**

**You are hereby notified that you have been convicted of a felony of
violence and pursuant to Section 2923.13 of the Ohio Revised Code, you
are prohibited from acquiring, having, carrying or using any firearm or
dangerous ordinance.**

11-6-07
Copies to:
Pros.
D. Doughten
Bureau of Sentence Computation

VOL **1154** PAGE **306**

# EXECUTION FOR COSTS IN FELONY

*Revised Code, Section 2949.15*

## COURT OF COMMON PLEAS, TRUMBULL COUNTY, WARREN, OHIO

### 2001 CR 00793

**STATE OF OHIO**

VS.

**DONNA MARIE ROBERTS**

## TO THE SHERIFF OF SAID COUNTY:

**YOU ARE HEREBY COMMANDED,** THAT OF THE GOODS AND CHATTELS, AND FOR WANT THEREOF, THEN OF THE LANDS AND TENEMENTS OF

**DONNA MARIE ROBERTS**

IN YOUR COUNTY, WHEREOF WAS CONVICTED, AS APPEARS OF RECORD, WITH INTEREST THEREON FROM THE FIRST DAY OF THE TERM AFORESAID; ALSO YOU CAUSE TO BE MADE THE COSTS OF EXECUTION AND INCREASE COSTS THAT ACCRUE.

HEREOF FAIL NOT, BUT OF THIS WRIT AND YOUR PROCEEDINGS ENDORSED HEREON, MAKE DUE RETURN, WITHIN TEN (10) DAYS FROM THE DATE HEREOF.

*IN TESTIMONY WHEREOF*, I HAVE HEREUNTO SET MY HAND AND AFFIXED THE SEAL OF SAID COURT AT TRUMBULL COUNTY, WARREN, OHIO
November 5, 2007

**KAREN INFANTE ALLEN,**
*Clerk of Courts*

By:   NANCY WINGARD, Deputy Clerk



2001 CR 00793

## TRUMBULL COUNTY
## COMMON PLEAS COURT
*Trumbull County, Warren, Ohio*

**STATE OF OHIO**

Vs.

**DONNA MARIE ROBERTS**

## EXECUTION FOR COSTS

## RETURNED AND FILED

_____, 20_____

**KAREN INFANTE ALLEN,**
*Clerk of Courts*

By: _____
      *DEPUTY CLERK*

### RETURN

RECEIVED THIS WRIT ON THE _6_ DAY
OF ____NOV____, 20_09_, AT __11:15__
O'CLOCK __A__.M., AND ON THE _____
DAY OF _____, 20_____,

_____+.L.ACTIERE_____
SHERIFF

By: ____K.GEORGIADIS_____
      *DEPUTY*

### FEES

| | | |
|---|---|---|
| Mileage: | $ | |
| Service: | $ | 5.00 |
| Other: | $ | |
| _____ | $ | |
| **TOTAL:** | $ 5.00 | |

_____, OHIO

_____, 20_____

# WARRANT TO CONVEY

### COURT OF COMMON PLEAS, TRUMBULL COUNTY, WARREN, OHIO

#### 2001 CR 00793

**STATE OF OHIO**

    VS.

**DONNA MARIE ROBERTS**

**TO THE SHERIFF OF SAID COUNTY:**

    ***WHEREAS***, OUR SAID COURT, BEGUN AND HELD AT WARREN, OHIO IN SAID COUNTY ON OCTOBER 29, 2007, THE SAID DEFENDANT **DONNA MARIE ROBERTS** WAS INDICTED FOR:

**Agg. Murder,**

AND WAS SENTENCED BY THE COURT TO:

***OHIO REFORMATORY FOR WOMEN***

    YOU ARE THEREFORE HEREBY COMMANDED, TO TAKE CHARGE OF AND CONVEY THE SAID **DONNA MARIE ROBERTS** TO ***OHIO REFORMATORY FOR WOMEN*** AT MARYSVILLE,OHIO

AND MAKE DUE RETURN OF YOUR PROCEEDING HEREIN TO THIS OFFICE FORTHWITH.

    ***IN TESTIMONY WHEREOF***, I HAVE HEREUNTO SET MY HAND AND AFFIXED THE SEAL OF SAID COURT AT TRUMBULL COUNTY, WARREN, OHIO November 5, 2007

    **KAREN INFANTE ALLEN,**
    *Clerk of Courts*

    By:   NANCY WINGARD, Deputy Clerk



2001 CR 00793

**RETURN**

---

**TRUMBULL COUNTY**
**COMMON PLEAS COURT**
*Trumbull County, Warren, Ohio*

**STATE OF OHIO**

Vs.

**DONNA MARIE ROBERTS**

---

**WARRANT TO CONVEY**

---

**RETURNED AND FILED**

_____, 20____

**KAREN INFANTE ALLEN,**
*Clerk of Courts*

By: _____
 *DEPUTY CLERK*

**RECEIVED** THIS WRIT ON THE ____ ƏDAY
OF _November_, 20 *C* , AT ___ //) 
O'CLOCK _A_.M., AND ON THE ___ 7 
DAY OF _November_ , 20 *C* 
I EXECUTED THE SAME BY CONVEYING
THE PERSON NAMED TO THE PLACE
DESIGNATED AS SHOWN BY THE
RECEIPT ENDORSED HEREON.

_Thomas Allin_
**SHERIFF**

By: _William Veen_
 *DEPUTY*

| FEES | | |
|---|---|---|
| Mileage: | $ | 230.50 |
| Service: | $ | 10.00 |
| Other: | $ | |
| | $ | |
| **TOTAL:** | $ | 24050 |

_____, OHIO

_____, 20____

**RECEIVED** THIS DAY FROM _____
_____ SHERIFF OF _____
COUNTY, OHIO, THE PRISONER NAMED
IN THE WITHIN **WARRANT**.

_M. Bradshaw_
*Superintendent*

## MOTION, ENTRY AND CERTIFICATION FOR APPOINTED COUNSEL FEES

In the _____  Court of _____ Common Pleas _____ , Ohio

Plaintiff: _____ State of Ohio _____  Current Case No. _____ 8001 _____ 91-CR-793

V.  Reference Case No. (if app.) _____

Defendant / Party Represented: **Donna Roberts**

☑ Capital Offense Case *(check if this is a Capital Offense case)*
☐ Guardian Ad Litem *(check if appointed as GAL)*

In re: _____  Judge _____ John M. Stuard

### MOTION FOR APPROVAL OF PAYMENT OF APPOINTED COUNSEL FEES AND EXPENSES

The undersigned having been appointed counsel for the party represented moves this Court for an order approving payment of fees and expenses as indicated in the itemized statement herein. I certify that I have received no compensation in connection with providing representation in this case other than that described in this motion or which has been approved by the Court in a previous motion, nor have any fees and expenses in this motion been duplicated on any other motion. I, or an attorney under my supervision, have performed all legal services itemized in this motion.

☐ Periodic Billing *(check if this is a periodic bill)*

As attorney/guardian ad litem of record, I was appointed on ___ January 17, 2007 ___ . This case terminated and/or was disposed of on ___ November 7, 2007 ___ . I am submitting this application on ___ November 8, 2007 ___

Name _____ Robert A. Dixon _____  Signature _____

Address _____ 4403 St. Clair Ave., Cleveland,, OH, 44103 _____  SSN/Tax ID _____ 0373

_____ *City / State / Zip* _____  OSC Reg. No. _____ 0022466

### SUMMARY OF CHARGES, HOURS, EXPENSES, AND BILLING

| OFFENSE/CHARGE/MATTER | ORC/CITY CODE | DEGREE | DISPOSITION |
|---|---|---|---|
| 1.) Aggravated Murder | 2903.01 | F | Other |
| | | | |
| | | | |

*List only the three most serious charges beginning with the one of the greatest severity and continuing in descending order.*

| Grand Total Hours From Other Side: | OUT-OF-COURT | IN-COURT | | | GRAND TOTAL |
|---|---|---|---|---|---|
| | | PRE-TRIAL HEARINGS | ALL OTHER IN-COURT | IN-COURT TOTAL | |
| | 68.70 | 4.80 | 0.00 | 4.80 | 73.50 |

☐ Flat Fee Hrs:In 4.80 X Rate $50.00 = $240.00 Total Fees $2,988.00
☐ Min. Fee Hrs:Out 68.70 X Rate $40.00 = $2,748.00 Expenses $75.84 Total $3,063.84

### JUDGMENT ENTRY

The Court finds that counsel performed the legal services set forth on the itemized statement on the reverse hereof, and that the fees and expenses set forth on this statement are reasonable, and are in accordance with the resolution of the Board of County Commissioners of _____ Trumbull _____ County, Ohio relating to payment of appointed counsel, that all rules and standards of the Ohio Public Defender Commission and State Public Defender have been met.

IT IS THEREFORE ORDERED that counsel fees and expenses be, and are hereby approved, in the amount of 3063.84 It is further ordered that the said amount be, and hereby is, certified by the Court to the County Auditor for payment.

☐ *Extraordinary fees granted (copy of journal entry attached)*  Judge _____ Signature _____ Date 11/14/07

### CERTIFICATION

The County Auditor, in executing this certification, attests to the accuracy of the figures contained herein. A subsequent audit by the Ohio Public Defender Commission and/or Auditor of the State which reveals unallowable or excessive costs may result in future adjustments against reimbursement or repayment of audit exceptions to the Ohio Public Defender Commission.

County Number ___ 78 ___  Warrant Number _____  Warrant Date _____

County Auditor _____

DONNA ROBERTS v WARDEN
CASE NO. 4:21-cv-00368-DAP
APPENDIX – PAGE 1942

**FINA_ _DISCLOSURE / AFFIDAVIT OF _NCY**

## I. PERSONAL INFORMATION

| Name | | Case No. | D.O.B. |
|------|--|----------|--------|
| Donna Roberts | | 01-CR-293 | |

| Mailing Address | City | State | Zip | Phone |
|-----------------|------|-------|-----|-------|
| Decta Row - Marysville | Marysville | OH | 43046 | ( ) |

| Residence (if different from above) | Message Phone (within 48 hours) |
|-------------------------------------|---------------------------------|
| 1477 Collins Avonue | ( ) |

## II. OTHER PERSONS LIVING IN HOUSEHOLD

| Name | Age | Relationship | Name | Age | Relationship |
|------|-----|--------------|------|-----|--------------|
| 1) | | | 3) | | |
| 2) | | | 4) | | |

## III. MONTHLY INCOME / EMPLOYMENT INFORMATION

| Type of Income | Self | Spouse | Household Members | Total |
|----------------|------|--------|-------------------|-------|
| Employment (Gross) | | | | |
| Unemployment | | | | |
| Workers' Comp. | | | | |
| Pension | | | | |
| Social Security | | | | |
| Child Support | | | | |
| Work First/TANF | | | | |
| Disability | | | | |
| Other | | | | |
| Other | | | | |

| Employer's Name (for all household members) | | SUBTOTAL A | $  0 |
|---------------------------------------------|--|------------|------|
| Address | | Phone ( ) | |

## IV. ALLOWABLE MONTHLY EXPENSES / V. TOTAL INCOME

| Type of Expense | Amount |
|-----------------|--------|
| Child Support Paid Out | |
| Child Care (if working only) | |
| Transportation for Work | |
| Insurance | |
| Medical / Dental | |
| Medical & Associated Costs of Caring for Infirm Family Members | |
| SUBTOTAL B | $ |

**V. TOTAL INCOME**

Total Monthly Income - Total Allowable Expenses = Total Income

| | | |
|--|--|--|
| SUBTOTAL A | $ | 0 |
| - SUBTOTAL B | - $ | 0 |
| GRAND TOTAL C | $ | 0 |

## VI. ASSET INFORMATION

| Type of Asset | Describe / Length of Ownership / Make, Model, Year (where applicable) | Estimated Value |
|---------------|----------------------------------------------------------------------|-----------------|
| Real Estate / Home | Price: $    Date Purchased:    Equity: | |
| Stocks / Bonds / CD's | | |
| Automobiles | | |
| Trucks / Boats / Motorcycles | | |
| Other Valuable Property | | |
| Cash on Hand | | |
| Money Owed to Applicant | | |
| Other | | |
| Checking Acct. (Bank / Acct. #) | | |
| Savings Acct. (Bank / Acct. #) | | |
| Credit Union (Name / Acct. #) | | |
| | GRAND TOTAL D | $  0 |

| VII.  MONTHLY LIABILITIES | EXPENSES | GRAND TOTALS | |
|---|---|---|---|
| Type of Liability | Amount | | |
| Rent / Mortgage | | **Total Monthly Income** | **Grand Total C** |
| Food | | | 0 |
| Electric | | | |
| Gas | | | |
| Fuel | | | |
| Telephone | | | **Grand Total D** |
| Cable | | **Total Assets** | 0 |
| Water / Sewer / Trash | | | |
| Credit Cards | | | |
| Loans | | | |
| Taxes Owed | | **Total Monthly Liabilities** | **Grand Total E** |
| Other | | **and Other Expenses** | 0 |
| **GRAND TOTAL E** | 0 | | |

## IX.  AFFIDAVIT OF INDIGENCY

I, _____Donna Roberts_____ being duly sworn, say:

1. I am financially unable to retain private counsel without substantial hardship to me or my family.
2. I understand that I must inform my attorney if my financial situation should change before the disposition of my case.
3. I understand that if it is determined by the county, or by the Court, that legal representation was provided for me to which I was not entitled, I may be required to reimburse the county for the costs of representation provided.  Any action filed by the county to collect legal fees hereunder must be brought within two years from the last date legal representation was provided.
4. I understand that I am subject to criminal charges for providing false financial information in connection with the above application for legal representation pursuant to Ohio Revised Code Sections 120.05 and 2921.13(a)(13), (D)(4).
5. I hereby certify that the information I have provided on this financial disclosure form is true to the best of my knowledge.

X ____Donna Sm Roberts____          9-4-07
Client's Signature                              Date

**Notary Public:**
Subscribed and duly sworn before me according to law, by the above named applicant this __4__ day of ____September____, _2007_ at _Marysville_ County of _Union_ and State of ____Ohio____.

_____          DAVID L. DOUGHTEN, Attorney
Notary's Signature                 Notary Public, State of Ohio
                                             My Comm. Has No Expiration Date
                                             Section 147.03 R.C.

## X.  JUDGE CERTIFICATION

I hereby certify that above-noted client is unable to fill out and/or sign this financial disclosure/ affidavit for the following reason: _____

I have determined that the applicant meets the criteria for receiving court appointed counsel.

_____          _____
Judge's Signature                    Date

CASE NUMBER _____ 91-? 793 _____ ATTORNEY/G? _____ Robert A. Dixon

IF CAPITAL OFFENSE CASE, LIST CO-COUNSEL'S NAME HERE: _____ David doughten

## ITEMIZED FEE STATEMENT

I hereby certify that the following time was expended in representation of the defendant/party represented:

| DATE OF SERVICE | OUT-OF-COURT TOTAL | PRE-TRIAL HEARINGS | ALL OTHER IN-COURT | IN-COURT TOTAL | DAILY TOTAL | DATE OF SERVICE (continued) | OUT-OF-COURT TOTAL | PRE-TRIAL HEARINGS | ALL OTHER IN-COURT | IN-COURT TOTAL | DAILY TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/17/07 | 3.3 | 0.8 | 0.0 | 0.8 | 4.1 | 9/10/07 | 2.0 | 0.0 | 0.0 | 0.0 | 2.0 |
| 1/18/07 | 1.7 | 0.0 | 0.0 | 0.0 | 1.7 | 9/12/07 | 1.3 | 0.0 | 0.0 | 0.0 | 1.3 |
| 1/26/07 | 0.4 | 0.0 | 0.0 | 0.0 | 0.4 | 9/18/07 | 1.5 | 0.0 | 0.0 | 0.0 | 1.5 |
| 1/29/07 | 8.0 | 0.0 | 0.0 | 0.0 | 8.0 | 9/19/07 | 0.8 | 0.0 | 0.0 | 0.0 | 0.8 |
| 2/4/07 | 0.8 | 0.0 | 0.0 | 0.0 | 0.8 | 9/20/07 | 0.3 | 0.0 | 0.0 | 0.0 | 0.3 |
| 2/5/07 | 2.5 | 0.0 | 0.0 | 0.0 | 2.5 | 10/12/07 | 2.5 | 0.0 | 0.0 | 0.0 | 2.5 |
| 2/6/07 | 2.0 | 0.0 | 0.0 | 0.0 | 2.0 | 10/13/07 | 0.5 | 0.0 | 0.0 | 0.0 | 0.5 |
| 2/8/07 | 1.5 | 0.0 | 0.0 | 0.0 | 1.5 | 10/16/07 | 2.7 | 0.0 | 0.0 | 0.0 | 2.7 |
| 2/20/07 | 2.3 | 0.0 | 0.0 | 0.0 | 2.3 | 10/17/07 | 0.7 | 0.0 | 0.0 | 0.0 | 0.7 |
| 2/21/07 | 1.5 | 0.0 | 0.0 | 0.0 | 1.5 | 10/18/07 | 1.5 | 0.0 | 0.0 | 0.0 | 1.5 |
| 3/9/07 | 0.5 | 0.0 | 0.0 | 0.0 | 0.5 | 10/19/07 | 0.8 | 0.0 | 0.0 | 0.0 | 0.8 |
| 4/15/07 | 0.7 | 0.0 | 0.0 | 0.0 | 0.7 | 10/21/07 | 1.2 | 0.0 | 0.0 | 0.0 | 1.2 |
| 4/28/07 | 0.5 | 0.0 | 0.0 | 0.0 | 0.5 | 10/22/07 | 5.0 | 1.5 | 0.0 | 1.5 | 6.5 |
| 6/29/07 | 3.5 | 1.0 | 0.0 | 1.0 | 4.5 | 10/26/07 | 1.2 | 0.0 | 0.0 | 0.0 | 1.2 |
| 7/3/07 | 0.6 | 0.0 | 0.0 | 0.0 | 0.6 | 10/29/07 | 3.5 | 1.5 | 0.0 | 1.5 | 5.0 |
| 7/13/07 | 0.4 | 0.0 | 0.0 | 0.0 | 0.4 | 10/30/07 | 1.7 | 0.0 | 0.0 | 0.0 | 1.7 |
| 8/3/07 | 0.3 | 0.0 | 0.0 | 0.0 | 0.3 | 11/3/07 | 0.5 | 0.0 | 0.0 | 0.0 | 0.5 |
| 8/30/07 | 0.6 | 0.0 | 0.0 | 0.0 | 0.6 | | | | | | |
| 9/4/07 | 8.0 | 0.0 | 0.0 | 0.0 | 8.0 | | | | | | |
| 9/5/07 | 0.4 | 0.0 | 0.0 | 0.0 | 0.4 | | | | | | |
| 9/7/07 | 1.5 | 0.0 | 0.0 | 0.0 | 1.5 | GRAND TOTAL | 68.7 | 4.8 | 0.0 | 4.8 | 73.5 |

*Continue at top of next column.* *Time is to be reported in tenth of an hour (6 minute) increments.*

**I hereby certify that the following expenses were incurred:**
Use the following categories for Type:  (1) Experts  (2) Postage/Phone  (3) Records/Reports  (4) Transcripts  (5) Travel  (6) Other

| TYPE | PAYEE | AMOUNT |
|---|---|---|
| 6 | Alphagraphics | $75.84 |
| | | |
| | | |
| | | |
| | TOTAL | $75.84 |

*Clearly identify each expense and include a receipt for any expense over $1.00. See Section (P)(1)(c) for privileged information.*

VOL 1155 PAGE 114

DONNA ROBERTS v WARDEN
CASE NO. 4:21-cv-00368-DAP
APPENDIX – PAGE 1945

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO
CRIMINAL DIVISION

STATE OF OHIO,                    :              CASE NO. 2001 CR 0793
                                  :
        Respondent,               :              JUDGE JOHN M. STUARD
                                  :
    -vs-                          :
                                  :
DONNA ROBERTS,                    :              MOTION TO APPOINT
                                  :              APPELLATE COUNSEL
        Petitioner.               :

Petitioner Donna Roberts moves this Honorable Court to appoint appellate counsel to the

Ohio Supreme Court for the purposes of appealing her sentence of death. This court entered the

journal entry for the sentencing on November 6, 2007. Undersigned counsel, Doughten, would be

willing to accept such an appointment. Mr. Dixon cannot accept appointment due to his anticipated

schedule. Counsel requests the appointment of Jeffrey J. Helmick, Registration No. 0040197, 1119

Adams Street, Toledo, Ohio 43604. Mr. Helmick is death qualified in both trial and appellate

representation. He has agreed to accept the appointment if authorized by this court.

                                                 Respectfully Submitted,

_____                          _____
ROBERT A. DIXON #0022466                          DAVID L. DOUGHTEN #0002847
4403 St. Clair Avenue                             4403 St. Clair Avenue
Cleveland, OH 44103                               Cleveland OH 44103
(216) 432-1992                                     (216) 361-1112
dixonlaws@aol.com                                 ddoughten@yahoo.com

                        Counsel for Defendant Donna Roberts

## CERTIFICATE OF SERVICE

A copy of the foregoing Petitioner's Motion was served upon Dennis Watkins, Trumbull

County Prosecutor and/ Christopher Becker, Esq. Assistant Trumbull County Prosecutor,

Administration Building, 160 High Street, Warren, Ohio 44481, by Regular U. S. mail on this

day of November, 2007.

DAVID L. DOUGHTEN
Counsel for Petitioner

- 2 -

# The Supreme Court of Ohio

OFFICE OF THE CLERK
65 SOUTH FRONT STREET, COLUMBUS, OH 43215-3431

CHIEF JUSTICE
THOMAS J. MOYER

JUSTICES
PAUL E. PFEIFER
EVELYN LUNDBERG STRATTON
MAUREEN O'CONNOR
TERRENCE O'DONNELL
JUDITH ANN LANZINGER
ROBERT R. CUPP

CLERK OF THE COURT
MARCIA J. MENGEL

TELEPHONE 614.387.9530
FACSIMILE 614.387.9539
www.supremecourtofohio.gov

## NOTICE

To the Clerk of Courts:

If the requested record will be hand-delivered, please contact me at (614) 387-9552 at least 24 hours in advance so I can make arrangements with building security regarding your arrival.

If you choose to mail the requested record, please limit each parcel or box to 50 pounds and ensure that each package is sufficiently secure to prevent loss of or damage to contents.

If you have any questions or require additional information, please feel free to contact me at the above-listed phone number. Thank you for your assistance and cooperation.

Sincerely,

Amie Vetter
Records Assistant

# The Supreme Court of Ohio



FILED

DEC 12 2007

CLERK OF COURT
SUPREME COURT OF OHIO

To the Clerk of Court of Common Pleas for

Trumbull____ _____ County,

Warren _____, Ohio

|  |
|---|
| ORDER TO CERTIFY RECORD IN DEATH PENALTY CASE |

S.C. Case No. _____07-2288_____

C.P. Case No. _____01CR793_____

State of Ohio _____

v.

Donna Marie Roberts_____

You are hereby ORDERED, pursuant to Rule XIX, Section 4, of the Rules of Practice of the Supreme Court of Ohio, to prepare and forward the record in the above-captioned case to the Clerk's Office of the Supreme Court, no later than February 11, 2008, unless the Supreme Court grants an extension of time under Rule XIX, Section 4(C)(1).

Pursuant to Rule XIX, Section 3(A), the record shall consist of the following:

- The original papers filed in the trial court and exhibits to those papers;

- The transcript of proceedings, including all exhibits, and computer diskettes of the transcript, if available; and

- A certified copy of the docket and journal entries prepared by the clerk of the trial court.

You are further ORDERED, pursuant to Rule XIX, Section 4(B)(1), to number the documents and exhibits comprising the record; to prepare an index of the documents and exhibits, correspondingly numbered and identified with reasonable definiteness; to briefly describe all exhibits listed in the index; and to send a copy of the index to all counsel of record in the case and transmit the index with the record to the Clerk of the Supreme Court.

THOMAS J. MOYER
Chief Justice

210 A

## MOTION, ENTRY, AND CERTIFICATION FOR APPOINTED COUNSEL FEES

| | | | |
|---|---|---|---|
| In the | Common Pleas | Court of | Trumbull , Ohio |
| Plaintiff: | State of Ohio | Current Case No. | 2001 CR 793 |
| V. | | Reference Case No. (if app.) | |
| | Donna Roberts | ☑ Capital Offense Case (check if this is a Capital Offense case) | |
| Defendant / Party Represented | | ☐ Guardian Ad Litem (check if appointed as GAL) | |
| In re: | | Judge | |

### MOTION FOR APPROVAL OF PAYMENT OF APPOINTED COUNSEL FEES AND EXPENSES

The undersigned having been appointed counsel for the party represented moves this Court for an order approving payment of fees and expenses as indicated in the itemized statement herein. I certify that I have received no compensation in connection with providing representation in this case other than that described in this motion or which has been approved by the Court in a previous motion, nor have any fees and expenses in this motion been duplicated on any other motion. I, or an attorney under my supervision, have performed all legal services itemized in this motion.

☐ Periodic Billing (check if this is a periodic bill)

As attorney/guardian ad litem of record, I was appointed on ___November 26, 2006___ . This case terminated and/or was

disposed of on ___November 6, 2007___ . I am submitting this application on ___December 11, 2007___

| | | | |
|---|---|---|---|
| Name | David L. Doughten | Signature | |
| Address | 4403 St. Clair Ave, Aurora OH 49202 | SSN/Tax ID | 296429067 |
| | Address City / State / Zip | OSC Reg. No. | 0002847 |

### SUMMARY OF CHARGES, HOURS, EXPENSES, AND BILLING

| OFFENSE/CHARGE/MATTER | ORC/CITY CODE | DEGREE | DISPOSITION |
|---|---|---|---|
| 1.) Agg. Murder With Death Specs | 2903.01WS | F | Other |

*List only the three most serious charges beginning with the one of the greatest severity and continuing in descending order.

| | | IN-COURT | | | |
|---|---|---|---|---|---|
| | OUT-OF-COURT | PRE-TRIAL HEARINGS | ALL OTHER IN-COURT | IN-COURT TOTAL | GRAND TOTAL |
| Grand Total Hours From Other Side: | 114.80 | 0.00 | 9.20 | 9.20 | 124.00 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ Flat Fee | Hrs:In | 9.20 | X Rate | $50.00 = | $460.00 | Total Fees | $5,052.00 |
| ☐ Min. Fee | Hrs:Out | 114.80 | X Rate | $40.00 = | $4,592.00 | Expenses | $0.00 | Total | $5,052.00 |

### JUDGMENT ENTRY

The Court finds that counsel performed the legal services set forth on the itemized statement on the reverse hereof, and that the fees and expenses set forth on this statement are reasonable, and are in accordance with the resolution of the Board of County Commissioners of ___Trumbull___ County, Ohio relating to payment of appointed counsel, that all rules and standards of the Ohio Public Defender Commission and State Public Defender have been met.

IT IS THEREFORE ORDERED that counsel fees and expenses be, and are hereby approved, in the amount of ___5,052.00___
It is further ordered that the said amount be, and hereby is, certified by the Court to the County Auditor for payment.

☐ Extraordinary fees granted (copy of journal entry attached)    Judge _____    1/7/0   Date

### CERTIFICATION

The County Auditor, in executing this certification, attests to the accuracy of the figures contained herein. A subsequent audit by the Ohio Public Defender Commission and/or Auditor of the State which reveals unallowable or excessive costs may result in future adjustments against reimbursement or repayment of audit exceptions to the Ohio Public Defender Commission.

| | | | |
|---|---|---|---|
| County Number | 78 | Warrant Number _____ | Warrant Date _____ |

County Auditor ___VOL 1160 PAGE 209___

CASE NUMBER_____ 2001 CR _____ ATTORNEY/GAL __    David  L. Doughten

IF CAPITAL OFFENSE CASE, LIST CO-COUNSEL'S NAME HERE: _____ Robert A. Dixon

## ITEMIZED FEE STATEMENT

I hereby certify that the following time was expended in representation of the defendant/party represented:

| DATE OF SERVICE | OUT-OF-COURT TOTAL | PRE-TRIAL HEARINGS | ALL OTHER IN-COURT | IN-COURT TOTAL | DAILY TOTAL | DATE OF SERVICE (continued) | OUT-OF-COURT TOTAL | PRE-TRIAL HEARINGS | ALL OTHER IN-COURT | IN-COURT TOTAL | DAILY TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/25/06 | 1.5 | 0.0 | 0.0 | 0.0 | 1.5 | 7/26/07 | 3.5 | 0.0 | 0.0 | 0.0 | 3.5 |
| 11/29/06 | 4.0 | 0.0 | 0.0 | 0.0 | 4.0 | 7/28/07 | 5.0 | 0.0 | 0.0 | 0.0 | 5.0 |
| 12/1/06 | 2.3 | 0.0 | 0.0 | 0.0 | 2.3 | 7/31/07 | 6.0 | 0.0 | 0.0 | 0.0 | 6.0 |
| 12/2/06 | 1.5 | 0.0 | 0.0 | 0.0 | 1.5 | 8/15/07 | 2.5 | 0.0 | 1.5 | 1.5 | 4.0 |
| 1/2/07 | 0.2 | 0.0 | 0.0 | 0.0 | 0.2 | 8/21/07 | 0.5 | 0.0 | 0.0 | 0.0 | 0.5 |
| 1/16/07 | 1.0 | 0.0 | 0.0 | 0.0 | 1.0 | 9/4/07 | 8.4 | 0.0 | 0.0 | 0.0 | 8.4 |
| 1/17/07 | 2.5 | 0.0 | 2.0 | 2.0 | 4.5 | 9/5/07 | 0.4 | 0.0 | 0.0 | 0.0 | 0.4 |
| 1/21/07 | 2.3 | 0.0 | 0.0 | 0.0 | 2.3 | 9/8/07 | 6.2 | 0.0 | 0.0 | 0.0 | 6.2 |
| 1/28/07 | 3.7 | 0.0 | 0.0 | 0.0 | 3.7 | 9/15/07 | 2.5 | 0.0 | 0.0 | 0.0 | 2.5 |
| 1/29/07 | 9.0 | 0.0 | 0.0 | 0.0 | 9.0 | 9/19/07 | 2.3 | 0.0 | 0.0 | 0.0 | 2.3 |
| 1/30/07 | 0.5 | 0.0 | 0.0 | 0.0 | 0.5 | 9/20/07 | 4.0 | 0.0 | 0.7 | 0.7 | 4.7 |
| 2/5/07 | 0.5 | 0.0 | 0.0 | 0.0 | 0.5 | 9/21/07 | 0.3 | 0.0 | 0.0 | 0.0 | 0.3 |
| 2/14/07 | 3.2 | 0.0 | 0.0 | 0.0 | 3.2 | 9/25/07 | 3.1 | 0.0 | 0.0 | 0.0 | 3.1 |
| 4/20/07 | 0.3 | 0.0 | 0.0 | 0.0 | 0.3 | 9/26/07 | 0.5 | 0.0 | 0.0 | 0.0 | 0.5 |
| 4/30/07 | 5.7 | 0.0 | 0.0 | 0.0 | 5.7 | 10/20/07 | 2.0 | 0.0 | 0.0 | 0.0 | 2.0 |
| 6/7/07 | 2.5 | 0.0 | 0.0 | 0.0 | 2.5 | 10/21/07 | 3.0 | 0.0 | 0.0 | 0.0 | 3.0 |
| 6/29/07 | 3.5 | 0.0 | 1.0 | 1.0 | 4.5 | 10/22/07 | 4.0 | 0.0 | 3.0 | 3.0 | 7.0 |
| 6/30/07 | 0.5 | 0.0 | 0.0 | 0.0 | 0.5 | 10/28/07 | 2.0 | 0.0 | 0.0 | 0.0 | 2.0 |
| 7/2/07 | 0.2 | 0.0 | 0.0 | 0.0 | 0.2 | 10/29/07 | 3.7 | 0.0 | 1.0 | 1.0 | 4.7 |
| 7/6/07 | 4.0 | 0.0 | 0.0 | 0.0 | 4.0 | 11/1/07 | 1.0 | 0.0 | 0.0 | 0.0 | 1.0 |
| 7/25/07 | 5.0 | 0.0 | 0.0 | 0.0 | 5.0 | GRAND TOTAL | 114.8 | 0.0 | 9.2 | 9.2 | 124.0 |

*Continue at top of next column.*     *Time is to be reported in tenth of an hour (6 minute) increments.*

## I hereby certify that the following expenses were incurred:

Use the following categories for Type:    *(1) Experts    (2) Postage/Phone    (3) Records/Reports    (4) Transcripts    (5) Travel    (6) Other*

| TYPE | PAYEE | AMOUNT |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  | TOTAL |  |

*Clearly identify each expense and include a receipt for any expense over $1.00.  See Section (P)(1)(c) for privileged information.*

VOL 1160 PAGE 210

**FINANCI   DISCLOSURE / AFFIDAVIT OF IND   :NCY**

## I. PERSONAL INFORMATION

| Name | | | | | | |
|---|---|---|---|---|---|---|
| Donna Roberts # 55276 | | | Case No. 2001CR730 | | D.O.B. 05-22-44 | |

| Mailing Address 1479 Collins Avenue | City Marysville | State OH | Zip 43040 | Phone ( ) |
|---|---|---|---|---|

Residence (if different from above) — Message Phone (within 48 hours) ( )

## II. OTHER PERSONS LIVING IN HOUSEHOLD

| Name | Age | Relationship | Name | Age | Relationship |
|---|---|---|---|---|---|
| 1) | | | 3) | | |
| 2) | | | 4) | | |

## III. MONTHLY INCOME / EMPLOYMENT INFORMATION

| Type of Income | Self | Spouse | Household Members | Total |
|---|---|---|---|---|
| Employment (Gross) | | | | |
| Unemployment | | | | |
| Workers' Comp. | | | | |
| Pension | | | | |
| Social Security | | | | |
| Child Support | | | | |
| Work First/TANF | | | | |
| Disability | | | | |
| Other | | | | |
| Other | | | | |
| Employer's Name (for all household members) | | | SUBTOTAL A | $  0 |
| Address | | | Phone ( ) | |

## IV. ALLOWABLE MONTHLY EXPENSES

| Type of Expense | Amount |
|---|---|
| Child Support Paid Out | |
| Child Care (if working only) | |
| Transportation for Work | |
| Insurance | |
| Medical / Dental | |
| Medical & Associated Costs of Caring for Infirm Family Members | |
| SUBTOTAL B | $  0 |

## V. TOTAL INCOME

Total Monthly Income - Total Allowable Expenses = Total Income

| | | |
|---|---|---|
| | SUBTOTAL A | $  0 |
| - | SUBTOTAL B | - $  0 |
| | GRAND TOTAL C | $  0 |

## VI. ASSET INFORMATION

| Type of Asset | Describe / Length of Ownership / Make, Model, Year (where applicable) | Estimated Value |
|---|---|---|
| Real Estate / Home | Price: $     Date Purchased:     Equity: | |
| Stocks / Bonds / CD's | | |
| Automobiles | | |
| Trucks / Boats / Motorcycles | | |
| Other Valuable Property | | |
| Cash on Hand | | |
| Money Owed to Applicant | | |
| Other | | |
| Checking Acct. (Bank / Acct. #) | | |
| Savings Acct. (Bank / Acct. #) | | |
| Credit Union (Name / Acct. #) | VOL 1160 PAGE 211 | |
| | GRAND TOTAL D | $  0 |

| VII.   MONTHLY LIABILITIES / OTHER EXPENSES | | VIII. GRAND TOTALS | |
|---|---|---|---|
| Type of Liability | Amount | | |
| Rent / Mortgage | | **Total Monthly Income** | **Grand Total C** |
| Food | | | 0 |
| Electric | | | |
| Gas | | | |
| Fuel | | | |
| Telephone | | | **Grand Total D** |
| Cable | | **Total Assets** | 0 |
| Water / Sewer / Trash | | | |
| Credit Cards | | | |
| Loans | | | |
| Taxes Owed | | **Total Monthly Liabilities** | **Grand Total E** |
| Other | | **and Other Expenses** | 0 |
| **GRAND TOTAL E** | 0 | | |

## IX.   AFFIDAVIT OF INDIGENCY

I, _Donna Roberts_ being duly sworn, say:

1. I am financially unable to retain private counsel without substantial hardship to me or my family.
2. I understand that I must inform my attorney if my financial situation should change before the disposition of my case.
3. I understand that if it is determined by the county, or by the Court, that legal representation was provided for me to which I was not entitled, I may be required to reimburse the county for the costs of representation provided.  Any action filed by the county to collect legal fees hereunder must be brought within two years from the last date legal representation was provided.
4. I understand that I am subject to criminal charges for providing false financial information in connection with the above application for legal representation pursuant to Ohio Revised Code Sections 120.05 and 2921.13(a)(13), (D)(4).
5. I hereby certify that the information I have provided on this financial disclosure form is true to the best of my knowledge.

X _Donna M Roberts_        9-4-07
Client's Signature        Date

**Notary Public:**
Subscribed and duly sworn before me according to law, by the above named applicant this _4_ day of _September_, _2007_ at _Marysville_ County of _Union_ and State of _Ohio_.

_[signature]_
Notary's Signature

DAVID L. DOUGHTEN, Attorney
Notary Public, State of Ohio
My Comm. Has No Expiration Date
Section 147.03 R.C.

## X.   JUDGE CERTIFICATION

I hereby certify that above-noted client is unable to fill out and/or sign this financial disclosure/ affidavit for the following reason: _____

I have determined that the applicant meets the criteria for receiving court appointed counsel.

_____        _____
Judge's Signature        Date

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO
CASE NO. 01-CR-793

STATE OF OHIO,                    )

                    PLAINTIFF    )

vs.                               )        JUDGMENT ENTRY

DONNA ROBERTS,                    )

                    DEFENDANT    )


Upon Motion of Defendant, Donna Roberts, this Court
appoints Atty. Jeffrey J. Helmick, Registration No. 0040197,
1119 Adams Street, Toledo, OH 43604 to represent Defendant,
Donna Roberts, in case no. 2001-CR-793 for purposes of appeal.

Said Attorney Helmick is requested to file a Notice of
Appearance in this matter.  This appointment is made due to
Defendant's request and is based on her affidavit of
indigency.

IT IS SO ORDERED, ADJUDGED and DECREED.


1/7/08
DATE                              JUDGE JOHN M. STUARD

1-11-08
copies to:
Pros.
J. Helmick

TO THE CLERK OF COURTS: YOU ARE ORDERED TO SERVE
COPIES OF THIS JUDGMENT ON ALL COUNSEL OF RECORD
OR UPON THE PARTIES WHO ARE UNREPRESENTED FORTH-
WITH BY ORDER.
JUDGE

VOL 1160 PAGE 351

# TRANSCRIPT OF DOCKET AND JOURNAL ENTRIES

## TO THE SUPREME COURT OF OHIO

## ELEVENTH DISTRICT COURT OF APPEALS, TRUMBULL COUNTY, OHIO

### COURT OF APPEALS CASE NO.:

### CIVIL CASE NO:  2001 CR 793

**STATE OF OHIO**

*Plaintiff(s)-*

VS

**DONNA MARIE ROBERTS**

*Defendant(s)-*

**ATTORNEYS:**

**KENNETH N BAILEY**
0023228
WARREN OH 44481

**J. GERALD INGRAM**
0000007887
7330 MARKET ST
YOUNGSTOWN, OH 44512




2001 CR 00793      STATE OF OHIO  -VS-  ROBERTS, DONNA MARIE    JMS

Search Criteria
Docket Entry                           Begin Date         SortAscending
Images     All Dockets            End Date
Participant
Display OptionExclude Non Display Dockets

Search Results

| Docket Date | Reference | Description | Amt Owed/ Amt Dism/Credit | Amount Due |
|---|---|---|---|---|
| 12/20/2001 | | FILING FEE FOR EACH CAUSE OF ACTION AND EACH UNDERTAKING Amount Owed: $27.00 Paid Before Conversion: $0.00 Receipt Number: | 27.00 | 27.00 |
| 12/20/2001 | | PRISONER FEES Amount Owed: $11.00 Paid Before Conversion: $0.00 Receipt Number: | 11.00 | 11.00 |
| 12/20/2001 | | GENERAL REVENUE FUND Amount Owed: $11.00 Paid Before Conversion: $0.00 Receipt Number: | 11.00 | 11.00 |
| 12/20/2001 | | VICTIMS OF CRIME Amount Owed: $30.00 Paid Before Conversion: $0.00 Receipt Number: | 30.00 | 30.00 |
| 12/20/2001 | | SPECIAL PROJECTS JUDGES Amount Owed: $50.00 Paid Before Conversion: $0.00 Receipt Number: | 50.00 | 50.00 |
| 12/21/2001 | 1 | WARRANT ON COMPLAINT AND RETURN OF SERVICE FILED. | | |
| 12/21/2001 | 1 | COMPLAINT AND AFFIDAVIT FILED UNDER SEAL BY ORDER OF THE COURT | | |
| 12/21/2001 | 2 | DEFT APPEARED WITH COUNSEL. NO PLEA ENTERED. NO BOND SET. | | |
| 12/26/2001 | | MOTION TO INTERVENE WITH SERVICE FILED BY ATTY STEPHEN BOLTON. | | |
| 12/28/2001 | | PRELIMINARY HEARING 12/31/2001  11:00 AM BEFORE:HON. JOHN M. STUARD LOC:COURT 2 | | |
| 12/28/2001 | 4 | DIRECT PRESENTMENT FOR CT 1: AGG MURDER (F) W/SPECS OF AGG CIRCUMSTANCES CT 2: AGG MURDER (F) W/SPECS OF AGG CIRCUMSTANCES CT 3: AGG BURGLARY (F1) W/FIREARM SPEC CT 4: AGG ROBBERY (F1) W/FIREARM SPEC | | |
| 12/28/2001 | | INDICTMENT AND SUMMONS FILED BY PROSECUTOR'S OFFICE AND COPIES OF SAME ISSUED TO SHERIFF. Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 12/28/2001 | 5 | MOTION OF THE VINDICATOR PRINTING CO IN OPPOSITION TO DEFT DONNA M ROBERTS MOTION TO SEAL COURT RECORDS WITH SERVICE FILED BY ATTY DAVID MARBURGER. | | |
| 12/28/2001 | 6 | NOTICE OF APPEARANCE AS CO-COUNSEL WITH SERVICE FILED BY ATTY JOHN JUHASZ | | |
| 12/28/2001 | 7 | DEFTS MOTION AND MEMORANDUM TO HOLD | | |

| | | | | |
|---|---|---|---|---|
| | | AFFIDAVIT A | | |
| | | EXHIBITS UNDER SEAL WITH SERVICE FILED BY | | |
| | | ATTY J | | |
| | | GERALD INGRAM | | |
| 12/31/2001 | 8 | NOT GUILTY PLEA TO ARRAIGNMENT ON | | |
| | | INDICTMENT & | | |
| | | SUMMONS NO BOND SET | | |
| 12/31/2001 | 9 | SUMMONS ON INDICTMENT RETURNED BY SHERIFF | | |
| | | ON DONNA MARIE ROBERTS | 2.00 | 2.00 |
| | | SHERIFF ALTIERE | | |
| | | Amount Owed: $2.00 | | |
| | | Paid Before Conversion: $0.00 | | |
| | | Receipt Number: | | |
| 12/31/2001 | 10 | CAPIAS RETURNED AND ENDORSED BY SHERIFF ON | | |
| | | DONNA MARIE ROBERTS | | |
| | | SHERIFF ALTIERE | | |
| 1/3/2002 | | PRE TRIAL 01/30/2002  09:00 AM | | |
| | | JUDGE:HON. JOHN M. STUARD LOC:COURT 2 | | |
| | | (N1-3-02) | | |
| 1/4/2002 | 11 | CERTIFIED MAILER NUMBER 0891 801 SENT TO: | | |
| | | THE SUPREME COURT OF OHIO | 5.00 | 5.00 |
| | | Amount Owed: $5.00 | | |
| | | Paid Before Conversion: $0.00 | | |
| | | Receipt Number: | | |
| 1/7/2002 | 12 | VICTIM'S RIGHTS NOTIFICATION FILED. | | |
| 1/7/2002 | 13 | DEFERNDANT'S NOTICE OF REQUEST FOR DISCOVERY | | |
| | | FILED BY DEFENDANT'S ATTORNEY  JERRY INGRAM | | |
| | | AND | | |
| | | JOHN JUHASZ | | |
| 1/7/2002 | 14 | DEFENDANT'S MOTION FOR NOTICE OF INTENTION | | |
| | | TO USE | | |
| | | EVIDENCE FILED BY THE DEFENDANT'S ATTORNEY | | |
| | | JERRY INGRAM AND JOHN JUHASZ | | |
| 1/14/2002 | 15 | CERTIFIED MAIL NUMBER 891801 RETURNED | | |
| | | ENDORSED FROM | | |
| | | THE SUPREME COURT OF OHIO ON 1/9/02 BY ? | | |
| 2/1/2002 | | HEARING ON PENDING MOTIONS 05/23/2002 | | |
| | | 01:00 PM | | |
| | | BEFORE:HON. JOHN M. STUARD LOC:COURT 2 | | |
| 2/1/2002 | | JURY TRIAL 11/18/2002  09:00 AM | | |
| | | BEFORE:HON. JOHN M. STUARD LOC:COURT 2 | | |
| 2/1/2002 | 16 | 963/427 WAIVER OF SPEEDY TRIAL FOR 300 DAYS | | |
| | | UNTIL | 2.00 | 2.00 |
| | | 11/18/02 | | |
| | | Amount Owed: $2.00 | | |
| | | Paid Before Conversion: $0.00 | | |
| | | Receipt Number: | | |
| 2/11/2002 | 17 | DEFENDANT'S MOTION FOR AN ORDER ENLARGING | | |
| | | THE | | |
| | | TIME FOR FILING PRETRIAL MOTIONS FILED FILED | | |
| | | BY THE DEFENDANT'S ATTORNEY JERRY INGRAM | | |
| | | AND JOHN JUHASZ | | |
| 2/11/2002 | 18 | DEFENDANT'S MOTION FPR DISCOVERY FILED  BY | | |
| | | THE | | |
| | | DEFENDANT'S ATTORNEY JERRY INGRAM AND | | |
| | | ATTORNEY JOHN JUHASZ | | |
| 2/20/2002 | 19 | MOTION TO DETERMINE PROPER STANDARD TO | | |
| | | EXCUSE | | |
| | | JURORS FOR CAUSE FILED BY THE DEFENDANT'S | | |
| | | ATTORNEY JERRY INGRAM AND | | |
| | | ATTORNEY JOHN JUHASZ. | | |
| 2/26/2002 | 20 | DEFENDANT'S MOTION FOR COMPREHENSIVE VOIR | | |
| | | DIRE | | |
| | | EXAMINATION FILED BY THE DEFENDANT'S | | |
| | | ATTORNEY JERRY INGRAM | | |
| 3/13/2002 | 21 | NOTICE TO SUPREME COURT (COPY) | | |
| | | CC02008 | | |
| 3/15/2002 | 22 | STATE'S REQUEST FOR RECIPROCAL DISCOVERY | | |
| | | FILED BY | | |
| | | THE PROSECUTOR'S OFFICE | | |
| 3/15/2002 | 23 | STATE'S RESPONSE TO DEFENDANT'S REQUEST FOR | | |
| | | DISCOVERY FILED BY THE PROSECUTOR'S OFFICE | | |

| | | | | |
|---|---|---|---|---|
| 3/15/2002 | 24 | STATE'S RES  SE TO DEFENDANT'S REQUEST BILL OF PARTICULARS FILED BY THE PROSECUTOR'S OFFICE | | |
| 3/20/2002 | 25 | MOTION OF INTEREST PARTY FILED BY ATTORNEY ROSEMARY MILBY ATTORNEY FORD MOTOR CREDIT COMPANY FILED | | |
| 4/16/2002 | 26 | STATES SECOND SUPPLEMENTAL RESPONSE TO DEFTS REQUEST FOR DISCOVERY WITH SERVICE FILED BY PROSECUTOR | | |
| 4/18/2002 | 27 | STATES THIRD SUPPLEMENTAL RESPONSE TO DEFTS REQUEST FOR DISCOVERY WITH SERVICE FILED BY PROSECUTOR | | |
| 5/20/2002 | | HEARING ON PENDING MOTIONS 07/18/2002 01:00 PM BEFORE:HON. JOHN M. STUARD LOC:COURT 2 | | |
| 6/18/2002 | 28 | DEFENDANT'S MOTION FOR COMPEHENSIVE VOIR DIRE EXAMINATION FILED BY THE DEFENDANT'S ATTORNEY J. GERALD INGRAM AND JOHN B JUHASZ | | |
| 6/18/2002 | 29 | DEFENDANT'S MOTION TO PROHIBIT DEATH QUALIFICATION OF JURORS UNLESS AND UNTIL THE GOVERNMENT HAS ESTABLISHED PROBABLE CAUSE THAT THE CASE WILL PROCEED TO A SECOND PHASE EVIDENTIARY HEARING REQUESTED FILED BY THE DEFENDANT'S ATTORNEY J. GERALD INGRAM AND JOHN J JUHASZ | | |
| 7/9/2002 | 30 | DEFENDANT'S MOTION TO SUPPRESS EVIDENCE REQUEST FOR EVIDENTIARY HEARING FILED BY THE DEFENDANT'S ATTORNEY J. GERALD INGRAM AND JOHN B JUHASZ | | |
| 7/15/2002 | 31 | DEFENDANT'S MOTION FOR ALTERNATING VOIR EXAMINATION FILED BY THE DEFENDANT'S ATTORNEY JERRY INGRAM | | |
| 7/15/2002 | 32 | DEFENDANT'S MOTION TO HAVE REASONS FOR OBJECTIONS AND REASONS FOR OVERRULING OBJECTIONS PLACED ON THE RECORD FILED BY THE DEFENANT'S ATTORNEY JERRY INGRAM | | |
| 7/18/2002 | 33 | MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO PROHIBIT DEATH QUALIFICATIONS UNTIL PROSECUTION HAS SHOWN PROBABLE CAUSE THAT THE CASE WILL PROCEED TO A SECOND PHASE FILED BY THE PROSECUTOR'S OFFICE | | |
| 7/18/2002 | 34 | STATE'S MEMORANDUM IN RESPONSE TO DEFENDANT'S MOTION TO DETERMINE PROPER STANDARD TO EXCUSE JURORS FOR CAUSE FILED BY THE PROSECUTOR'S OFFICE | | |
| 7/18/2002 | 35 | MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR COMPREHENSIVE VOIR DIRE FILED BY THE PROSECUTOR'S OFFICE | | |
| 7/18/2002 | 36 | DEFENDANT'S MOTION TO DISMISS INDICTMENT OR IN THE ALTERNATIVE TO DISMISS DEATH SPECIFICATIONS BECAUSE DEATH PENALTY IN OHIO IS UNCONSTITUTIONAL REQUEST FOR ORAL HEARING FILED BY THE DEFENDANT'S ATTORNEY'S JERRY INGRAM AND JOHN JUHASZ | | |
| 7/19/2002 | 37 | 976/309 ENTRY OF STIPULATION REGARDING DEFTS JULY 9, 2002 MOTION TO SUPPRESS. SEE J/E. 7/19/02 COPIES SENT TO: J INGRAM, J JUHASZ, S BOLTON, D MARBURGER, | 4.00 | 4.00 |

| | | | | |
|---|---|---|---|---|
| | A MILLETTE    ROSECUTOR | | | |
| | Amount Owed: $4.00 | | | |
| | Paid Before Conversion: $0.00 | | | |
| | Receipt Number: | | | |
| 7/19/2002 | POSTAGE | | | |
| | Amount Owed: $2.22 | | 2.22 | 2.22 |
| | Paid Before Conversion: $0.00 | | | |
| | Receipt Number: | | | |
| 7/23/2002 | HEARING ON PENDING MOTIONS 09/20/2002 | | | |
| | 09:00 AM | | | |
| | BEFORE:HON. JOHN M. STUARD LOC:COURT 2 | | | |
| 8/26/2002  38 | DEFTS MOTION TO SUPPRESS REFERENCES TO THE | | | |
| | JURY | | | |
| | THAT A VERDICT OF DEATH IS ONLY A | | | |
| | RECOMMENDATION | | | |
| | WITH SERVICE FILED BY ATTY JOHN JUHASZ | | | |
| 9/11/2002  39 | 981/507 DEFTS MOTION TO SUPPRESS REFERENCES | | | |
| | TO THE | | 6.00 | 6.00 |
| | JURY THAT THE DEATH PENALTY IS BEING SOUGHT | | | |
| | IS | | | |
| | DENIED. SEE J/E. 9/11/02 COPIES SENT TO: | | | |
| | PROSECUTOR, J INGRAM & J JUHASZ | | | |
| | Amount Owed: $6.00 | | | |
| | Paid Before Conversion: $0.00 | | | |
| | Receipt Number: | | | |
| 9/11/2002 | POSTAGE | | | |
| | Amount Owed: $1.11 | | 1.11 | 1.11 |
| | Paid Before Conversion: $0.00 | | | |
| | Receipt Number: | | | |
| 9/12/2002  40 | DEFTS MOTION TO DISMISS DEATH | | | |
| | SPECIFICATIONS DUE TO | | | |
| | INADEQUATE APPELLATE REVIEW REQUEST FOR | | | |
| | HEARING | | | |
| | WITH SERVICE FILED BY ATTY JOHN JUHASZ | | | |
| 9/13/2002  41 | DEFTS MOTION TO PROHIBIT THE GOVERNMENT | | | |
| | FROM USING | | | |
| | PEREMPTORY CHALLENGES TO EXCLUDE VENIREMEN | | | |
| | WHO | | | |
| | EXPRESS CONCERN ABOUT IMPOSING CAPITAL | | | |
| | PUNISHMENT | | | |
| | WITH SERVICE FILED BY ATTY J GERALD INGRAM | | | |
| 9/16/2002  42 | DEFTS MOTION TO HAVE REASONS FOR OBJECTIONS | | | |
| | AND | | | |
| | REASONS FOR OVERRULLING OBJECTIONS PLACED | | | |
| | ON THE | | | |
| | RECORD WITH SERVICE FILED BY ATTY J GERALD | | | |
| | INGRAM | | | |
| 9/16/2002  43 | DEFTS MOTION TO DISMISS DEATH PENALTY | | | |
| | SPECIFICATIONS BECAUSE METHOD OF EXECUTION | | | |
| | IS | | | |
| | UNCONSTITUTIONAL WITH SERVICE FILED BY ATTY | | | |
| | J | | | |
| | GERALD INGRAM | | | |
| 9/20/2002 | HEARING ON PENDING MOTIONS 10/10/2002 | | | |
| | 01:00 PM | | | |
| | BEFORE:HON. JOHN M. STUARD LOC:COURT 2 | | | |
| 10/4/2002  44 | MOTION TO SUPPRESS WITH SERVICE FILED BY | | | |
| | ATTY | | | |
| | GERALD INGRAM | | | |
| 10/10/2002 45 | MEMORANDUM IN OPPOSITION TO DEFTS MOTION TO | | | |
| | DISMISS | | | |
| | DEATH PENALTY SPECIFICATIONS DUE TO | | | |
| | INADEQUATE | | | |
| | APPELLATE REVIEW WITH SERVICE FILED BY | | | |
| | PROSECUTOR | | | |
| 10/10/2002 46 | MEMORANDUM IN OPPOSITION TO DEFTS MOTION TO | | | |
| | DISMISS | | | |
| | DEATH PENALTY SPECIFICATIONS BECAUSE METHOD | | | |
| | OF | | | |
| | EXECUTION IS UNCONSTITUTIONAL WITH SERVICE | | | |
| | FILED BY | | | |
| | PROSECUTOR | | | |
| 10/10/2002 47 | MEMORANDUM CONTRA TO DEFTS MOTION TO DISMISS | | | |
| | INDICTMENT: OR IN ALTERNATIVE TO DISMISS | | | |
| | DEATH | | | |
| | SPECIFICATIONS BECAUSE DEATH PENALTY IN | | | |
| | OHIO IS | | | |

|            |    |                                                                                                      |      |      |
|------------|----|------------------------------------------------------------------------------------------------------|------|------|
|            |    | UNCONSTITUT   AL WITH SERVICE FILED BY PROSECUTOR                                                     |      |      |
| 10/10/2002 | 48 | MEMORANDUM IN OPPOSITION TO DEFTS MOTION TO HAVE                                                      |      |      |
|            |    | REASONS FOR DEFENSE OBJECTIONS AND REASONS FOR                                                        |      |      |
|            |    | OVERRULING DEFTS OBJECTIONS PLACED ON RECORD WITH                                                     |      |      |
|            |    | SERVICE FILED BY PROSECUTOR                                                                           |      |      |
| 10/10/2002 | 49 | MEMORANDUM IN OPPOSITION TO DEFTS MOTION TO PROHIBIT THE USE OF PEREMPTORY CHALLENGES TO             |      |      |
|            |    | EXCLUDE VERIREMEN WHO EXPRESS CONCERNS ABOUT IMPOSING CAPITAL PUNISHMENT WITH SERVICE FILED BY       |      |      |
|            |    | PROSECUTOR                                                                                            |      |      |
| 10/10/2002 | 50 | MEMORANDUM IN OPPOSITION TO DEFTS MOTION FOR ALTERNATING VOIR DIRE WITH SERVICE FILED BY PROSECUTOR  |      |      |
| 10/10/2002 | 51 | MOTION FOR DEFT TO SUBMIT TO HANDWRITING EXEMPLARS                                                    |      |      |
|            |    | WITH SERVICE FILED BY PROSECUTOR                                                                      |      |      |
| 10/10/2002 | 52 | STATES FOURTH SUPPLEMENTAL RESPONSE TO DEFTS REQUEST FOR DISCOVERY WITH SERVICE FILED BY PROSECUTOR  |      |      |
| 10/10/2002 | 53 | 983/808 MOTIONS HEARING SCHEDULED FOR 9/20/02 AT                                                      | 2.00 | 2.00 |
|            |    | 9:00 AM IS RESCHEDULED TO 10/10/02 AT 1:00 PM.                                                        |      |      |
|            |    | 10/10/02 COPIES SENT TO: C BECKER, K BAILEY, TR CO                                                    |      |      |
|            |    | PROSECUTOR, J INGRAM AND J JUHASZ                                                                     |      |      |
|            |    | Amount Owed: $2.00                                                                                    |      |      |
|            |    | Paid Before Conversion: $0.00                                                                         |      |      |
|            |    | Receipt Number:                                                                                       |      |      |
| 10/15/2002 |    | HRG ON MOTION TO SUPPRESS 11/08/2002  09:00 AM                                                        |      |      |
|            |    | BEFORE:HON. JOHN M. STUARD LOC:COURT 2                                                                |      |      |
| 10/21/2002 |    | STATUS CONFERENCE 10/24/2002  11:30 AM                                                                |      |      |
|            |    | BEFORE:HON. JOHN M. STUARD LOC:COURT 2                                                                |      |      |
| 10/25/2002 | 54 | 985/232 WAIVER OF SPEEDY TRIAL FOR 210 DAYS UNTIL                                                     | 2.00 | 2.00 |
|            |    | 4/7/03                                                                                                |      |      |
|            |    | Amount Owed: $2.00                                                                                    |      |      |
|            |    | Paid Before Conversion: $0.00                                                                         |      |      |
|            |    | Receipt Number:                                                                                       |      |      |
| 10/29/2002 |    | JURY TRIAL 04/07/2003  09:00 AM                                                                       |      |      |
|            |    | BEFORE:HON. JOHN M. STUARD LOC:COURT 2                                                                |      |      |
| 11/1/2002  |    | PRE TRIAL 12/19/2002  08:45 AM                                                                        |      |      |
|            |    | BEFORE:HON. JOHN M. STUARD LOC:COURT 2                                                                |      |      |
| 12/3/2002  | 55 | DEFTS MOTION TO DISMISS DEATH SPECIFICATIONS AND TO                                                   |      |      |
|            |    | DECLARE INVALID OHIO CONST ART IV, 2 AND 3 AND ORC                                                    |      |      |
|            |    | ANN 2929.05 AND 2953.02 AND REQUEST FOR HEARING                                                       |      |      |
|            |    | WITH SERVICE FILED BY ATTY J GERALD INGRAM                                                            |      |      |
| 12/20/2002 |    | PRE TRIAL 01/02/2003  08:45 AM                                                                        |      |      |
|            |    | BEFORE:HON. JOHN M. STUARD LOC:COURT 2                                                                |      |      |
| 1/3/2003   |    | SUPPRESSION HEARING 02/26/2003  09:00 AM                                                              |      |      |
|            |    | BEFORE:HON. JOHN M. STUARD LOC:COURT 2                                                                |      |      |
| 2/28/2003  |    | FINAL PRE TRIAL 03/26/2003  01:00 PM                                                                  |      |      |
|            |    | BEFORE:HON. JOHN M. STUARD LOC:COURT 2                                                                |      |      |
| 2/28/2003  |    | JURY TRIAL 04/08/2003  09:00 AM                                                                       |      |      |
|            |    | BEFORE:HON. JOHN M. STUARD LOC:COURT 2                                                                |      |      |
| 2/28/2003  | 56 | 995/415 WAIVER OF SPEEDY TRIAL FOR ADDITIONAL 45                                                      | 2.00 | 2.00 |
|            |    | DAYS; TRIAL DATE APRIL 8, 2003.                                                                       |      |      |
|            |    | Amount Owed: $2.00                                                                                    |      |      |
|            |    | Paid Before Conversion: $0.00                                                                         |      |      |
|            |    | Receipt Number:                                                                                       |      |      |

```
3/3/2003    57    MEMORANDUM    OPPOSITION TO DEFENDANT'S
                  MOTION TO
                  SUPPRESS FILED BY THE PROSECUTOR'S OFFICE
3/17/2003   58    NOTICE OF OPEN FILE DISCOVERY FILED BY THE
                  PROSECUTOR'S OFFICE

3/18/2003   59    DEFENDANT'S MOTION FOR ORDER GRANTING
                  EXPERT ACCESS
                  TO DEFENDANT IN COUNTY JAIL FILED BY THE
                  DEFENDANT'S ATTORNEY JOHN JUHASZ
3/18/2003   60    996/977 JUDGMENT ENTRY GRANTING EXPERT
                  ACESS.                                          2.00        2.00
                  3/18/03 CC SENT TO: C BECKER, K BAILEY, J G
                  INGRAM,
                  J JUHASZ, DR T EBERLE & T ALTIERE
                  Amount Owed: $2.00
                  Paid Before Conversion: $0.00
                  Receipt Number:
3/18/2003         POSTAGE
                  Amount Owed: $2.22                              2.22        2.22
                  Paid Before Conversion: $0.00
                  Receipt Number:
3/21/2003   61    DEFENDANT'S POST SUPPRESSION HEARING
                  MEMORANDUM
                  FILED BY THE DEFENDANT'S
                  ATTORNEY GERALD INGRAM AND JOHN JUHASZ
4/4/2003    62    998/433 DEFTS MOTION TO SUPPRESS IS DENIED.
                  4/4/03                                          6.00        6.00
                  COPIES SENT TO: PROSECUTOR, J INGRAM & J
                  JUHASZ
                  Amount Owed: $6.00
                  Paid Before Conversion: $0.00
                  Receipt Number:
4/4/2003          POSTAGE
                  Amount Owed: $1.11                              1.11        1.11
                  Paid Before Conversion: $0.00
                  Receipt Number:
4/7/2003    63    PROPOSED ORIENTATION INSTRUCTIONS AS TO
                  PROCEDURE
                  IN A CAPITAL CASE
                  FILED BY THE DEFENDANT'S ATTORNEY J GERALD
                  INGRAM
4/7/2003          HEARING ON MOTION TO SUPPRESS EVIDENCE
                  FILED BY THE
                  DEFENDANT'S ATTONREY J GERALD INGRAM AND
                  ATTORNEY JOHN JUHASZ
4/7/2003    65    NOTICE OF APPEAL TO THE 11TH APPELLATE
                  COURT FILED
                  BY ATTY J JUHASZ
4/7/2003    65    DEFENDANTS MOTION TO CHANGE VENUE REQUEST
                  FOR
                  CLOSED ORAL HEARING FILED BY ATTY INGRAM
                  AND JUHASZ
4/8/2003    66    998/713 MANDATE FROM COURT OF APPEALS. THE
                  INSTANT                                         2.00        2.00
                  APPEAL IS DISMISSED FOR LACK OF JURISDICTION
                  Amount Owed: $2.00
                  Paid Before Conversion: $0.00
                  Receipt Number:
4/8/2003    67    SUBPOENA RETURNED AND ENDORSED ON ANDREW
                  HARVEY BY                                       3.30        3.30
                  SHERIFF ALTIERE
                  Amount Owed: $3.30
                  Paid Before Conversion: $0.00
                  Receipt Number:
4/9/2003    68    SUBPOENA RETURNED AND ENDORSED ON
                  JOSE SANCHEZ                                    1.00        1.00
                  MAHONING COUNTY SHERIFF'S DEPARTMENT
                  Amount Owed: $1.00
                  Paid Before Conversion: $0.00
                  Receipt Number:
4/10/2003   69    PRELIMINARY INSTRUCTIONS (DEFENDANT'S
                  SUBMISSION)
                  FILED BY THE DEFENDANT'S ATTORNEY
4/10/2003   70    DEFENDANT'S MOTION FOR SPECIFIC DISCLOSURE
                  OF DUE
                  PROCESS MATERIAL FILED BY THE DEFENDANT'S
```

| | | | | |
|---|---|---|---|---|
| 4/14/2003 | 71 | ATTONREY JE : INGRAM AND JOHN JUHASZ STATE'S FIFTH SUPPLEMENTAL RESPONSE TO DEFENDANT'S REQUEST FOR DISCOVERY FILED BY THE PROSECUTOR'S OFFICE | | |
| 4/24/2003 | 72 | SUBPOENA RETURNED AND ENDORSED ON MELVIN WILLIAMS MAHONING COUNTY SHERIFF Amount Owed: $6.60 Paid Before Conversion: $0.00 Receipt Number: | 6.60 | 6.60 |
| 4/24/2003 | 73 | SUBPOENA RETURNED AND ENDORSED ON SHELIA FIELDS MAHONING COUNTY SHERIFF Amount Owed: $3.80 Paid Before Conversion: $0.00 Receipt Number: | 3.80 | 3.80 |
| 4/24/2003 | 74 | SUBPOENA RETURNED AND ENDORSED ON JEFFREY DIAMANTES MAHONING COUNTY SHERIFF Amount Owed: $27.40 Paid Before Conversion: $0.00 Receipt Number: | 27.40 | 27.40 |
| 4/24/2003 | 75 | SUBPOENA RETURNED AND ENDORSED ON JOSE FLORES RICHLAND COUNTY SHERIFF Amount Owed: $2.50 Paid Before Conversion: $0.00 Receipt Number: | 2.50 | 2.50 |
| 4/24/2003 | 76 | SUBPOENA RETURNED AND ENDORSED ON JIM MCCOY CUYAHOGA COUNTY SHERIFF Amount Owed: $16.27 Paid Before Conversion: $0.00 Receipt Number: | 16.27 | 16.27 |
| 4/24/2003 | 77 | SUBPOENA RETURNED AND ENDORSED ON CHRIS GEAR MAHONING COUNTY SHERIFF Amount Owed: $3.80 Paid Before Conversion: $0.00 Receipt Number: | 3.80 | 3.80 |
| 4/24/2003 | 78 | SUBPOENA RETURNED AND ENDORSED ON RALPH ROBERTS MAHONING COUNTY SHERIFF Amount Owed: $14.50 Paid Before Conversion: $0.00 Receipt Number: | 14.50 | 14.50 |
| 4/24/2003 | 79 | SUBPOENA RETURNED AND ENDORSED ON JAMES CULWELL FRANKLIN COUNTY SHERIFF Amount Owed: $2.30 Paid Before Conversion: $0.00 Receipt Number: | 2.30 | 2.30 |
| 4/25/2003 | 80 | SUBPOENA RETURNED AND ENDORSED ON JILL KENYON SHERIFF ALTIERE Amount Owed: $4.30 Paid Before Conversion: $0.00 Receipt Number: | 4.30 | 4.30 |
| 4/25/2003 | 81 | SUBPOENA RETURNED AND ENDORSED ON JENNIFER ROBINSON MAHONING COUNTY SHERIFF Amount Owed: $5.40 Paid Before Conversion: $0.00 Receipt Number: | 5.40 | 5.40 |
| 4/25/2003 | 82 | SUBPOENA RETURNED AND ENDORSED ON JEFFREY PASCARELLA MAHONING COUNTY SHERIFF Amount Owed: $8.60 Paid Before Conversion: $0.00 Receipt Number: | 8.60 | 8.60 |
| 4/25/2003 | 83 | SUBPOENA RETURNED AND ENDORSED ON RITA MORRISON MAHNING COUNTY SJERIFF Amount Owed: $5.40 Paid Before Conversion: $0.00 | 5.40 | 5.40 |

```
                    Receipt Num   ::
4/25/2003  84      SUBPOENA RETURNED AND ENDORSED ON
                   RITA MOSSISON
                   SHERIFF ALTIERE
4/25/2003  85      SUBPOENA RETURNED AND ENDORSED ON
                   JOHN GUZIK                                5.40      5.40
                   MAHONING COUNTY SHERIFF
                   Amount Owed: $5.40
                   Paid Before Conversion: $0.00
                   Receipt Number:
4/25/2003  86      SUBPOENA RETURNED AND ENDORSED ON
                   MIGUEL DIAZ                               6.60      6.60
                   MAHONING SHERIFF ALTIERE
                   Amount Owed: $6.60
                   Paid Before Conversion: $0.00
                   Receipt Number:
4/25/2003  87      TRIAL STIPULATION FILED BY THE DEDENDANT'S
                   ATTORNEY ALONG WITH THE PROSECUTOR'S OFFICE

4/25/2003  88      SUBPOENA RETURNED AND ENDORSED ON
                   FRANK REYNOLDS NOT SERVED               11.00     11.00
                   MAHONING COUNTY SHERIFF
                   Amount Owed: $11.00
                   Paid Before Conversion: $0.00
                   Receipt Number:
4/25/2003  89      SUBPOENA RETURNED AND ENDORSED ON
                   JAMES DANIELS                             3.80      3.80
                   MAHONING COUNTY SHERIFF
                   Amount Owed: $3.80
                   Paid Before Conversion: $0.00
                   Receipt Number:
4/25/2003  90      SUBPOENA RETURNED AND ENDORSED ON
                   BRIDGET PAUL                              3.30      3.30
                   SHERIFF ALTIERE
                   Amount Owed: $3.30
                   Paid Before Conversion: $0.00
                   Receipt Number:
4/25/2003  91      SUBPOENA RETURNED AND ENDORSED ON
                   PAULA CARSON                              3.30      3.30
                   SHERIFF ALTIERE
                   Amount Owed: $3.30
                   Paid Before Conversion: $0.00
                   Receipt Number:
4/25/2003  92      SUBPOENA RETURNED UNABLE TO SERVE IN TIME
                   FOR
                   HEARING (KRIS ELLINGTON)
4/29/2003  93      SUBPOENA RETURNED - UNABLE TO SERVE IN TIME
                   FOR
                   HEARING - NEW ADDRESS 2747 RANDOLPH NW,
                   WARREN, OH
                   44485 (SANTIAGO MASON)
5/12/2003  94      THE PARTIES 45 MINUTES PER SIDE TO
1001-295-          INDIVIDUALLY                              8.00      8.00
                   VOIR DIRE THE PROSEPECTIVE JURORS.
                   11 - DEFTS MOTION TO PROHIBIT DEATH
                   QUALIFICATION
                   OF JURORS UNLESS AND UNTIL THE GOVERNMENT
                   HAS
                   ESTABLISHED PROBABLE CAUSE THAT THE CASE
                   WILL
                   PROCEED TO A SECOND PHASE IS OVERRULED.
                   12 - STATES MOTION TO HAVE THE DEFT SUBMIT
                   TO
                   HANDWRITING EXEMPLARS IS MOOT DUE TO THE
                   STIPULATED
                   ENTRY FILED ON 4/25/02.
                   13 - DEFTS MOTION TO DISMISS DEATH
                   SPECIFICATIONS
                   AND TO DECLARE INVALID OHIO CONSTITUTION
                   ART IV, 2
                   AND 3 AND ORC 2929.05 AND 2953.02 IS
                   OVERRULED.
                   14 - DEFTS MOTION TO CHANGE VENUE IS
                   OVERRULED.
                   5/12/03 COPIES SENT TO: PROSECUTOR, J
                   INGRAM & J
                   JUHASZ
```

1001/295 1   DEFTS MOTION TO PROHIBIT THE
GOVERNMENT FROM USING PEREMPTORY CHALLENGES
TO
EXCLUDE VENIREMEN WHO EXPRESS CONCERN ABOUT
IMPOSING CAPITAL PUNISHMENT IS OVERRULED.
2  -  DEFTS MOTION TO HAVE REASONS FOR
OBJECTIONS
AND REASONS FOR OVERRULING OBJECTIONS
PLACED ON THE
RECORD IS GRANTED IN PART. THE COURT WILL
PROVIDE
ITS REASONS FOR OVERRULING ANY OBJECTIONS
ON THE
RECORD IF REQUESTED BY EITHER PARTY.
3  -  DEFTS MOTION TO DISMISS DEATH PENALTY
SPECIFICATIONS BECAUSE METHOD OF EXECUTION
IS
UNCONSTITUTIONAL IS OVERRULED.
4  -  DEFTS  MOTION  TO DISMISS DEATH
SPECIFICATIONS DUE TO INADEQUATE APPELLATE
REVIEW
IS OVERRULED.
5  -  DEFTS  MOTION  TO  SUPPRESS
REFERENCES TO THE
JURY THAT A VERDICT OF DEATH IS ONLY A
RECOMMENDATION IS OVERRULED.
6  -  DEFTS  MOTION  TO DISMISS INDICTMENT
OR IN
THE ALTERNATIVE TO DISMISS DEATH
SPECIFICATIONS
BECAUSE DEATH PENALTY IN OHIO IS
UNCONSTITUTIONAL
IS OVERRULED.
7  -  DEFTS  MOTION  FOR  ALTERNATING VOIR
DIRE
EXAMINATION IS WITHDRAWN.
8 - DEFTS MOTION FOR AN ORDER ENLARGING THE
TIME
FOR FILING PRETRIAL MOTIONS FILED 2/11/02 IS
GRANTED.
9 - DEFTS MOTION TO DETERMINE THE PROPER
STANDARD
TO EXCUSE JURORS FOR CAUSE IS OVERRULED TO
THE
EXTENT THAT THE COURT WILL DETERMINE BASED
UPON THE
APPLICABLE LAW THE STANDARD FOR EXCUSING
JURORS.
10 - DEFTS MOTION FOR COMPREHENSIVE VOIR
DIRE
EXAMINATION IS GRANTED AND THE COURT WILL
PERMIT
Amount Owed: $8.00
Paid Before Conversion: $0.00
Receipt Number:

| | | | | |
|---|---|---|---|---|
| 5/12/2003 | 95 | DEFENDANT'S MOTION IN LIMINE HEARING REQUEST OR<br>HEARING FILED BY THE DEFENDANT'S ATTORNEY JERRY<br>INDRAM AND JOHN JUHASZ | | |
| 5/12/2003 | 96 | DEFENDANT'S MOTION IN LIMINE CONCERING EXTRANEOUS<br>STATEMENTS IN LETTERS AND TAPES FILED BY THE<br>DEFENDANT'S ATTORNEY JERRY INGRAM & JOHN JUHASZ | | |
| 5/12/2003 | 97 | STENOGRAPHER FEE<br>FILED BY KELLY J WILSON<br>          OFFICIAL COURT REPORTER<br>Amount Owed: $125.00<br>Paid Before Conversion: $0.00<br>Receipt Number: | 125.00 | 125.00 |
| 5/13/2003 | | WITNESS FEES FOR CHRIS MONYAK<br>Amount Owed: $24.00<br>Paid Before Conversion: $0.00<br>Receipt Number: | 24.00 | 24.00 |
| 5/14/2003 | | WITNESS FEES<br>JAMES DANIELS | 8.00 | 8.00 |

| | | | | |
|---|---|---|---|---|
| | Amount Owed: 8.00 | | | |
| | Paid Before Conversion: $0.00 | | | |
| | Receipt Number: | | | |
| 5/14/2003 | WITNESS FEES | | | |
| | $283.90 | | 283.90 | 283.90 |
| | Amount Owed: $283.90 | | | |
| | Paid Before Conversion: $0.00 | | | |
| | Receipt Number: | | | |
| 5/15/2003 | WITNESS FEES  SANTIAGO MASON | | | |
| | Amount Owed: $24.00 | | 24.00 | 24.00 |
| | Paid Before Conversion: $0.00 | | | |
| | Receipt Number: | | | |
| 5/15/2003 98 | STIPULATION FILED BY THE PROSECUTOR'S OFFICE | | | |
| | | | | |
| 5/16/2003 99 | DEFENDANT'S MTION IN LIMNE REQUEST FOR | | | |
| | HEARING | | | |
| | FILED BY THE DEFENDANT'S ATTORNEY JERRY AND | | | |
| | ATTORNEY JOHN JUHASZ | | | |
| 5/22/2003 100 | 1002/478 JURORS MARGARET KAY AND TERRY GRAY | | | |
| | ARE | | 2.00 | 2.00 |
| | ORDERED BY THIS COURT NOT TO REPORT TO | | | |
| | THEIR PLACES | | | |
| | OF EMPLOYMENT DURING THE DURATION OF THEIR | | | |
| | JURY | | | |
| | SERVICE IN THE ABOVE STYLED CASE. THIS | | | |
| | ORDER SHALL | | | |
| | REMAIN IN EFFECT UNTIL A FINAL VERDICT IS | | | |
| | REACHED | | | |
| | IN THIS CASE IN THE GUILT PHASE AS WELL AS | | | |
| | THE | | | |
| | PENALTY PHASE IF SUCH PHASE IS NECESSARY. | | | |
| | 5/22/03 | | | |
| | COPIES SENT TO: PROSECUTOR, J INGRAM & J | | | |
| | JUHASZ | | | |
| | Amount Owed: $2.00 | | | |
| | Paid Before Conversion: $0.00 | | | |
| | Receipt Number: | | | |
| 5/22/2003 | POSTAGE | | | |
| | Amount Owed: $1.11 | | 1.11 | 1.11 |
| | Paid Before Conversion: $0.00 | | | |
| | Receipt Number: | | | |
| 5/22/2003 101 | 1004/867 ORDERED THAT JURORS MARGARET KAY & | | | |
| | TERRY | | 2.00 | 2.00 |
| | GRAY ARE NOT TO REPORT TO PLACES OF | | | |
| | EMPLOYMENT | | | |
| | DURING DURATION OF JURY SERVICE IN THIS CASE | | | |
| | 06-30-03 COPIES TO J GERALD INGRAM, JOHN | | | |
| | JUHASZ & | | | |
| | PROS | | | |
| | Amount Owed: $2.00 | | | |
| | Paid Before Conversion: $0.00 | | | |
| | Receipt Number: | | | |
| 5/27/2003 102 | DEFENDANT'S MOTION FOR JUDGEMENT OF | | | |
| | ACQUITTAL FILED | | | |
| | BY THE DEFENDANT'S ATTOENRY J. INGRAM AND | | | |
| | ATTORNEY JOHN JUHASZ | | | |
| 5/27/2003 103 | DEFENDANT'S PROPSED INSTRUCTION TO TRIAL | | | |
| | JURY FILED | | | |
| | BY THE DEFENDANT'S ATTORNEY JERRY INGRAM AND | | | |
| | ATTORNEY JOHN JUHASZ | | | |
| 5/27/2003 104 | CHARGE IF THE COURT FILED BY THE DEFENDANT'S | | | |
| | ATTORNEY JERRY INGRAM AND ATTORNEY JOHN | | | |
| | JUHASZ | | | |
| 5/29/2003 105 | 1002/761 VERDICT FOR PLAINTIFF – COUNT ONE – | | | |
| | COMPLICITY TO AGGRAVATED MURDER (PRIOR | | 2.00 | 2.00 |
| | CALCULATION | | | |
| | AND DESIGN) | | | |
| | Amount Owed: $2.00 | | | |
| | Paid Before Conversion: $0.00 | | | |
| | Receipt Number: | | | |
| 5/29/2003 106 | 1002/762 VERDICT FOR PLAINTIFF COUNT ONE – | | | |
| | VERDICT | | 2.00 | 2.00 |
| | ON SPECIFICATION ONE | | | |
| | Amount Owed: $2.00 | | | |
| | Paid Before Conversion: $0.00 | | | |
| | Receipt Number: | | | |

| | | | | |
|---|---|---|---|---|
| 5/29/2003 | 107 | 1002/763 VI    CT FOR PLAINTIFF  COUNT ONE -<br>VERDICT<br>ON SPECIFICATION TWO<br>Amount Owed: $2.00<br>Paid Before Conversion: $0.00<br>Receipt Number: | 2.00 | 2.00 |
| 5/29/2003 | 108 | 1002/764 VERDICT FOR PLAINTIFF COUNT TWO -<br>COMPLICITY TO AGGRAVATED MURDER (FELONY<br>MURDER)<br>Amount Owed: $2.00<br>Paid Before Conversion: $0.00<br>Receipt Number: | 2.00 | 2.00 |
| 5/29/2003 | 109 | 1002/765 VERDICT FOR PLAINTIFF COUNT TWO<br>VERDICT ON<br>SPECIFICATION ONE<br>Amount Owed: $2.00<br>Paid Before Conversion: $0.00<br>Receipt Number: | 2.00 | 2.00 |
| 5/29/2003 | 110 | 1002/766 VERDICT FOR PLAINTIFF COUNT TWO -<br>VERDICT<br>ON SPECIFICATION TWO<br>Amount Owed: $2.00<br>Paid Before Conversion: $0.00<br>Receipt Number: | 2.00 | 2.00 |
| 5/29/2003 | 111 | 1002/767 VERDICT FOR PLAINTIFF COUNT THREE<br>COMPLICITY TO AGGRAVATED BURGLARY<br>Amount Owed: $2.00<br>Paid Before Conversion: $0.00<br>Receipt Number: | 2.00 | 2.00 |
| 5/29/2003 | 112 | 1002/768 VERDICT FOR PLAINTIFF COUNT THREE -<br>VERDICT ON FIREARM SPECIFICATION<br>Amount Owed: $2.00<br>Paid Before Conversion: $0.00<br>Receipt Number: | 2.00 | 2.00 |
| 5/29/2003 | 113 | 1002/769 VERDICT FOR PLAINTIFF COUNT 4<br>COMPLICITY<br>TO AGGRAVATED ROBBERY<br>Amount Owed: $2.00<br>Paid Before Conversion: $0.00<br>Receipt Number: | 2.00 | 2.00 |
| 5/29/2003 | 114 | 1002/770 VERDICT FOR PLAINTIFF COUNT FOUR -<br>VERDICT<br>ON FIREARM SPECIFICATION<br>Amount Owed: $2.00<br>Paid Before Conversion: $0.00<br>Receipt Number: | 2.00 | 2.00 |
| 6/3/2003 | 115 | MOTION TO MERGE DEATH SPECIFICATIONS FILED<br>BY<br>THE DEFENDANT'S ATTONNEY | | |
| 6/3/2003 | 116 | MOTION TO PROHIBIT READMISSION OF CERTAIN<br>EXHIBITS<br>FROM THE FIRST TRIAL PHASE FILED BY THE<br>DEFENDANT'S<br>ATTORNEY'S ATTORNEY JERRY INGRAM AND<br>ATTORNEY JOHN JUHASZ | | |
| 6/3/2003 | 117 | MOTION TO PROHIBIT REFERENCE TO THE NATURE<br>AND<br>CIRCUMSTANCES OF THE OFFENSES AT CERTAIN<br>TIMES<br>FILED BY THE DEFENDANT'S ATTONNEY | | |
| 6/3/2003 | 118 | MOTION TO PROHIBIT REFERENCE TO THE NATURE<br>AND<br>CIRCUMSTANCES OF THE OFFENSES AT CERTIN<br>TIMES<br>FILED BY THE DEFENDANT'S ATTONNEY | | |
| 6/3/2003 | 119 | MOTION TO PROHIBIT IMPROPER COMMENT BY<br>PROSECUTOR<br>ON DEFENDANT'S UNSWORN STATEMENT FILED BY<br>THE<br>DEFENDANT'S ATTONNEY | | |
| 6/3/2003 | 120 | PROPOSED INSTTUCTION TO JURY FILED BY THE<br>DEFENDANT'S ATTONREY | | |
| 6/5/2003 | 121 | 1003/391 JURY FINDING AND RECOMMENDATION OF<br>DEATH<br>SENTENCE. COUNT ONE SPECIFICATION ONE:<br>AGGRAVATED | 4.00 | 4.00 |

|  |  |  |  |  |
|---|---|---|---|---|
|  |  | BURGLARY    TH<br>Amount Owed: $4.00<br>Paid Before Conversion: $0.00<br>Receipt Number: |  |  |
| 6/5/2003 | 122 | 1003/393 JURY FINDING AND RECOMMENDATION OF<br>DEATH<br>SENTENCE. COUNT ONE SPECIFICATION TWO:<br>AGGRAVATED<br>ROBBERY<br>Amount Owed: $4.00<br>Paid Before Conversion: $0.00<br>Receipt Number: | 4.00 | 4.00 |
| 6/13/2003 |  | SENTENCING HEARING 06/20/2003  01:30 PM<br>BEFORE:HON. JOHN M. STUARD LOC:COURT 2 |  |  |
| 6/16/2003 | 123 | 1003/911 THE COURT FINDS THAT THERE IS NO<br>AUTHORITY<br>TO ORDER A PRE-SENTENCE INVESTIGATION AND<br>REPORTS,<br>AS WAS ORDERED BY THE COURT ON 6/4/03. AS<br>SUCH A<br>REPORT MAY BE PREPARED ONLY AT THE REQUEST<br>OF THE<br>DEFT AND AS THE DEFT HAS NOT MADE SUCH A<br>REQUEST,THE DIRECTIVE THAT SUCH A REPORT BE<br>PREPARED IS<br>RESCINDED<br>Amount Owed: $2.00<br>Paid Before Conversion: $0.00<br>Receipt Number: | 2.00 | 2.00 |
| 6/20/2003 | 124 | 1004/263 JURORS EXCUSED WITHOUT OBJECTION BY<br>COUNSEL. SEE J/E<br>Amount Owed: $16.00<br>Paid Before Conversion: $0.00<br>Receipt Number: | 16.00 | 16.00 |
| 6/20/2003 | 125 | 1004/271 JURORS EXCUSED FOR CAUSE DURING<br>THE TRIAL.<br>SEE J/E<br>Amount Owed: $8.00<br>Paid Before Conversion: $0.00<br>Receipt Number: | 8.00 | 8.00 |
| 6/20/2003 | 126 | 1004/275 OPINION OF THE COURT IMPOSING DEATH<br>SENTENCE AND FINDINGS OF FACT AND<br>CONCLUSIONS OF<br>LAW REGARDING IMPOSITION OF DEATH SENTENCE.<br>SEE J/E<br>Amount Owed: $34.00<br>Paid Before Conversion: $0.00<br>Receipt Number: | 34.00 | 34.00 |
| 6/23/2003 | 126 A | POST SENTENCING RIGHTS FILED BY PROSECUTOR'S<br>OFFICE |  |  |
| 6/24/2003 |  | COMPLETE RECORD<br>Amount Owed: $20.00<br>Paid Before Conversion: $0.00<br>Receipt Number: | 20.00 | 20.00 |
| 6/24/2003 |  | STENOGRAPHER FEE<br>Amount Owed: $25.00<br>Paid Before Conversion: $0.00<br>Receipt Number: | 25.00 | 25.00 |
| 6/24/2003 | 127 | WARRANT TO CONVEY TO OHIO REFORMATORY FOR<br>WOMEN<br>ISSUED TO SHERIFF ON 6-24-03 |  |  |
| 6/24/2003 | 128 | 1004/449 SENTENCING: 6/4/03 DEFT IS<br>SENTENCED TO<br>DEATH ON 1/11/04 ON COUNT ONE. DEFT<br>SENTENCED TO<br>THE OHIO REFORMATORY FOR WOMEN AT<br>MARYSVILLE OHIO<br>FOR 10 YEARS ON COUNT 3 PLUS A MANDATORY<br>TERM OF 3<br>YEARS ON THE FIREARM SPECIFICATION TO BE<br>SERVED<br>PRIOR TO AND CONSECUTIVE TO THE SENTENCE<br>IMPOSED IN<br>COUNT 3; 10 YEARS ON COUNT 4 PLUS A<br>MANDATORY TERM | 8.00 | 8.00 |

| Date | No. | Description | | |
|---|---|---|---|---|
| 1/20/2004 | 136 | TRANSCRIPT   VOLUMES),1 BOX OF EXHIBITS WITH LIST, FILED BY COURT REPORTER. | | |
| 1/29/2004 | 137 | RECORD TRANSMITTED TO THE SUPREME COURT INCLUDING ORIGINAL PAPERS,TRANSCRIPTS(28 VOLUMES),AND EXHIBITS WITH INDEX BY PERSONAL DELIVERY FROM THE TRUMBULL COUNTY SHERIFFS DEPARTMENT.COPIES OF INDEX SENT TO COUNSEL OF RECORD. Amount Owed: $1.00 Paid Before Conversion: $0.00 Receipt Number: | 1.00 | 1.00 |
| 2/2/2004 | 138 | COPY OF EXHIBIT OF RECORD OF DEATH PENALTY CASE FROM THE SUPREME COURT OF OHIO | | |
| 2/13/2004 | | HEARING 03/12/2004 01:00 PM BEFORE:HON. JOHN M. STUARD LOC:COURT 2 | | |
| 2/27/2004 | 139 | MOTION FOR WARRANT FOR REMOVAL FILED BY PROSECUTOR'S OFFICE | | |
| 2/27/2004 | 140 | ONE CERTIFIED COPY OF WARRANT FOR REMOVAL AND COPY OF MOTION FOR WARRANT OF REMOVAL AND WARRANT TO CONVEY TO TRUMBULL COUNTY JAIL ISSUED TO THE SHERIFF ON 2-27-04 | | |
| 2/27/2004 | 141 | 1024/551 ORDER ON WARRANT TO CONVEY Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 3/15/2004 | 142 | WARRANT RETURNED SHOWING SERVICE ON DEFENDANT SHERIFF ALTIERE Amount Owed: $240.50 Paid Before Conversion: $0.00 Receipt Number: | 240.50 | 240.50 |
| 3/23/2004 | 143 | 1026/435 THE COURT FINDS THAT THERE IS A CONFLICT OF INTEREST WITH THE PUBLIC DEFENDERS OFFICE. ATTYS DAVID DOUGHTEN AND PATTY SMITH APPOINTED AS COUNSEL FOR DEFT IN HER APPEAL. THE ADDRESS FOR ATTYS IS 4403 ST CLAIR AVE, CLEVELAND OH 44103 (216)361-1112 3/23/04 COPIES SENT TO: K CULSHAW, R TROUTMAN, J WILHELM, D WATKINS, C BECKER, K BAILEY & L ANNOS. CC TO THE OHIO SUPREME COURT Amount Owed: $4.00 Paid Before Conversion: $0.00 Receipt Number: | 4.00 | 4.00 |
| 3/23/2004 | | POSTAGE Amount Owed: $2.96 Paid Before Conversion: $0.00 Receipt Number: | 2.96 | 2.96 |
| 4/14/2004 | 144 | 1028/385 ORDER APPOINTING COUNSEL FOR POST CONVICTION PETITION AND SETTING FEES. 4/14/04 COPIES SENT TO: J INGRAM, J JUHASZ, D BODIKER, J WILHELM, S BOLTON, D MARGURGER, A MILLETTE, D WATKINS, C BECKER, K BAILEY & L ANNOS Amount Owed: $4.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 4/14/2004 | | POSTAGE Amount Owed: $4.07 Paid Before Conversion: $0.00 Receipt Number: | 4.07 | 4.07 |
| 7/22/2004 | 145 | MOTION FOR SUBSTITUTION OF COUNSEL FILED BY THE | | |

| | | | | |
|---|---|---|---|---|
| | | THE DEFEND: 'S ATTORNEY DAVID L DOUGHTEN AND | | |
| | | ATTORNEY PATRICIA J SMITH | | |
| 8/20/2004 | 146 | GRANTED | | |
| | | 1039/213 MOTION FOR SUBSTITUTION OF COUNSEL IS | 2.00 | 2.00 |
| | | Amount Owed: $2.00 | | |
| | | Paid Before Conversion: $0.00 | | |
| | | Receipt Number: | | |
| 9/9/2004 | 147 | JOINT MOTION TO TOLL FILING DATE OF POST CONVICTION | | |
| | | PETITION FILED BY ATTY LUWAYNE ANNOS | | |
| 9/9/2004 | 148 | 1040/696 PURSUANT TO A JOINT MOTION FILED BY COUNSEL FOR DEFT DONNA ROBERTS AND COUNSEL FOR THE | 2.00 | 2.00 |
| | | STATE OF OHIO, THIS COURT IN THE INTEREST OF JUSTICE WILL CONSTRUE DEFTS POSTCONVICTION PETITION | | |
| | | TIMELY FILED IF IT IS TIME-STAMPED BY THE CLERK OF | | |
| | | COURTS ON OR BEFORE 9/25/04. | | |
| | | 9/9/04 COPIES SENT TO: PROSECUTOR, J INGRAM, J | | |
| | | YUHASZ, D BODIKER, J WILHELM & D DOUGHTEN | | |
| | | Amount Owed: $2.00 | | |
| | | Paid Before Conversion: $0.00 | | |
| | | Receipt Number: | | |
| 9/9/2004 | | POSTAGE | | |
| | | Amount Owed: $2.22 | 2.22 | 2.22 |
| | | Paid Before Conversion: $0.00 | | |
| | | Receipt Number: | | |
| 9/24/2004 | 149 | PETITION TO VACATE OR SET ASIDE SENTENCE FILED BY | | |
| | | ATTORNEY DAVID DOUGHTEN COUNSEL FOR PETITIONER | | |
| | | ALSO EXHIBIT B FILED  NATHANIEL JACKSON'S VIDEO | | |
| | | STATEMENT FILED.SERVED A COPY OF PETITION TO THE | | |
| | | TRUMBULL COUNTY PROSECUTORS OFFICE ON THIS DATE. | | |
| 10/1/2004 | 150 | MOTION TO EXTEND TIME  TO RESPONSE FILED BY THE PROSECUTOR'S OFFICE | | |
| 10/7/2004 | 151 | 1042/898 PURSUANT TO A JOINT MOTION FILED BY COUNSEL FOR DEFT DONNA ROBERTS AND COUNSEL FOR THE | 2.00 | 2.00 |
| | | STATE OF OHIO, THIS COURT, IN THE INTEREST OF | | |
| | | JUSTICE, WILL CONSTRUE DEFTS POSTCONVICTION PETITION TIMELY FILED IF IT IS TIME-STAMPED BY THE | | |
| | | CLERK OF COURTS ON OR BEFORE 9/25/04. | | |
| | | 10/7/04 COPIES SENT TO: PROSECUTOR, J INGRAM, J | | |
| | | YUHASZ, D BODIKER, J WILHELM & D DOUGHTEN | | |
| | | Amount Owed: $2.00 | | |
| | | Paid Before Conversion: $0.00 | | |
| | | Receipt Number: | | |
| 10/7/2004 | 152 | 1042/899 PURSUANT TO A MOTION BY THE PLAINTIFF-RESPONDENT, THE STATE OF OHIO, AND R.C. | 2.00 | 2.00 |
| | | 2953.21 (D), THIS COURT FIXES THE DUE DATE FOR THE | | |
| | | STATE'S RESPONSE BY ANSWER OR MOTION AT 11/3/04. | | |
| | | THE STATE, PER MOTION, HAS SHOWN GOOD CAUSE TO | | |
| | | EXTEND THE DUE DATE FROM 10/4/04 TO 11/3/04. | | |
| | | 10/7/04 COPIES SENT TO: PROSECUTOR & D DOUGHTEN | | |
| | | Amount Owed: $2.00 | | |
| | | Paid Before Conversion: $0.00 | | |
| | | Receipt Number: | | |
| 10/25/2004 | 153 | FIRST AMENDED PETITION TO VACATE OR SET ASIDE | | |
| | | SENTENCE WITH SERVICE FILED BY ATTY DAVID | | |

| | | | | |
|---|---|---|---|---|
| | | DOUGHTEN | | |
| 11/2/2004 | 154 | MOTION FOR SUMMARY JUDGMENT WITH SERVICE FILED BY ATTY LUWAYNE ANNOS | | |
| 11/3/2004 | 155 | COPY OF MERIT BRIEF OF PLTF/APPLEE OF STATE OF OHIO FILED BY PROSECUTOR | | |
| 12/1/2004 | 156 | PETITIONER'S MOTION TO TRANSFER THE RECORD OF NATHANIEL JACKSON TO THE CAUSE OF ACTION FILED BY THE DEFENDANT'S ATTORNEY DAVID L DOUGHTEN | | |
| 12/1/2004 | 157 | PETITIONER'S MOTION IN OPPOSITION TO STATE'S MOTION FOR SUMMARY JUDGMENT FILED BY THE DEFENDANT'S ATTORNEY DAVID DOUGHTEN | | |
| 12/1/2004 | 158 | MOTION FOR LEAVE OF COURT TO CONDUCT DISCOVERY FILED BY THE DEFENDANT'S ATTORNEY DAVID DOUGHTEN | | |
| 1/24/2005 | | FILE SIGNED OUT TO JUDGE STUARD ON 1-25-05 | | |
| 2/11/2005 | 159 | 1052/303 FINDINGS OF FACT AND CONCLUSIONS OFLAW DISMISSING PETITIONERS ORIGINAL AND FIRST AMENDED PETITION FOR POST CONVICTION RELIEF Amount Owed: $28.00 Paid Before Conversion: $0.00 Receipt Number: | 28.00 | 28.00 |
| 2/11/2005 | 160 | 1052/709 DEFENDANT-PETITIONER DONNA ROBERTS' MOTION FOR LEAVE OF COURT TO CONDUCT DISCOVERY FILED DECEMBER 1, 2004 IS OVERRULED AS MOOT. MOTION TO TRANSFER THE RECORD OF NATHANIEL JACKSON TO THIS CASUE OF ACTION IS ALSO DENIED AS MOOT. 2/14/05 COPIES SENT TO: J INGRAM, J JUHASZ, D BOKER, J WILHELM, D DOUGHTEN, S BOLTEN, D MARBURGER, A MILLETTE, A WATKINS, C BECKER, D BODIKER, K BAILEY, L ANNOS Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 2/14/2005 | | POSTAGE Amount Owed: $4.81 Paid Before Conversion: $0.00 Receipt Number: | 4.81 | 4.81 |
| 2/23/2005 | 161 | 1053/026 ORDER FOR CLERK OF COURTS TO IMMEDIATELY SERVE A COPY OF THIS COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW FILED FEBRUARY 11, 2005 UPON ATTY DAVID DOUGHTEN COUNSEL FOR DEFENDANT-PETITIONER DONNA ROBERTS AND UPON TRUMBULL COUNTY PROSECUTOR'S OFFICE COUNSEL FOR PLAINTIFF RESPONDENT. 2/24/05 COPIES SENT: ATTY D DOUGHTEN, PROSECUTOR Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 3/1/2005 | 162 | MOTION FOR APPOINTMENT OF APPELLATE COUNSEL WITH SERVICE FILED BY ATTY DAVID DOUGHTEN | | |
| 3/17/2005 | 163 | MOTION FOR LEAVE TO FILE DELAYED APPEAL AND NOTICE OF APPEAL TO THE 11TH APPELLATE COURT FILED BY | | |

| | | | | |
|---|---|---|---|---|
| 3/30/2005 | 164 | ATTY D DOU... EN<br>1056/564 APPROVAL OF PAYMENT OF COUNSEL FEES<br>CC: AUDITOR<br>Amount Owed: $12.00<br>Paid Before Conversion: $0.00<br>Receipt Number: | 12.00 | 12.00 |
| 9/13/2006 | | NOTICE FILE REQUESTED BY JUDGE STUARD FROM<br>CLERK'S OFFICE | | |
| 10/10/2006<br>1110-536- | 165 | ORDER FROM SUPREME COURT OF OHIO.  JUDGMENT<br>OF THE COURT OF COMMON PLEAS IS AFFIRMED IN<br>PART, VACATED IN PART AND THIS CAUSE IS<br>REMANDED TO THE TRIAL COURT CONSISTENT WITH<br>THE OPINION RENDERED HEREON.   SEE JE | | |
| 10/10/2006<br>1110-537- | 166 | ORDERED BY THE SUPREME COURT OF OHIO THAT<br>THE MOTION FOR RECONSIDERATION IN THIS CASE<br>IS DENIED | | |
| 11/1/2006 | | HEARING SET:<br>Event: STATUS HEARING<br>Date: 12/06/2006    Time: 9:00 am<br>Judge: STUARD, JOHN M    Location:<br>COURTROOM 2 | | |
| 11/1/2006 | | Result: TO BE RESET<br>NOTICE SENT:<br><br>SPEEDY MAILER<br>Sent on:  11/01/2006  10:10:21 | | |
| 12/4/2006 | 167 | MOTION FOR APPOINTMENT OF CO-COUNSEL WITH<br>SERVICE FILED BY ATTY DAVID DOUGHTEN | | |
| 12/4/2006 | 168 | MOTION FOR APPROPRIATION OF FUNDS FOR<br>EXPERT ASSISTANCE WITH SERVICE FILED BY<br>ATTY DAVID DOUGHTEN | | |
| 12/4/2006 | 169 | MOTION FOR RELEASE OF RECORDS WITH SERVICE<br>FILED BY ATTY DAVID DOUGHTEN | | |
| 12/6/2006 | | HEARING SET:<br><br>The following event: STATUS HEARING<br>scheduled for 12/06/2006 at 9:00 am has<br>been rescheduled as follows:<br><br>Event: STATUS HEARING<br>Date: 01/17/2007    Time: 3:00 pm<br>Judge: STUARD, JOHN M    Location:<br>COURTROOM 2 | | |
| 12/6/2006 | | Result: TO BE RESET<br>NOTICE SENT:<br><br>SPEEDY MAILER<br>Sent on:  12/06/2006  12:31:39 | | |
| 12/8/2006<br>1117-142- | 170 | MOTION FOR APPOINTMENT OF CO-COUNSEL IS<br>GRANTED | | |
| 1/17/2007<br>1120-104- | 171 | ORDERED THAT ROBERT A DIXON BE APPOINTED AS<br>CO COUNSEL | 2.00 | 2.00 |
| 1/17/2007<br>1120-701- | 172 | ORDER DIRECTIVING EVALUATION OF DEFENDANT'S<br>COMPETENCE TO STAND TRIAL 1-23-97 COPIES TO<br>J. INGRAM, J. WILHELM, D DOUGHTON, R.<br>DIXON, D. BODIKER, J JUHASZ AND PROS | 2.00 | 2.00 |
| 1/17/2007<br>1120-702- | 173 | ORDER FOR FORENSIC EXAM 1-23-07 COPIES TO<br>J. INGRAM, J. WILHELM, D. DOUGTEN, R.<br>DIXON, D BODIKER, J JUHASZ AND PROS | 2.00 | 2.00 |
| 1/23/2007 | | HEARING SET:<br><br>The following event: STATUS HEARING<br>scheduled for 01/17/2007 at 3:00 pm has<br>been rescheduled as follows:<br><br>Event: STATUS HEARING<br>Date: 02/14/2007    Time: 3:30 pm<br>Judge: STUARD, JOHN M    Location: | | |

COURTROOM ┌ HE

| | | | | |
|---|---|---|---|---|
| | Result: TO BE RESET | | | |
| 1/23/2007 | NOTICE SENT: | | | |
| | | | | |
| | SPEEDY MAILER | | | |
| | Sent on:  01/23/2007  14:22:06 | | | |
| 1/25/2007  174 | MOTION FOR APPROPRIATION OF FUNDS FOR LEAD COUNSEL WITH SERVICE FILED BY ATTY DAVID DOUGHTEN | | | |
| 1/29/2007 | POSTAGE | | 2.73 | 2.73 |
| | | | | |
| 1/29/2007 | POSTAGE | | 2.73 | 2.73 |
| | | | | |
| 2/1/2007  175 | REGULAR MAIL SENT TO:ROBERTA A DIXON RETURNED BY POST OFFICE  FOR: ATTEMPTED NOT KNOWN | | 0.20 | 0.20 |
| 2/5/2007  176 1121-973- | ORDER FOR DAVID DOUGHTEN TO BE APPOINTED LEAD COUNSEL.  2-8-07  COPIES SENT TO D DOUGHTEN, J INGRAM, J WILHELM, R DIXON, D BODIKER, J JUHASZ AND PROS | | 2.00 | 2.00 |
| 2/8/2007 | POSTAGE | | 2.73 | 2.73 |

2/26/2007       HEARING SET:

The following event: STATUS HEARING
scheduled for 02/14/2007 at 3:30 pm has
been rescheduled as follows:

Event: STATUS HEARING
Date: 03/09/2007    Time: 2:00 pm
Judge: STUARD, JOHN M    Location:
COURTROOM 2

2/26/2007       Result: SET STATUS CONFERENCE
                NOTICE SENT:

                SPEEDY MAILER
                Sent on:  02/26/2007  11:04:16
3/9/2007        HEARING SET:

The following event: STATUS HEARING
scheduled for 03/09/2007 at 2:00 pm has
been rescheduled as follows:

Event: STATUS HEARING
Date: 05/11/2007    Time: 2:00 pm
Judge: STUARD, JOHN M    Location:
COURTROOM 2

3/9/2007        Result: TO BE RESET
                NOTICE SENT:

                SPEEDY MAILER
                Sent on:  03/09/2007  15:21:27
4/24/2007  177  RECEIPT FROM THE SUPREME COURT OF OHIO.
                ALL ORIGINAL PAPERS (3 BOXES) WERE RETURNED
                TO THE TRUMBULL COUNTY CLERK OF COURTS
5/1/2007   178  MOTION TO ALLOW FULL PRESENTATION OF
                MITIGATION AT SENTENCING REHEARING WITH
                SERVICE FILED BY ATTY DAVID DOUGHTEN
5/1/2007   179  MOTION TO CONTINUE WITH SERVICE FILED BY
                ATTY DAVID DOUGHTEN

5/25/2007       HEARING SET:

The following event: STATUS HEARING
scheduled for 05/11/2007 at 2:00 pm has
been rescheduled as follows:

| | | | | |
|---|---|---|---|---|
| 8/27/2007 | 186 | MOTION FOR   RRANT REMOVAL FILED BY PROSECUTOR'S OFFICE | | |
| 8/27/2007 | 187 | WARRANT TO CONVEY TO TRUMBULL COUNTY JAIL ISSUED TO SHERIFF ON 8-28-07 | | |
| 8/27/2007 1146-490- | 188 | WARRANT FOR REMOVAL. 8-28-07 ISSUED TO SHERIFF | 2.00 | 2.00 |
| 9/5/2007 1147-308- | 189 | ORDER FOR CONTINUANCE OF TRIAL IS GRANTED TO ALLOW THE COMPETENCY EXAM TO BE CONDUCTED. SENTENCING DATE WILL BE SET AT COMPLETION OF COMPETENCY PROCEEDINGS. | 2.00 | 2.00 |
| 9/11/2007 | 190 | MOTION FOR APPROPRIATION OF FUNDS FOR EXPERT ASSISTANCE WITH SERVICE FILED BY DAVID L DOUGHTEN (Attorney) on behalf of DONNA MARIE ROBERTS (DEFENDANT) | | |
| 9/14/2007 1148-383- | 191 | DEFENDANTS MOTION TO ALLOW FULL PRESENTATION OF MITIGATION AT SENTENCING HEARING IS DENIED. 9-14-07 COPIES TO: PROS, J. INGRAM, D. DOUGHTEN | 2.00 | 2.00 |
| 9/14/2007 | | POSTAGE | 0.82 | 0.82 |
| 9/18/2007 | 192 | MOTION TO PROFFER EVIDENCE FILED BY THE DEFENDANT WITH PROOF OF SERVICE ALSO MEMORANDUM IN SUPPORT FILED BY THE DEFENDANT'S ATTORNEY WITH PROOF OF SERVICE DAVID L DOUGHTEN (Attorney) on behalf of DONNA MARIE ROBERTS (DEFENDANT) | | |
| 9/18/2007 | 193 | MOTION TO PROFFER EVIDENCE  APPENDIX PRISON RECORDS ALONG WITH EXHIBITS FILED BY THE DEFENDANT'S ATTORNEY  FILED BY DAVID L DOUGHTEN (Attorney) on behalf of DONNA MARIE ROBERTS (DEFENDANT) | | |
| 9/19/2007 | 194 | WARRANT RETURNED SHOWING SERVICE ON DEFENDANT | 230.50 | 230.50 |
| 9/20/2007 | 195 | MOTION TO PROFFER EVIDENCE WITH SERVICE FILED BY DAVID L DOUGHTEN (Attorney) on behalf of DONNA MARIE ROBERTS (DEFENDANT) | | |
| 9/20/2007 | 196 | MOTION FOR APPOINTMENT OF INDEPENDENT EXPERT AND FOR CONTINUANCE WITH SERVICE FILED BY DAVID L DOUGHTEN (Attorney) on behalf of DONNA MARIE ROBERTS (DEFENDANT) | | |
| 9/21/2007 | | HEARING SET: | | |
| | | The following event: HEARING scheduled for 09/20/2007 at 2:30 pm has been rescheduled as follows: | | |
| | | Event: HEARING Date: 10/22/2007    Time: 1:00 pm Judge: STUARD, JOHN M    Location: COURTROOM 2 | | |
| 9/21/2007 | | Result: COMPLETED NOTICE SENT: | | |
| | | SPEEDY MAILER Sent on:  09/21/2007  13:24:22 | | |
| 9/21/2007 | | HEARING SET: | | |
| | | The following event: RE-SENTENCING HEARING scheduled for 09/21/2007 at 2:30 pm has been rescheduled as follows: | | |
| | | Event: RE-SENTENCING HEARING Date: 10/29/2007    Time: 1:00 pm Judge: STUARD, JOHN M    Location: COURTROOM 2 | | |

## THE STATE OF OHIO, TRUMBULL COUNTY.

I, the undersigned, Clerk of Court of Common Pleas Court in and for said County, do hereby certify that the foregoing is a true transcript of the Docket and Journal Entries of said Court in the above-entitled cause, and that the said APPELLANT entered into a written undertaking with approved suret, conditioned to abide and perform the order and judgment of the Court, and to pay all money, costs and damages which may be required of or awarded against said APPELLEE upon the final termination of said appeal and such other conditions as the Court may provide; and I further certify that the papers herewith send, number from one (1) to *214* inclusive, are all the original papers and pleadings filed in the above cause of:

**STATE OF OHIO**
*Plaintiff(s)-*

Against

**DONNA MARIE ROBERTS**
*Defendant(s)-*

*IN TESTIMONY WHEREOF*, I hereunto set my hand and affixed the seal of said Common Pleas Court on February 7, 2008.

**KAREN INFANTE ALLEN**
**CLERK OF COURTS**

BY:   NANCY WINGARD
*Deputy Clerk*

# THE SUPREME COURT OF OHIO

State of Ohio
v.
Donna Roberts

CASE NO.
07-2288
**RECEIPT OF RECORD**
**OPF**
**DEATH PENALTY CASE**

THE RECORD IN THE ABOVE-NAMED CASE WAS RECEIVED IN THE CLERK'S OFFICE OF THE SUPREME COURT OF OHIO FROM THE UNDERSIGNED.
LIST CONTENTS:

6 **BOXES**
1 poster

SIGNATURE

_2/19/08_
DATE

01CR793

Amie Vetter-Records Assistant
614-387-9552