UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
10:58 am Mar 22 2023
Clerk U.S. District Court
Northern District of Ohio
Cleveland

| | | |
|---|---|---|
| Donna Roberts, | : | Case No. 4:21 CV 368 |
| | : | |
| Petitioner, | : | |
| | : | JUDGE DAN AARON POLSTER |
| vs. | : | |
| | : | |
| Teri Baldauf, Warden, | : | **MEMORANDUM OF OPINION** |
| | : | **AND ORDER** |
| Respondent. | : | |

Before the Court in this capital habeas case is Petitioner Donna Roberts' motion requesting that this Court defer ruling on her petition, which is fully briefed, until the Sixth Circuit Court of Appeals has issued a decision in her accomplice's habeas appeal, *Jackson v. Houk*, No. 21-3207 (Doc. 27.). The circuit court will decide in that case a legal question that may apply to Roberts' first ground for relief. (*Id*. at 2.) Respondent Warden Teri Baldauf has filed an opposition brief (Doc. 28), to which Roberts has replied (Doc. 29). For the following reasons, the Court grants Roberts' motion.

### RELEVANT BACKGROUND

On May 28, 2003, a jury found Roberts guilty of the aggravated murder of her former husband, Robert Fingerhut, at the home they shared in Howland Township, Trumbull County, Ohio. *See State v. Roberts,* 110 Ohio St. 3d 71, 71-80 (Ohio 2006) ("*Roberts I*"), *reconsideration denied*, *State v. Roberts*, 111 Ohio St. 3d 1418 (Ohio 2006).[1] At the time of

---

[1] The jury also found Roberts guilty of aggravated burglary and aggravated robbery. *Roberts*, 110 Ohio St. 3d at 80.

Fingerhut's death, he and Roberts were divorced, but they still lived together and were publicly regarded as husband and wife. *Id*. at 72. Roberts plotted with Nathaniel Jackson, a man with whom she had been having an affair, to kill Fingerhut and collect life insurance proceeds of $550,000. *Id*. at 74-80. Jackson shot and killed Fingerhut and left the scene in Fingerhut's car. *Id*. at 75. Jackson also was ultimately convicted of murdering Fingerhut and sentenced to death. *See State v. Jackson*, 107 Ohio St. 3d 300 (Ohio 2006).

The day before the penalty phase of Roberts' trial was set to begin, Roberts informed the court that she wished to waive the presentation of all mitigation evidence except an unsworn statement. (Doc. 11-3 (Trial Tr.) at 1749.)[2] The court conducted a hearing to determine her competency to do so, directly questioning Roberts and hearing testimony from Roberts' counsel and a psychologist who had examined her. (*Id*. at 1746-61.) The court found her competent to waive her right to present mitigation evidence and her waiver "freely, knowingly[,] voluntarily, [and] intelligently" made. (*Id*. at 1760-61.) After Roberts made a lengthy unsworn statement, the jury recommended the death penalty and the trial court agreed, imposing the death penalty. *Roberts*, 110 Ohio St. 3d at 80.

On direct appeal, the Ohio Supreme Court affirmed Roberts' convictions, but vacated the death sentence and remanded to the trial court for resentencing on the ground that the trial judge improperly used the prosecutor to assist directly in drafting the sentencing opinion. *Id*. at 92-95. In reviewing her appeal, it found Roberts' waiver of the presentation of mitigation evidence valid. *Id*. at 88-91.

---

[2] For ease of reference, all citations to page numbers of documents filed in the Court's electronic court filing system ("ECF") are to the ECF-assigned page numbers of the individual documents, not to the documents' original page numbers or the ECF "PageID" numbers.

On remand, Roberts moved the court to allow her to present additional mitigation evidence at the resentencing hearing. (Doc. 12-5 at 46-51.) The court denied the motion. (*Id*. at 73.) After hearing Roberts' allocution, it again imposed the death penalty. (*Id*. at 200-23.)

On appeal from that decision, the Ohio Supreme Court again vacated Roberts' death sentence and remanded for resentencing, this time because the trial court failed to consider Roberts' allocution, as it was not referenced in the sentencing opinion. *State v. Roberts*, 137 Ohio St. 3d 230, 240-46 (Ohio 2013) ("*Roberts II*"), *cert. denied*, *Roberts v. Ohio*, 572 U.S. 1022 (2014). In its opinion, however, it held that the trial court's decision denying Roberts' motion to present new mitigation evidence did not violate the Eighth Amendment. *Id*. at 233-37.

Before the second resentencing, Roberts again sought to present additional mitigation evidence (or, alternatively, "preclude a death sentence"). (Doc. 12-8 at 39-56.) The court denied the motion, in part because the Ohio Supreme Court had ruled against the defense on that very issue. (*Id*. at 89-91.) The trial court again imposed the death penalty, which this time the Ohio Supreme Court affirmed. *State v. Roberts*, 150 Ohio St. 3d 47, 47 (Ohio 2017) ("*Roberts III*"), *reconsideration denied*, *State v. Roberts,* 150 Ohio St. 3d 1411 (Ohio 2017), *cert. denied*, *Roberts v. Ohio,* 138 S. Ct. 998 (2018).

Roberts' convictions and sentence also were affirmed on state post-conviction review. *State v. Roberts*, No. 2019-T-0089, 2020 WL 4933461, at *1 (Ohio Ct. App. Aug. 24, 2020), *declining review*, *State v. Roberts*, 160 Ohio St. 3d 1507 (Ohio 2020).

Roberts filed a petition for writ of habeas corpus in this Court on December 20, 2021, asserting fifteen grounds for relief. (Doc. 10.) In her first claim, she challenges the Ohio Supreme Court's decision upholding the trial court's denial of her motions on resentencing to present additional mitigation evidence, arguing that she has a constitutional right to submit for

the court's consideration new mitigation evidence at a resentencing hearing. (*Id*. at 62-77.) The parties have fully briefed this case. (*See* Docs. 15 (Return of Writ), 24 (Traverse), and 26 (Sur-Reply).)

Roberts now asks this Court to defer ruling on her petition until the Sixth Circuit has issued a decision in the appeal of her accomplice, Nathaniel Jackson. (Doc. 27.) After the Ohio Supreme Court, on its initial review of Roberts' case, vacated her death sentence because of the prosecution's participation in drafting the sentencing opinion, Jackson filed a motion for a new sentencing hearing in the trial court on the same basis, as the same judge presided over Jackson's trial and also relied on the prosecution in drafting his sentencing opinion. *See State v. Jackson*, 190 Ohio App. 3d 319, 323 (Ohio Ct. App. 2010). The trial court denied the motion. *Id*.

But the state appellate court reversed, following the Ohio Supreme Court's decision in Roberts' case. *Id*. at 323-36. It vacated Jackson's death sentence and remanded for resentencing. *Id*. at 326. Also similar to Roberts' case, on remand, the trial judge denied Jackson's request to present additional mitigation evidence at the resentencing. *State v. Jackson*, 149 Ohio St. 3d 55, 66-71 (Ohio 2016).

Jackson then filed a habeas petition before another judge in this Court, asserting, among other things, that the Ohio Supreme Court's decision denying his challenge of the trial court's denial to consider additional mitigation evidence on resentencing unreasonably applied Supreme Court precedent. *Jackson v. Houk*, No. 4:07 cv 880, 2021 WL 698590, at *10 (N.D. Ohio Feb. 23, 2021) (Gwin, J.). The court agreed and granted Jackson a conditional writ of habeas corpus on that ground. *Id*. at *11. The State appealed and that issue is now before the Sixth Circuit. *Jackson v. Houk*, No. 21-3207.

4

## ANALYSIS

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Rhines v. Weber*, 544 U.S. 269, 276 (2005) (recognizing that AEDPA did not deprive district courts of its authority to stay habeas cases). More specifically, "[t]he question whether to stay a case pending a potentially dispositive decision in an appellate court is a pre-trial matter committed to the sound discretion of the [court]." *United States v. Johnson*, 2016 WL 4035187, at *1 (S.D. Ohio July 28, 2016). Factors to consider when determining whether a stay is appropriate in this context are: (1) whether the other case will potentially have a dispositive effect on the case to be stayed; (2) the judicial economy in waiting for the potentially dispositive decision; (3) the public welfare; and (4) the prejudice to the party opposing the stay given its duration. *Michael v. Ghee*, 325 F. Supp. 2d 829, 831 (N.D. Ohio 2004) (Carr, J.) (staying case pending Supreme Court decision).

Here, Roberts argues that these factors support the Court waiting to rule on her petition until the Sixth Circuit issues its decision in Jackson's appeal. (Doc. 27 at 5-6.) The Court agrees. Most significantly, while Jackson and Roberts' cases are not factually identical because Jackson did not waive the presentation of mitigation evidence at his original trial as Roberts did, the circuit court will decide in Jackson's appeal a legal question underpinning one of Roberts' claims – namely, whether a defendant is constitutionally entitled to submit additional mitigation evidence at a resentencing hearing. Deferring its ruling until the Sixth Circuit decides that issue, therefore, will promote judicial economy. Furthermore, the requested stay is limited in duration

5

to the pendency of an appeal that was initiated two years ago and therefore will not prejudice Respondent.

## CONCLUSION

Accordingly, for the reasons stated above, the Court grants Roberts' request to defer ruling on her habeas petition until the Sixth Circuit Court of Appeals has issued a decision in *Jackson v. Houk*, No. 21-320 (Doc. 27).

IT IS SO ORDERED.

Dated: March 22, 2023

DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE