UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **Donna Roberts,** | : | **CASE NO. 4:21-cv-368** |
| *Petitioner*, | : | |
| | : | **JUDGE DAN AARON POLSTER** |
| vs. | : | |
| **Teri Baldauf, Warden,** | : | **DEATH PENALTY CASE** |
| *Respondent.* | : | |

## PETITIONER DONNA ROBERTS'S MOTION TO AMEND JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 59(E)

Petitioner Donna Roberts, through counsel, and pursuant to Federal Rule of Civil Procedure 59(e) moves this Court for an order altering and amending its Memorandum of Opinion and Order issued August 15, 2023, denying her Petition for Writ of Habeas Corpus. (ECF 10). Though motions of this nature are reserved for extraordinary circumstances, this is a unique case in which a motion to reconsider is appropriate and necessary. The grounds for this motion are set forth in the accompanying memorandum.

Respectfully submitted,

STEPHEN C. NEWMAN (0051928)
FEDERAL PUBLIC DEFENDER

*/s/ Calland M. Ferraro*
CALLAND M. FERRARO (0093439)
Assistant Federal Public Defender

*/s/ Jillian S. Davis*
JILLIAN S. DAVIS (0067272)
Research and Writing Attorney
Office of the Federal Public Defender
Capital Habeas Unit

1660 W. Second Street, Suite 750
Cleveland, OH 44113
(216) 522-4856
(216) 522-1951 (fax)
Calland_Ferraro@fd.org
Jillian_Davis@fd.org

## MEMORANDUM IN SUPPORT OF MOTION

**I.    Introduction**

Although motions to reconsider under Federal Rule of Civil Procedure 59(e) are generally disfavored, such motions are appropriate and necessary in limited circumstances.  *See Browder v. Director Illinois Dep't of Corrections*, 434 U.S. 257, 270–71 (1978); *see also Whelco Industrial Ltd v. United States*, 2007 WL 2778920 (N.D. Ohio Sept. 24, 2007).

Under Rule 59, a district court has broad power to alter or amend a judgment whenever such action corrects unforeseen errors or otherwise prevents injustice.  *See, e.g.*, *Williams v. Mitchell*, No. 1:99-cv-438, 2023 WL 2696177, at *10 (S.D. Ohio Mar. 29, 2023) (granting Rule 59(e) motion in habeas case to prevent manifest injustice); *Lace v. United States*, 606 F. Supp. 50, 60 (D.Vt. 1984) (granting Rule 59(e) motion to amend factual findings in habeas case); *Downtown v. Vandemark*, 571 F. Supp. 40, 44 (N.D. Ohio 1983) (granting Rule 59(e) after determining the previous order was in error); *Retirees of the Goodyear Tire & Rubber Co. v. Steely*, No. 5:19-cv-1893, 2020 WL 870979, at *3 (N.D. Ohio Feb. 21, 2020) (same); *Chappell v. General Motors Corp.*, 511 F. Supp. 842, 850 (D.S.C. 1980) (same), *aff'd*, 688 F.2d 830 (4th Cir. 1982).

**II.    Procedural History Relevant to This Motion**

Ms. Roberts filed her Petition for Writ of Habeas Corpus in this case on December 21, 2021, alleging fifteen Grounds for Relief.  (ECF 10).  The Warden filed her Return of Writ on February 18, 2022, (ECF 18), and Ms. Roberts filed her Traverse on January 13, 2023, (ECF 24).  The Warden filed a Sur-Reply on January 23, 2023.  (ECF 26).

On February 22, 2023, Ms. Roberts filed a Motion to Stay Proceedings Pending the Sixth Circuit's Decision in *Jackson v. Houk*, No. 21-3207 (6th Cir.).  (ECF 31).  The basis for the Motion was that the *Jackson* appeal would decide the legal issue relevant to Ms. Roberts's First Ground

3

for Relief: whether a defendant has a constitutional right to submit, and for the judge to consider, new mitigation evidence at a resentencing. (Id., PageID 13088). The Warden filed an Opposition on March 1, 2023, (ECF 28), and Ms. Roberts filed a Reply on March 17, 2023, (ECF 29).

On March 23, 2023, the Court granted Ms. Roberts's Motion for Stay, holding:

> Here, Roberts argues that these factors [to consider whether a stay is appropriate] support the Court waiting to rule on her petition until the Sixth Circuit issues its decision in Jackson's appeal. (Doc. 27 at 5-6.) The Court agrees. Most significantly, while Jackson and Roberts' cases are not factually identical because Jackson did not waive the presentation of mitigation evidence at his original trial as Roberts did, the circuit court will decide in Jackson's appeal a legal question underpinning one of Roberts' claims – namely, whether a defendant is constitutionally entitled to submit additional mitigation evidence at a resentencing hearing. Deferring its ruling until the Sixth Circuit decides that issue, therefore, will promote judicial economy. Furthermore, the requested stay is limited in duration to the pendency of an appeal that was initiated two years ago and therefore will not prejudice Respondent.

(ECF 30, PageID 13064-65).

This is the only ruling from the Court prior to its dismissal of Ms. Roberts's Habeas Petition on August 15, 2023; the Court never dismissed or modified the stay and Mr. Jackson's appeal is still pending in the Sixth Circuit, the Warden having filed her Reply Brief on August 31, 2023. *See* Combined Reply and Response Brief of Appellant/Cross-Appellee Warden, *Jackson v. Shoop*, No. 21-3207, ECF 47 (6th Cir.).

**III.  Argument**

While motions for reconsideration are generally unfavored, courts have inherent authority to reconsider interlocutory orders in order to avoid, for example, locking a manifest error of law in place. *Hughbanks v. Hudson*, No. 1:07-cv-111, 2018 WL 4870717, at *1 (S.D. Ohio Oct. 9, 2018). Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe of Chippewa Indians v. Eggler*, 146 F.3d 367, 374 (6th Cir. 1998), there is newly discovered evidence, *see id.*, there is an intervening change in controlling law, *Collison v.*

4

*International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90–91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice, *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d at 236; *Williams*, 2023 WL 2696177, at *10; *Hayes*, 8 F.3d at 90-91 n.3; *see also North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3rd Cir. 1995).

In this instance, issuing a dispositive order while the case is stayed pending a ruling in another case is both a clear error of law and a manifest injustice. In discussing Ms. Roberts's First Ground for Relief, which was the basis for the Court's stay, the Court never references the stay or discusses overruling the stay. Indeed, the Court does not reference the stay at all in its Opinion. The Court does cite to the *Jackson* case for its ruling contrary to the supporting case law the Court cited in denying Ms. Roberts's First Ground for Relief. (ECF 31, PageID 13113–14). Further, there has been no change in the circumstances in either case since the Court issued its ruling on the stay motion in March.

Ms. Roberts was also prejudiced by the Court's ruling. For example, in Ms. Roberts's Thirteenth Ground for Relief, Ms. Roberts suggested the Court either find cause and prejudice for failing to raise the claim in the court of appeals or permit her to file a motion pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), to stay the case and permit her to return to state court to exhaust the claim. (ECF 24, PageID 12993). This Court in its Opinion noted that no motion for a *Rhines* stay was filed. (ECF 31, PageID 13175). But this was because the case had been stayed. For the same reason, Ms. Roberts did not attempt to modify the Court's timeline in order to file discovery motions and motions for a hearing. Ms. Roberts would have done so had the *Jackson* case been resolved and the stay lifted.

This case had been stayed since March 23, 2023, and Ms. Roberts has relied on the stay in

5

litigating her case.  The *Jackson* case has not been decided by the Sixth Circuit, and there was no reason for the Court to go against its previous ruling and lift the stay.  The same principles of judicial economy continue to apply because the Sixth Circuit's decision in *Jackson v. Houk*, No. 21-3207 (6th Cir.), will be authority in Ms. Roberts's case.

For all the foregoing reasons, Ms. Roberts respectfully requests that the Court grant this Motion, withdraw its Order of August 15, 2023 (ECF 31), and allow the stay to remain in place pending the resolution of Mr. Jackson's case in the Sixth Circuit.

Respectfully submitted,

STEPHEN C. NEWMAN (0051928)
FEDERAL PUBLIC DEFENDER

*/s/ Calland M. Ferraro*
CALLAND M. FERRARO (0093439)
Assistant Federal Public Defender

*/s/ Jillian S. Davis*
JILLIAN S. DAVIS (0067272)
Research and Writing Attorney
Office of the Federal Public Defender
Capital Habeas Unit
1660 W. Second Street, Suite 750
Cleveland, OH 44113
(216) 522-4856
(216) 522-1951 (fax)
Calland_ferraro@fd.org
Jillian_davis@fd.org

## CERTIFICATE OF SERVICE

I certify that on September 11, 2023, a copy of the foregoing **Petitioner Donna Roberts's Motion to Amend Judgment** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

/s/ Calland M. Ferraro
Assistant Federal Defender
Capital Habeas Unit