UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Donna Roberts, | : | Case No. 4:21 CV 368 |
| | : | |
| Petitioner, | : | |
| | : | JUDGE DAN AARON POLSTER |
| vs. | : | |
| | : | |
| Teri Baldauf, Warden, | : | **MEMORANDUM OF OPINION** |
| | : | **AND ORDER** |
| Respondent. | : | |

Before this Court is Petitioner Donna Roberts' motion to alter or amend under Rule 59(e) of the Federal Rules of Civil Procedure the Court's judgment denying her petition for writ of habeas corpus (Doc. 31). (Doc. 32.) Respondent has filed a brief in opposition. (Doc. 33.) For the following reasons, the Court denies Roberts' motion.

Rule 59(e) permits a party to "suspend the finality of the district court's judgment" to enable the court "to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (internal quotation marks and citations omitted). The circumstances under which a district court may grant a Rule 59(e) motion are limited to cases in which there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *E.g., Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006) (internal quotation marks omitted). The Rule "allows for reconsideration; it does not permit parties to effectively 're-argue a case.'" *Howard*, 533 F.3d at 475 (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1988)). Parties,

therefore, cannot use Rule 59(e) to relitigate arguments or present new arguments that could have been raised before judgment. *Id.* Relief under this Rule "is an extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." *U.S. ex rel. Am. Textile Mfrs. Inst. Inc. v. The Limited, Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998). The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court. *E.g., GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

Roberts argues that the Court made a clear error of law and caused a manifest injustice when, after agreeing to defer ruling on her petition until the Sixth Circuit rendered a decision in the case of her accomplice, Nathaniel Jackson, on a habeas claim similar to one of her own, the Court nevertheless issued a dispositive ruling in her case while the *Jackson* appeal was still pending. (Doc. 32 at 5.) She asserts that she was prejudiced by the Court's ruling because she put off filing during that time a motion to stay the case and hold it in abeyance while she exhausted one of her claims in state court pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), as well as unspecified "discovery motions and motions for a hearing." (Doc. 32 at 5-6.) The Court disagrees.

On March 22, 2023, this Court granted Roberts' motion to stay this case until the Sixth Circuit had issued a decision in Jackson's appeal – but only to the extent that it would "defer ruling" on her petition until that time. (Doc. 30 at 6.) Upon further review of the claim at issue, however, the Court concluded that there was no controlling clearly established Supreme Court precedent on the legal question under consideration. (*See* Doc. 31 at 42-49.) Roberts, therefore, was not entitled to relief on that claim under the applicable habeas statute, 28 U.S.C. § 2254(d)(1), and the Court's decision would not likely have been impacted by the Sixth Circuit's

2

ruling in the *Jackson* appeal.  (*See* Doc. 31 at 48-49.)  The Court therefore proceeded with its review of Roberts' petition and ultimately denied it on August 15, 2023.  (*Id.* at 119-20.)

As Respondent argues, the timing of a court's issuance of a final decision in a case does not constitute an "error of law" for purposes of Rule 59(e).  (Doc. 33 at 2.)  It is an administrative and procedural matter incident to "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

Nor did the Court's issuance of its ruling on her petition before the Sixth Circuit decided Jackson's appeal result in a manifest injustice under Rule 59(e).  The Court did not address the issue of a *Rhines* stay in its final opinion because, as it explained in the opinion, that issue was not squarely before the Court, even though Roberts could have filed a *Rhines* motion as early as December 2021 when she filed her petition.  (*See* Doc. 31 at 1010 n.13.)  But it was evident from the Court's judgment nonetheless that Roberts was not entitled to a *Rhines* stay.  The *Rhines* stay-and-abeyance mechanism applies only to a petitioner's unexhausted claims, *see Rhines*, 544 U.S. at 277, and this Court determined that the claim at issue was not unexhausted; it was procedurally defaulted (*see* Doc. 31 at 108-09).

As to Roberts' assertion regarding her intended but unspecified motions for discovery and evidentiary hearings, this Court carefully examined every claim asserted in Roberts' petition and determined that factual development was either not permissible (because the relevant claim was adjudicated on the merits in state court, for example, or was procedurally defaulted) or there was no apparent good cause to justify it.  *See, e.g., Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) ("review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits"); *Williams v. Bagley*, 380 F.3d 932, 975-76 (6th Cir. 2004)

(holding district court properly denied a habeas petitioner's discovery requests relating to procedurally defaulted ineffective-assistance claims because the petitioner had not shown that the requested discovery could "resolve any factual disputes that could entitle him to relief"); *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) ("Good cause" for discovery under Rule 6 exists only "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . . .'") (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)).

Accordingly, for the reasons stated above, the Court denies Roberts' motion to alter or amend this Court's judgment denying her petition for writ of habeas corpus (Doc. 31) pursuant to Federal Civil Rule 59(e).

IT IS SO ORDERED.

Dated: September 14, 2023

/s/ Dan Aaron Polster
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE